UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
BENTHOS MASTER FUND, LTD.,                   :
:
                           Petitioner         :
:
               - against -                      :      Case No. _____
:
AARON ETRA,                                  :
:
                          Respondent.    :
:
------------------------------------------------------------ x

## PETITION TO CONFIRM FINAL ARBITRATION AWARD

Petitioner Benthos Master Fund, Ltd. ("Benthos"), by its attorneys, Kleinberg, Kaplan, Wolff & Cohen, P.C., respectfully petitions this Court, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, for an order (i) confirming the final award issued by the arbitrator on April 9, 2020 (the "Final Award," attached hereto as Exhibit A) in the arbitration (the "Arbitration") between Petitioner Benthos and Respondent Aaron Etra ("Etra"), (ii) directing that judgment be entered in favor of Benthos against Etra on the Final Award, and (iii) granting such other and further relief as the Court may deem just and proper. In support thereof, Benthos alleges as follows:

### THE PARTIES

1.     Benthos is a private investment firm that has registered offices at 168 18th Avenue, San Francisco, California 94121.

2.     Etra is an attorney licensed to practice law in New York with an office at 445 Park Avenue, New York, New York 10022. Upon information and belief, Etra has been a member of the bar for more than 50 years and resides in Manhattan.

## JURISDICTION AND VENUE

3. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332(a). Benthos and Etra are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue in this District is proper under 9 U.S.C. § 9 as the award was made in this district, and under 28 U.S.C. § 1391(b)(1), as Etra resides in this district.

## BACKGROUND

5. The Arbitration and the resulting Final Award stem from the parties' rights and obligations arising out of a purported sale of Bitcoin that turned out to be a scam. On August 4, 2018, Benthos executed the BTC Agreement ("Bitcoin Agreement"), whereby Benthos agreed to pay $5 million for a quantity of Bitcoin, which it was to receive within 15 days of payment or else it would get its money back. (See § 16 of Bitcoin Agreement, attached hereto as Exhibit B) Benthos deposited the $5 million with Etra (Ex. A, Final Award, § I, ¶ 1), who served as the escrow agent on the transaction, pursuant to the escrow agreement ("Escrow Agreement"), which also had been executed by Benthos and Etra on or about August 4, 2018. (Ex. A, Final Award, § I, ¶ 2) The Escrow Agreement, which was originally attached as Annex A to the Bitcoin Agreement, is attached hereto as Exhibit C.

6. Despite Benthos having wired $5 million to Etra's escrow account as contractually required, Benthos never received any Bitcoin, and Etra, notwithstanding his status as escrow agent (and member of the bar), refused for months to provide any information whatsoever as to where he had directed the funds Benthos had entrusted to him. (See Ex. A, Final Award, § I, ¶ 2, § V, ¶¶ 24, 39-40, 46)

7. Benthos subsequently petitioned for Preliminary Injunctive Relief in Aid Of Arbitration in the United States District Court for the Southern District of New York ("SDNY"), Case No. 18 CV 9401. (Ex. A, Final Award, § I, ¶ 3) After the late Hon. Deborah Batts expressly threatened Etra with prison ("pack your toothbrush"), Etra returned $400,000 to Benthos and provided some information about the destination of the remainder of the funds. (Id., ¶¶ 3, 48)

## THE ARBITRATION

8. Benthos then served Etra with the Notice of Arbitration, dated June 28, 2019, pursuant to Article 3 of the 2013 UNCITRAL Arbitration Rules, seeking to recover the remaining $4,600,000 owed to Benthos. (Ex. A, Final Award, § I, ¶ 4)

9. Section General D. of the Escrow Agreement provides that:

> This Escrow Agreement shall be governed by, and construed in accordance with, the laws of New York State, without regard to the principles of conflict of laws thereof. Any disputes which cannot be resolved amicably, will be finally decided by arbitration in accordance with UNCITRAL Rules, by a single arbitrator, sitting in New York, NY, U.S.A., and shall be enforceable in any court of competent jurisdiction.

(Ex. C., Escrow Agreement, Section General D; Ex. A, Final Award, § III, ¶ 12)

10. On August 21, 2019, the Permanent Court of Arbitration at The Hague, Netherlands (the "PCA") designated the International Chamber of Commerce's International Court of Arbitration ("ICC Court") as the appointing authority in this matter pursuant to Article 6(2) of the UNCITRAL Rules. (Ex. A, Final Award, § I, ¶ 5)

11. On October 24, 2019, the ICC Court appointed Martin F. Gusy (the "Arbitrator") as sole arbitrator pursuant to Article 8 of the UNCITRAL Rules. (Ex. A, Final Award, § I, ¶ 6)

12. On January 15, 2020, Benthos served Etra with its Statement of Claim together with 61 exhibits. (Ex. A, Final Award, § IV, ¶ 15)

13. Throughout the arbitration process, Etra was in continuous e-mail contact with the PCA, the ICC Court, Benthos' counsel and the Arbitrator, but he did not submit any Statement of Defence or any other documents or evidence. (Ex. A, Final Award, § IV, ¶¶ 13, 16, 17, 19, 51, 52)

14. The arbitration hearing was held at the Arbitrator's offices at K&L Gates LLP in New York, New York on March 17, 2020. (Ex. A, Final Award, § IV, ¶ 20) Etra failed to appear despite being duly noticed of the scheduled hearing. (Id.)

15. On April 9, 2020, the Arbitrator issued the Final award requiring Etra to pay Benthos within 30 days of the date of the Final Award (i) damages in the amount of $4,710,583.50, plus $274,235.84 in accrued pre-award interest on the $4.6 million calculated at 4% simple interest per annum since October 12, 2018, totaling $4,984,819.34; and (ii) Benthos' costs of arbitration in the amount of $267,741.78. (Ex. A, Final Award, § IX) The Final Order also provides that if Etra fails to comply with the terms of payment in the Final Order, Etra will be required to pay Benthos additional post-award interest in the amount of $5,254,561.12 at 4% simple interest per annum. (Id.)

16. The Arbitrator found that Etra had engaged in "shocking" conduct that was "unworthy of an attorney acting as an escrow Agent"; acted with "disloyalty"; "showed reckless disregard of the rights of" Benthos"; and "released Claimant's funds while engaging in willful misconduct." (Ex. A, Final Award, § VIII, ¶¶ 70-72, 77)

17. Under 9 U.S.C. § 9, "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected[.]"

18. The Escrow Agreement does not specify a court where application to confirm an award is to be made. Where no court is specified in the arbitration agreement, application to confirm an award "may be made to the United States court in and for the district within which such an award was made." 9 U.S.C. § 9. The United States court in and for the district within which the Final Award was made is this Court.

19. This Petition to Confirm the Final Arbitration Award is brought within one year after the Final Award was rendered, and the award has not been vacated, modified or corrected.

**WHEREFORE,** Petitioner Benthos respectfully requests that the Court issue an order:

i. Confirming in its entirety the Final Award in favor of Petitioner Benthos and against Respondent Etra;

ii. Directing that judgment be entered upon the Final Award in this Court in favor of Petitioner Benthos and against Respondent Etra; and

iii. Granting such other relief as the Court deems just and proper.

Dated: April 30, 2020

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: /s/ *Joshua K. Bromberg*
Steven R. Popofsky
Joshua K. Bromberg

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
Facsimile: (212) 986-8866
Email:   spopofsky@kkwc.com
         jbromberg@kkwc.com

*Attorneys for Petitioner*
**BENTHOS MASTER FUND, LTD.**