# EXHIBIT C

### ANNEX A
### ESCROW AGREEMENT: TRANSACTION CODE N° CDKTEBPA080218SUB

**THIS ESCROW AGREEMENT** is made and entered into as of the 1st day of August, 2018 (the "Escrow Agreement"), by and among:

A
**Valkyrie Group LLC, whose registered address is 21005 63RD AVENUE EAST, BRADENTON, FL 34211, represented by its duly authorized representative, BRANDON AUSTIN , PRESIDENT, PASSPORT/DL# A235-075-95-410-0 whose domicile address is 21005 63RD AVENUE EAST, BRADENTON, FL 34211** (hereinafter referred to as the "Seller");

**B.**
**Benthos Master Fund, Ltd., whose registered address is 168 18th Ave., San Francisco, CA 94121, represented by its duly authorized representative, Gerald Fong, CEO, PASSPORT #417556998, whose domicile address is 20199 Guava Ct., Saratoga, CA 95070**
 (hereinafter referred to as the "Buyer"); and

**C.**
**Aaron Etra, Esq. , whose office is at 445 Park Avenue- 9th Floor, New York, NY 10022** (hereinafter referred to as the "*Escrow Agent*").

Each of the Seller, Buyer and Escrow Agent is a "Party" and collectively they are the "Parties"

### WITNESSETH

**WHEREAS**, both "Seller" and "Buyer" have entered into an agreement as of the date first above written, having above referenced Transaction Code (the "Agreement") which is incorporated herein by reference, for the purchase, sale and delivery of BTC valued at a discount of Gross 6% Net:4% to the buyer off the daily price reported on blockchain.info at 10:00 AM New York time.  (hereinafter referred to as the "Product").

**WHEREAS**, the Agreement calls for an escrow to be established to hold the sum to be transferred to the Escrow Agent pursuant to the relevant provisions of the Agreement, thus representing the funds which serve to secure the process and procedures for the purchase of the Product (the "Deposit" or "Deposited Funds"), and for the Escrow Agent to follow the instructions given by the Seller on the disbursement of the Deposit, only if such instructions relate to pulling money to secure the BTC for the Buyer from the Seller's BTC-backed instrument. The Buyer's funds shall not be used for any other purpose than to secure the BTC for the Buyer; and

**WHEREAS,** the Parties have agreed that an escrow agreement must be created to set forth the terms and conditions under which the Escrow Agent is to receive, hold and, when appropriate, disburse the Deposit; and

**WHEREAS**, Seller and Buyer understand and agree that the funds of Deposit made and held by the Escrow Agent will be called upon by the Seller from the Escrow Agent by instructions and are needed to secure the BTC for the Buyer from the Seller's BTC-backed instrument, and the funds shall not be used for any other purpose, and that without such application, the Product cannot be obtained for the benefit of the Buyer; and

Page 9 of 16

Seller _BA_     Buyer _GF_

**WHEREAS**, Seller, Buyer, and the Escrow Agent have entered into this Escrow Agreement in order to facilitate the consummation of the transactions contemplated by the Agreement and to provide the purchase and sale of the Product, while the Escrow Agent is willing to do so on the terms and conditions hereinafter set forth; and

**NOW, THEREFORE**, for and in consideration of the premises and mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto do hereby make this covenant and agree as follows:

- Designation as Escrow Agent; Acceptance of such Designation:

- Seller and Buyer hereby jointly agree to appoint and empower the Escrow Agent to assist them in meeting their contractual obligations set forth in the Agreement. The Escrow Agent accepts the appointment and shall be bound by the terms and conditions set forth in this Escrow Agreement.

  - Compensation of Escrow Agent and Escrow Agent.

  - The non-refundable fee of the Escrow Agent (the "Escrow Fee") shall be fixed at One Percent (1%) of the Deposited Funds, payable in full to the Escrow Agent from and on receipt of the Deposit. The (1%) will not affect or change the discount given to Party Two from Party One as per Paragraph 16.2 of the Agreement, and, therefore, no additional funds need be sent by Party Two to the Escrow Agent. Should Seller fail to provide the Buyer with BTC, Buyer shall not be responsible for any payments to any Party. More specifically, an amount of USD equal to Buyer's payment into Escrow shall be returned by Party One to Buyer in the event of nonperformance from the Seller without any fee being removed therefrom by any Party.

  - During the period involved in implementing this Escrow Agreement, the Escrow Agent shall be further reimbursed from the Deposit for any expenses, disbursements and advances incurred or made by the Escrow Agent in connection with this Escrow Agreement in addition to the Escrow Fee. A Party requesting additional services form the Escrow Agent beyond those provided for hereunder, shall make additional payments to the Escrow Agent for such services as they are incurred.

  - In the event the Escrow Agent renders any material service not contemplated by this Escrow Agreement, or if any material controversy arises hereunder, the Escrow Agent shall be reasonably compensated for such extraordinary services and reimbursed for costs, and expenses, including reasonable attorney's fees, occasioned in connection therewith, and said sums shall be recoverable from the Deposit and either or both Parties.

  - These provisions shall survive the termination of the Agreement and this Escrow Agreement and the resignation or removal of the Escrow Agent.

1. <u>Escrow</u>. Upon the execution of this Escrow Agreement by the Parties, the Buyer shall initiate the funds transfer of the Deposit into the Escrow Agent's Accounts at the coordinates set forth below or such other coordinates as the Escrow Agent shall advise:

| <u>Escrow Account</u>: | **New York** |
|---|---|
| Bank Name: | **Citibank N.A. Bank** |
| Bank Address: | **734 Third Avenue, New York, NY 10017** |

Seller    Buyer

Page 10 of 16

| | |
|---|---|
| Swift Code: | **CITIUS33** |
| ABA Routing No: | **021000089** |
| Account Name: | **Aaron Etra, Esq. IOLA Account** |
| Account No: | **6781398687** |
| Bank Officer: | **Christine A. Smith** |

<u>Escrow Agent shall acknowledge receipt of the escrowed Deposit funds once fully credited in his account. Upon receipt of confirmation of funds received by the Escrow Agent, Seller will give further instructions to the Escrow Agent for the application of the Deposit funds as provided for in the Agreement, with the understanding that such instructions must relate to pulling out money in order to secure the BTC from its BTC-backed instrument.</u>

- <u>Consummation of the Transaction</u>. Escrow Agent shall be notified in writing by the Seller and Buyer that the Transaction has been successfully consummated as provided in the Agreement.

- <u>Termination of Escrow</u>. This Escrow shall terminate upon the earliest to occur of:

1. Receipt by the Escrow Agent of written notice signed by either the Seller or Buyer expressly terminating such Escrow because the transaction could not be consummated and the Deposit funds need to be returned without the disbursement of any fee to the Escrow Agent from the Buyer. Any payments or fees owed to the Escrow Agent will be paid by Parties other than the Buyer, and the Buyer shall not be required to pay any such payments or fees.

Or

2. The disbursement of the Deposit funds, provided the Seller is disbursing such funds to secure the BTC from its BTC-backed instrument, as provided for in the Agreement and hereunder;

Or

3. The Confirmation from both Seller and Buyer that they have completed the transaction to their satisfaction and no longer require Escrow services.

- <u>Notices</u>. Any and all notices and other communications that may be required or permitted hereunder by and to the Parties shall be in writing, sent to the Parties at the E-Mail addresses listed on the signature page hereof or such other addresses as shall be notified pursuant hereto, effective on confirmed dispatch.

- <u>The Escrow Agent's Liability</u>. In performing any of its duties hereunder, the Escrow Agent shall not incur any liability for any damages, losses or expenses whatsoever, except for its gross negligence or willful misconduct, and shall not incur any such liability with respect to any action taken or omitted in reasonable reliance upon any instrument, including without limitation any written notice, acknowledgment or instruction expressly provided for in this Escrow Agreement, not only as to its due execution and the validity and effectiveness of its provisions, but also as to the truth and accuracy of any information contained therein, which the Escrow Agent shall reasonably believe to be genuine, to have been signed or presented by a proper person or persons, and to conform with the provisions of this Escrow Agreement. Without in any way

Page 11 of 16

Seller _BA_    Buyer _YJ_

limiting the generality of the foregoing sentence, the Escrow Agent shall not, except for its gross negligence or willful misconduct, be liable for any loss of, or delay in the delivery of, any Escrowed Deposit, or notice relevant thereto, by any wire transfer and/or other inter-bank transfer mechanism of any kind, email, mail, courier or delivery service to which such Escrowed Deposit shall have been entrusted by the Escrow Agent pursuant to instructions for such delivery.

- The Escrow Agent shall not be responsible in any respect for the form, execution, validity, value or genuineness of the Product or accompanying documents. The Escrow Agent shall not have any liability for any forged or unauthorized signatures or other defects of the Product or accompanying documents, including, without limitation, the truth or accuracy of any information contained therein (other than forged or unauthorized signatures of the Escrow Agent or defects in the documents pertaining to information provided by the Escrow Agent).

- The Parties expressly and fully agree and irrevocably consent to the right of the Escrow Agent to follow the sole instructions of the Seller, provided the Seller is doing so with the intention of securing the BTC for the Buyer from its BTC-backed, and that these instructions are with respect to the application of the funds representing the Deposit once received from the Buyer, and transferred as provided for in the Agreement and herein.

- The duties, responsibilities and obligations of the Escrow Agent hereunder shall be limited to those expressly set forth herein and no duties, responsibilities or obligations shall be inferred or implied. The Escrow Agent shall not be subject to, nor required to comply with, any other agreement between or among any or all of the parties hereto, including the Agreement, even though reference thereto may be made herein, or to comply with any direction or instruction (other than those contained herein or delivered in accordance with this Escrow Agreement) from any party hereto or any entity acting on its behalf. The Escrow Agent shall not be required to and shall not expend or risk any of his own funds or otherwise incur any financial liability in the performance of any of its duties hereunder.

- This Escrow Agreement is for the exclusive benefit of the Parties hereto and such Parties' respective successors, and shall not be deemed to give, either express or implied, any legal or equitable right, remedy or claim to any other entity or person whatsoever.

- If at any time, the Escrow Agent is served with any judicial or administrative order, judgment, decree, writ or other form of judicial or administrative process which in any way affects the Deposit or accompanying documents (including but not limited to orders of attachment or garnishment or other forms of levies or injunctions or stays related to the transfer of any funds or accompanying documents), the Escrow Agent is authorized to comply therewith in any manner as it or its legal counsel of its own choosing deems appropriate; and if the Escrow Agent complies with any such judicial or administrative order, judgment, decree, writ or other form of judicial or administrative process, the Escrow Agent shall not be liable to any of the Parties hereto or to the Agreement, or to any other person or entity, even though such order, judgment, decree, writ or process may be subsequently modified or vacated or otherwise determined to have been without legal force or effect.

- The Escrow Agent may consult with legal counsel of its selection as to any matter relating to the Agreement and this Escrow Agreement, and the Escrow Agent shall not incur any liability in acting in good faith in accordance with any advice from such counsel.

- The Escrow Agent shall not incur any liability for not performing any act or fulfilling any duty, obligation or responsibility hereunder by reason of any occurrence

beyond the reasonable control of the Escrow Agent (including but not limited to any act or provision of any present or future law or regulation or governmental authority, any act of God or war, any force majeure, or the unavailability of the Federal Reserve Bank wire or telex or other bank wire, transfer or communication facility).

• <u>Escrow Agent's Right to Request Further Instructions</u>. If the Escrow Agent is reasonably uncertain as to its duties or rights hereunder or shall receive instructions, claims or demands from any of the Parties hereto or to the Agreement with respect to the Escrowed Deposit, which, in the opinion of its legal counsel, conflict with any provisions of the Agreement or this Escrow Agreement, the Escrow Agent shall promptly send a written request to each affected Party for clarification of such uncertainty or conflict. The Escrow Agent may refrain from taking any action (other than to hold the Deposit in accordance with the terms and conditions hereof) until such uncertainty or conflict shall have been eliminated in the reasonable opinion of the Escrow Agent, shall have been directed otherwise in writing by all affected parties or by a final order or judgment of a court of competent jurisdiction, whichever occurs first.

• <u>Underlying Disputes Concerning Escrow</u>. Without limiting the generality of the foregoing, the Escrow Agent shall act, with respect to the Deposit received by the Escrow Agent, as a stakeholder only and shall not be liable for payment of any interest or any court cost in any action that may be brought to recover the Deposit held.

• Except as expressly provided herein, nothing herein contained shall be deemed to obligate the Escrow Agent to deliver any funds unless the Escrow Agent, pursuant to this Escrow Agreement, shall have first received the same. In the event of any dispute or other circumstance, sufficient in the sole discretion of the Escrow Agent to justify his doing so, the Escrow Agent shall be entitled to tender the Escrowed Deposit, together with any accompanying documents, into the registry of custody of any court of competent jurisdiction, together with such legal pleadings as it may deem appropriate, and thereupon be discharged from all further duties and liabilities under this Agreement. Any such legal action may be brought in such court as the Escrow Agent may determine to have jurisdiction thereof.

• <u>Indemnity of the Escrow Agent</u>. The parties herein agree to hold the Escrow Agent fully harmless and agree to indemnify the Escrow Agent from and against any loss, liability, expense (including but not limited to reasonable attorney's fees and expenses), claims, or demands arising out of or in connection with the transactions contemplated hereby, except for the Escrow Agent's and/or the Escrow Agent's gross negligence or willful misconduct. The foregoing indemnity shall survive the resignation or removal of the Escrow Agent pursuant hereto and the termination of the Agreement and this Escrow Agreement.

• <u>Representations and Warranties of the Escrow Agent</u>. The Escrow Agent represents and warrants to the Parties, as of the Escrow Agreement date, that the Escrow Agent is organized and in good standing under the laws New York with the right to perform all of its obligations hereunder.

• <u>Resignations, Removal and Replacement of the Escrow Agent</u>. The Escrow Agent may resign and be discharged from performing any future duties hereunder, and a successor Escrow Agent may be appointed by the Parties hereunder. The Escrow Agent shall provide the Parties with prompt written notice of such resignation or removal, and the Parties shall provide the Escrow Agent with prompt written notice of the appointment of each successor Escrow Agent. No resignation or removal of the Escrow Agent shall become effective until the appointment of a successor Escrow Agent hereunder and the acceptance by such successor of the duties of the Escrow Agent hereunder.

Page 13 of 16

Seller _BA_    Buyer _YJ_

Notwithstanding the foregoing, if no replacement Escrow Agent is appointed in accordance with this paragraph within Five (5) Days after the Escrow Agent gives written notice to both Parties of his resignation, the Escrow Agent's resignation as Escrow Agent under this Escrow Agreement will become effective on the date on which the Escrow has expired or been terminated in accordance with this Escrow Agreement.

- <u>General</u>.
  A. The section headings of this Escrow Agreement are for convenience only and shall not limit or otherwise affect any of the terms hereof.

  B. Neither this Escrow Agreement nor any term, condition, covenant, agreement; hereof may be changed, waived, discharged, or terminated orally but only by an instrument in writing signed by each Party hereto. In no event shall the Escrow Agent be required to join in any amendment hereto which adversely affects its rights, duties, obligations, privileges, protections, indemnifications or immunities hereunder.

  C. This Escrow Agreement, together with all documents referred to herein, constitutes the entire agreement between the parties hereto with respect to the subject matter hereof.

  D. This Escrow Agreement shall be governed by, and construed in accordance with, the laws of New York State, without regard to the principles of conflict of laws thereof. Any disputes which cannot be resolved amicably, will be finally decided by arbitration in accordance with UNCITRAL Rules, by a single arbitrator, sitting in New York, NY, U.S.A., and shall be enforceable in any court of competent jurisdiction.

  E. Each of the Parties hereto waives, to the fullest extent permitted by Law, any right it may have to a Trial by Jury in respect to any litigation arising directly or indirectly out of, or in connection with this Escrow Agreement or any of the transactions contemplated hereunder.

- As used herein, the singular number shall include the plural, the plural the singular, and the use of the masculine, feminine, or neuter gender shall include all genders, as the context may require.

- This Escrow Agreement may be executed in any number of counterparts, each of whom shall be an original, and such counterparts shall constitute but one and the same instrument.

*[Signature Page Follows]*

Page 14 of 16

Seller   Buyer

**IN WITNESS WHEREOF**, this Agreement, once executed by the duly authorized representatives of the Parties, will constitute a legal and binding agreement enforceable in accordance with its provisions as of the date first above written.

SIGNATURE:


FOR AND ON BEHALF of Valkyrie Group LLC (Seller):

NAME: Brandon Austin
TITLE: President
PASSPORT NO/DL: A235-075-95-410-0
ISSUE/EXPIRY DATE: 10/24/14 – 11/10/2022
E-MAIL ADDRESS: baustin@smallcapnation.com


SIGNATURE:

*Brandon Austin*


FOR AND ON BEHALF of Benthos Master Fund, Ltd. (Buyer):

NAME: Gerald Fong
TITLE: CEO
PASSPORT NO: 417556998
ISSUE/EXPIRY DATE: Jul 13 2010 – Jul 12 2020
E-MAIL ADDRESS: gerald@benthoscap.com


SIGNATURE:

[signature]

FOR AND ON BEHALF OF Aaron Etra, Esq. (Escrow Agent):

NAME: Aaron Etra, Esq.
TITLE: Escrow Agent
PASSPORT NO: 5300062121
ISSUE/EXPIRY DATE: 06/21/2017 and 06/20/2027
E-MAIL ADDRESS: aaron@etra.com

SIGNATURE:

[signature]