UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **BENTHOS MASTER FUND, LTD.,** :<br>:<br>Petitioner :<br>:<br>- against - :<br>:<br>**AARON ETRA,** :<br>:<br>Respondent. :  | Case No. 20-cv-03384 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT
OF PETITION TO CONFIRM FINAL ARBITRATION AWARD**

Petitioner Benthos Master Fund, Ltd. ("Benthos"), by its attorneys, Kleinberg, Kaplan, Wolff & Cohen, P.C., respectfully submits this memorandum of law in accordance with the Court's May 4, 2020 order (Dkt. No. 7) and in support of its Petition to Confirm Final Arbitration Award (Dkt. No. 1) (the "Petition"), and exhibits attached thereto (Dkt. Nos. 1-1 through 1-3), pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, for an order (i) confirming the final award issued by the arbitrator on April 9, 2020 (the "Final Award," attached to the Petition as Exhibit A (Dkt. No. 1-1)) in the arbitration (the "Arbitration") between Petitioner Benthos and Respondent Aaron Etra ("Etra"), (ii) directing that judgment be entered in favor of Benthos against Etra on the Final Award, and (iii) granting such other and further relief as the Court may deem just and proper.

**FACTS**

A full recitation of the facts is set forth in the Petition, to which this Court is respectfully referred.

# THE PARTIES AGREED TO ARBITRATE
# THEIR DISPUTE AND ENGAGED IN ARBITRATION

On August 4, 2018, Benthos executed the BTC Agreement ("Bitcoin Agreement"). The Bitcoin Agreement is attached to the Petition as Exhibit B (Dkt. No. 1-2). On or about that same date, Benthos and Etra executed the escrow agreement ("Escrow Agreement"). The Escrow Agreement, which was originally attached as Annex A to the Bitcoin Agreement, is attached to the Petition as Exhibit C (Dkt. No. 1-3). Under the Escrow Agreement, Benthos and Etra expressly agreed to arbitrate their disputes. (Petition, Ex. C., Escrow Agreement, Section General D; Petition, Ex. A, Final Award, § III, ¶ 12) Specifically, Section General D. of the Escrow Agreement provides that:

> This Escrow Agreement shall be governed by, and construed in accordance with, the laws of New York State, without regard to the principles of conflict of laws thereof. Any disputes which cannot be resolved amicably, will be finally decided by arbitration in accordance with UNCITRAL Rules, by a single arbitrator, sitting in New York, NY, U.S.A., and shall be enforceable in any court of competent jurisdiction.

(Petition, Ex. C., Escrow Agreement, Section General D; Petition, Ex. A, Final Award, § III, ¶ 12)

Pursuant to Section General D., Benthos commenced an arbitration and served the Notice of Arbitration, dated June 28, 2019, on Etra. (Petition, Ex. A, Final Award, § I, ¶ 4) In accordance with Article 6(2) of the UNCITRAL Rules, on August 21, 2019, the Permanent Court of Arbitration at The Hague, Netherlands (the "PCA") designated the International Chamber of Commerce's International Court of Arbitration ("ICC Court") as the appointing authority in this matter. (Petition, Ex. A, Final Award, § I, ¶ 5) On October 24, 2019, the ICC Court appointed Martin F. Gusy (the "Arbitrator") as sole arbitrator pursuant to Article 8 of the UNCITRAL Rules. (Petition, Ex. A, Final Award, § I, ¶ 6) On January 15, 2020, Benthos served Etra with its Statement of Claim together with 61 exhibits. (Petition, Ex. A, Final Award, § IV, ¶ 15) Although Etra did not submit any Statement of Defence or

any other documents or evidence, he engaged in the Arbitration as he was in continuous e-mail contact with the PCA, the ICC Court, Benthos' counsel and the Arbitrator throughout the entire process. (Petition, Ex. A, Final Award, § IV, ¶¶ 13, 16, 17, 19, 51, 52) The arbitration hearing was held at the Arbitrator's offices at K&L Gates LLP in New York, New York on March 17, 2020. (Petition, Ex. A, Final Award, § IV, ¶ 20) Etra failed to appear despite being duly noticed of the scheduled hearing. (Id.) On April 9, 2020, the Arbitrator issued the Final Award. (Petition, Ex. A, Final Award)

## ARGUMENT

### I. THE COURT SHOULD CONFIRM THE AWARD AND ENTER FINAL JUDGMENT IN FAVOR OF BENTHOS

**A. The Parties Have Consented to Confirmation of the Final Award By the Court.**

Under 9 U.S.C. § 9, confirmation of the arbitration award may be entered by the Court "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration"); *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180 (2d Cir. 2010) (the Federal Arbitration Act "provides for judicial confirmation of arbitral awards on consent of the parties.").

Under Section General D. of the Escrow Agreement, the parties agreed that "[a]ny disputes which cannot be resolved amicably, will be finally decided by arbitration. . . and shall be enforceable in any court of competent jurisdiction." (Petition, Ex. C., Escrow Agreement, Section General D; Petition, Ex. A, Final Award, § III, ¶ 12)

**B.      This Court Has Jurisdiction.**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Benthos and Etra are citizens of different states. Benthos has its principal place of business and registered offices at 168 18th Ave., San Francisco, California 94121, and Etra is a citizen of New York. Further, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**C.      Venue is Proper in This District.**

Venue in this District is proper under 28 U.S.C. § 1391(b)(1), as Etra resides in this district. Further, under 9 U.S.C. § 9 "any time within one year after the award is made any party to the arbitration may apply to the court so specified" in the parties' agreement. Where no court is specified in the arbitration agreement, application to confirm an award "may be made to the United States court in and for the district within which such an award was made." 9 U.S.C. § 9. The Escrow Agreement does not specify a court where application to confirm an award is to be made. The Final Award was made in New York, New York, and therefore, the United States court in and for the district within which the Final Award was made is this Court.

**D.      The Award Has Not Been Vacated, Modified or Corrected and Therefore, the Final Order Should Be Confirmed in Favor of Benthos.**

"[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award[.]" 9 U.S.C. § 9. "[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal citations omitted); 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected"). Under Section 10(a) of the FAA, the Court, upon the application of any

4

party to the arbitration, may make an order vacating the award only under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) . Similarly, under Section 11 of the FAA, the Court, upon application of a party to the arbitration, may modify or correct the award only under the following circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)–(c).

The Petition was timely because the Final Award was issued on April 9, and the Petition was filed on April 30, well within the one-year time limitation. Furthermore, Etra has not made a motion to vacate, modify or correct the Final Award, and even if he did, his efforts would be futile. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case[.]" *D.H. Blair*, 462 F.3d at110 (internal citations omitted). "The burden of proof necessary to avoid confirmation of an

arbitration award is very high, and a district court will enforce the award as long as there is a barely colorable justification for the outcome reached." *Pfeffer v. Wells Fargo Advisors, LLC*, 723 Fed. Appx. 45, 47 (2d Cir. 2018) (internal citations omitted).  While under no obligation to do so, the Arbitrator provided a 34-page Final Award, thoroughly setting forth his justifications for issuing the Final Award and thereby exceeding the "barely colorable justification" standard.  Indeed, among his justifications, the Arbitrator found that Etra had engaged in "shocking" conduct that was "unworthy of an attorney acting as an escrow Agent"; acted with "disloyalty"; "showed reckless disregard of the rights of" Benthos"; and "released Claimant's funds while engaging in willful misconduct." (Petition, Ex. A, Final Award, § VIII, ¶¶ 70-72, 77)

## CONCLUSION

Petitioner Benthos respectfully requests that the Court issue an order (i) confirming in its entirety the Final Award in favor of Petitioner Benthos and against Respondent Etra; (ii) directing that judgment be entered upon the Final Award in this Court in favor of Petitioner Benthos and against Respondent Etra; and (iii) granting such other relief as the Court deems just and proper.

Dated: May 6, 2020

                                               **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

                                               By:  /s/ *Joshua K. Bromberg*
                                                   Steven R. Popofsky
                                                   Joshua K. Bromberg

                                               500 Fifth Avenue
                                               New York, New York  10110
                                               Telephone: (212) 986-6000
                                               Facsimile:  (212) 986-8866
                                               Email:   spopofsky@kkwc.com
                                                            jbromberg@kkwc.com

                                               *Attorneys for Petitioner*
                                               **BENTHOS MASTER FUND, LTD.**