UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Benthos Master Fund, Ltd.,

                Petitioner,

    –v–

Aaron Etra,

                Respondent.

20-CV-3384 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is a petition to confirm an arbitration award. Dkt. No. 1, Petition to Confirm Arbitration Award ("Pet."). For the following reasons, the Court grants the petition.

I.    BACKGROUND

Petitioner is a California investment firm and Respondent is a New York attorney. Pet. ¶¶ 1, 2. Respondent served as an escrow agent for a purported transaction by which Petitioner agreed to pay $5 million for a quantity of the cryptocurrency Bitcoin. *Id.* ¶ 5. Petitioner claims that Respondent released $4.6 million of Petitioner's money in violation of his contractual and fiduciary duties, and that Petitioner ended up without any Bitcoin. *Id.* ¶¶ 5, 6.

On June 28, 2019, Petitioner initiated arbitration proceedings pursuant to an arbitration clause in the escrow agreement. *Id.* ¶ 8; *see* Escrow Agreement, Dkt. No. 1-3, at 7. Petitioner had previously sought preliminary relief in aid of arbitration in another action in this district. *See Benthos Master Fund, Ltd. v. Etra*, No. 18-cv-9401 (DAB). Despite receiving notice of the arbitration and communicating with the arbitrator by email, Respondent failed to appear at the March 17, 2020 arbitration hearing. Final Award, Dkt. No. 1-1, ¶¶ 17, 19, 20, 51.

1

The Arbitrator rendered his award on April 9, 2020. *See id.* He found that Respondent had released the funds without proper authorization and in doing so breached his contractual and fiduciary duties in a manner that was either willful or grossly negligent. *Id.* ¶¶ 62, 65, 70-72, 77. He awarded Petitioner $5,254,561.12, which included damages, the cost of arbitration, and pre-award interest. *Id.* § IX. He also awarded post-award interest at a simple 4% per annum rate, which began accruing on May 1, 2020. *Id.*

On April 30, 2020, Petitioner filed this lawsuit. Dkt. No. 1. On May 11, 2020, Petitioner filed an affidavit of service indicating that Petitioner had served Respondent. *See* Dkt Nos. 9, 10. Respondent, acting *pro se*, filed a letter on August 5, 2020, which the Court will treat as his belated opposition to the petition. *See* Dkt. No. 13.

## II.     STANDARD OF REVIEW

As a general matter, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). A court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). An arbitrator's award is entitled to "significant deference." *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013). An award should be confirmed so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." *Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (quotation omitted).

Only "a barely colorable justification for the outcome reached" by the arbitrator is required to confirm the award. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). "Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority." *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 75 (2d Cir. 1997).

## II. THE COURT GRANTS THE PETITION TO CONFIRM THE ARBITRATION AWARD

For the following reasons, the Court finds that Petitioner is entitled to confirmation of the arbitration award.

First, it is beyond dispute that arbitration was appropriate in this case. Petitioner and Respondent were both signatories to an Escrow Agreement that explicitly identified them as "parties" to that contract and expressly provided that all disputes "will be finally decided by arbitration in accordance with UNCITRAL Rules, by a single arbitrator, sitting in New York, NY, U.S.A., and shall be enforceable in any court of competent jurisdiction." Escrow Agreement, Dkt. No. 1-3, at 2, 7.

Second, there is no evidence to suggest that the award by the arbitrator was improper. Respondent objects to the arbitration as one-sided, but he has only himself to blame. Respondent failed to appear or present evidence despite receiving notice of the arbitration and despite the fact that he was clearly required to arbitrate any disputes under the Escrow Agreement.

Moreover, there is at the very least "a barely colorable justification" for the arbitral award. *D.H. Blair & Co.*, 462 F.3d at 110 (quotation omitted). The arbitrator was within the scope of his authority when he concluded, based on Respondent's representation that he had made a full production of relevant communications, that the release of the $4.6 million was

3

unauthorized and a breach of Respondent's contractual and fiduciary duties.  *See* Final Award, Dkt. No. 1-1, ¶¶ 62-65.  Likewise, the arbitrator acted within the scope of his authority when he found that the breach was either the result of gross negligence or willful misconduct.  This conclusion was based in part on Respondent's own communications, which the arbitrator interpreted as showing that Respondent "was well aware of whose instructions would have lawfully permitted him to release funds from escrow."  *Id.* ¶ 72.

Respondent has put forth no reason or evidence to disturb the arbitrator's decision under the "extremely deferential standard of review" applicable to confirmation petitions.  *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).  Respondent claims that in the earlier action for preliminary relief, Judge Batts "dismissed [Petitioner's] motion when it was clear that [Respondent] performed fully and honorably."  Dkt. No. 13.  In fact, Judge Batts ordered Respondent to return the remaining $400,000 of Petitioner's money that remained in his possession and ordered him to provide additional information about his conduct.  No. 18-cv-9401, Dkt. No. 24.  She also denied Petitioner's motion for civil contempt based on the failure to follow the Court's orders and denied a sanctions motion on procedural grounds.  No. 18-cv-9401, Dkt. No. 30.  Nowhere in any of these decisions did Judge Batts pass judgment on the question of whether Respondent acted lawfully when he released Petitioner's funds.

Finally, Respondent invokes the hardships that will result from a large judgment against him.  But this does not provide a legal basis to avoid or delay confirmation of a properly rendered arbitral award.

### III.     CONCLUSION

For the foregoing reasons, Petitioner's motion to confirm the arbitration award is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner in the amount of $5,254,561.12 plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per annum rate and will continue to accrue post-judgment at the same rate. The Clerk of Court is also respectfully directed to close this case. Petitioner is hereby ordered to serve a copy of this Memorandum and Order and the resulting judgment on Respondent and file proof of service on the docket no later than seven days from the date of this filing.

SO ORDERED.

Dated: August 12, 2020
         New York, New York

_____
ALISON J. NATHAN
United States District Judge