

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2020
```

*Direct Dial: 212.880.9882*
*E-Mail: spopofsky@kkwc.com*

August 17, 2020

<u>VIA ECF</u>

Hon. Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>Benthos Master Fund, Ltd. v. Etra, No. 20-cv-3384</u>

Dear Judge Nathan:

      This firm represents petitioner and judgment creditor Benthos in connection with the judgment against respondent Aaron Etra in the amount of $5,314,448.72 issued by the Clerk of Court at Your Honor's direction on August 13, 2020 (Dkt. 15).

      Benthos respectfully requests that the automatic stay pursuant to Rule 62(a) of the Federal Rules of Civil Procedure be lifted, and that Benthos be permitted to commence enforcement proceedings immediately. Rule 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*" (emphasis added). There is no good reason to stay enforcement of Benthos' judgment, for three compelling reasons.

      First, as noted in our previous correspondence dated August 4, 2020 (Dkt. 12), Benthos has a well-founded fear that respondent may be engaged in hiding assets or otherwise seeking to frustrate judgment enforcement, because (among other reasons) the arbitrator found that respondent (a licensed New York attorney) had engaged in "shocking" conduct that was "unworthy of an attorney acting as an escrow Agent," acted with "disloyalty," "showed reckless disregard of [petitioner's] rights," and "released [petitioner's escrowed] funds while engaging in willful misconduct" (Dkt. 1, Ex. A, Section VIII, paras. 70-72, 77). That fear is compounded by the fact that in previous deposition testimony Mr. Etra stated that he no longer maintained an account at Citibank (the bank at which he held $4,600,000 of Benthos's funds before improperly disbursing them to a bank account in China) but admitted that he still continues to maintain



Hon. Alison J. Nathan
August 17, 2020
Page 2

accounts "in several banks," including at least one European bank account at an institution that he refused to identify. Prior to that testimony Mr. Etra, notwithstanding his capacity as a licensed attorney and escrow agent, refused to tell Benthos where its money had been sent, and further refused to return the $400,000 he was holding until the late Judge Deborah Batts ordered him to do so under threat of imprisonment. (*see* Case No. 1:18-cv-09401, Dkt. 16-1 at 21, 24) ("[y]ou don't want to go to jail, you tell [Benthos] everything that you were supposed to tell them weeks ago" and "[r]eturn the $400,000 to [Benthos] immediately.") In its commentary on Rule 62(a), the Federal Civil Rules Advisory Committee articulated the purpose of this rule and observed that "[o]ne reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated." Respondent should not be given additional time to shift assets to overseas bank accounts (again) to avoid his payment obligations to Benthos.

Second, there is no need for a stay because there is no conceivable non-frivolous basis upon which respondent can appeal the Court's judgment. The Federal Civil Rules Advisory Committee also observed that "[s]etting the period at 30 days coincides with the time for filing most appeals in civil actions, providing a would-be appellant the full period of appeal time to arrange a stay by other means." As the Court noted in its Memorandum and Order confirming the arbitrator's award, Mr. Etra not only refused to participate in the arbitration giving rise to this proceeding despite receiving notice of the arbitration and communicating with the arbitrator by email (Dkt. 14 at 1*)*, but also failed to timely respond to Benthos's memorandum of law in support of its petition to confirm the arbitrator's award after being duly served on May 7, 2020 (Dkt. 10). Mr. Etra's untimely submission, filed with this court <u>71 days</u> after Mr. Etra was required to oppose the Petition, nevertheless failed to set forth any legitimate reason why the arbitrator's award should not be confirmed. *See* Dkt. 13; Dkt. 14 at 4 (finding that respondent "has put forth no reason or evidence to disturb the arbitrator's decision … and that the purported hardships that respondent claimed would result from a judgment against him "d[o] not provide a legal basis to avoid or delay confirmation of a properly rendered arbitral award."). As there is no basis for Mr. Etra to appeal the judgment (other than to further delay Benthos's recovery of its award) there is no need to give Mr. Etra additional time to arrange for an appellate stay.

Third, even if there were meritorious grounds for an appeal (and there are not), Mr. Etra has indicated in recent correspondence that he has neither the intention nor the ability to bond a judgment, claiming that the funds to pay any judgment will have to come from unknown third parties. On August 6, 2020, Mr. Etra emailed the undersigned claiming that he "do[es] not have any resources other than to meet basic living expenses as they arise." Based on Mr. Etra's claims of poverty, there is no reason to believe that he intends to bond the judgment, and there is no reason to afford him 30 days to do so.



Hon. Alison J. Nathan
August 17, 2020
Page 3

        Accordingly, Benthos respectfully requests that the Rule 62(a) stay be lifted.

Respectfully yours,

*Steven R. Popofsky*

Steven R. Popofsky

cc: Aaron Etra (via e-mail)

---

Respondent is directed to file any opposition to Petitioner's request to lift the Rule 62(a) stay no later than August 20, 2020. SO ORDERED.

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.
8/20/2020