UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**BENTHOS MASTER FUND, LTD.,**       :
:
                  Petitioner,    :
:    Case No. 20-cv-03384 (AJN)
       - against -              :
:
:
**AARON ETRA,**                           :
:
                  Respondent.    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO HOLD RESPONDENT AARON ETRA IN CONDITIONAL CIVIL CONTEMPT

                **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
                500 Fifth Avenue
                New York, New York  10110
                Telephone:    (212) 986-6000
                Facsimile:     (212) 986-8866

                Attorneys for Petitioner
                   **BENTHOS MASTER FUND, LTD.**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................................1

ARGUMENT......................................................................................................................................1

    I.    RESPONDENT SHOULD BE HELD IN CONDITIONAL CONTEMPT OF COURT ..............................................................................................................................1

    II.    RESPONDENT SHOULD BE ORDERED TO REIMBURSE PETITIONER'S REASONABLE COUNSEL FEES IN SEEKING TO SECURE COMPLIANCE WITH THE SUBPOENAS ................................................................................................4

CONCLUSION....................................................................................................................................4

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                          **Page(s)**

*Interstate Commerce Comm'n v. Brinson,*
    154 U.S. 447 (1894) .................................................................................................................. 1

*Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz,*
    97-cv-4759 (SHS), 2006 BL 69134, 2006 U.S. Dist. Lexis 39256,
    (S.D.N.Y. June 13, 2006) ........................................................................................................... 3

*Middleton v. Green Cycle Hous., Inc.,*
    No. 15-mc-0023, 2017 BL 56147, 2017 U.S. Dist. Lexis 25627 (S.D.N.Y. Feb. 22, 2017) ............ 4

*Musalli Factory v. New York Fin. LLC,*
    No. 06-cv-82 (AKH), 2010 BL 133627, 2010 WL 2382415 (S.D.N.Y. June 14, 2010) .............. 2, 3

*NY State Nat. Org. for Women v. Terry,*
    886 F.2d 1339 (2d Cir. 1989) .................................................................................................... 2

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,*
    369 F.3d 645 (2d Cir. 2004) ...................................................................................................... 2

**Statutes**

18 U.S.C. § 401 ............................................................................................................................ 1, 2

**Other Authorities**

Federal Rule of Civil Procedure 45(g) ............................................................................................ 1

Local Civil Rule 83.6 .................................................................................................................. 1, 4

Petitioner Benthos Master Fund, Ltd. respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 45(g), 18 U.S.C. § 401, Local Civil Rule 83.6 and this Court's inherent authority to hold Respondent Aaron Etra in conditional civil contempt for his defiance of Petitioner's judgment-enforcement subpoenas, and to reimburse Petitioner's reasonable counsel fees incurred in seeking to remedy Respondent's non-compliance.

To avoid unnecessary repetition, the Court is respectfully referred to the accompanying Declaration of Steven R. Popofsky dated October 12, 2020, with its accompanying exhibits, for the salient facts.

## PRELIMINARY STATEMENT

Respondent, a member of the New York bar, is a judgment debtor adjudicated to have misapplied funds entrusted to his care as Escrow Agent, acting with "gross negligence or willful misconduct" in breach of his fiduciary and contractual duties. He has now refused to comply with two subpoenas – one for documents and one for information - served upon him in the course of judgment enforcement.

As set forth in the accompanying Popofsky Declaration, Respondent previously demonstrated, in this very dispute, his utter unwillingness to honor his legal and ethical obligations, or court orders, until threatened directly with contempt and imprisonment by the late Judge Deborah Batts. For that reason, Benthos respectfully requests that the Court find him in conditional contempt of court unless he complies with the outstanding subpoenas within ten days of the Court's order.

## ARGUMENT

**I.  RESPONDENT SHOULD BE HELD IN CONDITIONAL CONTEMPT OF COURT**

Federal Rule of Civil Procedure 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." A court's power to punish contempt is an inherent and integral element of its power to assert its authority by order or decree (*Interstate Commerce Comm'n v. Brinson,* 154 U.S. 447 (1894)), and has further been codified in 18 U.S.C. § 401:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none others, as —
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command.

The purpose of a civil contempt proceeding is to coerce compliance and/or compensate complainant for losses sustained by the contemnor's conduct. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 657 (2d Cir. 2004). Coercion may be achieved by imprisonment of the contemnor until they purge themselves of the contempt, and/or by a prospective, conditional fine. *Id.; NY State Nat. Org. for Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir. 1989). "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics,* 369 F.3d at 657.

In *Musalli Factory v. New York Fin. LLC*, No. 06-cv-82 (AKH), 2010 BL 133627, at *4, 2010 WL 2382415, at *4 (S.D.N.Y. June 14, 2010), much like Respondent here a judgment debtor refused to comply with subpoenas notwithstanding the creditor's accommodations, extensions and attempts to avoid judicial intervention. Also like Respondent here, the judgment debtor professed "sincere . . . cooperation" but failed actually to cooperate. The court held that the judgment debtor's "contumacy has concealed his financial situation from Plaintiff and from this Court [but his] contemptuous conduct will not shield him from civil sanctions designed to bring about his compliance with the law[,]" and found that "arrest is an appropriate coercive sanction for [the judgment debtor's] contempt, and it will compel his compliance with the subpoenas and with this Court's orders."

The judgment debtor in *Musalli* had disobeyed a court order in addition to defying the subpoenas. However, the court made clear that "'Failure by any person without adequate excuse

2

to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.'" *Id.* (quoting from the then-current language of FRCP 45, the authority of which was "carr[ied] forward," according to the Advisory Committee notes, in the 2013 amendment and restructuring of the rule). The court explained that:

> 'When imposing a coercive sanction, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden. Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act.'

*Id.* (quoting *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz*, 97-cv-4759 (SHS), 2006 BL 69134, 2006 U.S. Dist. Lexis 39256, at *8 (S.D.N.Y. June 13, 2006) (citations omitted)).

For the reasons set forth in the accompanying Popofsky Declaration, Respondent's history leads to the reasonable inference that a court order, standing alone, will not secure compliance with the outstanding subpoenas, and that Respondent will not comply until actually threatened with contempt sanctions. Thus, the Court should not give Respondent additional running room to continue frustrating Benthos's judgment enforcement, and should not force Benthos to incur additional legal fees in making a second motion, for contempt, which would surely have to follow any court order without sufficient teeth to motivate Respondent's compliance.

Accordingly, Benthos respectfully requests that the Court issue a conditional finding of contempt, and order that if Respondent does not comply fully with the outstanding subpoenas within ten days of the Court's order, he will be deemed in contempt of court and subject to appropriate coercive sanctions in the discretion of the Court.

**II. RESPONDENT SHOULD BE ORDERED TO REIMBURSE
PETITIONER'S REASONABLE COUNSEL FEES IN
SEEKING TO SECURE COMPLIANCE WITH THE SUBPOENAS**

Pursuant to Local Civil Rule 83.6, Respondent also should be held liable for the damages occasioned by his contemptuous defiance of the subpoenas, including Petitioner's reasonable legal fees incurred in (i) communicating futilely with Respondent attempting to secure his compliance; (ii) seeking to obtain from third parties documents and information required to be produced by Respondent pursuant to the subpoenas; and (iii) the making of this motion.  See the cited Local Civil Rule 83.6 ("A reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage"); *Middleton v. Green Cycle Hous., Inc.*, No. 15-mc-0023, 2017 BL 56147, at *8, 2017 U.S. Dist. Lexis 25627, at *8 (S.D.N.Y. Feb. 22, 2017) (awarding attorneys' fees and costs under Local Civil Rule 83.6, finding that "the number of hours expended by [movant's] attorneys on this case was reasonable in light of [contemnor's] evasive and contumacious conduct").

## CONCLUSION

For the reasons set forth above and in the accompanying Popofsky Declaration and exhibits, the Court should find Respondent in conditional contempt of Court in order to secure his compliance with the judgment enforcement subpoenas he has defied, and should order Respondent to reimburse Benthos for the damages, including reasonable attorneys' fees, that it has incurred in attempting to remedy that defiance.

Dated: October 12, 2020

        **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

        By: ____*/s/ Steven R. Popofsky*____
                Steven R. Popofsky
                Joshua K. Bromberg

        500 Fifth Avenue
        New York, New York  10110
        Telephone:   (212) 986-6000
        Facsimile:   (212) 986-8866
        Email:   SPopofsky@kkwc.com
                   JBromberg@kkwc.com

        Attorneys for Petitioner
          **BENTHOS MASTER FUND, LTD.**