USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/2020

United States District Court for the
SOUTHERN DISTRICT OF NEW YORK

File Number 20-CV-03384 AJN

**BENTHOS MASTER FUND, LTD.,** )
         *Plaintiff,* )
    v. )
                    )
**AARON ETRA,** )
          )
         *Defendant.* )

Notice of Appeal

Notice is hereby given that AARON ETRA, DEFENDANT    in the above-named case,
hereby appeals to the United States Court of Appeals for  the SECOND        Circuit from
the final judgment entered in this action on the  13TH       day of AUGUST    20 20 .

Dated: September 14, 2020

_____
AARON ETRA
Attorney for PRO SE
Address: 240 East 47th Street-12A, New York, NY 10017
Email Address: aaron@etra.com
Telephone: (917) 856-3500

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

AARON ETRA

(List the full name(s) of the defendant(s)/respondent(s).)

20-CV-03384  (AJN)_____

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *informa*

*pauperis* on appeal. This motion is supported by the attached affidavit.

November 2, 2020
_____
Dated
ETRA, AARON
_____
Name (Last, First, MI)

_____
Signature

240 EAST 47th STREET.        NEW YORK.        NEW YORK.        10017
_____
Address                     City              State            Zip Code
917-856-3500                                                   AARON@ETRA.COM

_____
Telephone Number                              E-mail Address (if

# Application to Appeal In Forma Pauperis

**BENTHOS MASTER FUNDS, LTD.** v. **AARON ETRA**     Appeal No. 20-3101

District Court or Agency No.

SOUTHERN DISTRICT OF NEW YORK

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)  Signed: | Complete all questions in this application and then sign it.  Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.  Date: NOVEMBER 2, 2020 |

My issues on appeal are: (<u>required</u>):

1. The arbitration on which the enforcement proceedings are based should not be enforced as the arbitration was improperly convened because it was procedurally not consented to.  Only one actual party to the business transaction involved demanded arbitration against only a non-party to the transaction, the defendant, and not against either of the other two principal parties to the business traction. The defendant in the arbitration continually objected to such convening because the arbitration could not on its face effectively resolve a business dispute nor correctly allocate responsibility for a business loss, from the first application to an appointing authority and into the designation and acceptance by an arbitrator of this matter. The record is clear on his objections and their rejection at every stage. Just being a signatory to documents calling for arbitration of disputes between parties to a transaction should not foreclose a non-party to that transaction of the right to not consent to an arbitration where it alone, and not any party to the transaction, is called upon to bear the full responsibility for the business loss and all costs of all legal proceedings relating to the matter.

 2. The arbitration award should not be enforced as the award and its conclusions were based on an incomplete, misleading and erroneous record and presentation of the facts, hence insufficient to support an award as was rendered. The arbitrator made no effort to do more than accept an unquestioned collection of statements, assertions, accusations and allegations submitted by counsel to the party that had demanded the arbitration, while accepting all funds from that party. The arbitrator made no effort to obtain any material on which to base his decision and award from any source, including from the one bringing the arbitration in its possession from its prior subpoenas and deposition of defendant Aaron Etra, and including what had been submitted to and is in the record of proceedings brought before a federal judge (Judge Batts).  The arbitrator did not exercise the requisite judicious effort to reach a reasonable and equitable decision and make an enforceable award by not insisting on access to such material, in addition to not  calling on the defendant or any of the two other parties to the business transaction for any input, before acting in a way that purported to settle a business dispute by issuing an award that put all responsibility for a business loss on a non-party to the transaction, who had no economic interest in it and received no compensation from it.

3. As a matter of public policy and due process, the Court should not enforce an arbitration award against a party that has not consented to participate in the arbitration, when it is clear that the arbitration did not include the fullest exposure, access to and review of the then available facts and record, and especially when such award puts full responsibility for a business loss on an uncompensated, non-party to the business transaction that has on the available record a claim to have no responsibility for that loss.

4. The Court has several options to deal with this case, including letting this appeal proceed under appropriate judicial auspices, or first confiding it to an appointed master or other reviewer of the facts for an independent and fully inputted consideration of them,  or requiring the parties to submit to a second arbitration in which defendant Aaron Etra can participate at no charge to himself [the initial fee to participate was approximately $20,000 for Defendant alone], and the claimant/petitioner has the responsibility to offer to the two parties to the business transaction other than themselves to participate, desirably at no cost to themselves.

5. The Court also can provide relief on this matter by directing the parties to pursue the good faith settlement negotiations proposed by Aaron Etra.

6. In taking and/or directing the parties to take any and all of the action proposed, the Court should direct counsel to the petitioner/plaintiff, Benthos, to suspend, cease and desist from any ongoing or new enforcement action against respondent/defendant, Aaron Etra, during the period of such action. As well, from this point onward, counsel for petitioner/plaintiff should be directed to refrain from accusations, disparagement and denigration of respondent/defendant in verbal and written communications, causing harm to his reputation, and thwarting him from work opportunities.

1.     *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ N/A | $ N/A | $ N/A | $ N/A |
| Self-employment | $ 4,900.00 | $ N/A | $ 4,900 | $ N/A |
| Income from real property (such as rental income) | $ N/A | $ N/A | $ N/A | $ N/A |

- 1 -

12/01/2013 SCC

| Interest and dividends | $ 100.00 | $ N/A | $ 100.00 | $ N/A |
|---|---|---|---|---|
| Gifts | $ N/A | $N/A | $ N/A | $ N/A |
| Alimony | $ N/A | $ N/A | $ N/A | $ N/A |
| Child support | $ N/A | $ N/A | $ N/A | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ 1,500.00 | $ N/A | $ 1,500.00 | $ N/A |
| Disability (such as social security, insurance payments) | $ N/A | $ N/A | $ N/A | $ N/A |
| Unemployment payments | $ N/A | $ N/A | $ N/A | $ N/A |
| Public-assistance (such as welfare) | $ N/A | $ N/A | $ N/A | $ N/A |
| Other (specify): | $ N/A | $ N/A | $ N/A | $ N/A |
| **Total monthly income:** | **$ 6,500.00** | **$ 0** | **$ 6,500.00** | **$ 0** |

2.    *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Self-employed | 445 Park Avenue- 9th Floor, New York, NY 10022 | All of the two years | $ 4,900.00 |
| | | | $ |
| | | | $ |

3.    *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer N/A | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

- 2

4.      How much cash do you and your spouse have? $ 20,000 (some blocked)

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Banks | Checking accounts | $ 20,000.00 | $ N/A |
| Banks | Savings Accounts | $ 1,000.00 | $ N/A |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5.      *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home   NONE | Other real estate | Motor vehicle #1 N/A |
|---|---|---|
| (Value) $ | (Value) $ 2,000.00 | (Value) $ NA |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 NONE | Other assets | Other assets  N/A |
|---|---|---|
| (Value) $ NA | (Value) $ 20,000.00 | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.    *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| NONE | $0 | $N/A |
|  | $ | $ |
|  | $ | $ |
|  | $ | $ |

7.    *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
| NONE |  |  |
|  |  |  |
|  |  |  |

8.    *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)  RENT<br>        Are real estate taxes included?    ☐ Yes ☒ No<br>        Is property insurance included?    ☐ Yes ☒ No | $4,000.00 | $ N/A |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 100.00 | $ N/A |
| Home maintenance (repairs and upkeep) | $ 0 | $ N/A |
| Food | $ 500.00 | $ N/A |
| Clothing | $ 50.00 | $ N/A |
| Laundry and dry-cleaning | $ 100.00 | $ N/A |
| Medical and dental expenses | $ 100.00 | $ N/A |

- 4

| | | |
|---|---|---|
| Transportation (not including motor vehicle payments) | $50.00 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $20.00 | $ N/A |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's: | $0 | $ N/A |
| Life: | $0 | $ N/A |
| Health: | $ 300.00 | $ N/A |
| Motor vehicle: | $0 | $ N/A |
| Other: | $0 | $ N/A |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ 0 | $ N/A |
| Installment payments | | |
| Motor Vehicle: | $0 | $ N/A |
| Credit card (name): AARON ETRA | $700.00 | $ N/A |
| Department store (name): | $0 | $ N/A |
| Other: | $0 | $ N/A |
| Alimony, maintenance, and support paid to others | $0 | $ N/A |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $300.00 | $ N/A |
| Other (specify): | $0 | $ N/A |
| **Total monthly expenses:** | $ 0 | $ 0 |

9.    *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

☐ Yes    No x⊠ If yes, describe on an attached sheet.

10.    *Have you spent — or will you be spending —any money for expenses or attorney fees in connection with this lawsuit?* ⊠ Yes ☐ No  BUT CANNOT AT THIS POINT

*If yes, how much?* $  15,000-$25,000???

11.    *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

My accounts have been frozen or closed in relation to this judgment on appeal.
I am behind on my rent two months, as the accounts that are used to pay such expenses, are no longer available to me, as the bank closed and/or froze my accounts because of the petitioner's enforcement action on them.   Also, my credit card was closed, but the now approximately $17,000 due on it, still has to be paid.

12.    *Identify the city and state of your legal residence.*

City:   New York                     State:  New York

Your daytime phone number: 917-856-3500

Your age:  79 1/2      Your years of schooling: and thereafter 20

Last four digits of your social-security number:   1294

- 6

## ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

Short Title: __BENTHOS MASTER FUND, LTD. V. AARON ETRA_____ Docket No.: __20-3101__

Lead Counsel of Record (name/firm) or Pro se Party (name): ____AARON ETRA, PRO SE____

Appearance for (party/designation): non-DEFENDANT-APPELLANT_____

## DOCKET SHEET ACKNOWLEDGMENT/AMENDMENTS

**Caption** as indicated is:
[X] Correct
[ ] Incorrect.  See attached caption page with corrections.

**Appellate Designation** is:
[X] Correct
[ ] Incorrect.  The following parties do not wish to participate in this appeal:
     Parties: _____
[ ] Incorrect.  Please change the following parties' designations:
     Party                          Correct Designation

**Contact Information** for Lead Counsel/Pro Se Party is:
[X] Correct
[ ] Incorrect or Incomplete.  As an e-filer, I have updated my contact information in the PACER "Manage My Account" screen

Name: _____
Firm: _____
Address: _____
Telephone: _____ Fax: _____
Email: _____

## RELATED CASES

[X] This case has not been before this Court previously.
[ ] This case has been before this Court previously.  The short title, docket number, and citation are: _____

[ ] Matters related to this appeal or involving the same issue have been or presently are before this Court.  The short titles, docket numbers, and citations are: _____

## CERTIFICATION

I certify that [ ] I am admitted to practice in this Court and, if required by LR 46.1(a)(2), have renewed my admission on _____ OR that [ ] I applied for admission on_____or renewal on _____.  If the Court has not yet admitted me or approved my renewal, I have completed Addendum A.
Signature of Lead Counsel of Record:_____
Type or Print Name:_____
         OR
Signature of pro se litigant:_____
Type or Print Name:____AARON ETRA_____
[ ] I am a pro se litigant who is not an attorney.
[ ] I am an incarcerated pro se litigant.