

E-Mail: spopofsky@kkwc.com<br>
Direct Dial: 212.880.9882

December 4, 2020

**Via ECF**
Honorable Alison J. Nathan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:       **Benthos v. Etra, 20 Civ. 03384**

Dear Judge Nathan:

      This firm represents judgment creditor Benthos. In accordance with your orders dated November 19 and November 25, 2020 (Dkt. 33 and 36 respectively), we sought to reach agreement with judgment debtor Aaron Etra on "mutually agreeable" dates by which Mr. Etra would comply with our two judgment-enforcement subpoenas dated August 27, 2020. Mr. Etra has declined to agree to any such dates whatsoever.

      This firm's proposed joint letter to the Court, suggesting actual dates, is attached as Exhibit 1. Mr. Etra's counter-letter, Exhibit 2, proposes nothing more than that "he will provide within a reasonable amount of time whatever responses and materials he can in support of what he has already provided to date."

      Mr. Etra appears to believe that compliance with our subpoenas, and with Your Honor's order, is optional. His excuse, as it were, of being "under medical supervision" is belied by, among other things, his ready ability to engage immediately in "two weeks of direct settlement discussions," followed by participating in a mediation. He is willfully concealing details of his bank and credit card accounts, which would be easy for him to list, in response to the information subpoena, and equally easy for him to obtain with a few clicks on his banks' websites.[1]

---

[1] Our focus on bank statements and credit card records is of course without prejudice to the other items sought in our subpoenas. But these are among the most important, and the easiest.

Kleinberg, Kaplan, Wolff & Cohen, P.C.  |  500 Fifth Avenue, New York, NY 10110  |  212.986.6000  |  kkwc.com



Honorable Alison J. Nathan
December 4, 2020
Page 2

      With regard to settlement, Benthos is certainly willing to participate in direct negotiations with Mr. Etra for two weeks, as he proposes, before referral to a Magistrate Judge for a settlement conference – as long as there is no stay of discovery during such period.  But Mr. Etra has repeatedly told us that his idea of settlement is that Benthos suspends judgment enforcement for a year while he attempts to "raise" money, at the end of which period he will inform us whether he has been successful or not.[2]  Our client's principals, having been scammed once by Mr. Etra and seen their business destroyed as a result, are not that gullible – at the end of whatever time period he could obtain, Mr. Etra will tell us "Sorry, no money."  If he truly wants to settle, nothing has stopped him from making a proposal and he does not need two additional weeks in which to do so; he has never put one single concrete penny on the table, and there is no reason at all to think that he will do so now.  This is all just the continuation of one big stall.

      We respectfully refer the Court to our motion papers for Mr. Etra's history, in this matter and otherwise.  We understand the Court is not going to hold him in contempt of court now – notwithstanding that this member of the Bar is now into his 10th week of willful defiance of two subpoenas, with no end in sight, and that he has not complied with the Court's order to present "mutually agreeable" dates for such compliance – and we know we will have to wait patiently until he reaches the limits of Your Honor's indulgence.  But make no mistake about it:  Aaron Etra does nothing, including comply with subpoenas or court orders, until he is convinced that contempt of court is imminent.

      Benthos respectfully requests that the Court enter an order reflecting the terms set forth in Exhibit 1 attached.  Thank you for your consideration.

      Respectfully yours,

      /s/Steven R. Popofsky

      Steven R. Popofsky

cc:   Aaron Etra

---

[2] Yes, there is a pattern here – he commits to nothing, and hopes he can get away with it.