

## Judge Alison J. Nathan: Benthos v. Etra, 20 Civ. 03384

**From:** Aaron Etra <aaron@etra.com>
**Date:** Thursday, December 17, 2020 at 3:52 PM
**To:** "temporary_pro_se_filing@nysd.uscourts.gov" <temporary_pro_se_filing@nysd.uscourts.gov>
**Subject:** For: Judge Alison J. Nathan: Benthos v. Etra, 20 Civ. 03384

(Via Email)

Honorable Alison J. Nathan

Thurgood Marshall United States Courthouse

40 Foley Square

New York, NY 10017

Re: Benthos v. Etra, 20 Civ. 03384

Dear Judge Nathan,

Please understand the trepidation I have in opening any email from Mr. Popofsky. His latest, a letter to you of December 17th, fully justifies that feeling.

Mr. Popofsky clearly is incapable of any appreciation of what a person in his target's sights has to deal with to avoid his accusation of making "excuses" . I would not wish him to be in my present circumstances which he demeans and mischaracterizes as "willful noncompliance". Let him undergo what I am going through and be subjected to what he wants me to be, again, for no benefit to his client and the very things that my doctors want me to avoid.

He is also incorrect as to compliance both in the past and in the present . From the earlier proceeding with what Mr. Popofsky received enabled him to close my then existing accounts and credit cards, e.g. Citibank. Most recently, his actions either closed or froze accounts and or credit cards at HSBC and M & T Bank, putting me in the situation he refuses to remedy where I cannot access the sum of $11,221.64 needed to pay my rent and other living expenses. He neglects to reference my financial statement that was Exhibit B

to my Respondent Opposition submission of October 22^nd, the HSBC credit card statement that was Exhibit C and the M &T Bank Statement that was Exhibit D.  How can he justify an accusation of willful noncompliance with these disclosures  and when my total net worth was clearly stated as $18,000 and my credit card debt was stated as  -$15, 985.96?

How can Mr. Popofsky continue to make accusations and allegations and justify heavy-duty discovery subpoenas at those levels and call for statements of bank and credit card accounts, long since closed because of his own actions? Of what value is it to his client to put me through these procedures when I have such limited personal  physical and financial capacity rather than focusing on the settlement options first and foremost?

Your Honor, your guidance and direction is so sorely needed in this matter, where my cooperation has been so continually rejected by Mr. Popofsky for no valid reason and to the detriment of both parties. Please be good enough to issue  the Orders I have requested, enabling the correct settlement  procedure to take place to finally resolve this matter the way it should be done, removing the stress each communication from Mr. Popofsky brings and alleviating the inhumane circumstances in which he has put me.

Respectfully submitted,

Aaron Etra

240 East 47th Streeet-12A

New York, NY 10017

aaron@etra.com

Tel. 917-856-3500


cc. Steven R. Popofsky. Esq.

 Joshua Bromberg, Esq.

 Pamela Frederick, Esq.