December 20, 2020

To: Honorable Alison J. Nathan
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: Benthos v. Etra 20 Civ. 03384

Dear Judge Nathan,

I received the two Orders I am attaching, via an email from Mr. Steven Popofsky, only a few hours after I received from him, also via email, his letter to you,  which I am also attaching, all on Friday, December 4th.

I was disappointed in not being able to send you a response to Mr. Popofsky's letter before you issued your Orders that same day, on December 4th , and I have been unable to even write to you until  now. My time and energy has been spent in tests and medical appointments and the recovery from them. The latest was this past Friday when I started with a medical appointment at 10.30am and was released from the  New York  Presbyterian ER at 9.07pm after tests from which I try to use the weekend to recover (see attached release form). I am facing several subdural brain/skull blood hematoma and arachnoid conditions, cardiac  insufficiency and blood cell count fragility, the treatment of which needs to be carefully coordinated among several medical specialties over time but watched closely and remediation undertaken now as there is significant danger in delay or exposure to further stress and exacerbating action.

Mr. Popofsky continues to disregard many things in his relentless pursuit of me, starting with the impact on the person he has targeted and the consequences to my health of his actions, including denying access to funds needed to pay rent and purchase necessities. Also, his insisting on more discovery, notwithstanding all that he has already accumulated in prior depositions and discovery and all current information submitted to him and to your Honor most recently, which, once he gets any such material, leads to his contacting banks which  freeze and close any accounts holding my very limited funds.  From his first involvement in this matter right up to the present, he refuses to take seriously and act responsively to my offers of cooperation which have dated back to the period when his clients first found themselves in the situation which I had nothing to do with, as he and his clients know full well, and they, the Benthos managers,  saw and appreciated how much I devoted myself to trying to help them and their counterparty in the business transaction at only a cost and no benefit to myself. Finally, even in the referral to Judge Parker, Mr. Popofsky's submission does not make clear that his contempt motion was not granted.

Please also appreciate, that far from "scamming " or in any way acting dishonorably, I have consistently acted and  assisted Benthos with their knowledge and consent as with all persons I work with, even to the point at which I am now, with human and financial resources dissipated in facing the continuing personal onslaught of Mr. Popofsky's corporate law firm against someone with such limited resources, which cannot be justified as an expenditure of his client's money,

nor as truly professional in dealing with someone he calls to task as a lawyer and
then  continually unjustly disparages further injuring my health and economic condition.

There has never been any evidence of my involvement with any untoward activity or unjust
enrichment and all the discovery in the world will not unearth any, because none exists, as that
has never happened and all parties know this. Yes,  any loss is regrettable and deserving of
efforts to try to ameliorate, which has been my approach all along .But, this effort should not be
at the cost of the injury to a blameless services provider caused by Mr. Popofsky's  actions on
behalf of his well-financed offshore fund, in business to make and cope with loss of money,

Before my conditions and the needed tests intensified, I did suggest several weeks of party to
party settlement discussions, which I had hoped to be able to do by correspondence.  Mr.
Popofsky rejected that approach as he has all my good faith offers since he first began his
attacks. Now, I am not sure how physically capable I am currently to deal with Mr. Popofsky's
insensitivity and unresponsiveness.

Under these circumstances, I respectfully request your Honor to order that, until at least the end
of January, when my medical people, hopefully, will have been able to either stabilize my
condition or  will have intervened surgically, on which I will report to you or, if I cannot,
will  have someone do so on my behalf :

1.  Mr. Popofsky releases any holds on my bank accounts and forbears communicating with any
    banks  with respect to me;
2.  Any dates for discovery or responses to the existing subpoenas will be reviewed at that time
    ;
3.  The referral to Judge Parker be postponed from January 7th and reviewed at the end of
    January, including as to its correctness.

I am sorry to not be able to more formally communicate with you other than via this email but I
remain alone and without assistance.

With thanks and respectfully submitted,

/ss/ Aaron Etra

Aaron Etra
240 East 47th Street- 12A
New York, NY 10017
917-856-3500



> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: __12/17/2020__

*Direct Dial: 212.880.9882*
*E-Mail: spopofsky@kkwc.com*

December 16, 2020

**Via ECF**
Honorable Alison J. Nathan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:     Benthos v. Etra, 20 Civ. 03384**

Dear Judge Nathan:

Last evening, judgment debtor Aaron Etra sent me what appeared to be a copy of an e-mail addressed to Your Honor, with no indication of when it was sent and no visible e-mail addressee.  Mr. Etra, a Member of the Bar, knows quite well how to file through the ECF system – see, e.g., Dkt. 28 (16-page memorandum of law) and Dkt. 31 (Notice of Appeal with detailed statement of purported issues) – and he should be required to do so.  In any event, please accept this brief response.

•        An independent arbitrator ruled that Mr. Etra breached his fiduciary duties to my client, and this Court confirmed the award.  Mr. Etra may pretend otherwise, but surely he understands the consequences of my client (which he put out of business) having a judgment against him.

•        Mr. Etra seems to have no trouble seeking here to relitigate his liability and his adjudicated misconduct, over and over,[1] yet he has not been able to trouble himself even to list all of his financial accounts and credit cards since 2018, nor to print the corresponding statements from his (many) banks' websites, much less to comply with the rest of our subpoenas.

---

[1] His comments remain outrageous, not to say Orwellian, and not worthy of rebuttal at this juncture.  "Offers of cooperation"!  "I devoted myself to trying to help them"!  "Far from . . . acting dishonorably, I have consistently . . . assisted Benthos"!  "There has never been any evidence of my involvement with any untoward activity"!  "Blameless"!

Kleinberg, Kaplan, Wolff & Cohen, P.C.  |  500 Fifth Avenue, New York, NY 10110  |  212.986.6000  |  kkwc.com



Honorable Alison J. Nathan
December 16, 2020
Page 2

•      From the moment he received our subpoenas in August, he has adamantly refused to comply with any aspect of them (consistent with his history of prevarication and defiance), including for several months before his recent hospital visit (and he has sent nothing coming close to establishing his inability to comply, which he clearly could do if motivated to do so).  He is determined to conceal his financial details, and he has done a good job so far: four months in and we have two pieces of paper.

•      We will address settlement issues with the Magistrate Judge, but it is important to repeat that Mr. Etra has never offered one single penny – all he proposes is in effect "you stop judgment enforcement and maybe I will make a concrete proposal months from now."  Given my client's principals' experience with Mr. Etra, who was instrumental in stealing $5 million from them and who lied repeatedly to them and to Judge Batts, they (and we) see that for what it is: nothing other than a further delay tactic.

Benthos respectfully refers the Court to my December 4th letter (Dkt. 37), and to our recent contempt papers (Dkt. 24 et seq.).  This remains one big stall, and Mr. Etra should not be relieved from the Court's December 4th Order (Dkt. 39).  He may as well shout from the rooftops, "I will never reveal my finances until the judge is on the verge of incarcerating me" (just as he refused to return Benthos's $400,000 from his attorney escrow account until Judge Batts told him, "pack your toothbrush").

long it will take to reach that point.

Respectfully yours,

/s/Steven R. Popofsky

Steven R. Popofsky

SO ORDERED.    12/17/2020
ALISON J. NATHAN, U.S.D.J.

The Court has received no email correspondence from Mr. Etra that is not reflected on the public docket.  The Court reminds Mr. Etra that pro se filings should be made through the Court's Pro Se Intake Unit.  Instructions for pro se filing, including use of the temporary pro se filing email address that the Court has made available during the COVID-19 pandemic, are available on the Court's website at https://www.nysd.uscourts.gov/prose.  The Court will not accept filings made by email to Chambers, and notes that on at least one prior occasion, Mr. Etra's intended email to Chambers was not received because it misspelled the Chambers email address.  The parties should advise the Court, by properly filed letter, if any judicial action is requested at this time.  The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Etra and to note the mailing on the public docket.  SO ORDERED.