Aaron Etra
240 East 47th Street- 12A
New York, NY 10017
Email: aaron@etra.com

December 29, 2020

(Via Temporary Pro Se Email)

Honorable Alison J. Nathan
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: Benthos v. Etra, 20 Civ. 03384

Dear Judge Nathan,

Once again, Mr. Popofsky, in his letter of December 28th, speaks of the "incarceration" of an almost 80 year old person undergoing medical treatments, a pro se defendant..

Mr. Popofsky failed to accomplish jailing me, which seems to be a primary objective of his in this civil case, when Judge Batts recognized that I was not in fact withholding any funds, as Mr. Popofsky had alleged in the first hearing before the Judge, from which Mr. Popofsky continues to erroneously quote the late Judge as if it were part of her decision, which was in fact favorable to me. The facts were and remain that I was totally willing to pay over any of the at all times fully disclosed, remaining funds in my possession, whichever way a court would direct me to, which was what the contractual arrangements so provided, and that I had been trying at all times to assist Benthos and the other parties to this business transaction in remediating the situation that they had gotten themselves into, without any culpability or misfeasance on my part at any time.

Yes, I have been trying my best, solo and without assistance, and as a substantial drain of my limited energy, to put before Your Honor responses to the constant flow of correspondence to you and the incessant personal attacks on me directed to anyone the Popofsky team can find . These continue to come from the three lawyer team led by Mr. Popofsky, from a corporate law firm who have an offshore investment fund client with seemingly open-ended budget, to pursue a defendant with clearly extremely limited resources. Having failed in motion practice with Judge Batts, the attacks are most recently based on a judgment to enforce an award from a sole arbitrator arbitration in which only me , a non-party to the transaction, was being forced to appear by Mr. Popofsky against my will and objection and with none of the other businessmen parties to what was clearly a failed business transaction even called to participate in any fashion by Benthos or the sole arbitrator in resolving responsibility for this business failure. The award putting all responsibility and assessing me for every cost and expense is so

obviously egregious under these circumstances and with the amount so excessive on its face when set against the disclosures the Popofsky team have had since 2018 and right up to the present, including those exhibited to Your Honor.

Far from being non-compliant, Mr. Popofsky's team already has hundreds of pages of discovery, seven hours of depositions , as well as all the Exhibits provided to him and to Your Honor recently. Mr. :Popofsky knows that since 2018 he has caused my bank accounts to be closed or the little amount in one ($11,221.64) frozen (and that M & T Bank statement has been provided to Mr. Popofsky and the Court) causing me to be unable to pay my rent and purchase basic necessities. He knows that my one credit card was canceled thanks to his efforts with $16,418.34 still to be paid off (that HSBC statement as well, has been provided to Mr. Popofsky and the Court) and now $1,045.73 is due and payable. He and the Court has had my disclosure in a currdent financial statement showing income and expenses and a net worth of $18,000. Of what purpose is it to put me through extensive further discovery which would only be of what he already knows, including the harm he has done, creating unpaid living expenses which he refuses to let me pay? From the comfort of his Fifth Avenue offices he would like me to come back from the hours and days in the hospital for tests and consultations (see the attached for the tags from some of those days) and enable him to charge more hours of legal fees and expenses for processes clearly of no benefit to his client and causing futher harmful stress to me , which my doctors warn me to avoid.

Opting in favor of every way he can attack me personally and run up his team's legal fees, Mr. Popofsky has continually rejected from day one of his involvement in this case the only way I can assist his client. That is, the way I have offered and do offer, which is to raise funds from parties who are receptive to setting the record straight on this matter. With a reasonable target in time and amount, on which I have made specific proposals, the business loss of his clients has the best potential for being ameliorated, as contrasted with brow beating and harassing me for resources I clearly do not have and have never had. With my limited energy being devoted to this constructive effort and not diverted to trying to obtain and go over records of closed bank and credit card accounts already known to Mr. Popofsky, there is upside to my participation.

These current weeks are indeed very stressful and uncertain times for me with new discoveries of additional medical conditions that have to be dealt with and tests made together with consultations on procedures available in short supply only while covid-19 spiking impacts adversely on hospital facilities and personnel. I am advised that the hope now is to have surgical and other options better known by the middle of February and that I should avoid any stress and confrontation at least until then.

For these reasons and because Mr. Popofsky has been unwilling to cooperate in any meaningful way in establishing viable settlement arrangements on a direct basis or show any understanding of my conditions and the impact he has had and continues to have on my deteriorating physical and financial sustainability with his focus on "compliance" at all costs and the extremely scary threat of "incarceration " forming the basis of letters to you Your

Honor, which I find usually at the end of a very tiring day, let me respectfully request that Your Honor Orders:

1. That all discovery action and subpoena or motion activity be suspended and be subject to review by the Court beginning with February 15, 2021;
2. That the commencement of settlement discussions under the supervision of Judge Parker be suspended and its timing be subject to review by the Court on February 15, 2021;
3. That holds on my accounts be released forthwith and no such or like action or subpoenas be issued until the Court's review beginning on February 15, 2020;
4. That the parties refrain from further communication with the Court or other parties in public until February 15, 2021 while being instructed to submit proposals on these matters on or as soon as possible after February 15, 2021.

Respectfully submitted (with my mailing address set forth above, but with the request to also email to me at aaron@etra.com , if at all possible, so that I have timely access to the Court's communications, as I am not a litigator nor subscriber to ECF or any such service) ,


   /s/Aaron Etra

Aaron Etra

cc. Steven R. Popofsky
    Joshua Bromberg
    Pamela Frederic