

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/21/2021

MEMO ENDORSED

May 19, 2021

**Via ECF**

Katharine H. Parker
United States Magistrate Judge
Chambers
U.S. District Court
500 Pearl Street, Room 750
New York, NY 10007

> **The Court is in receipt of Plaintiff's letter dated <u>May 19, 2021</u>. Defendant shall have until <u>May 23, 2021</u> to file a letter response, after which the Court will rule on the pending motion at ECF 66.**
>
> **SO ORDERED:**
>
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE
>
> 05/21/2021

Re:   <u>**Benthos v Etra, 20 Civ. 3384**</u>

Dear Judge Parker:

    I am writing to renew Benthos's February 9th application (Dkt. 60, referred to Your Honor via Dkt. 62) "that Mr. Etra be ordered to respond to [specified discovery requests] by a date certain, and that he be told that his failure to comply, fully and completely, will result in his being held in contempt of court and will subject him to all of the remedies incident to such a finding, including but not limited to incarceration at the Court's discretion."

    Mr. Etra is in uncured default of his very first payment due under the parties' settlement memorialized in your e-mail of April 1, 2021 at 4:06 PM (subsequently confirmed by both sides). The application was previously denied "without prejudice" to renewal "to the extent Defendant does not comply with the payment terms of the settlement" (Dkt. 65), and renewal is therefore necessary.

    The February 9th application was very comprehensive and will not be repeated here. By violating repeated promises subsequent to that date, Mr. Etra has bought himself several additional months through manipulation of the judicial system:

- As a result of a settlement conference on February 26th, he promised, as memorialized in the Court's Order several days later (Dkt. 63 at page 3), that on March 31, 2021, he would make a good-faith "first installment in the amount of $83,333 towards the [$5 million] judgment he owes to Petitioner." That froze the process for five weeks, and he failed to make that payment, implausibly contending that he had understood he was to pay only $8,333 (even though he himself had suggested the $83,333 figure as one-twelfth of $1 million) – and he did not even pay the $8,333.

- A "binding" settlement agreement was then reached on April 1, 2021. The first installment payment was due on April 30th, with a seven-day notice and cure period. No payment has been made, notwithstanding the requisite notice.

Kleinberg, Kaplan, Wolff & Cohen, P.C.  |  500 Fifth Avenue, New York, NY 10110  |  212.986.6000  |  kkwc.com



Katharine H. Parker
May 19, 2021
Page 2

It is now late May. The subpoenas were served in August of 2020, ten months ago. The Court Orders from Judge Nathan were issued on December 4, 2020, January 5, 2021 and January 21, 2021. In the latter Order, Judge Nathan wrote:

> It appears that Mr. Etra did not understand, or refuses to accept, the Court's prior orders directing him to comply with Benthos's judgment enforcement subpoenas. . . . Those orders did not direct Mr. Etra to comply with the judgment enforcement subpoenas if it was convenient. They did not authorize him to refrain from complying with the judgment enforcement subpoenas if he tendered a settlement offer instead. Those orders set specific, clear dates for compliance. . . .
>
> Mr. Etra has not complied with the Court's orders. If he has not done so by January 29, he will be ordered to show cause why he should not be held in contempt.

Judge Parker, the issue here is **not** whether Mr. Etra has access to resources that will enable him to satisfy the judgment.[1] The sole issue on this application is whether this federal court can and will compel compliance from this individual who has defied two subpoenas and three Court Orders. Judge Nathan did not order him to pay money; she ordered him only to provide discovery into his own finances. He can do that, but he does not want to, and he has gotten away with 10 months of defiance, and enough is enough.

One final note: We expect this application to be met with more promises that payment is imminent if only he is given a few more days. That is Mr. Etra's *modus operandi* (please see pages 14-18 of Dkt. 29 for a great example), and at this late date no one should be taken in.

Thank you.

Respectfully submitted,

Steven R. Popofsky

cc: Aaron Etra (via e-mail)
    Pamela A. Frederick

---

[1] Benthos believes that he does – as evidenced by, among other things, his year-long (and thus far successful) effort to conceal his finances and his ready offer to raise a million dollars (less than twenty percent of the judgment) in settlement – and that nothing short of contempt will incentivize him to come up with some money (just as he defiantly refused to return the $400,000 of Benthos's money that he was holding in escrow in 2018, until the late Judge Batts threatened him with contempt ("pack your toothbrush"), whereupon he returned the funds immediately.