UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**BENTHOS MASTER FUND, LTD.,**

                          Petitioner,

            - against -

**AARON ETRA,**

                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384 (AJN) (KHP)

**DECLARATION OF
STEVEN R. POPOFSKY**

     **I, STEVEN R. POPOFSKY**, declare the following:

     **1.**     I am affiliated with Kleinberg, Kaplan, Wolff & Cohen, P.C., counsel to Petitioner and judgment creditor Benthos Master Fund, Ltd. I respectfully submit this declaration in support of Petitioner's motion to hold Respondent in contempt of court for his repeated willful refusal to comply with (i) judgment enforcement subpoenas for documents and information and (ii) three court orders issued by the Honorable Alison Nathan.

### Introduction

     **2.**     This motion is about respect for the rule of law. We are not in medieval times where judgment debtors can be jailed for not paying their debts, and the courts cannot compel Aaron Etra to pay the $5 million that he owes as a result of his malfeasance. But the federal court can, and should, compel Mr. Etra – a practicing lawyer well aware of his obligations – to comply not only with subpoenas, but with three court orders of Judge Nathan, each of which orders he has blithely defied, with impunity thus far.

     **3.**     Attorney Etra sought to escape the consequences of his willful non-compliance by repeatedly promising settlements (which Benthos was willing to accept), yet every commitment

he made he then violated, consistent with his years-long practice that every statement he makes to Benthos is a lie. For the past <u>year</u>, since Benthos first moved for contempt, we have told the courts that nothing short of contempt will succeed in securing his compliance. Indeed, the <u>sole</u> time he did not ignore his obligations was when the late Judge Batts threatened him with incarceration ("pack your toothbrush," Dkt. 42-21 at 24), and thereby coerced him into returning escrowed funds he was improperly retaining.

4. It remains true that nothing short of contempt will have the slightest impact upon Mr. Etra. Even if this Court disagrees with Benthos that he has access to assets he is concealing, it should compel him to comply with the subpoenas and multiple court orders he has disobeyed.

**The Sad Litany Of
Mr. Etra's Willful Defiance
<u>Of Subpoenas and Multiple Court Orders</u>**

5. Benthos holds a judgment against Mr. Etra for over $5 million (Dkt. 15) pursuant to Judge Nathan's Memorandum and Order (Dkt. 14) confirming an arbitration award. On August 27, 2020 (13 months ago), Benthos served Mr. Etra with a subpoena duces tecum and a restraining notice with information subpoena (Exs. 1 and 2 annexed hereto respectively).

6. Mr. Etra served no objections, but provided almost literally nothing in response to the subpoenas. Without burdening the Court with the details, his recalcitrance required repeated applications to Judge Nathan, culminating in not one, not two, but three successive court orders. On December 4, 2020, she ordered him to respond later that month (Dkt. 39). When he refused to do so, on January 5, 2021, she again ordered compliance (Dkt. 54), observing:

> The Court has reviewed the subpoenas and compliance with them should not be particularly onerous, especially if Mr. Etra's finances are as straightforward as he has represented. The Court expects Mr. Etra to comply with these extended deadlines.

2

When that expectation, too, went unfulfilled – as noted, Mr. Etra does nothing unless placed in jeopardy of incarceration – Judge Nathan understandably lost her patience (Dkt. 59, January 21, 2021):

> [The Court's] orders did not direct Mr. Etra to comply with the judgment enforcement subpoenas if it was convenient. They did not authorize him to refrain from complying with the judgment enforcement subpoenas if he tendered a settlement offer instead. Those orders set specific, clear dates for compliance. Mr. Etra has not complied with the subpoenas as ordered by the Court. The Court will give Mr. Etra one more opportunity to comply.

Needless to say, he did not do so.

## Proceedings Before
## Magistrate Judge Parker

7. During a settlement conference on February 26, 2021, Mr. Etra promised to make a first installment payment of $83,333 at the end of March 2021. He did not do so, and later claimed that he had in fact promised to pay only $8333 (even though the Court heard him promise $83,333, as one-twelfth of $1 million, and memorialized the obligation in an Order filed shortly thereafter (Dkt. 63 at 3)) – and in any event he did not pay $8333 (or anything at all), with not even the pretense of an excuse.

8. During a subsequent settlement conference on April 1, 2021, he promised to pay – and Benthos agreed to accept – $1 million in twelve equal monthly installments beginning on April 30, 2021. Mr. Etra defaulted on that obligation, as he has violated every single promise, commitment and statement made to Benthos from the inception of the parties' relationship.

9. On March 1, 2021 (Dkt. 63), Judge Parker directed Mr. Etra to provide *in camera*, "in aid of mediation," a subset of the documents Judge Nathan had required him to produce. He did not provide everything requested, but in any event, on June 17, 2021, Judge Parker directed him to supply Benthos's counsel with a copy of those same documents. He appears to have done

3

so, but those documents did not remotely satisfy Judge Nathan's orders, nor did they comply with the outstanding subpoenas.

## Mr. Etra's Continued Non-Compliance

10. We respectfully refer the Court to Dkt. 60, our comprehensive summary of what Mr. Etra has not provided. We ask the Court to review the entire first two pages of that letter, but reiterate that Mr. Etra – who claims to have no money and no assets – had maintained at least 26 bank, credit card and investment accounts at various times in the preceding eighteen months, and he continues to refuse to supply anything close to complete information about all those accounts.

11. The following summarizes, with reference to the lettered paragraphs of Dkt. 60, what Mr. Etra still refuses to produce, including in the documents provided to Judge Parker *in camera* and later apparently provided to Benthos:

>  A (post-judgment bank accounts): No documents; no information.
>  C ("Aaron Etra 41book credit" account): No documents; no information.
>  D ("Aaron Etra 45book debit"/HSBC 9990 account): No documents; no information.
>  E (HSBC 6509 account): No documents; no information.
>  G ("Uni-credit affiliate"): No documents; no information.
>  I (City National Bank): No documents; no information.
>  J (Metropolitan Comm. Bank 3617/3609 accounts): No documents; no information.
>  N (signatories): No documents; no information.
>  O (European bank account[1]): No documents; no information.
>  P, Q, R (0169 credit card account): No documents; no information.
>  S, T (other credit cards): No documents; no information.
>  V (JP Morgan account): No documents; no information.
>  X (immediate family members[2]): No documents; no information.
>  Y, Z, EE (monthly living expenses): No documents; no information.
>  AA (lawsuits): No documents; no information.
>  BB, CC (documents withheld, non-attorney/client "privileged"): No documents; no information.
>  DD (taxes): No documents; no information.

---

[1] In a 2019 deposition, Mr. Etra swore under oath that he had a European bank account, but refused to provide any information about it. We have repeatedly sought information about such an account; he has repeatedly been ordered to provide that information; and he has repeatedly refused to do so – again with total impunity.

[2] Mr. Etra has a wife in Europe. He has repeatedly refused to identify her, with impunity.

12. Those are only the categories as to which <u>zero</u> has been provided.  For the other categories, Mr. Etra provided to Judge Parker, and then apparently to Benthos, only copies of documents previously produced, and single-page documents that were massively incomplete and illegible in any event.

13. Thus, the *in camera* production to Judge Parker (and then evidently to Benthos) did not remotely comply with the judgment creditor's subpoenas or with Judge Nathan's <u>three</u> orders.  There has been no compliance; there has been only defiance.

## Conclusion

14. It is shockingly unfair that Benthos – the victim of Mr. Etra's breach of fiduciary duty and mendacity – has had to wait over a year, and has had to incur repeated additional legal fees, merely to obtain compliance with two subpoenas and (it bears repeating) <u>three</u> orders of the United States District Court for the Southern District of New York.  Any doubt that may have existed surely has been dispelled by now:  If Mr. Etra is not held in contempt of court, and threatened with incarceration, he will never comply.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30, 2021.

_____
Steven R. Popofsky