# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **x**
                                                   :

**BENTHOS MASTER FUND, LTD.,**                              :

                                  :

                        Petitioner    :    Case No. 20-cv-03384

                                  :

                - against -                         :    **INFORMATION SUBPOENA**
                                  :    **WITH RESTRAINING**
                                  :    **NOTICE**
**AARON ETRA,**                                            :    **TO AARON ETRA**

                                  :

                       Respondent.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **x**

TO:  Aaron Etra
       240 East 47th Street, Apt. 12A
       New York, New York 10017

       445 Park Avenue, 9th Floor
       New York, New York 10022

       **WHEREAS,** in an action in the United States District Court, Southern District of New

York, between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor")

and respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was

entered by the Clerk in the United States District Court, Southern District of New York, on

August 13, 2020, in favor of Judgment Creditor and against You in the amount of $5,254,561.12,

plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per

annum, in the amount of $59,887.60, and will continue to accrue (the "Judgment");

       **NOW, THEREFORE WE COMMAND YOU,** pursuant to Section 5224(a)(3) of the

Civil Practice Law and Rules ("CPLR"), that under oath You answer in writing separately and

fully each question in the questionnaire accompanying this subpoena, each answer referring to

the question to which it responds; and that You return the answers together with the original questions on September 21, 2020.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

## RESTRAINING NOTICE

**WHEREAS,** You owe a debt to the Judgment Creditor;

**TAKE NOTICE** that pursuant to Rule 5222(b) of the CPLR, which is set forth in full herein, You are hereby forbidden to make or suffer any sale, assignment, transfer, payment, or disposition of, or any interference with, any property in which You have an interest ("Property") except as therein provided;

**TAKE FURTHER NOTICE** that this restraining notice covers all Property, and all property hereafter coming into Your possession or custody, and all debts hereafter coming due to You.

**CPLR § 5222(b)** – Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration

of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this restraining notice is punishable as

a contempt of court.

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR
*as required by New York Law*

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against the judgment debtor.  Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders.  Such money or property is said to be "exempt."  The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement; and
13. Black lung benefits

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order.  If you claim that any of

your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 27, 2020

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By:_____

        Steven R. Popofsky
        Joshua K. Bromberg

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
Facsimile: (212) 986-8866
Email:  SPopofsky@kkwc.com
       JBromberg@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **x**
                                                          :

**BENTHOS MASTER FUND, LTD.,**           :

                                   Petitioner     :

                         - against -           :

**AARON ETRA,**                               :

                               Respondent.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **x**

Case No. 20-cv-03384

**QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO AARON ETRA**

TO:  Aaron Etra
      240 East 47th Street, Apt. 12A
      New York, New York 10017

      445 Park Avenue, 9th Floor
      New York, New York 10022

## INSTRUCTIONS

     This information subpoena seeks information during the period beginning August 1, 2018 through the present, unless some other time period is specified in a particular request.

## REQUESTS

    1.       List all bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or any other country, in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2018.

    2.       As to each such account, what is the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account, and the

amounts presently on deposit; if closed, what was the amount on deposit when the account closed

and the date it was closed?  Please supply the date, name, and address of the payee or recipient of

the last drawn check or wire, the amount of the last drawn check or wire, and the nature and

amount of consideration received by You in exchange for the last drawn check or wire.

3.      Identify all credit cards in which You have (or had) an interest, whether in Your

name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction

with any other person or persons, as of the date of the subpoena and since August 1, 2018.

4.      As to each such credit card, what is the exact name on the card, the date the card

was opened, the credit card number, the names of the signatories on the card, and the amounts of

the line of credit; if closed, what was the amount of the line of credit when the card closed and the

date it was closed?  Please supply the date, name, and address of the payee or recipient of the last

transaction and the amount of the last transaction.

5.      Identify all assets (including real property and interests in any other entity) and

any bank accounts of Investors & Developers Associates Inc. ("INDEVA"), and any other

corporation or other entity controlled by You since August 1, 2018.

6.      Identify any real property in which You have (or had) an interest, whether in Your

name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction

with any other person or persons, as of the date of the subpoena and since August 1, 2018.

Identify the address and value of the real property and how much the monthly payment is, and

who pays the monthly payment.

7.      Identify any leases for real property in which You have (or had) an interest,

whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or

in conjunction with any other person or persons, as of the date of the subpoena and since August

1, 2018.  Identify the address and value of the real property and how much the monthly payment is, and who pays the monthly payment.

8.    Do You own any securities, including but not limited to stock or interests in publicly or privately held companies, options, derivatives, futures, debt, bonds and/or debentures? If so, please describe all such interests, including the name of the security, the amount held, the location of the security, and the values of each security.

9.    Identify any safe deposit boxes or other depositories ever maintained by You, and set forth (i) the name and address of the bank or other depository, (ii) the identification number of the safe deposit box or other depository, (iii) the present contents of the safe deposit box or other depository; and (iv) any contents previously removed from the safe deposit box or other depository, the date of their removal, the recipient of the removed contents, and the reasons for the removal of the contents.

10.    Identify any and all actual, proposed and/or contemplated investments by You and all direct and indirect ownership interests in any entity, and the amount of income received by You from these investments and ownership interests since August 1, 2018.

11.    Identify all proposed and actual purchases by any person or entity of any asset or property owned or controlled by You, and all proposed and actual purchases by You of any asset or property owned by any person or entity.

12.    Identify (i) any loans, lending commitments, advances or lines of credit ever made, extended or received by You, (ii) the names and addresses of the parties to the loans, lending commitments, advances or lines of credit, (iii) the amount of the loans, lending commitments, advances or lines of credit, (iv) all contractual terms and obligations relating thereto, and (v) any repayments of loans, lending commitments, advances or lines of credit made

3

by or to You since August 1, 2018, the date and amount of the repayment, and the parties paying

and receiving the repayment.

13.    Do You have any current debts other than the one owed to Judgment Creditor?  If

so, as to each indebtedness, set forth (i) the amount and date of the original indebtedness, (ii) the

name and address of the creditor, (iii) the basis for the indebtedness, and (iv) the amount and

date of any sum repaid by You since the original indebtedness.

14.    Identify all persons and entities that are indebted to You, including without

limitation the (i) the amount and date of the original indebtedness, (ii) the name and address of

the debtor, (iii) the basis for the indebtedness, and (iv) the amount and date of any sum repaid by

the debtor since the original indebtedness.

15.    Identify all other proposed and actual transfers, conveyances, assignments, leases,

sales or other dispositions of property, assets, cash, stock, membership interests and/or any other

consideration by You to any person or entity, and from any person or entity to You, since August

1, 2018, including, but not limited to (i) the nature, date, recipient, and amount of the transfer,

conveyance, assignment, lease, sale or other dispositions, and (ii) the repayment of advances and

the satisfaction of judgments and any other obligations or claims of any nature.

16.    Identify all monies, stock, property or other consideration paid, received,

purchased, sold, transferred or exchanged by and between You and any entity owned or

controlled by You (in whole or in part), and set forth (i) the nature and amount of the monies,

stock, property or other consideration paid, received, purchased, sold, transferred or exchanged,

(ii) the nature of the payment, receipt, purchase, sale, transfer or exchange, (iii) the date of the

payment, receipt, purchase, sale, transfer or exchange, (iv) the payor and recipient of the monies,

stock, property or other consideration, and (v) the consideration for the payment, receipt, purchase, sale, transfer or exchange.

17.     Identify any property or money being held in trust for You, and identify the person or entity and its address holding the property or money, and the nature and amount of property or money.

18.     Identify any property or money that You have placed in trust for another person, and identify the person's address, the person's relationship to You, the nature and amount of property or money, and the date of the creation of the trust.

19.     Has any execution or attachment ever been levied against Your property?  If so, identify the property seized and the lawsuit.

20.     Identify any motor vehicles, including but not limited to a car, SUV, motorcycle, boat, etc., in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons since August 1, 2018.  Also identify the make, model, year and value of the motor vehicle and any monthly expenses, including but not limited to principal payments, insurance, gas,  maintenance, etc., that You, or someone on Your behalf, pays for the motor vehicle.  If someone else pays for any of these expense on Your behalf, identify the name and address of that individual.

21.     Identify all cash available with a value in excess of $1,000.

22.     With respect to Your statement in an email dated August 20,2020 that You "spent more money than I had, some $21,000, in fighting the court battle[,]" detail all such expenses, including the bank account(s) from which any such payments were made, the recipients of such payments, and the dates of those payments.

23.     Identify Your current residence, and any other place at which You have resided since August 1, 2018.

24.     Detail all amounts spent in connection with Your maintenance of an office space at 445 Park Avenue, 9th Floor, since August 1, 2018, including the bank account from which any such amounts were drawn.

25.     Are You employed?  If so, identify the name of Your employer and the title of Your position.

26.     If You are unemployed, identify how You currently pay Your living expenses, and how You have paid Your living expenses since August 1, 2018.

27.     Identify Your monthly living expenses since August 1, 2018,  including but not limited to rents, a mortgage, food costs, bills and invoices of any kind, utilities, transportation expenses, insurances, memberships and/or subscriptions, entertainment, etc., and set forth (i) the reason for the expense, (ii) the amount of the expense, (iii) whether You, or someone on Your behalf pays for the expense, and (iv) the bank account or credit used to pay for the expense.  If someone else pays for the expense on Your behalf, identify the name and address of that individual.

28.     Identify any monthly living expenses that You  pay, or have paid, for someone other than Yourself since August 1, 2018,  including but not limited to rents, a mortgage, food costs, bills and invoices of any kind, utilities, transportation expenses, insurances, memberships and/or subscriptions, entertainment, etc., and set forth (i) the reason for the expense, (ii) the amount of the expense, (iii) the bank account or credit used to pay for the expense, and (iv) how long You have been paying for the expense.

6

29.     Are there any judgments in Your favor?  If so, identify the judgments and the court, the index or case number, the parties involved and the date and amount of the outstanding judgments.

30.     Are there any judgments against You besides the one entered in this action?  If so, identify the judgments and the court, the index or case number, the parties involved and the date and amount of the outstanding judgments.

31.     Identify all lawsuits ever filed against You, including the court, the index or case number, and the parties involved.

32.     Are You a party to any action now pending in any court or arbitration tribunal not involving the Judgment Creditor?  If so, identify the action or arbitration.

33.     Identify any proposed or actual settlement of any lawsuit or arbitration involving You, the parties to the settlement and the terms thereof.

34.     Set forth the names and addresses of any person with personal knowledge or information concerning the nature, extent and location of any assets owned or controlled by You.

35.     Set forth the names and addresses of any immediate family members, including any spouse, siblings, adult children or adult grandchildren.

36.     Set forth the names and addresses of all of the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.