UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

               Petitioner,

     - against -

AARON ETRA,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384 (AJN) (KHP)

# PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO HOLD RESPONDENT AARON ETRA IN CIVIL CONTEMPT

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
500 Fifth Avenue
New York, New York  10110
Telephone:   (212) 986-6000
Facsimile:    (212) 986-8866

Attorneys for Petitioner
   **BENTHOS MASTER FUND, LTD.**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT........................................................................................................................1

   I.     RESPONDENT SHOULD BE HELD IN CONTEMPT OF COURT ..................1

CONCLUSION.....................................................................................................................3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Interstate Commerce Comm'n v. Brinson*,
    154 U.S. 447 (1894)........................................................................................................1

*Musalli Factory v. New York Fin. LLC*,
    No. 06-cv-82 (AKH), 2010 BL 133627, at *4, 2010 WL 2382415 (S.D.N.Y. June 14, 2010).2

*NY State Nat. Org. for Women v. Terry*,
    886 F.2d 1339 (2d Cir. 1989)..........................................................................................2

*Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*,
    369 F.3d 645 (2d Cir. 2004)............................................................................................2

**Statutes**

18 U.S.C. § 401......................................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 45(g).................................................................................1

Local Civil Rule 83.6.............................................................................................................1

Petitioner Benthos Master Fund, Ltd. respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 45(g), 18 U.S.C. § 401, Local Civil Rule 83.6 and this Court's inherent authority to hold Respondent Aaron Etra in civil contempt for his defiance of Petitioner's judgment-enforcement subpoenas.

To avoid unnecessary repetition, the Court is respectfully referred to the accompanying Declaration of Steven R. Popofsky dated September 30, 2021, with its accompanying exhibits, for the salient facts.

## PRELIMINARY STATEMENT

Respondent, a member of the New York bar, is a judgment debtor adjudicated to have misapplied funds entrusted to his care as Escrow Agent, acting with "gross negligence or willful misconduct" in breach of his fiduciary and contractual duties. He has now refused to comply with no fewer than <u>three</u> court orders and two subpoenas in connection with judgment enforcement.

As set forth in the accompanying Popofsky Declaration, Respondent previously demonstrated, in this very dispute, his utter unwillingness to honor his legal and ethical obligations, or court orders, until threatened directly with contempt and imprisonment by the late Judge Deborah Batts. For that reason, Benthos respectfully requests that the Court find him in contempt of court without further ado.

## ARGUMENT

**I.   RESPONDENT SHOULD BE HELD IN CONTEMPT OF COURT**

Federal Rule of Civil Procedure 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." A court's power to punish contempt is an inherent and integral element of its power to assert its authority by order or decree (*Interstate Commerce Comm'n v. Brinson,* 154 U.S. 447 (1894)), and has further been codified in 18 U.S.C. § 401:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none others, as —
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

>   (2) Misbehavior of any of its officers in their official transactions;
>
>   (3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command.

The purpose of a civil contempt proceeding is to coerce compliance and/or compensate complainant for losses sustained by the contemnor's conduct. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 657 (2d Cir. 2004). Coercion may be achieved by imprisonment of the contemnor until they purge themselves of the contempt, and/or by a prospective, conditional fine. *Id.; NY State Nat. Org. for Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir. 1989).

In *Musalli Factory v. New York Fin. LLC*, No. 06-cv-82 (AKH), 2010 BL 133627, at *4, 2010 WL 2382415, at *4 (S.D.N.Y. June 14, 2010), much like Respondent here a judgment debtor refused to comply with subpoenas notwithstanding the creditor's accommodations, extensions and attempts to avoid judicial intervention, and then disobeyed a court order in addition to defying the subpoenas. The court held that the judgment debtor's "contumacy has concealed his financial situation from Plaintiff and from this Court [but his] contemptuous conduct will not shield him from civil sanctions designed to bring about his compliance with the law[,]" and found that "arrest is an appropriate coercive sanction for [the judgment debtor's] contempt, and it will compel his compliance with the subpoenas and with this Court's orders." The court explained that:

> 'When imposing a coercive sanction, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden. Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act.'

*Id.* (quoting *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz*, 97-cv-4759 (SHS), 2006 BL 69134, 2006 U.S. Dist. Lexis 39256, at *8 (S.D.N.Y. June 13, 2006) (citations omitted)).

For the reasons set forth in the accompanying Popofsky Declaration, Respondent's history leads to the reasonable inference that merely another court order, standing alone, will not secure compliance with the three prior court orders and the outstanding subpoenas, and that Respondent

2

will not comply until actually subject to contempt sanctions. Thus, the Court should not give Respondent additional running room to continue frustrating Benthos's judgment enforcement, and should not force Benthos to incur additional legal fees in making yet another application, after a year of applications, but should issue an order with sufficient teeth to motivate Respondent's compliance.

Accordingly, Benthos respectfully requests that the Court issue a finding of contempt, and order that if Respondent does not comply fully with the requests set forth in Dkt. 60 he is to be apprehended and incarcerated forthwith.

## CONCLUSION

For the reasons set forth above and in the accompanying Popofsky Declaration and exhibits, the Court should find Respondent in contempt of Court in order to secure his compliance with the court orders and judgment enforcement subpoenas he has defied.

Dated: September 30, 2021

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: _____
Steven R. Popofsky
Pamela A. Frederick

500 Fifth Avenue
New York, New York  10110
Telephone:   (212) 986-6000
Facsimile:    (212) 986-8866
Email:         SPopofsky@kkwc.com
                    JBromberg@kkwc.com

Attorneys for Petitioner
   **BENTHOS MASTER FUND, LTD.**