UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

                Petitioner,

      - against -

AARON ETRA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384 (AJN) (KHP)

---

**PETITIONER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION TO HOLD RESPONDENT
AARON ETRA IN CIVIL CONTEMPT**

---

            **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
            500 Fifth Avenue
            New York, New York 10110
            Telephone:  (212) 986-6000
            Facsimile:   (212) 986-8866

            Attorneys for Petitioner
               **BENTHOS MASTER FUND, LTD.**

Petitioner Benthos Master Fund, Ltd. respectfully submits this reply memorandum of law in further support of its motion to hold Respondent Aaron Etra in civil contempt for his defiance of (i) multiple Orders of the Hon. Alison Nathan of this Court, and (ii) Petitioner's judgment-enforcement subpoenas.

The judgment debtor's opposition does not even address, much less refute, the myriad of very specific deficiencies in his responses to outstanding subpoenas and court orders set forth in paragraph 11 of the moving declaration. Literally (with only one exception discussed below), each and every one of those documented deficiencies remains unaddressed, and therefore effectively admitted. Generalities such as "I have complied with this Court's orders as they came due" are not remotely a substitute for actually addressing the specific deficiencies.

The one exception relates to Mr. Etra's European bank account. He refused to provide any documentation or information about it whatsoever, through several subpoenas and multiple court orders, but since he previously testified under oath that it existed, he cannot now deny that or pretend that it does not exist. His prior testimony – in a related state-court case against one of his co-conspirators – is set forth in Dkt. 56-5. That was not a judgment-enforcement deposition (Mr. Etra has refused to appear for such a deposition notwithstanding subpoena, and notwithstanding his implications otherwise to the Court), and he refused to provide any details about the account. Now he states (Dkt. 84 at 2 n.2) that it "was a clients' account of a European fiduciary and has been closed for some time I believe. . . ."

Even if that is true (and virtually nothing Mr. Etra has said to Benthos, in or before this case, ever has proven to be true), there is no excuse for Mr. Etra not to provide basic historical documents and information about that account, as requested per Item "O" in Dkt. 60 – and, again, as repeatedly ordered by Judge Nathan. He should be held in contempt of court not only

1

for having failed to do so, but, more fundamentally, for having failed to provide all of the other documentation and information requested and ordered as summarized in paragraph 11 of the moving declaration.

Finally, it is appropriate to address the 2018 hearing before the late Judge Batts, because it is that hearing that demonstrates that Mr. Etra will respond when credibly threatened with contempt – but not until that point. While he risibly contends that we have "continually misconstrued" Judge Batts's words, we respectfully request – and urge, and implore – this Court to read the relatively short transcript of that hearing (Dkt. 24-21), and draw its own conclusions.

In that regard, Mr. Etra finally has cleared up one mystery regarding the underlying case, and it is not to his credit. While he – a member of the Bar serving as Escrow Agent with accompanying fiduciary duties – had orchestrated the theft of $4.6 million from judgment creditor Benthos, all of which money quickly disappeared into China after he sent Benthos wire instructions to facilitate that theft, it was never clear why $400,000 had remained in his escrow account and had not also been sent out of the country. Now Mr. Etra effectively admits that those funds were to be his "professional . . . fee[]" for being instrumental in bilking his escrow principal. Whether Mr. Etra received any portion of the $4.6 million indirectly, or has other assets from which to fully or partially satisfy Benthos's judgment, is the key question that has been frustrated by his total, and to date unremedied, defiance of multiple court orders that required compliance with the judgment creditor's subpoenas.

## Conclusion

Mr. Etra's efforts to portray himself as a naif should be rejected. He is a longtime practicing lawyer. He repeatedly dealt as an escrow agent with regard to cryptocurrencies; was found by an arbitrator to have breached his fiduciary duties to Benthos in the underlying

2

transaction here; had previously been found by the Appellate Division to have "intentionally retransferred" escrowed funds without authorization (*Grasshoff v. Etra*, 135 A.D.3d 574 (1st Sept. 2016) (affirming summary judgment for conversion)); and he had no fewer than twenty-six bank, credit card and investment accounts during the eighteen months prior to Benthos's letter at Dkt. 60.

He knows what he is doing, and he has done it very well – he has defied the federal court repeatedly, and he should at long last not be permitted to continue to do so. For the reasons set forth above, and in the moving declaration and Dkt. 60 upon which this application is based, and upon all prior applications to Judge Nathan and to this Court, and upon all of Mr. Etra's contumacious refusals to respond fully and meaningfully to requests that Judge Nathan described as "not . . . particularly onerous," petitioner respectfully requests that Mr. Etra be held in contempt of court and ordered incarcerated if he does not respond fully (finally), within twenty days, to the items set forth in paragraph 11 of the moving declaration.

Dated: November 10, 2021

                                        **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

                                        By: _/s/ Steven R. Popofsky_

                                                Steven R. Popofsky
                                                Pamela A. Frederick

                                        500 Fifth Avenue
                                        New York, New York  10110
                                        Telephone:   (212) 986-6000
                                        Facsimile:    (212) 986-8866
                                        Email:          SPopofsky@kkwc.com
                                                               PFrederick@kkwc.com

                                        Attorneys for Petitioner
                                           **BENTHOS MASTER FUND, LTD.**