Aaron Etra
240 East 47th Street- 12A
New York, NY 10017
Tel. 917-856-3500

May 13, 2022

(Via email to Temporary Pro Se Office)

Judge Valerie Caproni
U.S. District Court of the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Benthos v. Etra 20-cv-3384 (VEC)

Dear Judge Caproni,

Thank you for your Order of May 5, 2022. Let me please explain why I do not request a hearing currently.

I am an 81 year old person under medical supervision for pre-cancerous blood, skin and other serious conditions. I live alone with no secretarial or research assistance and cannot afford legal counsel.

Under these conditions, I have faced four years of relentless personal attacks by Plaintiff's counsel in respect of a matter where I had been an innocent service provider on a business transaction that failed for reasons unrelated to me that the parties could not remediate. I was not to be paid by Benthos for my limited role and have never received a penny for compensation or for expenses from anybody connected to the matter.

After trying to voluntarily assist Benthos for months after the unfortunate failure in 2018, Plaintiff's counsel started the series of actions against me. The first was a contempt motion that was rejected by the late Judge Batts after all the facts in the case were submitted to her, including hundreds of pages of documents produced by me and after I underwent seven hours of depositions. I spent the last funds I had for counsel to assist me though this extensive procedure.

Not content with the negative determination on their motion, Plaintiff's counsel brought an arbitration action against me only. I resisted because I was not a party, and the parties other than Bethos, were not to be included in that proceeding which made it inherently incomplete and a violation of due process. As well, I had no funds for counsel by then and thereafter. Notwithstanding the absence of any of the extensive evidence provided to Judge Batts and with no input from me or any of the other parties, Plaintiff's counsel obtained a totally inequitable, one-sided and outsized award which they have been ruthlessly enforcing against me.
As provided by me, subsequently, in complying with the Court Orders of Judger Nathan and Judge Parker, and in many more hundreds of pages of documents provided by me in response to endless subpoenas from Plaintiff's counsel, I have been severely injured health-wise and economically by this enforcement action. After all these years, Plaintiff's counsel has been unable to prove that I received anything on this matter. That is, simply, because I did not.

The factual situation has been made more than clear that my limited financial resource condition which existed even at the time of the failed transaction, and which could never deal with such an exaggerated award, has only been further depleted by the action of Plaintiff's counsel, resulting in closing of bank accounts , cancelling of credit cards and people shunning my services believing the mistaken accusations of plaintiff's counsel, to the point where I face eviction for unpaid rent and collection action for unpaid debts. My challenged health has deteriorated significantly, by the stress of dealing alone with motion after motion and subpoenas after subpoena from a three member corporate legal team, which so apparently was of no benefit to Benthos and only increased their legal fees. Even family members, living on the other side of the country and totally uninvolved in my affairs, as well good-hearted persons noting the injustice here and offering to assist me in my efforts to assist Benthos, have been attacked by the action of Plaintiff's counsel.

As I am sure you know, after Plaintiff's counsel continued to bring motions and serve subpoenas, Judge Nathan advised the parties to reach a settlement of this matter, which is so inappropriate to litigation and contempt motions, and referred the matter to Judge Parker. Under Judge Parker's guidance, Plaintiff's counsel grudgingly agreed to terms proposed by her. However, at the first moment when the pandemic continued to make me as yet unable to make payment, Plaintiff's counsel refused to let me continue my efforts unhindered and unleashed another round of subpoenas.

Recently, I had hoped Plaintiff's counsel recognized that the only solution to this matter is settlement and that communications and efforts need to be directed toward this only (please see the attached email). Unfortunately, the serving of the attached subpoena shows otherwise and suggests that Plaintiff's counsel wants to attack other members of my family who have no connection with this matter and persons and activities that should be beyond the scope of their action which brings no benefit to anybody and only potentially injures other innocent persons. I trust the Court will not support these attempts to only harm.

For these reasons, I respectfully request the Court to let me actively work on assembling the funds for the settlement of this matter, rather than take the Court's valuable time with a hearing or on dealing with contempt motions and subpoenas. During all these years, I have not tried to avoid or deal otherwise with this matter by taking another available route to do so, and I deeply want to end this unfortunate matter in the best way I humanly can, with a settlement solution that is the best possible result for the parties concerned. I do not know how much time my health will permit me to function, but I want to devote it to achieving this end as soon as possible and not pass my remaining days in fruitless litigation.

Respectfully submitted,

Aaron Etra

cc. S. Popofsky, Esq.; P. Frederick. Esq.

Encl:  1.  New Subpoena from plaintiff's counsel
         2.  Recent emails between plaintiff's counsel and respondent

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

                              Petitioner

- against -

AARON ETRA,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384

**SUBPOENA**
*DUCES TECUM*

TO:   Aaron Etra
        240 East 47th Street, Apt. 12A
        New York, New York 10017

**WHEREAS,** in an action in the United States District Court, Southern District of New York, between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor") and respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was entered by the Clerk in the United States District Court, Southern District of New York, on August 13, 2020, in favor of Judgment Creditor and against You in the amount of $5,254,561.12, plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per annum, in the amount of $59,887.60, and will continue to accrue (the "Judgment");

**PLEASE TAKE NOTICE** that, pursuant to Rule 69(a)(2) Federal Rules of Civil Procedure (the "Federal Rules") Federal Rules and Section 5224(a)(2) of the New York Civil Practice Law and Rules (the "CPLR"), You are hereby commanded to produce the documents described in Schedule A annexed hereto, at the offices of Kleinberg, Kaplan, Wolff & Cohen, P.C., 500 Fifth Avenue, New York, New York 10110, or via e-mail, no later than June 9, 2022.

12226980.2 - 05/07/22

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court, and You may be held liable for a fine for all losses and damages sustained by the party aggrieved.

Dated:   May 10, 2022

          **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: _____
      Steven R. Popofsky
      Pamela A. Frederick

500 Fifth Avenue
New York, New York 10110
Telephone:   (212) 986-6000
Facsimile:    (212) 986-8866
Email:          SPopofsky@kkwc.com
               PFrederick@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

**SCHEDULE A**

2

## **Definitions**

A. The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),[1] and specifically includes (but is not limited to) electronic documents, electronic or computerized data compilations, and internal notes and memoranda (whether or not specifically referenced in any demand). A draft or non-identical copy is a separate document within the meaning of this term.

B. The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

C. All references to any individual or any entity (including but not limited to parties to this suit) shall be deemed to include all officers, employees, representatives, agents, or successors of the relevant person or entity, as applicable.

D. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery demand all responses that might otherwise be construed to be outside its scope.

E. The term "Benthos Master Fund, Ltd." shall mean Petitioner and Judgment Creditor Benthos Master Fund, Ltd.

F. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

G. "You" and "Your" means the person or entity responding to these requests and all other persons acting or purporting to act on Your behalf, including all present and former affiliates, officers, directors, executives, partners, employees, principals, managers, staff personnel,

---

[1] ". . . writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into reasonably usable form."

accountants, agents, representatives, in-house attorneys, assigns, successors or predecessors in interest, independent contractors, advisors, and consultants.

## Instructions

  H. To the extent that any of the following demands may be subject to a claim of privilege, respond to so much of such demand as does not require, in your view, disclosure of privileged information. As to every document withheld on the ground of privilege: (1) identify the nature of the document, including whether it includes or contains an attachment; (2) identify and describe the subject matter of the document; (3) specify the date(s) upon which the document was prepared and/or transmitted; (4) identify the person(s) who prepared the document and to whom the document was circulated, (5) identify all persons now in possession of the document; and (6) describe the claim of privilege and state the factual basis for the claim.

  I. If any required document has been destroyed or discarded, identify the document by providing the information called for in subparagraphs (1) through (5) of the preceding paragraph, and provide the date of destruction or discard and the reason therefor.

  J. If any computer which contained responsive documents has been destroyed or discarded, identify the prior location of such computer, the person or department to whom or to which it was assigned, the date of destruction or discarding, the reason for destruction or discarding, and the identity of the person who authorized destruction or discarding.

  K. To the extent that you consider any portion of the following demands objectionable, state specifically the portion of each demand that is claimed to be objectionable, specify the grounds for each such objection, and otherwise respond to the remainder of the demand.

  L. This request shall be deemed continuing in nature, and you shall promptly produce in the form of supplementary document productions any document demanded herein that

subsequently is discovered or obtained by, or becomes available to, you or your attorneys subsequent to your response to this request.

      M.     Documents should be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in this request.

      N.     This subpoena seeks the production of documents created, dated, sent or received during the periods set forth below.

## Documents Subpoenaed

1. All documents You have withheld as "privileged" that are responsive to previously-served subpoena duces tecum requests Nos. 32 and 49, set forth below:

    Request No. 32:  All documents concerning any escrow agent agreements entered into by You.

    Request No. 49:  All documents concerning Your banking records. This includes, but is not limited to, credit applications and records and statements for any checking, savings, money market, certificate of deposit, investments, bonds, retirement accounts, safety deposit boxes or any other financial assets maintained with any banking or financial firm or institution, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.



Tracie Evans <tracieevans@gmail.com>

## FW: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

**Aaron Etra** <aaron@etra.com>     Fri, May 13, 2022 at 4:14 PM
To: Tracie Evans <tracieevans@gmail.com>

The second exhibit

---

**From:** Aaron Etra <aaron@etra.com>
**Date:** Friday, April 15, 2022 at 11:34 AM
**To:** "Steven R. Popofsky" <SPopofsky@kkwc.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>, Juliet Remi <jremi@kkwc.com>
**Subject:** Re: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

The true facts speak for themselves and you need only put yourself in my shoes to prove the correctness of the points I have made.

We reached agreement indicating that we are capable of doing so.

Thank you

---

**From:** "Steven R. Popofsky" <SPopofsky@kkwc.com>
**Date:** Friday, April 15, 2022 at 11:24 AM
**To:** Aaron Etra <aaron@etra.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>, Juliet Remi <jremi@kkwc.com>
**Subject:** RE: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

"with the one who has suffered the most and most unfairly from this matter" - you are delusional.

Just to make clear, we have no agreement until we have an agreement.  When you have something to propose, we will consider it.

STEVEN R. POPOFSKY

D  212.880.9882    |    spopofsky@kkwc.com

5/13/22, 4:34 PM
Case 1:20-cv-03384-VEC-KHP  Document 187  Filed 05/13/22  Page 9 of 12
Gmail - FW: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

F  212.986.8866   |



 Kleinberg, Kaplan, Wolff & Cohen, P.C.

500 Fifth Avenue, New York, NY 10110

kkwc.com   |   Follow us on LinkedIn

Read our latest insights and sign up to receive our latest client alerts, invitations to events and more.

---

**From:** Aaron Etra <aaron@etra.com>
**Sent:** Friday, April 15, 2022 10:58 AM
**To:** Steven Popofsky <SPopofsky@kkwc.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>; Juliet Remi <jremi@kkwc.com>
**Subject:** Re: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

Thank you for this message.

Yes, I will consult with those who have wanted to assist, who I will tell now that they will not be attacked for doing so, and will come back to you after the holidays and as soon as I can develop what you are asking for.

Yes, let us limit our future communications and action to the settlement.

Finally, with regard to the facts, please do understand the reality, that you either truly know or refuse to recognize, that I am totally innocent of any misdeeds and have only been trying to help from the moment the unfortunate situation developed. You are corresponding with the one who has suffered the most and most unfairly from this matter. Nor did I have the potential benefit from a bargain purchase, which was the incentive for Benthos to agree to a procedure which it turned out they could not complete.

Yes, we need to finalize a reasonable settlement.

Respectfully and with best holiday wishes to you and your family,

Aaron Etra

---

**From:** "Steven R. Popofsky" <SPopofsky@kkwc.com>
**Date:** Thursday, April 14, 2022 at 7:39 PM
**To:** Aaron Etra <aaron@etra.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>, Juliet Remi <jremi@kkwc.com>
**Subject:** RE: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

You would need to tell us specifically what you intend to do during those three months, where you intend to go, how much money you intend to raise to offer to Benthos in settlement and what the source(s) of that money will be. You need to demonstrate that this will be a credible effort and not just a three-month stall.

Regarding the rest of your e-mail, I would be very happy to limit all our future communications to potential settlement. If you are intent on addressing other issues, however, I will not let your fantasy-world distortions stand unrebutted. It appears to me that you are a criminal; at a bare minimum, you are a lawyer who breached his fiduciary duties (as adjudicated, and as confirmed by a federal judge) and facilitated (if not implemented) the theft of $4.5 million from our client; and you lied repeatedly to a (different) federal judge, in my presence. Your reference to religion is offensive given how you have acted unethically and nearly ruined the careers of two young entrepreneurs whose only mistake was to trust you. And your wife is obviously involved in your financial shenanigans and if you do not settle this matter, we will not rest until we get to the bottom of your finances, no longer how long it takes.

We are, as always, prepared to be reasonable in settlement.

**STEVEN R. POPOFSKY**

D  212.880.9882   |   spopofsky@kkwc.com

F  212.986.8866   |

Image removed by sender.

Kleinberg, Kaplan, Wolff & Cohen, P.C.

500 Fifth Avenue, New York, NY 10110

kkwc.com   |   Follow us on LinkedIn

Read our latest insights and sign up to receive our latest client alerts, invitations to events and more.

---

**From:** Aaron Etra <aaron@etra.com>
**Sent:** Thursday, April 14, 2022 1:52 PM
**To:** Steven Popofsky <SPopofsky@kkwc.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>; Juliet Remi <jremi@kkwc.com>
**Subject:** Re: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

Mr. Popofsky,

Thank you for this message.

Please appreciate that I can only assemble the needed funds if you stop harassing and threatening me and those who have volunteered to help me, or diverting my energy to providing more material, for long enough to do so.

You have caused enough damage in my family by your attack on a distant and totally unconnected nephew, whose father, my brother, had just past away when you made your demands. The pain within the family remains acute, especially at times like this, at Pesach, when the family gets together or is in contact with each other. There is no acceptable reason for you to do the same to any other family member, whose privacy and non-involvement with the transaction needs to be respected, and I ask your commitment not to do so..

Thank you for your offer on travel.

Bottom line would be a reasonable period of time during which the entire focus would be on the assembling of funds. My request would be for 3 months, recognizing that I have every intention to complete this effort as soon as possible.

Respectfully submitted and wishing you and your loved ones a chag kasher v'sameach,

Aaron Etra

**From:** "Steven R. Popofsky" <SPopofsky@kkwc.com>
**Date:** Thursday, April 14, 2022 at 11:41 AM
**To:** Aaron Etra <aaron@etra.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>, Juliet Remi <jremi@kkwc.com>
**Subject:** RE: Benthos v. Etra, 20 civ. 3384: For Forwarding to Judge Katharine H. Parker

Mr. Etra, just to clarify (again), if you are able to assemble funds to offer to satisfy the judgment with a reasonable settlement figure, **you should do so**.  No one is stopping you. In fact, we previously made clear, and reiterate here, that if you need to fly to Europe, or spend any other money, in order to do so, we will approve that expenditure (provided you tell us credibly and specifically why that trip, or any other expenditure, is going to generate funds for Benthos).

And by the way, why have you tried so hard for twenty months now to hide all information about your wife in Europe?

### STEVEN R. POPOFSKY

D  212.880.9882   |   spopofsky@kkwc.com

F  212.986.8866   |



 **Kleinberg, Kaplan, Wolff & Cohen, P.C.**

500 Fifth Avenue, New York, NY 10110

kkwc.com   |   Follow us on LinkedIn

Read our latest insights and sign up to receive our latest client alerts, invitations to events and more.