

Steven R. Popofsky<br>
E-Mail: spopofsky@kkwc.com<br>
Direct Dial: 212.880.9882

July 5, 2022

**VIA ECF**
Judge Valerie Caproni
United States District Judge
United States District Court
40 Foley Square, Room 240
New York, NY  10007

      Re:    <u>Benthos v. Etra, 20-CV-3384</u>

Dear Judge Caproni:

    It is getting difficult to count how many court orders have been defied – with impunity – by Aaron Etra, that master manipulator of the judicial system.

    On June 21, 2022 (Dkt. 113), this Court ordered Mr. Etra to provide, by July 1st, "contact information for Koraljka Troselj" (who is evidently the key to Mr. Etra's money in Europe that he assiduously has hidden), per Dkt. 99 ("current contact information [consisting of] all known telephone numbers, mailing addresses and e-mail addresses").  That information is readily at Mr. Etra's fingertips; easy to provide; and not subject to any of his claims of technological or physical obstacles.  He simply refused to comply.

    The Court also ordered him to produce by July 1 escrow agreements and bank records he previously had withheld without justification (Dkt. 113, per Dkt. 99 at item 3 and Dkt. 60 at pp. 11-12).  He has all of that, and should have produced it not months but years ago, but continues to refuse to do so.

    As for IRS Form 2848, he was ordered to execute and provide that by June 24th, in the form already filled out and supplied to him (Ex. B to Dkt. 99 at item 4, per Dkt. 113), attached again here for the Court's convenience as Exhibit 1.  Instead, he re-did the contents of the form – suddenly his claimed technological incompetence goes away when convenient – writing "2018 through 2021" instead of "2017 through 2021" and presumably thinking we would not notice.[1]

---

[1] What is in that 2017 tax return that he does not wish his judgment creditor to see?



Hon. Valerie Caproni
July 5, 2022
Page 2

He also omitted Section 5a and Part II, both of which are required.[2]  Section 5a authorizes us to request the return from the IRS, and Part II identifies the lawyers so authorized.

In his July 1 letter, Mr. Etra somehow complains that "they . . . want me to authorize not one but two persons, who they did not even identify themselves [sic] as members of a law firm, to pry into matters that should be just between me and the government."  That argument, such as it is, is flawed because (i) the "two persons" were the two lawyers at this firm primarily responsible for this case, both of whom Mr. Etra knows very well (one has since left the firm and will not be involved, but we did not want to change the form approved by the Court); (ii) Mr. Etra already was ordered to do this, including to merely execute the precise form which was exhibited in Dkt. 99 and which we now have sent him multiple times (he keeps sending it back with changes); and (iii) the entire point of the Court order was that given his status as a judgment debtor who repeatedly has defied subpoenas and court orders requiring production of his financial records, he is no longer permitted to keep his tax returns "just between me and the government."

With regard to the "settlement" to which he refers, these are the facts:  At a settlement conference before Magistrate Judge Parker, Mr. Etra offered to pay $1 million in 12 monthly installments of $83,333 apiece.  Benthos reluctantly agreed to take less than 20% of its judgment, and to suspend judgment enforcement upon receipt of the first $83,333 payment for as long as Mr. Etra honored his agreement.  When the first payment was due, he claimed to have thought it was for only $8,333 – ludicrous, because one-twelfth of $1 million is of course $83,333 (not to mention that Judge Parker had memorialized the settlement in writing) – and then he did not even pay the paltry $8,333.  It was all just a(nother) stall.  So there is no "settlement" (although, as we have told him, Benthos remains amenable to a credible settlement proposal at any time).

The rest of his July 1 letter again seeks to rewrite the history of this matter.  Mr. Etra is a career grifter who sadly used his Columbia Law degree to deceive recent college graduates into trusting him with $5 million raised from friends and family for cryptocurrency trading.  The money swiftly disappeared from his escrow account, after he lied to Benthos's principals again and again and again (see, e.g., pages 9-20 of Dkt. 29-1 (and particularly pages 14-18)), almost ruining their lives and careers.  The arbitrator found him liable for breach of fiduciary duty and the award was confirmed by Judge Nathan.  The Court also should be aware that this is not the first time Mr. Etra has been found liable for abusing funds entrusted to him as Escrow Agent.  See *Grasshof v. Etra*, 135 A.D.3d 574 (1st Dept. 2016) (affirming summary judgment against

---

[2] Benthos unfortunately has experience with this form as Mr. Etra's co-conspirator Hugh Austin was ordered to supply it by Justice Borrok of the New York State Supreme Court in judgment enforcement against Mr. Austin.



Hon. Valerie Caproni
July 5, 2022
Page 3

him for conversion of escrowed funds which he "intentionally retransferred" without authorization and which "were never recovered").

In addition, Mr. Etra's assertion that he "underwent seven hours of depositions" is disingenuous. That was not judgment enforcement; that was in a lawsuit in state court against one of his co-conspirators. He has refused to submit to deposition in connection with judgment enforcement, and when Judge Parker took his testimony at a remote hearing earlier this year, she found that testimony under oath "not credible" (Dkt. 95 at para. 34).

Yet somehow he writes with a straight face that he "honorably performed" his escrow agent services and has "been trying to voluntarily assist Benthos." This is Orwellian.

**It remains true that the only court order or other legal obligation with which Mr. Etra ever has complied, in the multi-year history of this matter, was when the late Judge Batts ordered him to return the funds remaining in his escrow account upon penalty of immediate arrest and incarceration ("pack your toothbrush").** See Dkt. 24-21, the relatively short transcript of a hearing at which Mr. Etra, a member of the bar, lied repeatedly and unashamedly to the face of a federal judge. Fines mean nothing to him; he will not pay them. Nothing motivates Mr. Etra but the threat of imprisonment.

Benthos does not want to see Mr. Etra in jail. It does want to see his financial records. We are coming up on two years now, and he has defied not only petitioners' subpoenas but three orders by Judge Nathan, two orders by Judge Parker, and two orders (with multiple sub-parts) from this Court. Every time Mr. Etra writes a letter instead of complying with a court order, Benthos incurs more legal fees. This is not fair, and it is not justice.

Thank you.

Respectfully submitted,

Steven R. Popofsky

cc: Aaron Etra (via e-mail and ECF)