SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

BENTHOS MASTER FUND, LTD,

                                  Petitioner,

        -against-

AARON ETRA,

                                  Respondent.
----------------------------------------------------------------X

**ORDER SCHEDULING EVIDENTIARY HEARING**

20-CV-3384 (VEC) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**.

      On July 14, 2022, the Honorable Judge Valerie Caproni ordered Respondent Aaron Etra to produce certain outstanding documents, including all monthly statements from two bank accounts at Uni-Credit and Sberbank, from August 1, 2018 until those accounts were closed, or, if the accounts are still open, until the present.  (ECF No. 132.)  Respondent was ordered to produce these items no later than Tuesday, July 18, 2022.  Respondent did not comply with the order.  (ECF No. 144.)

      On July 25, 2022, Petitioner filed a letter noting that Respondent had previously admitted in sworn testimony that he had maintained bank accounts with Uni-Credit and Sperbank, and informing the Court that Respondent had still not produced monthly statements for either account.  (ECF No. 136.)

      On July 31, 2022, Respondent filed a letter stating that the Uni-Credit and Sberbank accounts at issue are "held and operated by" an Austrian Fiduciary named Helmut Allesch, and that Allesch "could not supply bank statements for those accounts and that they are closed accounts."  (ECF No. 141.)  Respondent's letter attaches what is purportedly a letter from Allesch stating that Allesch operates fiduciary/trust accounts in several European countries and

1

banking groups including those of Sperbank and Uni-Credit, including for several of Respondent's clients and that Respondent asked Allesch to provide bank statements from the Sperbank and Uni-Credit accounts, but that Allesch was only able to send one Sperbank statement. (*Id.*) The letter does not provide an explanation for why Allesch could not send additional statements.[1] Respondent's letter also attaches the Sperbank statement purportedly sent to Respondent by Allesch. (*Id.*)

Following a hearing on August 2, 2022, Judge Caproni referred to the undersigned the question of whether Respondent "is in control of" the Sperbank and Uni-Credit accounts "such that he is in contempt of the Court's order to produce documents related to them." (ECF No. 145.)

An evidentiary hearing is scheduled for **Thursday, October 6, 2022, at 2:00 p.m**. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York to address the question of whether Respondent has control over the documents in question. The parties shall be prepared to present witness testimony and evidence as well as argument. Specifically, Respondent shall bring witnesses (e.g. Mr. Helmut Allesch and clients) who can provide testimony regarding the accounts in question, including testimony as to the identity of any owners, managers, fiduciaries, and/or beneficiaries of the accounts. Respondent shall also bring documents regarding the accounts at issue, including documents showing what type of accounts they are (e.g., trust, checking, business, personal), who owns and/or manages the accounts, the identity of any individual or entity with a beneficial interest in the account,

---

[1] Petitioner noted that Respondent had previously produced this letter to the Court and that the Court found it to be an inadequate production. (ECF No. 136.)

documents appointing Allesch as fiduciary, and any client agreement between Petitioner and the clients whose accounts are maintained at the banks. Respondent shall be prepared to authenticate any documents provided. Additionally, to the extent any documents are not in English, Respondent shall provide a certified English translation.

Petitioner shall also bring any witnesses and documents substantiating its position that Respondent maintains possession, custody and/or control over accounts at these banks.

To the extent any witness resides abroad and needs to testify via teleconference or video, the parties shall inform the Court by letter by no later than **Friday, September 30, 2022**. The Court will permit witnesses to testify remotely if needed, but the parties must attend the conference in person, absent exigent circumstances.

As a reminder to the parties, the question of "control" in this context is governed by Rule 34(a) of the Federal Rules of Civil Procedure. This rule provides that parties may request from their adversaries documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are considered to be under a party's "control" if that party has "the right, authority, or *practical ability* to obtain the documents." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997) (emphasis added); *see also Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992) (Rule 34 requires production "if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents."). Generally, a party has the practical ability to obtain documents if he can ask a third party for the documents and receive them. *See, e.g. In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195-96 (S.D.N.Y. 2007) (entity had control over documents from its sister company because its CEO

represented that whenever they needed a document from the sister company, they would ask for it and the sister company would send it), *aff'd sub nom. Gordon Partners v. Blumenthal*, 2007 WL 1518632 (S.D.N.Y. May 17, 2007); *Shcherbakovskiy v. Seitz*, 2010 WL 3155169, at *10 n.20 (S.D.N.Y. July 30, 2010) (the fact that plaintiff previously received documents from the board when "all [he] did was ask for them" was probative of his control over the board for purposes of Rule 34), *aff'd*, 450 F. App'x 87 (2d Cir. 2011).

**Although Respondent has registered on ECF in accordance with the Court's order, Respondent has not yet filed a Notice of Appearance. Accordingly, the Court requests that Petitioner serve this order on Respondent via email and first class mail to his address of record.**

**SO ORDERED.**

Dated: August 3, 2022
      New York, New York

                                                                        */s/ Katharine H. Parker*
                                                                         KATHARINE H. PARKER
                                                                         United States Magistrate Judge