Aaron Etra
240 East 47th Street- 12A
New York, NY 10017
Tel. 917-856-3500

August 29, 2022

(Via Email to Temporary Pro Se Office)
Judge Valerie Caproni
U.S. District Court for
 the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Benthos v. Etra 20 cv 03384

Dear Judge Caproni,

During the few minutes I had together with my Public Defender, Amy Gallicchio, in a corner outside the Foley Square courtroom in the Thurgood Marshall Courthouse, the morning of August 2nd, Mr. Joshua Bromberg came over to where we were trying to have some semblance of privacy, interrupted Ms. Gallicchio, broke into our discussion and dropped on the bench next to me the attached pile of papers comprising of two new Subpoenas and a new Restraining Order calling for a response by September 1st, saying "Here". Please appreciate the pressure and tension I felt then immediately before such a consequential hearing on which I needed to focus and the surprise Ms. Gallicchio felt that lawyers would act that way.

Both in that August 2nd hearing and in all my submissions I have made before and after, I believe that Your Honor has seen how truly compliant I have tried to be with all your Orders and the efforts I have made, as an 81 year old pro se defendant in fragile health and economic condition, unable to afford the hundreds of thousands of dollars in private counsel fees needed to deal in a balanced fashion with four years of relentless Subpoenas, Restraining Orders and Contempt Motions of Mr. Popofsky and his corporate several person legal team, which have so clearly been, and can only be, of no benefit to his clients. Their only consequence has been and can only be ever more enormous legal bills to Benthos and further injury to someone who has never received any funds in this matter, never has had anywhere near the funds in issue here and has never wronged anyone.

Per the attached email, I respectfully asked Mr. Popofsky for reasonable time to now deal with the 2 new subpoenas/restraining order that were dropped on a courtroom corridor bench, while we are in the midst of litigation on Respondent's Motion to Quash that your Honor set in her Order of August 2, 2022 a date of September 16th for Respondent to file his Reply to Petitioner's Opposition papers, which he has now filed.

Furthermore, in response to Respondent's Motion to Quash the privileged Client Escrow Agreements designated by Your Honor in her order of August 2nd, instead of filing just an opposition affirmation, Petitioner filed a Cross Motion with new elements. While a Cross Motion can be allowable in general, Your Honor specifically limited the parties in this instance to a focus on the issue of privilege as she presented it in her Order, in which she reminded the parties that they must confine their submissions within the narrow range she set forth:

> IT IS FURTHER ORDERED that, as to all escrow agreements that Respondent has failed to produce that are encompassed within the July 14, 2022 Order, Respondent must either produce all such documents by August 22, 2022, or must *move to quash the subpoena for those agreements not later than August 19, 2022*…
>
> *The parties are reminded that they must brief only the narrow legal issue of whether the escrow agreements are privileged recognizing that the names of clients, which Petitioner represented at the August 2, 2022 hearing was the only material it sought,* have already been disclosed.

When your Honor set the date September 16th for Respondent to file his Reply, she had no way to know, anticipate or be expected to condone that the Petitioner would be going outside the mandated focus of her clear and explicit Order. Contrary to Your Honor's instructions, Petitioner filed an accompanying Cross Motion with new elements beyond the scope of Your Honor's Order, demanding that they be dealt with, if Your Honor approves this tactic, in opposition papers to the Cross Motion, which would all be due at the same time, as Respondent's reply to the issue at hand, of privilege, on the 16th.

If, contrary to your Honor's strict direction, the attempted Cross Motion would be allowed, additional time would need to be granted by Your Honor, for me to do an opposition to the Cross Motion, which also includes Petitioner's 10 page Memorandum of Law, especially difficult and time-consuming when Respondent is a pro se defendant with no litigation or research experience nor access to counsel.

If this was not enough for someone of my age with my limited resources to legal help, the serving of these 2 new subpoenas/restraining order create an impossibility to respond by the September 1st deadline, while working under Your Honor's direction on the Motion to Quash. Petitioner clearly has no respect for the efforts needed for me to deal with this important question of privilege, pursuant to Your Honor's instructions, especially with him now filing this Cross Motion, which was not contemplated by Your Honor when setting the subject matter and calendar dates for the Motion to Quash.

In spite of everything filed by Petitioner, I would not have contacted Your Honor at this point in time if the Petitioner would have given me the respectfully requested extension to respond to the two new subpoenas/restraining order dropped on me at the Courthouse. Since not even the courtesy of a response to date has been forthcoming from Petitioner to my email requesting an extension, and Petitioner filed Cross Motion clearly beyond the scope of the

Court's clear instructions, I therefore must ask for Your Honor's intervention to set an appropriate date to respond to these two new subpoenas, preferably not at the same time, and allow me the time at this juncture to devote my efforts to the important privilege issue in the Motion to Quash. Please also give me direction as to the need to respond to Petitioner's Cross Motion, which should be eliminated altogether, as it appears to be contrary to your Order.

Under these circumstances, I respectfully request Your Honor to require Mr. Popofsky to properly serve his new subpoenas with a return dated at the end of September at the earliest, unless a later date is deemed more appropriate by Your Honor in view of the recent attempted cross filing by Petitioner. Please also advise regarding the appropriateness of the Cross Motion, and its September 16th reply date. Any consideration of issues other than privilege as specifically formulated by the Court in the order of August 2nd, should surely await final settlement of that issue by this Court.

Thank you,

Aaron Etra

cc. S. Popofsky, Esq.