Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

        Petitioner

   - against -

AARON ETRA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384

**INFORMATION SUBPOENA WITH RESTRAINING NOTICE TO AARON ETRA**

TO: Aaron Etra
   240 East 47th Street, Apt. 12A
   New York, New York 10017

**WHEREAS,** in an action in the United States District Court, Southern District of New York, between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor") and respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was entered by the Clerk in the United States District Court, Southern District of New York, on August 13, 2020, in favor of Judgment Creditor and against You in the amount of $5,254,561.12, plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per annum and is continuing to accrue (the "Judgment");

**NOW, THEREFORE WE COMMAND YOU,** pursuant to the Federal Rules of Civil Procedure and Section 5224(a)(3) of the Civil Practice Law and Rules ("CPLR"), that under oath You answer in writing separately and fully each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that You return the answers together with the original questions on September 1, 2022.

433924.9

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

## RESTRAINING NOTICE

**WHEREAS,** You owe a debt to the Judgment Creditor;

**TAKE NOTICE** that pursuant to Rule 5222(b) of the CPLR, which is set forth in full herein, You are hereby forbidden to make or suffer any sale, assignment, transfer, payment, or disposition of, or any interference with, any property in which You have an interest ("Property") except as therein provided;

**TAKE FURTHER NOTICE** that this restraining notice covers all Property, and all property hereafter coming into Your possession or custody, and all debts hereafter coming due to You.

**CPLR § 5222(b)** – Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for

any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this restraining notice is punishable as a contempt of court.

### NOTICE TO JUDGMENT DEBTOR OR OBLIGOR
*as required by New York Law*

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against the judgment debtor. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement; and
13. Black lung benefits

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an

433924.9

attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 2, 2022

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

By: _____

Steven R. Popofsky
Joshua K. Bromberg

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
Facsimile: (212) 986-8866
Email: SPopofsky@kkwc.com
JBromberg@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

433924.9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
BENTHOS MASTER FUND, LTD., :
:
Petitioner :
: Case No. 20-cv-03384
:
- against - :
: **QUESTIONS IN**
: **CONNECTION WITH**
AARON ETRA, : **INFORMATION SUBPOENA**
: **TO AARON ETRA**
Respondent. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO: Aaron Etra
240 East 47th Street, Apt. 12A
New York, New York 10017

### INSTRUCTIONS

This information subpoena seeks information during the period beginning August 1, 2017 through the present, unless some other time period is specified in a particular request.

### REQUESTS

1. Identify (i) the name and full contact information (address, telephone, e-mail and otherwise) for every "client," or other individual or entity, for which You have performed any legal, "paymaster," escrow-related or other services from August 1, 2017 through the present; (ii) for each such individual or entity, the precise nature of the services performed; (iii) for each such individual or entity, specifically what compensation You (or any affiliated person or entity, including but not limited to Koraljka Troselj) received for those services; (iv) where such compensation was paid to, in each instance separately (including names, addresses, account numbers, and Your responsible contact officers at each such institution); (v) all subsequent

433924.9

transfers of such compensation received; and (vi) the current whereabouts of all such compensation.

2. Identify and itemize Your current monthly living expenses.

3. Identify any and all sources from which You receive funds that You use to pay Your current monthly living expenses and/or any other non-recurring expenses. The term "sources" includes, but is not limited to, any bank or other account from which funds are transferred to You for Your use, and specifically requires You to identify the ultimate individual, entity and/or activity that is generating such funds.

4. List all bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or any other country, in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2017.

5. As to each such account responsive to request No. 2 above, what is the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account, and the amounts presently on deposit; if closed, what was the amount on deposit when the account closed and the date it was closed? Please supply the date, name, and address of the payee or recipient of the last drawn check or wire, the amount of the last drawn check or wire, and the nature and amount of consideration received by You in exchange for the last drawn check or wire.

6. Identify all credit cards in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2017.

7. As to each such credit card responsive to request No. 4 above, what is the exact name on the card, the date the card was opened, the credit card number, the names of the signatories on the card, and the amounts of the line of credit; if closed, what was the amount of the line of credit when the card closed and the date it was closed? Please supply the date, name, and address of the payee or recipient of the last transaction and the amount of the last transaction.

8. Set forth the names and addresses of any person with personal knowledge or information concerning the nature, extent and location of any assets, including but not limited to money, owned or controlled by You.

9. Set forth the names and addresses of all of the individuals who assisted or participated in providing information for, or formulating responses to, (i) the information and documents You provided in response to all court orders from Judge Caproni during July of 2022, and (ii) separately, this Information Subpoena.