UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

       Petitioner      Case No. 20-cv-03384

  - against -          **SUBPOENA**
              ***DUCES TECUM***

AARON ETRA,

       Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO: Aaron Etra
   240 East 47th Street, Apt. 12A
   New York, New York 10017

**WHEREAS,** in an action in the United States District Court, Southern District of New York, between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor") and respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was entered by the Clerk in the United States District Court, Southern District of New York, on August 13, 2020, in favor of Judgment Creditor and against You in the amount of $5,254,561.12, plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per annum, and continuing to accrue (the "Judgment");

**PLEASE TAKE NOTICE** that, pursuant to Rule 69(a)(2) Federal Rules of Civil Procedure (the "Federal Rules") Federal Rules and Section 5224(a)(2) of the New York Civil Practice Law and Rules (the "CPLR"), You are hereby commanded to produce the documents described in Schedule A annexed hereto, electronically or at the offices of Kleinberg, Kaplan, Wolff & Cohen, P.C., 500 Fifth Avenue, New York, New York 10110, on September 1, 2022.

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court, and You may be held liable for a fine for all losses and damages sustained by the party aggrieved.

Dated: August 2, 2022

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

By: _____
Steven R. Popofsky
Joshua K. Bromberg

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
Facsimile: (212) 986-8866
Email:   SPopofsky@kkwc.com
         JBromberg@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

## SCHEDULE A

### Definitions

A. The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),[1] and specifically includes (but is not limited to) electronic documents, electronic or computerized data compilations, and internal notes and memoranda (whether or not specifically referenced in any demand). A draft or non-identical copy is a separate document within the meaning of this term.

B. The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

C. All references to any individual or any entity (including but not limited to parties to this suit) shall be deemed to include all officers, employees, representatives, agents, or successors of the relevant person or entity, as applicable.

D. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery demand all responses that might otherwise be construed to be outside its scope.

E. The term "Benthos Master Fund, Ltd." shall mean Petitioner and Judgment Creditor Benthos Master Fund, Ltd.

F. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

G. "You" and "Your" means the person or entity responding to these requests and all other persons acting or purporting to act on Your behalf, including all present and former

---

[1] "... writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations ... stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into reasonably usable form."

3

433923.9

affiliates, officers, directors, executives, partners, employees, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, assigns, successors or predecessors in interest, independent contractors, advisors, and consultants.

## Instructions

H.  To the extent that any of the following demands may be subject to a claim of privilege, respond to so much of such demand as does not require, in your view, disclosure of privileged information. As to every document withheld on the ground of privilege: (1) identify the nature of the document, including whether it includes or contains an attachment; (2) identify and describe the subject matter of the document; (3) specify the date(s) upon which the document was prepared and/or transmitted; (4) identify the person(s) who prepared the document and to whom the document was circulated, (5) identify all persons now in possession of the document; and (6) describe the claim of privilege and state the factual basis for the claim.

I.  If any required document has been destroyed or discarded, identify the document by providing the information called for in subparagraphs (1) through (5) of the preceding paragraph, and provide the date of destruction or discard and the reason therefor.

J.  If any computer which contained responsive documents has been destroyed or discarded, identify the prior location of such computer, the person or department to whom or to which it was assigned, the date of destruction or discarding, the reason for destruction or discarding, and the identity of the person who authorized destruction or discarding.

K.  To the extent that you consider any portion of the following demands objectionable, state specifically the portion of each demand that is claimed to be objectionable, specify the grounds for each such objection, and otherwise respond to the remainder of the demand.

L.  *This request shall be deemed continuing in nature, and you shall promptly produce in the form of supplementary document productions any document demanded herein that*

4

subsequently is discovered or obtained by, or becomes available to, you or your attorneys subsequent to your response to this request.

M. Documents should be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in this request.

N. This subpoena seeks the production of documents created, dated, sent or received after August 1, 2017, unless some other time period is specified in a particular request, and pursuant to Instruction L above, *includes documents created, dated, sent or received subsequent to the date of this subpoena.*

## Documents Subpoenaed

1. All documents concerning communications since the date of the Judgment (August 13, 2020) sent or received by You concerning (i) Your financial status, (ii) any attempts (by anyone) to obtain or provide funds from which to satisfy the Judgment (in whole or in part), (iii) any and all Court orders issued in this matter since August 13, 2020, and (iv) petitioner's or petitioner's counsel's judgment enforcement efforts, to or from any person or entity whatsoever (excluding communications with financial institutions seeking copies of statements), including but not limited to Mel Dussel, Helmut Allesch, Tracy Evans, Dmitri Kaslov (or any such person who has used that name), Minh Hoang Le (or any person who has used that name), and Koraljka Troselj.

2. All documents, including but not limited to all monthly statements since August 1, 2017 *and continuing after the date of this subpoena*, concerning any bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or another country, in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

3. All documents, including but not limited to all monthly statements since August 1, 2017 *and continuing after the date of this subpoena*, concerning any credit cards in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

4. All documents concerning any escrow agent agreements entered into by You in or after July 2022.

5. All documents, including but not limited to agreements and written communications, concerning the services referred to in item No. 1 of the accompanying Information Subpoena dated August 2, 2022.

6. All documents concerning communications since the date of the Judgment (August 13, 2020) sent or received by You to or from the landlord (or any agent or representative thereof) of your rental apartment on East 47 Street.

7. All documents concerning communications since the date of the Judgment (August 13, 2020) sent or received by You to or from Regus Management (or any other entity with the "Regus" name, or any agent or representative thereof), including but not limited to communications concerning demands, requests and/or arrangements for renting office space and/or making payments in connection therewith.

8. All documents relating to any business, partnership, limited liability company, limited liability partnership, or any other entity in which You have or have had any ownership interest since January 1, 2017 and continuing after the date of this subpoena.

9. Copies of all State and Federal income tax returns, or other filings with the Internal Revenue Service, filed by You after January 1, 2022.

433923.9