

<div align="right">
**Steven R. Popofsky**
*E-Mail: spopofsky@kkwc.com*
*Direct Dial: 212.880.9882*
</div>

September 19, 2022

**VIA ECF**
Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

          Re:      <u>Benthos v. Etra, 20-CV-3384</u>

Dear Judge Caproni:

    I write in brief response to Mr. Etra's letter of today's date.

    First, neither this firm, nor anyone else on behalf of petitioners to our knowledge, has communicated (or sought to communicate) with Piermont Bank at any time, or with Mr. Etra's landlord in over ten months. Nonetheless, we reject the implication that such contact on behalf of a judgment debtor would have been improper, and we reserve the right to continue judgment enforcement as we see fit within the bounds of the law.

    Second, there is no "settle[ment]." We have conveyed to Mr. Etra and his business associate what it would take to settle the matter, but there has been no "agreement" to that effect. We need not remind Your Honor of Mr. Etra defaulting on the very first payment of a promised prior settlement and then lying about it. In May of 2021, 16 months ago, a business associate of Mr. Etra's wrote to Magistrate Judge Parker (as attached to Mr. Etra's reply papers last Friday) that "with the European travel bans being lifted and with his COVID vaccinations completed, our funding representative will be able to finally undertake travel. He will require two working weeks in Europe and up to 45 banking days to have available the funds we want to commit to Mr. Etra's settlement plan." Nothing happened. And on August 1, 2022 (seven weeks ago), as set forth in Dkt. 152, that same business associate sought my consent to adjourn a court appearance on the basis that he "fully expected" to send Benthos "at least" a "minimum $100,000" "this week" – claiming he had been "expecting" to have that money "today" – and that he was "confident" he would have at least seven figures to settle the matter, and "can help end this situation in the next day or two," "if you can stop something from happening tomorrow."

    Nothing overly adverse happened to Mr. Etra at that court appearance, and the business associate again disappeared. As Your Honor is well aware, Mr. Etra concealed for almost two years (until this Court cracked down on him, and in addition to concealing his ongoing violations of the restraining notice) that millions of dollars have been flowing through his IOLA escrow account and that he has been traveling regularly to Europe, even at the height of the pandemic and notwithstanding his age and purported health issues. ***It is impossible that he has not been compensated for all of that activity, yet to this day he has succeeded in concealing where that***

Case 1:20-cv-03384-VEC-KHP   Document 168   Filed 09/19/22   Page 2 of 2



Hon. Valerie Caproni
September 19, 2022
Page 2

*compensation has gone, notwithstanding multiple court orders and subpoenas which, if complied with, would have disclosed that information. If it is true that Mr. Etra and his business associate have access to funds (and the undersigned believes it to be true), those funds will become available only when the location of Mr. Etra's compensation is disclosed, and/or when he is on the verge of being re-incarcerated for continuing to conceal that – and not a moment sooner.*

      In any event, it is not the Court's role to "help" Mr. Etra (or Benthos). Petitioner is simply asking the Court to enforce the law, including putting an end to Mr. Etra's continued defiance of subpoenas and court orders. His request that the Court "suspend all . . . action by the Court and the parties" should be rejected. Thank you.

                                              Respectfully yours,

                                              Steven R. Popofsky

cc:   Aaron Etra (by ECF and e-mail)