MEMO ENDORSED

Case 1:20-cv-03384-VEC-KHP   Document 190   Filed 10/12/22   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2022

Aaron Etra
240 East 47th Street- 12A
New York, NY 10017
Tel. 917-856-3500

October 7, 2022

(Via Email to Temporary Pro Se Filing)
Hon. Valerie Caproni
U.S. District Court for the
Southern District of New York
40 Foley Square- room 240
New York, N.Y. 10007

Re: Benthos v. Etra, 20 cv 03384- 2 sets of Subpoena responses due October 7, 2022

Dear Judge Caproni,

I am respectfully submitting to you, Your Honor, and Mr. Popofsky, responses to both Petitioner's Information Subpoena and his Document Subpoena, due today, October 7th.

These days of the Jewish High Holidays are for those in my faith who observe them the holiest time of the year, to be spent in prayer, with family and in community, not on defending against aggressive action by counsel. Of my several health conditions, my blood pressure and pulse rate have been dangerously high, reaching potentially pre-stroke levels yesterday and today, impacted by the continuing attacks by Mr. Popofsky, including in connection with an attenuated session before Judge Parker on the European Fiduciary bank accounts which are so clearly not mine.

I have been working continuously, diligently and straining the limits of my energy and capacity, to comply with the 2 subpoenas and I am submitting in good faith as much as humanly possible, especially in the very limited time given to do so. It is clear that my submission is not now and likely can never be perfect and will never satisfy Mr. Popofsky, whose true goal seems to have me held in contempt, penalize me which I can never pay and have me incarcerated. None of these will bring any benefit to Benthos. Mr. Popofsky knows full well that nothing of any significance can ever come from me and he knows how it will come, if I and the person committed to fund the agreed amount of settlement, are left and supported to do so.

For example, the very first question on the information subpoena dealing with sporadic client fees as income, with its 5 parts, would take days and days and many hundreds of hours to come even close to a level of certainty regarding the information, which is truly of no value to Benthos unless Mr. Popofsky intends to use it to attack those persons who have had nothing to do with this case and are entitled to their privacy and the confidentiality of their business and relationships.

Petitioner has now added an additional year back to 2017 (a year before this case began) to many of the bank statements requests, for which I am at an impasse, as I have no access on my computer to these closed accounts, and the bank's back office department (the department for closed and older accounts) cannot provide any expectation that they will be able to get them that far back for me as these are closed accounts. They have told me that they will mail me anything else they find, but they have mailed me nothing further since my repeated requests to them in June and July of this year. I cannot expect that I will get anything further. The question remains as to any real value in pressuring me further for these old and closed accounts when no Benthos funds ever came to me and I never have had funds at the level of the award and judgment. However, if I do receive additional statements from them, I have said that I will give them to Mr. Popopfsky.

Under these circumstances, I believe Your Honor will see that I have done my very best. As to the bank statements requested, I am following the subpoena's request and am submitting the hundreds of pages of bank statements already submitted and now reorganized into packages of exhibits to abide by Petitioner's request as to the bank documents I have access to. As to the detailed questions regarding fees, I am submitting as far as I was able to get to meet the deadline of October 7th. One of the reasons this is so complex as it requires detailed detective work. Other than the small registration fees, for which I have found most, the very limited additional fees are only paid if the client's underlying transaction materializes, not just because he sends the initial registration fee or even some monies to start his transaction. Therefore, as an example, if he sends his registration fee today, and then, tomorrow or next week or next month, his transaction comes to fruition and funds have been sent to me, I would receive a fee. If nothing comes to fruition, at any time during the one-year agreement, I could be asked to send funds back to him or to somewhere else and receive no fee at all, other than the initial registration fee of $150. Sometimes, when I do earn a fee from the client's successful transaction, I do not take it immediately from the funds sent to me but let it accumulate and over time pay expenses such as rent, travel fees, etc. In spite of my health, it has been necessary for me at times to travel to meet clients or to do my volunteer work and public service in life sciences and United Nations NGO activities in the US or overseas. I also try to coordinate certain therapy and prevention practices in respect of my health conditions which are in treatments or practices more readily available other than in New York.

What I am saying is that every last item of this extremely tedious and time-consuming work, of truly questionable value to Benthos, has not been accomplished by this deadline. I believe what I AM submitting by this deadline is everything humanly producible by now. That is, out of 9 information subpoena requests, I have completed but for certain elements of the first request, and the detailed bank requests, almost all the other requested items. For the document subpoena, I am submitting responses for all items, including all the bank statements available on my computer from prior submissions, except for those older bank statements, not in my possession and not obtainable as Your Honor knows from earlier filings.

As mentioned above, clients who have had nothing to do with Benthos and who will provide today no benefit to Benthos deserve, to be protected as to their private and confidential activities and shielded from the assault that Mr. Popofsky has shown he engages in when he

gets any contact information. He has done so even with a young nephew of mine living thousands of miles away with never any business connections to me. As for my reputation, there is no advantage to having my name further demeaned and me foreclosed from functioning and eating normally and being evicted   I had the good fortune of meeting Mel Dussel who is one contact that is committed to helping with Benthos and with whom Mr. Popofsky is in contact. The best help for Benthos is if I and such contacts are encouraged not impeded in funding the settlement whose monetary terms have been set by and agreed with Mr. Popofsky.

Per the Court's Order of last week, I worked up into the last Sabbath to fully comply to the very best of my ability with disclosure of all escrow agreements, both those listed and 10 which were not listed, but which I found after many hours of searching. I respectfully request the Court to limit disclosure to what has already been provided and to restrict Petitioner's counsel from contacting persons named in them.

Your Honor, it is the Sabbath yet again and I should not be working. I have no strength left after doing this submission. There are very important holidays ahead and my health has been further compromised by this extreme effort for complying with your Orders and for those of Judge Parker under extremely tight deadlines. With the fullest respect, I believe I have earned your understanding and willingness to give me a reasonable time after the end of the holidays on October 18th to provide anything more on these Subpoenas that Your Honor determines is essential for the parties and is humanly possible for me to do.


Respectfully submitted,

Aaron Etra
cc. S.Popofsky, Esq.

---

Application DENIED.

SO ORDERED.

*Valerie Caproni*
10/12/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE