Exhibit 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- x

**BENTHOS MASTER FUND, LTD.,**

               Petitioner

            Case No. 20-cv-03384

     - against -

            **INFORMATION SUBPOENA**
**AARON ETRA,**              **WITH RESTRAINING**
            **NOTICE**
            **TO AARON ETRA**

               Respondent.

------------------------------------------- x

TO: Aaron Etra
     240 East 47th Street, Apt. 12A
     New York, New York 10017

       **WHEREAS,** in an action in the United States District Court, Southern District of New

York, between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor")

and respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was

entered by the Clerk in the United States District Court, Southern District of New York, on

August 13, 2020, in favor of Judgment Creditor and against You in the amount of $5,254,561.12,

plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per

annum and is continuing to accrue (the "Judgment");

       **NOW, THEREFORE WE COMMAND YOU,** pursuant to the Federal Rules of Civil

Procedure and Section 5224(a)(3) of the Civil Practice Law and Rules ("CPLR"), that under oath

You answer in writing separately and fully each question in the questionnaire accompanying this

subpoena, each answer referring to the question to which it responds; and that You return the

answers together with the original questions on September 1, 2022.

433924.9

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is

punishable as contempt of court.

## RESTRAINING NOTICE

**WHEREAS,** You owe a debt to the Judgment Creditor;

**TAKE NOTICE** that pursuant to Rule 5222(b) of the CPLR, which is set forth in full

herein, You are hereby forbidden to make or suffer any sale, assignment, transfer, payment, or

disposition of, or any interference with, any property in which You have an interest ("Property")

except as therein provided;

**TAKE FURTHER NOTICE** that this restraining notice covers all Property, and all

property hereafter coming into Your possession or custody, and all debts hereafter coming due to

You.

**CPLR § 5222(b)** – Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for

2

any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this restraining notice is punishable as

a contempt of court.

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR
### *as required by New York Law*

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against the judgment debtor. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement; and
13. Black lung benefits

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an

3

433924.9

attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 2, 2022

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

By:

Steven R. Popofsky
Joshua K. Bromberg

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
Facsimile: (212) 986-8866
Email: SPopofsky@kkwc.com
       JBromberg@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x
                                    :

**BENTHOS MASTER FUND, LTD.,**
                                    :

                 Petitioner      :
                                    :      Case No. 20-cv-03384

        - against -                :
                                    :      **QUESTIONS IN**
                                    :      **CONNECTION WITH**
**AARON ETRA,**                        :      **INFORMATION SUBPOENA**
                                    :      **TO AARON ETRA**
                 Respondent.     :
---------------------------------------- x

TO:  Aaron Etra
      240 East 47th Street, Apt. 12A
      New York, New York 10017

## **INSTRUCTIONS**

This information subpoena seeks information during the period beginning August 1, 2017

through the present, unless some other time period is specified in a particular request.

## **REQUESTS**

1.      Identify (i) the name and full contact information (address, telephone, e-mail and

otherwise) for every "client," or other individual or entity, for which You have performed any

legal, "paymaster," escrow-related or other services from August 1, 2017 through the present; (ii)

for each such individual or entity, the precise nature of the services performed; (iii) for each such

individual or entity, specifically what compensation You (or any affiliated person or entity,

including but not limited to Koraljka Troselj) received for those services; (iv) where such

compensation was paid to, in each instance separately (including names, addresses, account

numbers, and Your responsible contact officers at each such institution); (v) all subsequent

transfers of such compensation received; and (vi) the current whereabouts of all such compensation.

2.      Identify and itemize Your current monthly living expenses.

3.      Identify any and all sources from which You receive funds that You use to pay Your current monthly living expenses and/or any other non-recurring expenses. The term "sources" includes, but is not limited to, any bank or other account from which funds are transferred to You for Your use, and specifically requires You to identify the ultimate individual, entity and/or activity that is generating such funds.

4.      List all bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or any other country, in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2017.

5.      As to each such account responsive to request No. 2 above, what is the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account, and the amounts presently on deposit; if closed, what was the amount on deposit when the account closed and the date it was closed? Please supply the date, name, and address of the payee or recipient of the last drawn check or wire, the amount of the last drawn check or wire, and the nature and amount of consideration received by You in exchange for the last drawn check or wire.

6.      Identify all credit cards in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2017.

2

7.      As to each such credit card responsive to request No. 4 above, what is the exact name on the card, the date the card was opened, the credit card number, the names of the signatories on the card, and the amounts of the line of credit; if closed, what was the amount of the line of credit when the card closed and the date it was closed? Please supply the date, name, and address of the payee or recipient of the last transaction and the amount of the last transaction.

8.      Set forth the names and addresses of any person with personal knowledge or information concerning the nature, extent and location of any assets, including but not limited to money, owned or controlled by You.

9.      Set forth the names and addresses of all of the individuals who assisted or participated in providing information for, or formulating responses to, (i) the information and documents You provided in response to all court orders from Judge Caproni during July of 2022, and (ii) separately, this Information Subpoena.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
                                                  :
BENTHOS MASTER FUND, LTD.,                        :
                                                  :
                          Petitioner              :        Case No. 20-cv-03384
                                                  :
              - against -                         :        **SUBPOENA**
                                                  :        *DUCES TECUM*
AARON ETRA,                                        :
                                                  :
                          Respondent.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


TO:   Aaron Etra
      240 East 47th Street, Apt. 12A
      New York, New York 10017

**WHEREAS,** in an action in the United States District Court, Southern District of New York,

between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor") and

respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was entered by the

Clerk in the United States District Court, Southern District of New York, on August 13, 2020, in

favor of Judgment Creditor and against You in the amount of $5,254,561.12, plus the interest that has

accrued on that amount since May 1, 2020 at a 4% simple interest per annum, and continuing to

accrue (the "Judgment");

**PLEASE TAKE NOTICE** that, pursuant to Rule 69(a)(2) Federal Rules of Civil Procedure

(the "Federal Rules") Federal Rules and Section 5224(a)(2) of the New York Civil Practice Law and

Rules (the "CPLR"), You are hereby commanded to produce the documents described in Schedule A

annexed hereto, electronically or at the offices of Kleinberg, Kaplan, Wolff & Cohen, P.C., 500 Fifth

Avenue, New York, New York 10110, on September 1, 2022.

433923.9

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this

Subpoena is punishable as a contempt of court, and You may be held liable for a fine for all losses

and damages sustained by the party aggrieved.

Dated:    August 2, 2022

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

By:_____

Steven R. Popofsky
Joshua K. Bromberg

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
Facsimile: (212) 986-8866
Email:    SPopofsky@kkwc.com
JBromberg@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

2

## SCHEDULE A

### Definitions

A.     The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),[1] and specifically includes (but is not limited to) electronic documents, electronic or computerized data compilations, and internal notes and memoranda (whether or not specifically referenced in any demand). A draft or non-identical copy is a separate document within the meaning of this term.

B.     The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

C.     All references to any individual or any entity (including but not limited to parties to this suit) shall be deemed to include all officers, employees, representatives, agents, or successors of the relevant person or entity, as applicable.

D.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery demand all responses that might otherwise be construed to be outside its scope.

E.     The term "Benthos Master Fund, Ltd." shall mean Petitioner and Judgment Creditor Benthos Master Fund, Ltd.

F.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

G.     "You" and "Your" means the person or entity responding to these requests and all other persons acting or purporting to act on Your behalf, including all present and former

---

[1] ". . . writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into reasonably usable form."

3

affiliates, officers, directors, executives, partners, employees, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, assigns, successors or predecessors in interest, independent contractors, advisors, and consultants.

### Instructions

H.     To the extent that any of the following demands may be subject to a claim of privilege, respond to so much of such demand as does not require, in your view, disclosure of privileged information. As to every document withheld on the ground of privilege: (1) identify the nature of the document, including whether it includes or contains an attachment; (2) identify and describe the subject matter of the document; (3) specify the date(s) upon which the document was prepared and/or transmitted; (4) identify the person(s) who prepared the document and to whom the document was circulated, (5) identify all persons now in possession of the document; and (6) describe the claim of privilege and state the factual basis for the claim.

I.     If any required document has been destroyed or discarded, identify the document by providing the information called for in subparagraphs (1) through (5) of the preceding paragraph, and provide the date of destruction or discard and the reason therefor.

J.     If any computer which contained responsive documents has been destroyed or discarded, identify the prior location of such computer, the person or department to whom or to which it was assigned, the date of destruction or discarding, the reason for destruction or discarding, and the identity of the person who authorized destruction or discarding.

K.     To the extent that you consider any portion of the following demands objectionable, state specifically the portion of each demand that is claimed to be objectionable, specify the grounds for each such objection, and otherwise respond to the remainder of the demand.

L.     *This request shall be deemed continuing in nature, and you shall promptly produce in the form of supplementary document productions any document demanded herein that*

4

433923.9

*subsequently is discovered or obtained by, or becomes available to, you or your attorneys*

*subsequent to your response to this request.*

M.     Documents should be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in this request.

N.     This subpoena seeks the production of documents created, dated, sent or received after August 1, 2017, unless some other time period is specified in a particular request, and pursuant to Instruction L above, *includes documents created, dated, sent or received subsequent to the date of this subpoena.*

## Documents Subpoenaed

1.     All documents concerning communications since the date of the Judgment (August 13, 2020) sent or received by You concerning (i) Your financial status, (ii) any attempts (by anyone) to obtain or provide funds from which to satisfy the Judgment (in whole or in part), (iii) any and all Court orders issued in this matter since August 13, 2020, and (iv) petitioner's or petitioner's counsel's judgment enforcement efforts, to or from any person or entity whatsoever (excluding communications with financial institutions seeking copies of statements), including but not limited to Mel Dussel, Helmut Allesch, Tracy Evans, Dmitri Kaslov (or any such person who has used that name), Minh Hoang Le (or any person who has used that name), and Koraljka Troselj.

2.     All documents, including but not limited to all monthly statements since August 1, 2017 *and continuing after the date of this subpoena*, concerning any bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or another country, in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

5

3.      All documents, including but not limited to all monthly statements since August 1,

2017 *and continuing after the date of this subpoena*, concerning any credit cards in which You have

(or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as

a beneficiary or in conjunction with any other person or persons.

4.      All documents concerning any escrow agent agreements entered into by You in or

after July 2022.

5.      All documents, including but not limited to agreements and written communications,

concerning the services referred to in item No. 1 of the accompanying Information Subpoena dated

August 2, 2022.

6.      All documents concerning communications since the date of the Judgment (August 13,

2020) sent or received by You to or from the landlord (or any agent or representative thereof) of your

rental apartment on East 47 Street.

7.      All documents concerning communications since the date of the Judgment (August 13,

2020) sent or received by You to or from Regus Management (or any other entity with the "Regus"

name, or any agent or representative thereof), including but not limited to communications

concerning demands, requests and/or arrangements for renting office space and/or making payments

in connection therewith.

8.      All documents relating to any business, partnership, limited liability company, limited

liability partnership, or any other entity in which You have or have had any ownership interest since

January 1, 2017 and continuing after the date of this subpoena.

9.      Copies of all State and Federal income tax returns, or other filings with the Internal

Revenue Service, filed by You after January 1, 2022.

6

433923.9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,                            :
                                                     :
                                    Petitioner       :
                                                     :       Case No. 20-cv-03384
          - against -                                :
                                                     :       **SUBPOENA**
AARON ETRA,                                           :       **_DUCES TECUM_**
                                                     :
                                    Respondent.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


TO:   Aaron Etra
       240 East 47th Street, Apt. 12A
       New York, New York 10017


       **WHEREAS,** in an action in the United States District Court, Southern District of New York,

between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor") and

respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was entered by the

Clerk in the United States District Court, Southern District of New York, on August 13, 2020, in

favor of Judgment Creditor and against You in the amount of $5,254,561.12, plus the interest that has

accrued on that amount since May 1, 2020 at a 4% simple interest per annum, in the amount of

$59,887.60, and will continue to accrue (the "Judgment");

       **PLEASE TAKE NOTICE** that, pursuant to Rule 69(a)(2) Federal Rules of Civil Procedure

(the "Federal Rules") Federal Rules and Section 5224(a)(2) of the New York Civil Practice Law and

Rules (the "CPLR"), You are hereby commanded to produce the documents described in Schedule A

annexed hereto, at the offices of Kleinberg, Kaplan, Wolff & Cohen, P.C., 500 Fifth Avenue, New

York, New York 10110, or via e-mail, no later than June 9, 2022.

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court, and You may be held liable for a fine for all losses and damages sustained by the party aggrieved.

Dated:    May 10, 2022

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By:_____

Steven R. Popofsky
Pamela A. Frederick

500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 986-6000
Facsimile:    (212) 986-8866
Email:        SPopofsky@kkwc.com
              PFrederick@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

**SCHEDULE A**

2

## Definitions

A.    The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),[1] and specifically includes (but is not limited to) electronic documents, electronic or computerized data compilations, and internal notes and memoranda (whether or not specifically referenced in any demand).  A draft or non-identical copy is a separate document within the meaning of this term.

B.    The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

C.    All references to any individual or any entity (including but not limited to parties to this suit) shall be deemed to include all officers, employees, representatives, agents, or successors of the relevant person or entity, as applicable.

D.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery demand all responses that might otherwise be construed to be outside its scope.

E.    The term "Benthos Master Fund, Ltd." shall mean Petitioner and Judgment Creditor Benthos Master Fund, Ltd.

F.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

G.    "You" and "Your" means the person or entity responding to these requests and all other persons acting or purporting to act on Your behalf, including all present and former affiliates, officers, directors, executives, partners, employees, principals, managers, staff personnel,

---

[1] ". . . writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into reasonably usable form."

accountants, agents, representatives, in-house attorneys, assigns, successors or predecessors in interest, independent contractors, advisors, and consultants.

**Instructions**

H.      To the extent that any of the following demands may be subject to a claim of privilege, respond to so much of such demand as does not require, in your view, disclosure of privileged information.  As to every document withheld on the ground of privilege: (1) identify the nature of the document, including whether it includes or contains an attachment; (2) identify and describe the subject matter of the document; (3) specify the date(s) upon which the document was prepared and/or transmitted; (4) identify the person(s) who prepared the document and to whom the document was circulated, (5) identify all persons now in possession of the document; and (6) describe the claim of privilege and state the factual basis for the claim.

I.      If any required document has been destroyed or discarded, identify the document by providing the information called for in subparagraphs (1) through (5) of the preceding paragraph, and provide the date of destruction or discard and the reason therefor.

J.      If any computer which contained responsive documents has been destroyed or discarded, identify the prior location of such computer, the person or department to whom or to which it was assigned, the date of destruction or discarding, the reason for destruction or discarding, and the identity of the person who authorized destruction or discarding.

K.      To the extent that you consider any portion of the following demands objectionable, state specifically the portion of each demand that is claimed to be objectionable, specify the grounds for each such objection, and otherwise respond to the remainder of the demand.

L.      This request shall be deemed continuing in nature, and you shall promptly produce in the form of supplementary document productions any document demanded herein that

4

subsequently is discovered or obtained by, or becomes available to, you or your attorneys subsequent to your response to this request.

        M.     Documents should be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in this request.

        N.     This subpoena seeks the production of documents created, dated, sent or received during the periods set forth below.

### **Documents Subpoenaed**

1.     All documents You have withheld as "privileged" that are responsive to previously-served subpoena duces tecum requests Nos. 32 and 49, set forth below:

    Request No. 32:  All documents concerning any escrow agent agreements entered into by You.

    Request No. 49:  All documents concerning Your banking records. This includes, but is not limited to, credit applications and records and statements for any checking, savings, money market, certificate of deposit, investments, bonds, retirement accounts, safety deposit boxes or any other financial assets maintained with any banking or financial firm or institution, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

                          Petitioner

              - against -

AARON ETRA,

                       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384

**INFORMATION SUBPOENA
WITH RESTRAINING
NOTICE
TO AARON ETRA**

TO:  Aaron Etra
      240 East 47th Street, Apt. 12A
      New York, New York 10017

      445 Park Avenue, 9th Floor
      New York, New York 10022

        **WHEREAS,** in an action in the United States District Court, Southern District of New

York, between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor")

and respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was

entered by the Clerk in the United States District Court, Southern District of New York, on

August 13, 2020, in favor of Judgment Creditor and against You in the amount of $5,254,561.12,

plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per

annum, in the amount of $59,887.60, and will continue to accrue (the "Judgment");

        **NOW, THEREFORE WE COMMAND YOU,** pursuant to Section 5224(a)(3) of the

Civil Practice Law and Rules ("CPLR"), that under oath You answer in writing separately and

fully each question in the questionnaire accompanying this subpoena, each answer referring to

the question to which it responds; and that You return the answers together with the original questions on September 21, 2020.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

### RESTRAINING NOTICE

**WHEREAS,** You owe a debt to the Judgment Creditor;

**TAKE NOTICE** that pursuant to Rule 5222(b) of the CPLR, which is set forth in full herein, You are hereby forbidden to make or suffer any sale, assignment, transfer, payment, or disposition of, or any interference with, any property in which You have an interest ("Property") except as therein provided;

**TAKE FURTHER NOTICE** that this restraining notice covers all Property, and all property hereafter coming into Your possession or custody, and all debts hereafter coming due to You.

**CPLR § 5222(b)** – Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration

of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this restraining notice is punishable as

a contempt of court.

### NOTICE TO JUDGMENT DEBTOR OR OBLIGOR
*as required by New York Law*

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against the judgment debtor.  Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders.  Such money or property is said to be "exempt."  The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement; and
13. Black lung benefits

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order.  If you claim that any of

your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated: August 27, 2020

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By:_____

        Steven R. Popofsky
        Joshua K. Bromberg

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
Facsimile: (212) 986-8866
Email: SPopofsky@kkwc.com
       JBromberg@kkwc.com

Attorneys for Petitioner/Judgment Creditor
**BENTHOS MASTER FUND, LTD.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

BENTHOS MASTER FUND, LTD.,           :
                                       :

                     Petitioner     :
                                       :       Case No. 20-cv-03384

           - against -              :
                                       :         **QUESTIONS IN**

AARON ETRA,                        :      **CONNECTION WITH**
                                       :  **INFORMATION SUBPOENA**
                                       :      **TO AARON ETRA**
                     Respondent.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:  Aaron Etra
      240 East 47th Street, Apt. 12A
      New York, New York 10017

      445 Park Avenue, 9th Floor
      New York, New York 10022

## INSTRUCTIONS

This information subpoena seeks information during the period beginning August 1, 2018 through the present, unless some other time period is specified in a particular request.

## REQUESTS

1.       List all bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or any other country, in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2018.

2.       As to each such account, what is the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account, and the

amounts presently on deposit; if closed, what was the amount on deposit when the account closed and the date it was closed?  Please supply the date, name, and address of the payee or recipient of the last drawn check or wire, the amount of the last drawn check or wire, and the nature and amount of consideration received by You in exchange for the last drawn check or wire.

3.      Identify all credit cards in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2018.

4.      As to each such credit card, what is the exact name on the card, the date the card was opened, the credit card number, the names of the signatories on the card, and the amounts of the line of credit; if closed, what was the amount of the line of credit when the card closed and the date it was closed?  Please supply the date, name, and address of the payee or recipient of the last transaction and the amount of the last transaction.

5.      Identify all assets (including real property and interests in any other entity) and any bank accounts of Investors & Developers Associates Inc. ("INDEVA"), and any other corporation or other entity controlled by You since August 1, 2018.

6.      Identify any real property in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August 1, 2018. Identify the address and value of the real property and how much the monthly payment is, and who pays the monthly payment.

7.      Identify any leases for real property in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, as of the date of the subpoena and since August

2

1, 2018.  Identify the address and value of the real property and how much the monthly payment is, and who pays the monthly payment.

8.       Do You own any securities, including but not limited to stock or interests in publicly or privately held companies, options, derivatives, futures, debt, bonds and/or debentures? If so, please describe all such interests, including the name of the security, the amount held, the location of the security, and the values of each security.

9.       Identify any safe deposit boxes or other depositories ever maintained by You, and set forth (i) the name and address of the bank or other depository, (ii) the identification number of the safe deposit box or other depository, (iii) the present contents of the safe deposit box or other depository; and (iv) any contents previously removed from the safe deposit box or other depository, the date of their removal, the recipient of the removed contents, and the reasons for the removal of the contents.

10.      Identify any and all actual, proposed and/or contemplated investments by You and all direct and indirect ownership interests in any entity, and the amount of income received by You from these investments and ownership interests since August 1, 2018.

11.      Identify all proposed and actual purchases by any person or entity of any asset or property owned or controlled by You, and all proposed and actual purchases by You of any asset or property owned by any person or entity.

12.      Identify (i) any loans, lending commitments, advances or lines of credit ever made, extended or received by You, (ii) the names and addresses of the parties to the loans, lending commitments, advances or lines of credit, (iii) the amount of the loans, lending commitments, advances or lines of credit, (iv) all contractual terms and obligations relating thereto, and (v) any repayments of loans, lending commitments, advances or lines of credit made

3

by or to You since August 1, 2018, the date and amount of the repayment, and the parties paying
and receiving the repayment.

13.     Do You have any current debts other than the one owed to Judgment Creditor?  If
so, as to each indebtedness, set forth (i) the amount and date of the original indebtedness, (ii) the
name and address of the creditor, (iii) the basis for the indebtedness, and (iv) the amount and
date of any sum repaid by You since the original indebtedness.

14.     Identify all persons and entities that are indebted to You, including without
limitation the (i) the amount and date of the original indebtedness, (ii) the name and address of
the debtor, (iii) the basis for the indebtedness, and (iv) the amount and date of any sum repaid by
the debtor since the original indebtedness.

15.     Identify all other proposed and actual transfers, conveyances, assignments, leases,
sales or other dispositions of property, assets, cash, stock, membership interests and/or any other
consideration by You to any person or entity, and from any person or entity to You, since August
1, 2018, including, but not limited to (i) the nature, date, recipient, and amount of the transfer,
conveyance, assignment, lease, sale or other dispositions, and (ii) the repayment of advances and
the satisfaction of judgments and any other obligations or claims of any nature.

16.     Identify all monies, stock, property or other consideration paid, received,
purchased, sold, transferred or exchanged by and between You and any entity owned or
controlled by You (in whole or in part), and set forth (i) the nature and amount of the monies,
stock, property or other consideration paid, received, purchased, sold, transferred or exchanged,
(ii) the nature of the payment, receipt, purchase, sale, transfer or exchange, (iii) the date of the
payment, receipt, purchase, sale, transfer or exchange, (iv) the payor and recipient of the monies,

stock, property or other consideration, and (v) the consideration for the payment, receipt, purchase, sale, transfer or exchange.

17.     Identify any property or money being held in trust for You, and identify the person or entity and its address holding the property or money, and the nature and amount of property or money.

18.     Identify any property or money that You have placed in trust for another person, and identify the person's address, the person's relationship to You, the nature and amount of property or money, and the date of the creation of the trust.

19.     Has any execution or attachment ever been levied against Your property?  If so, identify the property seized and the lawsuit.

20.     Identify any motor vehicles, including but not limited to a car, SUV, motorcycle, boat, etc., in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons since August 1, 2018.  Also identify the make, model, year and value of the motor vehicle and any monthly expenses, including but not limited to principal payments, insurance, gas,  maintenance, etc., that You, or someone on Your behalf, pays for the motor vehicle.  If someone else pays for any of these expense on Your behalf, identify the name and address of that individual.

21.     Identify all cash available with a value in excess of $1,000.

22.     With respect to Your statement in an email dated August 20,2020 that You "spent more money than I had, some $21,000, in fighting the court battle[,]" detail all such expenses, including the bank account(s) from which any such payments were made, the recipients of such payments, and the dates of those payments.

23.     Identify Your current residence, and any other place at which You have resided since August 1, 2018.

24.     Detail all amounts spent in connection with Your maintenance of an office space at 445 Park Avenue, 9th Floor, since August 1, 2018, including the bank account from which any such amounts were drawn.

25.     Are You employed?  If so, identify the name of Your employer and the title of Your position.

26.     If You are unemployed, identify how You currently pay Your living expenses, and how You have paid Your living expenses since August 1, 2018.

27.     Identify Your monthly living expenses since August 1, 2018,  including but not limited to rents, a mortgage, food costs, bills and invoices of any kind, utilities, transportation expenses, insurances, memberships and/or subscriptions, entertainment, etc., and set forth (i) the reason for the expense, (ii) the amount of the expense, (iii) whether You, or someone on Your behalf pays for the expense, and (iv) the bank account or credit used to pay for the expense.  If someone else pays for the expense on Your behalf, identify the name and address of that individual.

28.     Identify any monthly living expenses that You  pay, or have paid, for someone other than Yourself since August 1, 2018,  including but not limited to rents, a mortgage, food costs, bills and invoices of any kind, utilities, transportation expenses, insurances, memberships and/or subscriptions, entertainment, etc., and set forth (i) the reason for the expense, (ii) the amount of the expense, (iii) the bank account or credit used to pay for the expense, and (iv) how long You have been paying for the expense.

6

29.     Are there any judgments in Your favor?  If so, identify the judgments and the court, the index or case number, the parties involved and the date and amount of the outstanding judgments.

30.     Are there any judgments against You besides the one entered in this action?  If so, identify the judgments and the court, the index or case number, the parties involved and the date and amount of the outstanding judgments.

31.     Identify all lawsuits ever filed against You, including the court, the index or case number, and the parties involved.

32.     Are You a party to any action now pending in any court or arbitration tribunal not involving the Judgment Creditor?  If so, identify the action or arbitration.

33.     Identify any proposed or actual settlement of any lawsuit or arbitration involving You, the parties to the settlement and the terms thereof.

34.     Set forth the names and addresses of any person with personal knowledge or information concerning the nature, extent and location of any assets owned or controlled by You.

35.     Set forth the names and addresses of any immediate family members, including any spouse, siblings, adult children or adult grandchildren.

36.     Set forth the names and addresses of all of the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

                                   Petitioner

                    - against -

AARON ETRA,

                                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384

**SUBPOENA**
***DUCES TECUM* AND *AD***
***TESTIFICANDUM***

TO:   Aaron Etra
      240 East 47th Street, Apt. 12A
      New York, New York 10017

      445 Park Avenue, 9th Floor
      New York, New York 10022

     **WHEREAS,** in an action in the United States District Court, Southern District of New York, between petitioner-judgment creditor Benthos Master Fund, Ltd. ("Judgment Creditor") and respondent-judgment debtor Aaron Etra ("You" or "Judgment Debtor"), an order was entered by the Clerk in the United States District Court, Southern District of New York, on August 13, 2020, in favor of Judgment Creditor and against You in the amount of $5,254,561.12, plus the interest that has accrued on that amount since May 1, 2020 at a 4% simple interest per annum, in the amount of $59,887.60, and will continue to accrue (the "Judgment");

     **PLEASE TAKE NOTICE** that, pursuant to Rule 69(a)(2) Federal Rules of Civil Procedure (the "Federal Rules") Federal Rules and Section 5224(a)(2) of the New York Civil Practice Law and Rules (the "CPLR"), You are hereby commanded to produce the documents described in Schedule A

annexed hereto, at the offices of Kleinberg, Kaplan, Wolff & Cohen, P.C., 500 Fifth Avenue, New York, New York 10110, on September 21, 2020.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 69(a)(2) of the Federal Rules and Section 5224(a)(1) of the CPLR, You are commanded to appear on September 30, 2020 at 10:00 a.m., and on any recessed or adjourned date, at the offices of Kleinberg, Kaplan, Wolff & Cohen, P.C., 500 Fifth Avenue, New York, New York 10110, before a notary public or some other person authorized by law to administer oaths, for the taking of a deposition under oath on all matters relevant to enforcement of the Judgment, including but not limited to those listed on Exhibit A annexed hereto. The deposition may be recorded by sound and visual, video and/or stenographic means.

       **PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court, and You may be held liable for a fine for all losses and damages sustained by the party aggrieved.

Dated:     August 27, 2020

                              **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

                              By:_____
                                         Steven R. Popofsky
                                       Joshua K. Bromberg

                              500 Fifth Avenue
                              New York, New York 10110
                              Telephone: (212) 986-6000
                              Facsimile: (212) 986-8866
                              Email:  SPopofsky@kkwc.com
                                          JBromberg@kkwc.com

                              Attorneys for Petitioner/Judgment Creditor
                              **BENTHOS MASTER FUND, LTD.**

## SCHEDULE A

### Definitions

A.      The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a),[1] and specifically includes (but is not limited to) electronic documents, electronic or computerized data compilations, and internal notes and memoranda (whether or not specifically referenced in any demand).  A draft or non-identical copy is a separate document within the meaning of this term.

B.      The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

C.      All references to any individual or any entity (including but not limited to parties to this suit) shall be deemed to include all officers, employees, representatives, agents, or successors of the relevant person or entity, as applicable.

D.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery demand all responses that might otherwise be construed to be outside its scope.

E.      The term "Benthos Master Fund, Ltd." shall mean Petitioner and Judgment Creditor Benthos Master Fund, Ltd.

F.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

G.      "You" and "Your" means the person or entity responding to these requests and all other persons acting or purporting to act on Your behalf, including all present and former

---

[1] ". . . writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into reasonably usable form."

affiliates, officers, directors, executives, partners, employees, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, assigns, successors or predecessors in interest, independent contractors, advisors, and consultants.

### Instructions

H.       To the extent that any of the following demands may be subject to a claim of privilege, respond to so much of such demand as does not require, in your view, disclosure of privileged information.  As to every document withheld on the ground of privilege: (1) identify the nature of the document, including whether it includes or contains an attachment; (2) identify and describe the subject matter of the document; (3) specify the date(s) upon which the document was prepared and/or transmitted; (4) identify the person(s) who prepared the document and to whom the document was circulated, (5) identify all persons now in possession of the document; and (6) describe the claim of privilege and state the factual basis for the claim.

I.       If any required document has been destroyed or discarded, identify the document by providing the information called for in subparagraphs (1) through (5) of the preceding paragraph, and provide the date of destruction or discard and the reason therefor.

J.       If any computer which contained responsive documents has been destroyed or discarded, identify the prior location of such computer, the person or department to whom or to which it was assigned, the date of destruction or discarding, the reason for destruction or discarding, and the identity of the person who authorized destruction or discarding.

K.       To the extent that you consider any portion of the following demands objectionable, state specifically the portion of each demand that is claimed to be objectionable, specify the grounds for each such objection, and otherwise respond to the remainder of the demand.

L.       This request shall be deemed continuing in nature, and you shall promptly produce in the form of supplementary document productions any document demanded herein that

subsequently is discovered or obtained by, or becomes available to, you or your attorneys subsequent to your response to this request.

        M.     Documents should be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in this request.

        N.     This subpoena seeks the production of documents created, dated, sent or received during the period beginning August 1, 2018 through the present, unless some other time period is specified in a particular request.

## Documents Subpoenaed

1.     All documents concerning the nature, extent, and location of all assets owned or controlled by You, including those which detail the valuation of any assets owned or controlled by You.

2.     All documents concerning Your direct and indirect ownership interests in any business or entity of any kind.

3.     All documents, including but not limited to all monthly statements since August 1, 2018, concerning any bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or another country, in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

4.     All documents, including but not limited to all monthly statements since August 1, 2018, concerning any credit cards in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

5.      All documents concerning assets (including real property and interests in any other entity) and any bank accounts of Investors & Developers Associates Inc. ("INDEVA"), and any other corporation or other entity controlled by You since August 1, 2018.

6.      All documents relating to any real property, including leases for real property, in which You, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, have any interest, directly or indirectly.

7.      All documents concerning any stocks or securities owned by You, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

8.      All documents concerning any securities owned by You, including but not limited to stock or interests in publicly or privately held companies, options, derivatives, futures, debt, bonds and/or debentures.

9.      All documents concerning any safe deposit boxes or other depositories ever maintained by You.

10.      All documents concerning any and all actual, proposed and/or contemplated investments by You and all direct and indirect ownership interests in any entity, and the amount of income received by You from these investments and ownership interests since August 1, 2018.

11.      All documents concerning all proposed and actual purchases by any person or entity of any asset or property owned or controlled by You, and all proposed and actual purchases by You of any asset or property owned by any person or entity.

12.      All documents concerning (i) any loans, lending commitments, advances or lines of credit ever made, extended or received by You, (ii) the names and addresses of the parties to the

4

loans, lending commitments, advances or lines of credit, (iii) the amount of the loans, lending commitments, advances or lines of credit, (iv) all contractual terms and obligations relating thereto, and (v) any repayments of loans, lending commitments, advances or lines of credit made by or to You, the date and amount of the repayment, and the parties paying and receiving the repayment.

13.     All documents concerning any current debts You have other than the one owed to Benthos Master Fund, Ltd., including those which evidence (i) the amount and date of the original indebtedness, (ii) the name and address of the creditor, (iii) the basis for the indebtedness, and (iv) the amount and date of any sum repaid by You since the original indebtedness.

14.     All documents concerning any other debts You have paid off in whole or in part, including those which evidence (i) the amount and date of the original indebtedness, (ii) the name and address of the creditor, (iii) the basis for the indebtedness, and (iv) the amount and date of any sum repaid by You since the original indebtedness.

15.     All documents concerning all persons and entities that are indebted to You, including without limitation those which evidence (i) the amount and date of the original indebtedness, (ii) the name and address of the debtor, (iii) the basis for the indebtedness, and (iv) the amount and date of any sum repaid by the debtor since the original indebtedness.

16.     All documents concerning all proposed and actual transfers, conveyances, assignments, leases, sales or other dispositions of property, assets, cash, stock, membership interests and/or any other consideration by You to any employee or representative of You, including, but not limited to those evidencing (i) the nature, date, recipient, and amount of the transfer, conveyance, assignment, lease, sale or other dispositions, and (ii) the repayment of advances and the satisfaction of judgments and any other obligations or claims of any nature.

17.     All documents concerning all other proposed and actual transfers, conveyances, assignments, leases, sales or other dispositions of property, assets, cash, stock, membership interests and/or any other consideration by You to any person or entity, and from any person or entity to You, including, but not limited to those evidencing (i) the nature, date, recipient, and amount of the transfer, conveyance, assignment, lease, sale or other dispositions, and (ii) the repayment of advances and the satisfaction of judgments and any other obligations or claims of any nature.

18.     All documents concerning all monies, stock, property or other consideration paid, received, purchased, sold, transferred or exchanged by and between You and any entity owned or controlled by You (in whole or in part), including those evidencing (i) the nature and amount of the monies, stock, property or other consideration paid, received, purchased, sold, transferred or exchanged, (ii) the nature of the payment, receipt, purchase, sale, transfer or exchange, (iii) the date of the payment, receipt, purchase, sale, transfer or exchange, (iv) the payor and recipient of the monies, stock, property or other consideration, and (v) the consideration for the payment, receipt, purchase, sale, transfer or exchange.

19.     All documents concerning any property or money being held in trust for You, including those documents which identify the person or entity and its address holding the property or money, and the nature and amount of property or money.

20.     All documents concerning property or money that You have placed in trust for another person, including those documents which identify the person's address, the person's relationship to You, the nature and amount of property or money, and the date of the creation of the trust.

21.     All documents concerning any execution or attachment that has ever been levied against Your property, including those which identify the property seized and the suit pursuant to which the seizure took place.

6

22.     All documents concerning any motor vehicles, including but not limited to a car, SUV, motorcycle, boat, etc., in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons since August 1, 2018.

23.     All documents concerning any expenses, whether paid by You or by someone else on Your behalf, related to including but not limited to a car, SUV, motorcycle, boat, etc., in which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons since August 1, 2018.

24.     All documents concerning any cash available with a value in excess of $1,000.

25.     All documents concerning Your statement in an email dated August 20,2020 that You "spent more money than I had, some $21,000, in fighting the court battle[,]" including documents sufficient to detail all such expenses, including the bank account(s) from which any such payments were made, the recipients of such payments, and the dates of those payments.

26.     All documents concerning all legal fees and expenses that You have paid since August 1, 2018.

27.     All documents concerning Your current residence, and any other place at which You have resided since August 1, 2018.

28.     All documents concerning all amounts spent in connection with Your maintenance of an office space at 445 Park Avenue, 9th Floor, since August 1, 2018, including the bank account from which any such amounts were drawn.

29.     All communications with any person regarding Your ability to pay expenses as they come due.

30.     All communications with any person regarding Your financial status, including but not limited to Your assets and liabilities and any sources of income received by You.

31.     All documents concerning agreements entitling You to the payment or receipt of money, property or other consideration entered, and all terms thereof.

32.     All documents concerning any escrow agent agreements entered into by You.

33.     All documents concerning Your current employment, including but not limited to documents demonstrating the name of Your employer and the title of Your position.

34.     All documents concerning how Your monthly expenses have been paid each month since August 1, 2018.

35.     All documents concerning Your monthly living expenses since August 1, 2018, whether paid by You or by someone else on Your behalf, including but not limited to rents, a mortgage, food costs, bills and invoices of any kind, utilities, transportation expenses, insurances, memberships and/or subscriptions, entertainment, etc.

36.     All documents concerning any monthly living expenses that You currently pay for someone other than Yourself, or have paid for someone other than Yourself since August 1, 2018, including but not limited to rents, a mortgage, food costs, bills and invoices of any kind, utilities, transportation expenses, insurances, memberships and/or subscriptions, entertainment, etc.

37.     All documents concerning any expenses of any type that You had paid on behalf of someone other than Yourself since August 1, 2018.

38.     All documents concerning any judgments in Your favor, including those which identify the judgments and the court, the index or case number, the parties involved and the date and amount of the outstanding judgment.

39.     All documents concerning any judgments against You besides the one entered in this action, including those which identify the judgments and the court, the index or case number, the parties involved and the date and amount of the outstanding judgment.

40.     All documents concerning any examinations of You by a judgment creditor, including those which identify the judgment creditor, the action in which the examination took place, and the date of the examination.

41.     All documents concerning any lawsuits, currently pending or ever filed against You, in any court or arbitration tribunal.

42.     All documents concerning any proposed or actual settlement of any lawsuit or arbitration involving You.

43.     All documents concerning any deeds or evidence of ownership or any interest in real property, either directly or through an entity under Your complete or partial control.

44.     All documents concerning any of Your interests in any lien on personal or real property.

45.     All documents concerning any liens, security interests, mortgages or other encumbrances against any property owned or controlled by You, including those evidencing (i) the nature of the lien, security interest, mortgage or other encumbrance, (ii) the full description and location of the property affected by the lien, security interest, mortgage or other encumbrance (including, without limitation, the location and identity of the office of the filing or recording of such lien, security interest, mortgage or other encumbrance, as well as full indexing and creditor information), and (iii) all contractual terms and obligations relating to the liens, security interests, mortgages, or other encumbrances.

9

46.     All documents concerning any and all stocks or bonds owned by You or in which You have any interest, or evidence of ownership thereof.

47.     Copies of all State and Federal income tax returns filed by You.

48.     Copies of all financial statements, formal or informal, that You have generated or that have been generated on Your behalf.

49.     All documents concerning Your banking records. This includes, but is not limited to, credit applications and records and statements for any checking, savings, money market, certificate of deposit, investments, bonds, retirement accounts, safety deposit boxes or any other financial assets maintained with any banking or financial firm or institution, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons.

50.     All documents concerning any policies of insurance in which You, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons, have or had an interest.

51.     All documents concerning any borrowing You have done against any interest in an insurance or other claim now pending.

52.     All documents concerning payments You have made on any premiums of any life insurance or annuities policies for any person, including those which identify the names of the insurance companies, the policy numbers, the premium amounts, and the present cash value and beneficiaries of each such policy.

53.     All other documents relating to Your liabilities and expenses.

54.     All documents relating to any business, partnership, limited liability company, limited liability partnership, or any other entity in which You have any ownership interest.

10

55.     All documents concerning all purchases, sales and exchanges by You of registered and unregistered securities, membership interests, partnership interests, debt and other holdings in all entities of any kind, including, without limitation, a description of the nature, amount, value and location of the interests, debt or other holdings.

56.     All documents concerning any security pledged by You in connection with real property or personal property that You own (in whole or in part) or lease.

57.     All documents concerning any of Your property covered by a security agreement or subject to a financing statement under the Uniform Commercial Code, including those which identify the property, its value and location.

58.     All documents concerning whether You are a party to any action now pending in any court or arbitration tribunal not involving Benthos Master Fund, Ltd., including those which identify the action or arbitration.

59.     All documents concerning any loans, lending commitments, advances or lines of credit ever made, extended or received by You.