USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/02/2022

Aaron Etra
240 East 47th Street- 12A
New York, NY 10017
Tel. 917-856-3500

(Via Email to Temporary Pro Se)
Judge Katherine H. Parker
U. S. District Court
500 Pearl Street
New York, NY 10007

Re: Benthos v. Etra, 20 cv 0338

Dear Judge Parker,

> The Court construes and accepts Respondent's letter as a response to Petitioner's brief at ECF No. 193.
>
> Respondent's request to adjourn the upcoming evidentiary hearing until after November 14, 2022 is DENIED because Respondent has cited only vague references to medical procedures with no indication of when these procedures were scheduled, when they will occur, or why they will prevent Respondent from attending the hearing. Respondent has also not submitted any credible medical evidence regarding any purported health issue or procedure. The evidentiary hearing will move forward as scheduled at ECF No. 188, i.e. on November 9, 2022 at 2:30 p.m. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York NY. Respondent and counsel for Petitioner must attend in-person. Parties are reminded that they may bring witnesses to the hearing who can provide testimony regarding the accounts in question, as well as any documents regarding the accounts at issue.
>
> SO ORDERED:
> *Katharine H Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE 11/02/2022

This matter was referred to Your Honor by Judge Caproni for the European Fiduciary accounts as to whether or not I had the ability to these accounts, as done for other accounts requested. I stated to Judge Caproni in my earlier responses that Magister Helmut Allesch, the European fiduciary, was the account holder of these accounts and that only he had access and was in control of them. Only he could obtain bank statements for these accounts which would inevitably include the private information of his other clients as well.

To confirm these facts and end all questioning regarding them, for more than a year I had repeatedly called Magister Allesch to let him know I had to produce to the Court information about these accounts, bank statements, etc. In the end, he finally sent me the material I submitted to Judge Caproni and yourself. When I received what Mag. Allesch had sent, I thought it was blurred and that is why I typed in the words for clarity and I am now attaching it without the red typing seemingly of concern to Mr. Popofsky. This material is all I was able to obtain from Mag. Allesch after my pursuit of what he could send me for the Court. This is also fully understandable because of his need to be in compliance with European regulations as well as his basic privacy requirements for his clients. What is very clear from Mag. Allesch's presentation is that the facts are as I have stated them, whatever Mr. Popofsky may want to opine, challenge or allege.

As well, Mr. Popofsky's filing goes way off track, making his submission a detour into much more than the distinct and limited issue that was the referral to Your Honor from Judge Caproni. That issue is, the realities applicable to the European fiduciary accounts. Yet, Mr. Popofsky once again uses this occasion, for which it is inappropriate, as an opportunity to berate me because of his dissatisfaction with whatever or how much is ever produced of material unrelated to the issue at hand. I want the Court to appreciate that I have always produced all that is humanly possible by a person working alone and without legal assistance or resources to engage it, delivering all that is in my possession or access during more than four years. When something could not be produced,

it was because it was not in my possession or the relevant bank could not locate any records for an inactive, internal, or closed account.

None of that is the issue now before this Court. Petitioner chooses to include all this irrelevant and mischaracterized material to prejudice the Court and it makes sense for me to deal with it if only if Your Honor requires me and gives me time to do so and there is so much that is misrepresented and out of context.

As to the issue that is before the Court regarding the Fiduciary accounts, I believe that Mr. Popofsky understands full well, as everyone must, that when an account is not yours, and belongs to someone else, especially a European Fiduciary, there is no way anyone can get the bank statements other than from the account holder, as they are in his control alone. On occasion, I told clients, that I had European accounts for their use if they needed them. On most occasions, there was no need to go into detail about the mechanics of the account ownership unless I was asked about it, as rarely would a transaction proceed to the point where it materialized, and if it came to that point and I was asked specifics about the account, then I would explain about the Fiduciary arrangement with Mag. Helmut Allesch, a highly esteemed magister in Austria, who could receive and disburse funds for them into his account. At no point did I ever say or ever mean that I was the owner of such accounts, which was fully understood. Nor did I conceal this information if asked about it, including to Mr. Popofsky, throughout this matter. There was and is a clear limit to what I can say or do with respect to these fiduciary accounts, as again, I have consistently indicated to all concerned and believe should be appreciated by Your Honor.

When I was asked by the Petitioner in his subpoena for the contact information of the Fiduciary, I supplied the name, address, email, phone number, as asked for, even though it had already appeared on the documents submitted to your Honor and to Judge Caproni long before that time. So, no concealment, no hiding, nothing of the sort., contrary to Mr. Popofsky's assertions.

Apparently, Mr. Popofsky has attached 27 documents to his brief to your Honor. With the additional time I requested from Your Honor, I would have had the time to plow through these submissions. But I believe Your Honor will determine that these are unrelated material and none have anything substantive about or relevant to the Fiduciary accounts. All the discussion about other bank accounts or information Mr. Popofsky requested in his relentless subpoenas are currently before Judge Caproni.

I ask Your Honor to understand that what was submitted to Judge Caproni and yourself was all I could get or that anyone could get regarding a bank account, in this instance when not an account holder. Even Mr. Popofsky in his voluminous submission papers, makes no suggestion of what more could have been done to obtain these bank statements from the bank involved when not the account holder. In his letter enclosed below and already submitted to Judge Caproni, Your Honor and Mr. Popofsky, Magister Allesch provided a full answer to the question of who was the account holder. In addition to confirming his ownership of the accounts, he stated that he regrettably could not provide the bank statements and further confirmed that those accounts were not used for anything related to Benthos or this matter. I do not believe anything more should be asked of me with the questions having been answered fully by the person in ownership and control.

Having just seen your Order of October 26th, I respectfully request that this letter be considered by Your Honor together with my prior communications on the sole issue before the Court. I also respectfully request that I be permitted to undergo the delayed medical procedures without any further obligations to the Court, including court appearances or further filings, until reasonably after November 14th and with sufficient notice so that I can coordinate with my medical team.

Respectfully submitted,

Aaron Etra

cc. S. Popofsky, Esq.

Encl.  Judge Caproni Order of August 2, 2022
 Magister Allesch's documents for European accounts