Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                                Petitioner,

                -against-

AARON ETRA,

                                Respondent.

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:____5/16/22____ |

20-CV-3384 (VEC)

<u>ORDER ADOPTING IN PART REPORT
& RECOMMENDATION</u>

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 30, 2020, Petitioner Benthos Master Fund, Ltd. ("Benthos") filed a petition to confirm arbitration in the amount of over $5 million for a purported sale of Bitcoin that Benthos contends was a fraud, *see generally* Pet., Dkt. 1;

WHEREAS on August 12, 2020, Judge Nathan confirmed the award and entered judgment against Respondent Aaron Etra ("Etra"), *see* Op. & Order, Dkt. 14 at 1, 5;

WHEREAS on September 14, 2020, Etra filed a notice of appeal, *see* Not. of Appeal, Dkt. 22, which was dismissed, *see* Dkt. 41;

WHEREAS on October 12, 2020, Benthos moved to hold Etra in conditional civil contempt for failure to comply with discovery requests related to judgment enforcement, *see* Dkt. 23;

WHEREAS Judge Nathan denied that motion without prejudice, *see* Dkt. 33;

WHEREAS Judge Nathan then referred this matter to Magistrate Judge Parker for settlement, *see* Dkt. 38, and later amended the order to include general pretrial issues, *see* Dkt. 62;

1

WHEREAS on September 30, 2021, Benthos filed a motion to hold Etra in civil contempt for failure to produce Court-ordered documents, including orders from Judge Nathan and from Judge Parker, *see* Not. of Mot., Dkt. 81;

WHEREAS Etra opposed the motion, *see* Dkt. 84;

WHEREAS on February 16, 2022, Judge Parker held a virtual evidentiary hearing, *see* Dkts. 89, 92;

WHEREAS on March 14, 2022, Judge Parker issued a Report and Recommendation ("R&R") that included a certification of facts pursuant to 28 U.S.C. § 636(e) and that recommended that Petitioner's motion be granted in part and denied in part, and that recommended the underlying facts of this case (an alleged $5 million fraud scheme) be referred to the U.S. Attorney's Office for investigation, R&R, Dkt. 95 at 1, 34;

WHEREAS on April 12, 2022, the case was reassigned to the Undersigned;

WHEREAS in the R&R, Judge Parker notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Respondent had 17 days to file written objections to the R&R's findings and Petitioner had 14, with related response deadlines, *id.* at 35 (in bold font);

WHEREAS Judge Parker further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* (in bold font);

WHEREAS neither party filed objections[1];

WHEREAS on May 5, 2022, the Court ordered Respondent to notify the Court not later than May 13, 2022 of any request to hold a hearing on the issue of his compliance with Court orders, *see* Dkt. 106;

---

[1]  Although Judge Nathan granted Respondent a seven-day extension to file objections, *see* Order, Dkt. 102 at 1, he did not file any.  In her order, Judge Nathan offered Respondent a 30-day extension if he were to satisfy certain discovery requests within a week of the order's issuance, which he did not do.  *Id.* at 1–2; *see also* Dkts. 103–05.

WHEREAS Respondent has not requested a hearing, *see* Letter, Dkt. 107;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS when a magistrate judge has certified facts that could support a finding of contempt for an act in violation of a magistrate judge's order, the District Court must "make an independent determination of the facts certified and consider any additional evidence," *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 03-CV-5562, 2006 WL 1148110, at *1 (S.D.N.Y. Apr. 28, 2006) (citation omitted);

WHEREAS careful review of the R&R reveals that there is no clear error; and

WHEREAS the Court's *de novo* review of the evidence is in accord with the facts certified by Judge Parker, *see* R&R at 9–20;

IT IS HEREBY ORDERED that the Court ADOPTS the R&R in part. Petitioner's motion is GRANTED in part and DENIED in part. Benthos's request for conditional incarceration is denied[2], *see* R&R at 30, but Etra is ordered to produce all the documents Judge

---

[2]     Although that aspect of Benthos' motion is being denied, the denial is without prejudice. Respondent should take note that the Court has lost patience with his foot-dragging. While the Undersigned agrees with the

Parker identified as necessary to satisfy the outstanding discovery requests and court orders, with a notarized affidavit stating he has no other open personal, business, or custodial accounts (whether in the U.S. or abroad) except for the open account identified at the evidentiary hearing and that he has no stocks, bonds, real estate, cryptocurrency, or other financial assets; or identifying all other open accounts and current assets, **by June 20, 2022**, *id.* at 31–32.

Starting on **June 21, 2022**, if Etra has not produced the documents listed below, he will be fined **$50 per day** until there is full compliance. *Id.* at 32. The documents are as follows:

1) the full set of monthly statements for the M&T account ending in x3443 from August 2020 to the present;

2) the full set of monthly statements for the account in which Etra receives his social security payments from August 2020 to the present, if separate from the M&T account ending in x3443;

3) the full set of monthly statements for HSBC Aaron Etra 41book credit account from August 1, 2018 to the present, or if the account is closed, statements from August 1, 2018, through the closing;

4) the full set of monthly statements for HSBC Aaron Etra 41book debit account from August 1, 2018 to the present, or if the account is closed, statements from August 1, 2018, through the closing;

5) the full set of monthly statements for HSBC bank accounts ending in x9990, x6096, x6100, x7955, x6401, x6410, and x6509, from August 1, 2018 to the present, or, if any account is closed, statements from August 1, 2018, through the closing;

---

Magistrate Judge that coercive incarceration is not yet called for, further recalcitrance could change the Court's view.

6) the full set of monthly statements for the Uni-Credit account from August 1, 2018 to the present, or if the account is closed, statements from August 1, 2018, through the closing;

7) the full set of translated monthly statements for the European bank account (for which a two-page untranslated document was previously provided) from August 1, 2018 to present, or if the account is closed, statements from August 1, 2018, through the closing;

8) the April 2019 and May 2019 monthly statements for the JP Morgan brokerage account ending in x546;

9) the closing statements for Citi National Bank account; M&T bank accounts ending in x2433 and x3441, Metropolitan Commercial Bank accounts ending in x3617 and x3609, TD Bank account ending in x529, and Citibank accounts ending in x0330, x0669, x1370, x4852, and x8687;

10) all filed tax returns or communications with the IRS or New York State Department of Taxation and Finance from August 1, 2018 through present;

11) proof of all funds Etra has received from any closed bank accounts, including HSBC account ending in x6509, by check or otherwise, from August 2020 to the present; and

12) an executed IRS Form 2848 so that Petitioner can obtain Respondent's tax returns directly.[3]

*Id.* at 31–32.

---

[3]     The Court notes that this item was not one of the documents required in Judge Parker's R&R but was requested by Petitioner and is being ordered provided at this time.  *See* Letter, Dkt. 99 at 4.

Because Benthos did not request a referral to the United States Attorney's Office for the Southern District of New York for investigation of the alleged underlying fraud, *see generally* Pet. Mem., Dkt. 83, the Court does not consider Judge Parker's suggestion that this matter be referred to the U.S. Attorney's Office, R&R at 34, to be part of the R&R on Benthos' motion. Benthos is, of course, free to file a complaint with the U.S. Attorney or other appropriate authorities, and the Court may well do the same. *Amaker v. Kelley*, 2009 WL 385413, at *11 n.15 (N.D.N.Y. Feb. 9, 2009) (decision not to refer matter "does not preclude the plaintiff from filing a complaint" with the appropriate authority).

Because the R&R gave the parties adequate warning, *see* R&R at 35, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

IT IS FURTHER ORDERED that Clerk of Court is respectfully directed to terminate the open motion at Docket 81. The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Respondent.

**SO ORDERED.**

Date:  **May 16, 2022**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

6