# Exhibit 11

|  | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/7/22 |
|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                        Petitioner,

      -against-

AARON ETRA,

                        Respondent.

20-CV-3384 (VEC)

ORDER TO SHOW CAUSE

VALERIE CAPRONI, United States District Judge:

      WHEREAS the Court ordered the parties to appear for a hearing, at Respondent Aaron Etra's request, on July 7, 2022, regarding Respondent's failure to comply with Court orders, *see* Dkt. 116;

      WHEREAS Petitioner Benthos Master Fund, Ltd. appeared at the hearing, but Respondent, in violation of the Court's order, did not; and

      WHEREAS the Court finds that 1) the violated orders are "clear and unambiguous; 2) proof of noncompliance is clear and convincing; and 3) [Respondent] has not been reasonably diligent and energetic in attempting to comply with the order[s]", *SEC v. Musella*, 818 F. Supp. 600, 601–02 (S.D.N.Y. 1993) (citation omitted);

      IT IS HEREBY ORDERED that Respondent must show cause before this Court on **Wednesday, July 13, 2022,** at **11:00 a.m.** in **Courtroom 443**, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007 why a warrant for his arrest should not be issued so he can be imprisoned as a coercive sanction until he complies fully with the Court's orders. Specifically, based on the correspondence of the parties it appears to the Court that Respondent has failed to produce, as required by Court order:

1

1) the full set of monthly statements for the M&T account ending in x3443 from August 2020 to the present;

2) the full set of monthly statements for the account in which Etra receives his social security payments from August 2020 to the present, if separate from the M&T account ending in x3443;

3) the full set of monthly statements for HSBC Aaron Etra 41book credit account from August 1, 2018 to the present, or if the account is closed, statements from August 1, 2018, through the closing;

4) the full set of monthly statements for HSBC Aaron Etra 41book debit account from August 1, 2018 to the present, or if the account is closed, statements from August 1, 2018, through the closing;

5) the full set of monthly statements for HSBC bank accounts ending in x9990, x6096, x6100, x7955, x6401, x6410, and x6509, from August 1, 2018 to the present, or, if any of those accounts is closed, statements for such closed account from August 1, 2018, through the closing;

6) the full set of monthly statements for the Uni-Credit account from August 1, 2018 to the present, or if the account is closed, statements from August 1, 2018, through the closing;

7) the full set of translated monthly statements for the European bank account (for which a two-page untranslated document was previously provided) from August 1, 2018 to present, or if the account is closed, statements from August 1, 2018, through the closing;

8) the April 2019 and May 2019 monthly statements for the JP Morgan brokerage account ending in x546;

9) the closing statements for Citi National Bank account; M&T bank accounts ending in x2433 and x3441, Metropolitan Commercial Bank accounts ending in x3617 and x3609, TD Bank account ending in x529, and Citibank accounts ending in x0330, x0669, x1370, x4852, and x8687;

10) all filed tax returns or communications with the IRS or New York State Department of Taxation and Finance from August 1, 2018 through present;

11) proof of all funds Etra has received from any closed bank accounts, including HSBC account ending in x6509, by check or otherwise, from August 2020 to the present;

12) current contact information, specifically: current residential street address, current telephone number (cell and landline), and current email address, for Koraljka Troselj; and

13) all documents that Mr. Etra has heretofore withheld as "privileged" that are responsive to Petitioner's previously-served subpoena duces tecum for all "escrow agent agreements entered into" by Mr. Etra and "All documents concerning [Mr. Etra's] banking records" including, but not limited to, "credit applications and records and statements for any checking, savings, money market, certificate of deposit, investments, bonds, retirement accounts, safety deposit boxes or any other financial assets maintained with any banking or financial firm or institution, whether in [Mr. Etra's] name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons", Subpoena Duces Tecum, Dkt. 60-1, Requests Nos. 32 and 49;

3

IT IS FURTHER ORDERED that the $50 per day fine that the Court ordered until Respondent fully complies, *see* Order, Dkt. 108 at 4, which came into effect on July 2, 2022, after the Court granted Respondent's request for an adjournment, *see* Order, Dkt. 113 at 2, and has therefore accrued to $300 as of the date of this order, will increase to $1000, effective July 8, 2022, and will thereafter double every two days until Mr. Etra has fully complied with the order or has been jailed as an alternative means to coerce his compliance. For the avoidance of doubt, if Mr. Etra has not fully complied by close of business, July 8, 2022, his accrued fine as of that time will be $1,300 ($1000 for July 8 + $300 accrued before then); if he has not complied by close of business, Sunday, July 10, 2022, his accrued fine will be $4,300 ($1,300 through July 8 + $1000 for July 9 + $2000 for July 10). By the required Court appearance on July 13, 2022, if Mr. Etra has not fully complied, his accrued fine as of that time will be $10,300 ($4,300 accrued through July 10 + $2000 for July 11 + $4000 for July 12).

IT IS FURTHER ORDERED that, although Respondent provided Petitioner with a copy of the IRS Form 2848 by the Court-ordered June 24, 2022 deadline, *see* Order, Dkt. 113 at 2; Letter, Dkt. 114 at 1, and e-mailed a new version on July 7, 2022 in compliance with Petitioner's request, *see* Letter, Dkt. 121, if the IRS informs Petitioner that a "wet" signature is required for the IRS Form 2848 to be deemed effective, Respondent must provide a version of the form with a wet signature not later than **one day** after Petitioner requests it.

IT IS FURTHER ORDERED that Respondent must submit any papers in response to this order as one document not later than **Monday, July 11, 2022**. His responsive papers may not reargue whether the Court's Orders should have been entered in the first place; they must focus on whether the Court should resort to the coercive sanction of imprisonment to compel

4

compliance with the Orders dated May 16, 2022, *see* Dkt. 108, June 21, 2022, *see* Dkt. 113, and July 5, 2022, *see* Dkt. 116. Respondent is limited to 15 double-spaced pages.

IT IS FURTHER ORDERED that Respondent must refrain from emailing Chambers directly and must file any letter requests or papers on the Docket, either via the *pro se* office or by filing a Notice of Appearance on ECF.

IT IS FURTHER ORDERED that no requests for an adjournment of the show-cause hearing or deadline to submit papers will be granted.

IT IS FURTHER ORDERED that, if Respondent appears at the July 13, 2022 hearing as required by this order, no arrest warrant will issue.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this order to Respondent.

**SO ORDERED.**

**Date: July 7, 2022**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**