# Exhibit 21

Aaron Etra
240 East 47th Street- 12A
New York, NY 10017
Tel. 917-856-3500
Email: aaron@etra.com

Re: Benthos v. Etra 20 cv 03384                September20, 2022

Dear Judge Caproni,

I write in the briefest possible response to Mr. Popofsky's letter of September 19th and with the greatest possible hope that Your Honor will enable and encourage both parties to focus on the only effort that will end this matter.

Mr. Popofsky either has a selective memory or he is playing with dates when he mentions the action of himself and his corporate legal team during "ten months". He directly confronted my landlord with the threat of action against him for not evicting me. He contacted M & T Bank and had them close one account and he took sums from another. He contacted HSBC and they froze my credit card and closed all my accounts. He contacted Citibank and they closed all my accounts. I have had no other reason to have accounts at Piermont closed, hence, have every reason to believe that Mr. Popofsky, or one of his partners (maybe it was not him personally but another from his firm) was at it again.

Mr. Dussel is diligently working to fund the settlement at exactly the figure proposed by Mr. Popofsky and agreed to immediately by Mr. Dussel. There is nothing more needed than to get the funds to Mr. Popofsky. It is clear that the funds are not coming from me as I could never and cannot now do so. Nobody is "disappearing". I have not run away and nor has Mr. Dussel.

I have lived modestly for the four years of this matter, not the way someone who stole $4.6 million or who earned large amounts would. Funds of clients were always their funds and I took modest fees so I could continue to live and work. I would not owe $100,00 in rent if I was well compensated or a thief, and be in a vulnerable position of being evicted.

Is it truly justice, equity and the intention of the law for the Court to support Mr. Popofsky continuing to turn the screw and inflict more injury on an 81-year old in frail health with clearly only minimal resources on which to live and no hope of settling the matter without pursuing outside help? One hopes that finally the Court will permit and facilitate the settlement efforts of Mr. Dussel, with my assistance, finalized in a proper written agreement, as this will be the only right, achievable solution under the law, due process and respectable of human rights.

Respectfully submitted,

Aaron Etra

cc. S. Popofsky, Esq.