# Exhibit 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                              :

**BENTHOS MASTER FUND, LTD.,**            :

                                               :

                               Petitioner,     :

                                               :     Case No. 20-cv-03384 (VEC)

                  - against -                      :

                                               :

**AARON ETRA,**                                :

                                 Respondent.     :

------------------------------------- x

# PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO AARON ETRA's TWO MOTIONS TO QUASH RECENTLY-SERVED JUDGMENT ENFORCEMENT SUBPOENAS

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
500 Fifth Avenue
New York, New York 10110
Telephone:   (212) 880-9882
Facsimile:    (212) 986-8866

Attorneys for Petitioner
    **BENTHOS MASTER FUND, LTD.**

12277221.1 - 09/07/22

Petitioner Benthos Master Fund, Ltd. respectfully submits this memorandum of law in opposition to two motions to quash served by respondent Aaron Etra on September 1, 2022 (Exs. 1-3 and 4-6 to the accompanying Popofsky Declaration). The limited subpoenas (Dkt. 156-1 and 156-2), which required responses by September 1, seek information and documents concealed by the judgment debtor for over two years now, in addition to seeking current documents and information that Mr. Etra is not otherwise producing in response to previous subpoenas and court orders. Benthos will briefly refute each of Mr. Etra's arguments in turn, after first addressing the (un-)timeliness of the motions.

<u>Lateness</u>. Rule 45(d)(2)(B) required Mr. Etra to object "before the earlier of the time specified for compliance or 14 days after the subpoena was served." The subpoenas were served on August 2, 2022 (see Dkt. 156-4), and Mr. Etra served no objection on or before August 16. Instead, on August 30 he asked the Court to extend his time to comply (Dkt. 155), and on August 31, the Court denied that request (Dkt. 157), writing that "Respondent's request for an extension to comply with Petitioner's subpoenas is DENIED. Contrary to his representations, Respondent has not been cooperative with Petitioner and has not complied with its subpoenas." This last-ditch stalling maneuver followed.

<u>Interplay with Mr. Etra's prior motion to quash</u>. Because <u>some</u> portions of the subpoenas seek documents and information that are the subject of respondent's prior pending motion to quash with regard to his Escrow Agreements (Dkt. 149 et seq.), Mr. Etra complains that "Petitioner should have waited until the prior motion was decided." However, the subpoenas were served on August 2, which was 17 days before the prior motion to quash was brought (and the motion to quash was brought pursuant to the Court's instruction, Dkt. 144, issued after the subpoenas had been served).

2

12277221.1 - 09/07/22

In any event, even if the prior motion to quash production of the Escrow Agreements were to be granted – it should not be, as set forth in Dkt. 153 – that would not affect the vast majority of the information and documents sought in the subject subpoenas. Specifically, while Information Request No. 1(i) (Dkt. 156-1) seeks "name[s] and full contact information" for Mr. Etra's escrow-related "clients," the remainder of No. 1 seeks information which Mr. Etra has not even tried to contend might be privileged – and which is supremely relevant to judgment enforcement – such as "what compensation" he received for his services, "where such compensation was paid to," "all subsequent transfers of such compensation received" and "the current whereabouts of all such compensation."[1]

As the Court is well aware, more than two years after the judgment was issued, Benthos is still unaware of where Mr. Etra is getting the funds on which he has been living – including multiple expensive trips to Europe post-judgment and while under the restraining notice – and until less than two months ago (under compulsion of this Court), Mr. Etra had successfully concealed, for almost two years, the statements revealing those expenditures. Also concealed had been the documents revealing the <u>millions</u> of dollars in and out of his accounts relating to his purported "escrow" services for purported "clients." Mr. Etra has not claimed that he was not compensated for those services – it would strain credulity for him to make such a contention – yet he has steadfastly refused to reveal that compensation. The judgment creditor is entitled to that information and the subpoenas go directly to that issue.

<u>Service</u>. The subpoenas were properly served on August 2, as set forth in the Declaration of Service filed on August 30 (Dkt. 156-4); and (as noted therein) service was acknowledged on the record by the lawyer appearing on Mr. Etra's behalf at that August 2 hearing. Mr. Etra cites

---

[1] Almost all of the remainder of the information subpoena and the subpoena duces tecum clearly relate to information and documents that would be unaffected by any ruling on the prior motion to quash.

3

12277221.1 - 09/07/22

no authority supporting his assertion that "Respondent believes this attempted service, inside a Courthouse, is improper, and a failure of due process." Nor has petitioner located any authority holding that personal service in the hallway of a courthouse might be ineffective. Mr. Etra has the subpoenas; he requested and was denied an extension; and he should be required to respond to them.

"Dates Outside the Scope of the Benthos Case." It has become tiresome to explain to Mr. Etra, over and over again, that the scope of judgment enforcement is not tied to the events of the underlying case that gave rise to the judgment. That "Respondent met Benthos on or after August 1, 2018" is (although actually untrue) quite irrelevant. Similarly, the fact that petitioner's initial subpoenas, served way back in August of 2020, had a timeframe dating back to August 2018 is also irrelevant: Mr. Etra did not comply with those subpoenas (indeed, he has been held in contempt of court repeatedly for having willfully defied them), and these are new subpoenas in any event.

Furthermore, Mr. Etra has recently been assiduously seeking to conceal his finances from 2017. Most egregiously, he had been ordered to execute and provide an IRS authorization form, already filled out and supplied to him (Ex. B to Dkt. 99 at item 4, per Dkt. 113, as recounted in Dkt. 115), but he re-did the contents of the form (as noted previously, Mr. Etra's claimed technological incompetence goes away when convenient for him), writing "2018 through 2021" instead of "2017 through 2021" and presumably thinking no one would notice. He is clearly hiding something from 2017 and the judgment creditor is entitled to know what that is.

Purportedly Duplicative Requests. We are here only because Mr. Etra has repeatedly defied subpoenas and multiple court orders. We are here only because Mr. Etra opened literally dozens of bank and credit card accounts over a two-year period and repeatedly withheld pertinent

4

Case 1:20-cv-03384-VEC-KHP Document 211 Filed 11/15/22 Page 6 of 7
Case 1:20-cv-03384-VEC-KHP Document 164 Filed 09/07/22 Page 6 of 7

documents and information. We are here only because Mr. Etra concealed, until 23 months after being subpoenaed, evidence of his lavish living expenditures. We are here only because to this day, Mr. Etra has succeeded in concealing the sources of funds for those expenditures.

Given all of the above, it is ironic (to say the least) for Mr. Etra to be complaining that petitioner's subpoenas are "unduly burdensome." Any burden on respondent pales beside the burdens he has imposed on petitioner during these two years of willful non-compliance and defiance. Nonetheless, Benthos hereby withdraws that portion of document subpoena Request No. 2 addressing documents between August 1, 2018 and June 30, 2022 (but only that portion). The aim of Request No. 2 of Dkt. 156-2 was and is to get (i) the documentation between August 1, 2017 and August 1, 2018 and (ii) current and ongoing statements, because Mr. Etra produced statements through the end of June 2022, under this Court's compulsion, but clearly has no intention of disclosing his ongoing finances – which of course will reveal continued violations of the restraining notice and continued expenditures of funds from unknown sources – absent an unambiguous court order to that effect.[2]

Alleged violation of "Respondent's Human Right[s]." It is offensive to have to read that, after all that has gone on. The late Judge Batts had to threaten to incarcerate Mr. Etra to get him to return $400,000 of Benthos's money that he was holding in escrow and refusing to return. Judge Nathan issued one exasperated court order after another, all of which Mr. Etra defied. Magistrate Judge Parker supervised a settlement that Mr. Etra dishonestly dishonored, and she found him in violation of multiple court orders. This Court found it necessary to actually incarcerate him to coerce only partial compliance – we will not waste time quoting the Court's comments about Mr. Etra's credibility – and the saga continues.

---

[2] Petitioner also withdraws Information Requests Nos. 5 and 7 (Dkt. 156-1), but not Nos. 4 and 6, which only require Mr. Etra to "list" and "identify" his own accounts.

5

Mr. Etra is still flying back and forth to Europe, still spending money in violation of the restraining notice, still concealing where he is getting the money to do that, still doing "escrow" business with "clients" through which hundreds of thousands of dollars are flowing through his accounts, still violating court orders, and still not paying any portion of the $5 million judgment against him. Yet he has the audacity to complain that Benthos is violating his "human right[s]." Perhaps only George Orwell could do justice to that complaint.

## Conclusion

The Court should deny Mr. Etra's two motions to quash and should require immediate compliance with the two pending subpoenas (as modified above). No further delays should be tolerated.

Dated: September 7, 2022

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: _____
Steven R. Popofsky

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 880-9882
Facsimile: (212) 986-8866
Email: SPopofsky@kkwc.com

Attorneys for Petitioner
    **BENTHOS MASTER FUND, LTD.**

6

12277221.1 - 09/07/22