Exhibit 31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
:
**BENTHOS MASTER FUND, LTD.,** :
:
                Petitioner, : Case No. 20-cv-03384 (VEC)
:
    - against - :
: **DECLARATION OF**
**AARON ETRA,** : **STEVEN R. POPOFSKY**
:
                Respondent. :
---------------------------------------- x

    **I, Steven R. Popofsky**, declare the following:

    1.    I am affiliated with Kleinberg, Kaplan, Wolff & Cohen, P.C., counsel to Petitioner and judgment creditor Benthos Master Fund, Ltd. I respectfully submit this declaration in connection with Petitioner's accompanying memorandum of law in opposition to Respondent's motion to quash, filed on August 19, 2022, and in support of Petitioner's cross-motion for relief regarding (i) what appears to be Respondent's spoliation of documents previously subpoenaed and ordered to be produced, and (ii) Respondent's demonstrated ongoing willful violations of his legal obligations pursuant to the restraining notice served upon him two years ago.

    2.    The facts and documents referred to in the accompanying memorandum of law are contained primarily in the letter to the Court dated July 25, 2022 and docketed as Dkt. 136 in this case, together with the exhibits cited therein (all of which were provided to the Court at the time of filing), together with limited additional documents previously docketed. All of that is incorporated by reference herein.

12274218.1 - 08/26/22

3. In addition to the foregoing, the memorandum of law also refers (p. 9 n.2) to a telephone conversation and e-mail exchange that occurred on August 1, 2022, when a business colleague of Mr. Etra's named Mel Dussel reached out to the undersigned. That was one day before the most recent court appearance, at which Mr. Etra evidently feared he would be incarcerated again. Mr. Dussel requested that the undersigned agree to an adjournment of the hearing on the basis that he "fully expected" to send Benthos "at least" a "minimum $100,000" "this week" – claiming he had been "expecting" to have that money "today" – and that he was "confident" he would have at least seven figures to settle the matter, and "can help end this situation in the next day or two," "if you can stop something from happening tomorrow."

4. At the hearing the following day, the Court did not incarcerate Mr. Etra and allowed him to move to quash the subpoena with regard to the Escrow Agreements, making that motion returnable in September. Mr. Etra's colleague has not been heard from since. Neither the $100,000 nor any other funds in partial satisfaction of the judgment (or for settlement of the judgment) have appeared.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 26, 2022

_____
Steven R. Popofsky

12274218.1 - 08/26/22