```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2022
```

SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BENTHOS MASTER FUND, LTD,

                                              Petitioner,                             **OPINION AND ORDER**

      -against-

                                                                                                **20-CV-3384 (VEC) (KHP)**

AARON ETRA,

                                              Respondent.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

      On July 14, 2022, the Honorable Judge Valerie E. Caproni ordered Respondent to produce certain outstanding documents, including all monthly statements from two bank accounts at Uni-Credit and Sberbank during a specific time period. (ECF No. 132.) Respondent did not comply with the order, and he argued that he did not have any bank accounts at Uni-Credit and Sberbank, and therefore could not produce account statements from those banks. Following a hearing on August 2, 2022, Judge Caproni referred to me the question of whether Respondent "is in control of the bank accounts" at Sperbank and Uni-Credit, "such that he is in contempt of the Court's order to produce documents related to them." (ECF No. 145.)

      The parties submitted briefing on the discrete issue of whether Respondent has control over accounts at either bank and can produce documents from them. (ECF Nos. 193, 204.) The parties also presented evidence and testimony at an evidentiary hearing on November 9, 2022. In light of the arguments and evidence presented, and for the reasons stated below, I find that Petitioner has not met its burden to show that Respondent has control over accounts at these two European banks.

1

**LEGAL STANDARD**

The question of "control" in this context is governed by Rule 34(a) of the Federal Rules of Civil Procedure.  This rule provides that parties may request from their adversaries documents that "are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are considered to be under a party's "control" if that party has "the right, authority, or practical ability to obtain the documents." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997).  Generally, a party has the practical ability to obtain documents if he can ask a third party for the documents and receive them.  *See, e.g. In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195-96 (S.D.N.Y. 2007), *aff'd sub nom. Gordon Partners v. Blumenthal*, 2007 WL 1518632 (S.D.N.Y. May 17, 2007).

The party seeking production of the documents bears the burden of demonstrating that the other party has control over the documents sought.  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006).  "In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion." *Bank of New York*, 171 F.R.D. at 147 (citation omitted).

**ANALYSIS**

At the evidentiary hearing, Respondent testified under oath that he does not maintain any European bank accounts and that he does not maintain accounts or have access to accounts at either Uni-Credit or Sberbank.  He testified that he occasionally refers clients to an individual named Mag. Helmut Allesch who maintains an escrow account at Sberbank, and that he asked Mag. Allesch over the phone if Mag. Allesch could send him bank statements from that escrow account, but Mag. Allesch refused to do so.  Accordingly, Petitioner denied under

oath that he has possession, custody, or control over account statements at either of these banks.

Petitioner argued that the Court should not take Respondent at his word, since numerous judges, including the Undersigned, have repeatedly found that Respondent has a tendency to lie to the Court.  (*Id.* at 10.)  Regardless of Respondent's general credibility – or lack thereof – it remains *Petitioner's* burden to show control, since Petitioner is the party requesting the discovery at issue.  Respondent has no burden to show that he in fact *lacks* control.

Petitioner has attempted to make a showing that Respondent maintains control over the bank accounts and can produce documents from them.  In its opening brief and at the evidentiary hearing, Petitioner acknowledges that it lacks direct evidence that Respondent has control of accounts at Sberbank and UniCredit, but it argues that the Court should draw a "negative inference" of control.  Petitioner asserts four reasons why the Court should infer control here.

First, Petitioner argues that Respondent has previously acknowledged maintaining accounts at these banks.  Specifically, Respondent acknowledged during a deposition, while under oath, that he has a European bank account; in an interrogatory response, Respondent listed "Uni-credit affiliate" as a bank at which he maintains an interest in an account; and in response to Petitioner's request for documents, Respondent supplied a statement from a Sberbank account.  (See ECF No. 193, Pet. Br. at 3-4, 6.)

At the evidentiary hearing, Respondent countered that the European account he referenced during his deposition was different from the banks at issue here.  Specifically, at the deposition, Respondent was asked whether he has a European bank account, and he

responded, "yes." (*Id.* at 3 (citing Etra Dep. Tr. at 249).) Respondent was then asked several times at what bank he has a European account, and Respondent refused to answer, stating, the bank is "a bank in Europe" that "has nothing to do with this transaction" and that is subject to "a confidential arrangement." (*Id.*) At no point during Respondent's deposition did he acknowledge accounts at Uni-Credit or Sberbank. Accordingly, it cannot be said that Respondent acknowledged Sberbank or Uni-credit accounts during his deposition.

As to the reference to Uni-Credit in his interrogatory response and the production of a Sberbank statement, Respondent argued that he was just providing everything he could in response to broad discovery requests in an attempt to be helpful. The discovery requests in question were in fact broad enough to sweep in accounts over which Respondent may not have control but had some connection to. Specifically, the interrogatory asked Respondent to list "all bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or any other country, in which Etra has (or had) an interest, whether in Etra's name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons . . . since August 1, 2018." (*Id.* at 3-4.) In response, Respondent wrote: "M&T Bank, Citibank, HSBC, Uni-credit affiliate, JP Morgan, City National Bank, TD Bank." (*Id.*) Thus, it is not at all clear from the list of banks provided that Respondent was identifying Uni-Credit as a bank at which he maintained a personal or business account. Similarly, the document request sought "[a]ll documents, including but not limited to all monthly statements since August 1, 2017 . . . concerning any bank accounts, brokerage accounts, investment accounts, checking accounts, savings accounts, and all other accounts, whether in the United States or another country, in

4

which You have (or had) an interest, whether in Your name individually, jointly, in trust, as custodian, as nominee, as a beneficiary or in conjunction with any other person or persons." (Pet. Br. Ex. 4.) Respondent explained that a handful of clients in the past expressed a desire to conduct business in Euros rather than U.S. dollars and that he referred them to Mag. Allesch, who acts as an escrow agent and accepts money into escrow accounts at Uni-Credit or Sperbank. Clients contracted directly with Mag. Allesch and Respondent was not involved.

Second, Petitioner argues that Respondent has traveled to Europe several times over the past few years, and that the Court can infer from this travel that Respondent must have been doing business through these accounts. (*Id.* at 4-5.) At the evidentiary hearing, Respondent countered that he traveled to Europe to see family and to receive treatment, and that when in Europe, he accessed funds through his American bank account. Respondent's testimony is corroborated by bank statements he produced from Piermont Bank and introduced by Petitioner showing that while Respondent was in Europe, he incurred charges to this account for food and other miscellaneous expenses. (Pet. Br. Ex. 12.)[1]

Third, Petitioner argues that Respondent failed to provide any documents showing he does not have control over accounts at these banks, or otherwise providing any information about these banks. Respondent countered that he produced whatever documents were in his control, and he simply has nothing else to produce. In response to the Court's questioning under oath, Respondent explained he did not and does not maintain any personal or business

---

[1] For example, the Piermont Bank statement from August 2020 shows Respondent used this account to make numerous purchases in Amsterdam. (See Pet. Br. Ex. 12 at 12-13.)

5

accounts at Uni-Credit or Sperbank. Respondent does not have any burden to make a further showing that he lacks control over accounts at these banks.

Finally, Petitioner argues that Respondent was working with a Russian individual in the context of the underlying transaction at issue in this lawsuit, and because Sberbank is a Russian bank, the Court can infer that Respondent must have used a Sberbank account at some point. However, there is no dispute that Sperbank was not in fact used in connection with the underlying transaction at issue in this lawsuit, and Petitioner conceded at the evidentiary hearing that Sperbank was not involved in the transaction.

In sum, Petitioner's arguments do not amount to a showing of control. Rather, each of its arguments is more speculative than the last. In fact, Petitioner cannot even cite to any specific bank accounts at either bank, but rather refers vaguely to two banks at which it speculates Respondent maintains some kind of accounts. Petitioner admits that the only reason it even suspects Respondent has accounts at these banks is because Respondent himself vaguely referenced the banks during the course of discovery. Petitioner presented no evidence at the evidentiary hearing other than documents already in the record and Respondent's testimony. Petitioner did not call upon any witnesses such as Mag. Allesch or clients of Respondent who may have confirmed the presence of the accounts at issue or spoken to Respondent's relationship to the accounts. Petitioner acknowledged that it had not even attempted to reach out to Mag. Allesch to see if he would corroborate Respondent's story, or if he was even a real person. Accordingly, Petitioner's contention that Respondent maintains control over accounts at Sberbank and Uni-Credit is unsubstantiated, and the Court cannot find that Respondent has control over any account statements from these banks. *See United States*

*v. New York*, 2008 WL 11505959, at *1 (N.D.N.Y. Feb. 4, 2008) (finding plaintiff did not meet its burden to show the defendants had possession, custody, or control of certain documents where the plaintiff's contention was based only on hypotheses).

## CONCLUSION

For the foregoing reasons, I find that Petitioner has not met its burden to show that Respondent is in control of any bank accounts at Sberbank or Uni-Credit. Accordingly, Respondent is not in contempt of the Court's order to produce documents related to accounts at these banks.

**SO ORDERED.**

Dated: November 21, 2022
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge