| | Description of Item Remaining Unproduced | Relevant Document Request and Docket Number | Date of Court Order(s) Requiring Production | What, If Anything, Respondent Has Produced | Additional Information |
|---|---|---|---|---|---|
| 1 | Regarding bank statements since June 30, 2022:<br><br>Bank statements since June 30, 2022 for Piermont 2060.<br>*******************<br>Bank statements since June 30, 2022 for M&T 3441 (IOLA).<br>*******************<br>Bank statements since June 30, 2022 for Piermont 2292 (IOLA).<br>*******************<br>Bank statements for whatever account(s) into which Mr. Etra received Social Security payments in October and November 2022. | Dkt. 211-6, Request No. 3 (modified and limited in Dkt. 211-24 at p. 5 and noted by the Court in Dkt. 211-10 at p. 15 n.12).<br><br>Dkt. 211-4 from 2020 also required supplementation (see Request Nos. 3 and 49 and Instruction L). | 9/26/22 (Dkt. 211-10).<br><br>Because the 2020 subpoena, Dkt. 211-4, required supplementation, Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required production. | Bank statements for Piermont 0362 for July through November 2022. | Respondent wrote to the Court on 9/19/2022 that "all" his Piermont accounts were being closed by the bank. Ex. 20, referenced in Dkt. 211 at para. 22; uncorrected by Mr. Etra in his opposing Declaration at Dkt. 235; and addressed in the Reply Declaration at para. 11. |
| 2 | Post-judgment communications sent or received by Mr. Etra concerning various specified subjects. | Dkt. 211-6, Request No. 1: "All documents concerning communications since the date of the Judgment (August 13, 2020) sent or received by You concerning (i) Your financial status, (ii) any attempts (by anyone) to obtain or provide funds from which to satisfy the Judgment (in whole or in part), (iii) any and all Court orders issued in this matter since August 13, 2020, and (iv) petitioner's or petitioner's counsel's judgment enforcement efforts, to or from any person or entity whatsoever (excluding communications with financial institutions seeking copies of statements), including but not limited to Mel Dussel, Helmut Allesch, Tracy Evans, Dmitri Kaslov (or any such person who has used that name), Minh Hoang Le (or any person who has used that name), and Koraljka Troselj." | 9/26/22 (Dkt. 211-10). | Respondent produced Petitioner's own subpoenas (Ex. 30, acknowledged by Mr. Etra in Ex. 26, p. 1, item 1(iv)); one letter from Mel Dussel (Dkt. 192-9); and one letter from Helmut Allesch (Ex. 32 at pdf p. 7). | Addressed at Dkt. 211, paras. 33-41; Reply Declaration, paras. 20-21. |
| 3 | Regarding bank statements for the last five months of 2017:<br><br>Bank statements for the Citibank 0873 account for August and November of 2017.<br>*******************<br>Bank statements for any other accounts (unknown to Petitioner) that Mr. Etra had open in 2017. | Dkt. 211-6, Request. No. 2. | 9/26/22 (Dkt. 211-10). | Respondent produced bank statements for a Citibank 0873 account for September, October and December 2017. | |
| 4 | Communications concerning Mr. Etra's escrow services. [Excluding the Escrow Agreements themselves, addressed separately below.] | Dkt. 211-6, Request No. 5: "All documents, including but not limited to agreements and written communications, concerning the services referred to in item No. 1 [Dkt. 211-7, quoted in Row 7 below] of the accompanying Information Subpoena dated August 2, 2022."<br><br>See also Dkt. 211-4 from 2020, Request No. 32 (as well as Nos. 17, 18, 20 and 49). | 9/26/22 (Dkt. 211-10).<br><br>Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required production, including of responsive documents after those dates due to the obligation to supplement. | Respondent produced one letter from Mr. Allesch, cited in Row 2 above. | Addressed at Dkt. 211, paras. 46-47. |

| | Description of Item Remaining Unproduced | Relevant Document Request and Docket Number | Date of Court Order(s) Requiring Production | What, If Anything, Respondent Has Produced | Additional Information |
|---|---|---|---|---|---|
| 5 | Communications exchanged with Mr. Etra's residence landlord. | Dkt. 211-6, Request No. 6.<br><br>See also Dkt. 211-4 from 2020, Request Nos. 27 and 35 (as well as Nos. 13 and 29). | 9/26/22 (Dkt. 211-10).<br><br>Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required production, including of responsive documents after those dates due to the obligation to supplement. | Respondent produced a Notice of Termination (Ex. 51), and from time to time has produced statements of rent owed. | The Landlord has provided e-mails and text messages not produced by Mr. Etra; See Dkt. 211, para. 41 and Ex. 47; Reply Declaration paras. 30-31 and Ex. 52. |
| 6 | Communications exchanged with Mr. Etra's business landlord. | Dkt. 211-6, Request No. 7.<br><br>See also Dkt. 211-4 from 2020, Request Nos. 13, 29, 35 and possibly 28. | 9/26/22 (Dkt. 211-10).<br><br>Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required production, including of responsive documents after those dates due to the obligation to supplement. | | |
| 7 | Information about Mr. Etra's escrow services, in several specified respects. | Dkt. 211-7, Request No. 1:<br>"Identify (i) the name and full contact information (address, telephone, e-mail and otherwise) for every "client," or other individual or entity, for which You have performed any legal, "paymaster," escrow-related or other services from August 1, 2017 through the present; (ii) for each such individual or entity, the precise nature of the services performed; (iii) for each such individual or entity, specifically what compensation You (or any affiliated person or entity, including but not limited to Koraljka Troselj) received for those services; (iv) where such compensation was paid to, in each instance separately (including names, addresses, account numbers, and Your responsible contact officers at each such institution); (v) all subsequent transfers of such compensation received; and (vi) the current whereabouts of all such compensation."<br><br>See also Dkt. 211-5 from 2020, Request No. 15. | 9/26/22 (Dkt. 211-10).<br><br>Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required some of the information more specifically requested in 2022. | Respondent provided some information, which is found in his response at Ex. 23, pages numbered 1-4. | Addressed at Dkt. 211, paras. 49-51 and the Reply Declaration at paras. 25-26. |
| 8 | "List all bank [and] brokerage accounts . . . since August 1, 2017."[1] | Dkt. 211-7, Request No. 4.<br><br>See also Dkt. 211-5 from 2020, Request No. 1 (identical request but only since 2018). | 9/26/22 (Dkt. 211-10).<br><br>Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required all of the information (except for 2017) requested again in 2022. | Respondent provided no list, but did produce some bank statements all of which had previously been produced (Dkt. 192-8 and 192-12 through 192-27). | See endnote 1; see also Dkt. 211, para. 52 and the Reply Declaration at paras. 39-40. |
| 9 | "Identify and itemize Your current monthly living expenses." | Dkt. 211-7, Request No. 2. | 9/26/22 (Dkt. 211-10). | Respondent's response is at Ex. 23, page numbered 4, supplemented at Dkt. 235, paras. 18-19 and the exhibit at Dkt. 235-2. | Addressed at Dkt. 211, para. 52 and the Reply Declaration at paras. 33-37. |

| | Description of Item Remaining Unproduced | Relevant Document Request and Docket Number | Date of Court Order(s) Requiring Production | What, If Anything, Respondent Has Produced | Additional Information |
|---|---|---|---|---|---|
| 10 | Escrow Agreements | Dkt. 211-4, Request No. 32; Dkt. 211-6, Request No. 4. | 9/26/22 (Dkt. 211-10).<br><br>Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required production, including of responsive documents after those dates due to the obligation to supplement.<br><br>Judge Caproni also ordered production of the Escrow Agreements on numerous occasions prior to allowing Mr. Etra to move belatedly to quash the applicable requests (the motion that was denied in Dkt. 211-10). | Of 41 identified Escrow Agreements (Ex. 38, Ex. 39, Ex. 23 at pages numbered 1-3), Mr. Etra has produced (in Ex. 40) 13 seemingly complete ones and 5 more that do not include client identifying information and/or are only partial. | Addressed in Dkt. 211 at paras. 53-56. |
| 11 | Regarding credit card statements since August 2017:<br><br>Statements for the American Express account ending 4005 (since August 2017).<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>Statements for the American Express card(s) (if different from the 4005 account) to which payments were made from the Piermont 0362 account on 10/24/2022 ("Amex EPayment ACH PMT W6392); from the M&T IOLA account ending in 3441 on 12/21/2021 ("Amex EPayment ACH PMT M0434") and 2/7/2022 ("Amex EPayment ACH PMT W8588") (Ex. 17); and from the Piermont account ending in 2060 on 5/2/2022 ("Amex EPayment ACH PMT W0472") and 6/6/2022 ("Amex EPayment ACH PMT W2214") (Ex. 13).<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>Statements for the Barclays card ("opened May 2022") identified by Mr. Etra on the last page of his response at Ex. 23.<br>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*<br>Statements relating to the credit card(s), if different from the ones cited above, referenced by Mr. Etra when he identified "Credit Card Payments monthly" in Exhibit 23, Item No. 2 at page numbered 4, insofar as any such card(s) are or were open during 2022. | Dkt. 211-6, Request No. 3.<br><br>See also Dkt. 211-4 from 2020, Request No. 4 | 9/26/22 (Dkt. 211-10).<br><br>Judge Nathan's prior orders (Dkt. 39, 54, 59 on 12/4/20, 1/5/21 and 1/21/21, respectively) also required production, including of responsive documents after those dates due to the obligation to supplement. | Petitioner does not believe that Mr. Etra ever has produced any American Express statements.<br><br>Mr. Etra has not produced statements for the referenced Barclays card. | Petitioner believes that Mr. Etra's identification of an American Express card "opened March 1971, credit card number ending in 4005," on the last page at his response in Ex. 23, is the first time he has disclosed such a card.<br><br>Credit card statements, and American Express in particular, were addressed in Dkt. 211 at para. 48 and the Reply Declaration at paras. 15 and 34. |

[1] With regard to that portion of footnote 2 in Dkt. 244 that required "the eighth entry should have separate rows for each known bank and brokerage account that Respondent has not disclosed," Mr. Etra did not provide any "list" at all as subpoenaed, and while Petitioner is aware of many accounts over the past several years (from documents produced, subpoenaed and/or identified over time), the purpose of the request was for Mr. Etra to identify everything in one place. To the extent the Court will not require him to do so absent Petitioner first putting all that information together, then Petitioner will withdraw this item.