UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BENTHOS MASTER FUND, LTD.,

                      Petitioner,

         - against -

AARON ETRA,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 20-cv-03384 (VEC)

**DECLARATION IN RESPONSE TO DKT. 248**

I, **STEVEN R. POPOFSKY**, declare the following:

1. I am affiliated with Kleinberg, Kaplan, Wolff & Cohen, P.C., counsel to Petitioner and judgment creditor Benthos Master Fund, Ltd. I respectfully submit this declaration in connection with the Court's Order at Dkt. 248 stating that the revised spreadsheet (Dkt. 246-1) submitted in response to Dkt. 244 "did not satisfy the[] conditions" set forth in Dkt. 244.

2. The undersigned apologizes for evidently having misunderstood, and/or misapplied, the Court's directive at Dkt. 244. In the item numbered 1, petitioner identified separately (and separated by asterisks) each account, by bank and account number, as to which respondent has failed to produce statements after June 30, 2022. Because all of the information in the second, third, fourth and fifth columns were precisely the same for each of those accounts, it did not occur to the undersigned to break out the Piermont 2060 account, the M&T 3441 account, the Piermont 2292 account, and the (unknown) accounts into which respondent received Social Security in October/November 2022 into separately-numbered rows 1 through 4, with all the information in all the other columns repeated four times, because that would have made the

12318320.1 - 12/13/22

spreadsheet exponentially lengthier and more unwieldy (and because petitioner was retaining the structure of the initial spreadsheet at Dkt. 243-1), and the undersigned believed that all the information the Court was seeking was presented concisely (as directed in Dkt. 244), informatively and in compliance with Dkt. 244 ("where ascertainable, specif[y] the bank and account number for which records are missing").

3. It appears that the undersigned was mistaken, inadvertently, while working intensively and in good faith to meet the Court's deadline on short notice.

4. The same applies to the item numbered 3, where petitioner sought to specify the bank and account number "for which records are missing," and the item numbered 11, where petitioner sought to specify the credit card statements (with as much information as petitioner had) "for which records are missing" (to the extent petitioner intended still to complain about credit card production) in a manner believed to be in accordance with the Court's requirements.

5. With regard to the item numbered 8, petitioner respectfully refers the Court to footnote/endnote 1 in the revised spreadsheet, reprinted in the footnote below.[1] The relevant information request had asked respondent to "List all bank [and] brokerage accounts . . . since August 1, 2017" and he had not done so, and the undersigned was somewhat confused as to whether the Court was requiring petitioner to create that list for respondent as to all accounts of which petitioner is aware. If that was the Court's intent, then petitioner determined to withdraw this item, as the time and resources were not available to do so (and seeking to coerce compliance at that point would have been superfluous, as the purpose of the request was for

---

[1] "With regard to that portion of footnote 2 in Dkt. 244 that required "the eighth entry should have separate rows for each known bank and brokerage account that Respondent has not disclosed," Mr. Etra did not provide any "list" at all as subpoenaed, and while Petitioner is aware of many accounts over the past several years (from documents produced, subpoenaed and/or identified over time), the purpose of the request was for Mr. Etra to identify everything in one place. To the extent the Court will not require him to do so absent Petitioner first putting all that information together, then Petitioner will withdraw this item."

2

12318320.1 - 12/13/22

respondent to put everything in one place for easy reference, given the two years of scattered productions).

6. Again, to the extent the undersigned made an incorrect judgment call in that regard, I apologize.

7. There was certainly no intent to "fail[] to comply with the Court's order"; to the contrary, most other work and personal obligations were jettisoned upon receipt of the Court's order unexpectedly on Sunday afternoon and into Monday. Petitioner believed (reasonably so, in our estimation, but certainly in good faith) that the revised spreadsheet did in fact comply with both the letter and the spirit of the Court's order at Dkt. 244, and provided the Court with the information it directed in the format it had directed; and petitioner endeavored to transmit the revised document by the close of normal business hours so as not to burden the Court with a late-night filing.

8. To the extent petitioner's good-faith efforts evidently fell short, again the undersigned apologizes, but respectfully submits that any shortcomings do not rise to the level of warranting sanctions.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14, 2022

_____
Steven R. Popofsky