USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                     Petitioner,

        -against-

AARON ETRA,

                     Respondent.

20-CV-3384 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       On Tuesday, December 13, 2022, Aaron Etra ("Etra" or "Respondent") requested the Court to appoint counsel to represent him in connection with the then-pending motion to hold him in contempt.[1] *See* Dkt. 253. He submitted a financial affidavit (the "Affidavit") to demonstrate that he is indigent. On Wednesday, December 14, 2022, the Court appointed the Federal Defenders of New York (the "Office of the Federal Defenders" or "Counsel") to represent Petitioner during the hearing on whether he would be held in civil contempt and jailed as a coercive sanction (the "Contempt Hearing"). It did so because, when considering imposing limitations on a person's liberty, the due process clause requires the Court to consider "three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the

---

[1] Etra also requested counsel on November 29, 2022 because he "believe[d] [he] [was] facing criminal contempt charges[,]" but did not request counsel for this civil proceeding on the basis of indigency. *See* Dkt. 216. The Court denied his request because the case remained (and remains) civil, and because Etra "failed to demonstrate that he is indigent . . . ." Order, Dkt. 217.

1

additional or substitute procedural requirement would entail." *Mathews v. Eldrige*, 424 U.S. 319, 335 (1976).

Although the Court harbors grave concerns whether Etra accurately reported his true financial condition in the Affidavit, it appointed the Office of the Federal Defenders to represent Respondent for the limited purpose of the civil contempt proceeding, given the possibility that Respondent would be incarcerated as a coercive sanction. *See United States v. Bobart Travel Agency, Inc.*, 699 F.2d 618, 620 (2d Cir. 1983) (concluding that an indigent contemnor who risked incarceration had a right to Court-appointed counsel "insofar as the [civil] contempt hearing was concerned"); *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26–27 (1981) (holding that an indigent litigant "has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty").

For the reasons stated at the Contempt Hearing, and as will be set forth in further detail in a written order, the Court concluded that Respondent is in civil contempt and ordered his remand as a coercive sanction until he purges the contempt.

The Court cannot articulate a precise line between the legal issues associated with the underlying civil case in which the contempt order was entered, as to which Counsel has no obligation to represent Etra, and legal issues intimately associated with the contempt that implicate Etra's liberty interest, as to which Counsel has been appointed to represent Etra. Suffice it to say that Counsel has been appointed to assist Etra with any legal matters directly implicated by his incarceration for civil contempt,[2] but not for any matters for which Etra does

---

[2] Examples of such matters include, but are not limited to, notifying the Court that Etra has complied with the outstanding orders, requesting the Court to reconsider Etra's incarceration because it has ceased to have a coercive effect, facilitating the delivery of a power of attorney to a third party for purposes of obtaining records required to purge his contempt, and representation at any future contempt hearings regarding Etra's release from custody.

not require legal expertise or which are directly associated with the underlying collection efforts of Petitioner.[3]

To the extent Counsel is unsure as to whether a request from Etra falls within the scope of Counsel's limited appointment, Counsel is encouraged to raise any issues with the Court, including by requesting an *ex parte* or sealed order for further clarification.

**SO ORDERED.**

Date:  **December 16, 2022**
       **New York, New York**

                                               **VALERIE CAPRONI**
                                         **United States District Judge**

---

[3] Examples of such matters include, but are not limited to, searching Etra's Gmail account for responsive records, negotiating on Etra's behalf a settlement with Petitioner, and negotiations over any confidentiality protocol necessary as a prelude to Petitioner being permitted to conduct a forensic examination of Etra's electronic devices.