**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 24, 2023

**BY ECF and Email**

Honorable Valerie E. Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   **<u>Benthos Master Fund, Ltd. v. Aaron Etra</u>**
             20-cv-03384-VEC-KHP

Dear Judge Caproni,

    I write on behalf of Aaron Etra to move the Court for an order granting the following:

1. An extension of the January 27, 2023 deadline set by the Court for Mr. Etra to object or acquiesce to Bentho's proposal for the forensic examination of his electronic devices. ECF No. 263.

2. The release of Mr. Etra from civil confinement in light of the diligent and ongoing efforts made by and on behalf of Mr. Etra to purge his contempt. Mr. Etra's confinement as a coercive measure has achieved its desired effect.

**I.    EXTENSION OF THE JANUARY 27, 2023 DEADLINE**

    On January 13, 2023, Benthos filed a proposed forensic protocol for the examination of Mr. Etra's cellphone and laptop. As of January 23, 2023, Mr. Etra has not received a copy of the proposal and, therefore, it will be impossible for him to meet the Court's deadline of January 27, 2023 to reply thereto. In addition to the delay in his receipt of Benthos' proposal, Mr. Etra's ability to promptly respond is compromised by his incarceration. He has no access to the internet and a limited

1

ability to prepare a written response.  Therefore, Mr. Etra requests an extension of the deadline to reply of 60 days or, if the Court grants his application for release him, an extension of 30 days from the date of his release.

## II.   RELEASE OF AARON ETRA

In support of the application to release Mr. Etra, I submit a Memorandum from Marc Sklar, Mr. Etra's agent pursuant to a Power to Attorney ("POA").  See Exhibit A.  Mr. Sklar was granted Power of Attorney on January 2, 2023.  He is a business owner and not an attorney.   He has spent numerous hours familiarizing himself with the history of this civil action and the Orders of the Court.  He is in communication with Mr. Etra by email on a regular, often daily, basis and occasionally by phone in his efforts to assist Mr. Etra to purge his contempt.  As his Memorandum demonstrates, Mr. Sklar has spent countless hours online, on the phone and on foot in his diligent efforts to obtain documents.

### A. Efforts to Purge the Contempt

Mr. Sklar's Memorandum describes in detail his efforts to obtain the records needed in order for Mr. Etra to purge his contempt pursuant to the Court's Order and Opinion (the "Order") of December 20, 2022.  ECF No. 260.   These efforts were made with the complete cooperation of Mr. Etra and are ongoing.   Mr. Sklar is committed to assisting Mr. Etra now and upon Mr. Etra's release.

On today's date, I produced to counsel for petitioner two documents:

1. American Express statements from August 2022 to January 2023.  Mr. Sklar was able to obtain six months of statements online.  His efforts to obtain the additional statement as required under the Court's Order (ECF No. 260 § I.B.6) are ongoing.  Ex. A.

2. Bank statements from Wells Fargo for October, November and December 2022 into which Mr. Etra's social security payments are being made. (ECF No. 260 § I.B.4.)

Even though, to date, only a handful of records have been received and produced to petitioner, Mr. Etra, through his agent, has demonstrated good faith and diligence in his efforts to comply with the Court's Order and Mr. Sklar has made great progress. And, as the Memorandum reflects, the effort is ongoing and expected to achieve results. Mr. Etra's ability to assist Mr. Sklar is, of course, limited by his incarceration but he has done all he can by email and phone. Mr. Etra gave Mr. Sklar permission to access his apartment and to retrieve his passport and electronics for delivery to counsel. He allowed Mr. Sklar to retrieve an address book that contained usernames and passwords to facilitate access to bank accounts and credit cards. He has provided Mr. Sklar with all the information he needs to function as his agent. Ex. A.

Mr. Sklar has several outstanding requests to financial institutions and, upon approval of his POA credentials, expects to receive additional records required to purge Mr. Etra's contempt under the Court's Order.[1] Ex. A. Once received, all records will expeditiously be produced to counsel for Benthos. Coercive measures are no longer necessary.

There are, however, items in the Court's Order that Mr. Sklar justifiably submits are "beyond his logistical capacity to reconcile and obtain." Ex. A. Realistically, these are items only Mr. Etra can obtain, and he has no ability to do so from prison. With respect to these items, Mr. Sklar is willing to assist and support Mr. Etra upon his release to further comply with the Court's Order.

Lastly, I understand that progress is being made by friends of Mr. Etra, including Mel Dussel, with whom the Court is familiar, to secure financial resources so that the parties can reach a settlement agreement. I have been in contact with Mel Dussel and he informs me that he has been in communication with counsel for Benthos as early as two weeks ago.

---

[1] The defect associated with the POA has been remedied and Mr. Skar will present his amended credentials to Wells Fargo bank.

3

**B. Coercive Effect of Civil Confinement Has Been Achieved**

On December 15, 2022, the Court found Mr. Etra in civil contempt and remanded him into the custody of the U.S. Marshals as a coercive measure until he complies with the Court's Order. Mr. Etra has now been detained for six week and it has been a distressing and traumatic experience. The good faith and diligent efforts made by Mr. Etra through his agent demonstrate that the Court's coercive measures have been effective to "compel the contemnor to perform the required act." Bank of Credit & Com. Int'l (Overseas) Ltd. v. Tamraz, No. 97-CV-4759, 2006 WL 1643202, at *3 (S.D.N.Y. June 13, 2006). Additional confinement is not necessary to compel compliance with the Court's Order. Mr. Etra now has the support and able assistance of Mr. Sklar who will continue to help Mr. Etra upon his release and, perhaps more importantly, be a persuasive influence toward future compliance.

Six weeks at the MDC for an 81-year-old man who has never been incarcerated is more than sufficient to send a message and compel his compliance. Mr. Etra has suffered mentally and physically during his confinement and will never risk putting himself in this position again.

Medical records and blood tests from the MDC reflect that Mr. Etra has neutropenia, mild anemia and thrombocytopenia. As a result, he has an increased risk of infection and a decreased ability to fight one. In addition, he has high blood pressure which, four days after his admission to the MDC, spiked dangerously to 211/101 because he had not yet been provided with his blood pressure medication. His blood pressure continues to oscillate as a result of the stress and anxiety his detention has produced. Mr. Etra also has an enlarged prostate with lower urinary tract symptoms. He is required to take medication for this condition but did not receive it upon admission to the MDC and, even with the medication prescribed to him at the MDC, the problem is not alleviated. He experiences great discomfort and the need to urinate frequently, often hourly. MCD records also reflect that Mr. Etra has an abdominal hernia and scoliosis. On January 21, 2023, Mr. Etra informed me that he recently developed a skin infection that, in light of his

4

compromised immune system and the unsanitary conditions at the MDC, poses a great danger to his health.  Mr. Etra has yet to receive medical attention despite repeated requests.  It should come as no surprise to the Court that Mr. Etra reports that requests for medical attention often go unanswered and medications are frequently delayed.   Mr. Etra and his family are very concerned about his health and the impact this period of confinement has had on it.

In addition to the medical dangers associated with his confinement, Mr. Etra has suffered mentally.  MDC is a terrifying place and an unhealthy environment that has caused Mr. Etra great stress and anxiety.  He reports frequent lockdowns, the most recent of which occurred last week, when the MDC was in lockdown from Wednesday, January 18, 2023 until Friday evening, January 20, 2023 as a result of an electrical outage that left Mr. Etra's housing unit without light.  Furthermore, as the result of staff shortages, Mr. Etra was on lockdown most of the weekend.  These lockdowns confine inmates to their cell and prohibit all email and telephone communication, further compromising Mr. Etra's ability to purge his contempt, even through his agent.

Finally, because of his incarceration, Mr. Etra has missed important events in his personal life including the bris and naming ceremony of his grandson.  While it may seem insignificant to the Court, his inability to attend this momentous event was a source of great anxiety and sadness for Mr. Etra.  At 81, Mr. Etra is well aware of his own mortality and the Court can be assured that he will not risk missing these milestones by placing himself again at risk of losing his liberty by failing to comply with the Court's orders.

In sum, Mr. Etra has been made good faith efforts to comply with the Court's Order and is sufficiently "coerced" to continue to do so.  All the work that can be done through a POA while Mr. Etra is confined, is being done.  Another day at the MDC is not going to make any greater impression or produce greater results than the last six weeks already have.

### III. CONCLUSION

For the foregoing reasons, the Court should issue an order granting an extension of the deadline by which Mr. Etra must reply to Benthos' proposed forensic protocol and releasing Mr. Etra from civil confinement.

Respectfully submitted,

/s/ Amy Gallicchio
_____

Amy Gallicchio, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007
Office: 212-417-8728
Cell:  917-612-3274

Cc: Counsel for Petitioner (by ECF and email)