Case 1:20-cv-03384-VEC-KHP   Document 280   Filed 02/02/23   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/02/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENTHOS MASTER FUND, LTD., <br><br> Petitioner, <br><br> -against- <br><br> AARON ETRA, <br><br> Respondent. | 20-CV-3384 (VEC) <br><br> ORDER |

VALERIE CAPRONI, United States District Judge:

On December 14, 2022, the Court held Respondent Aaron Etra ("Etra") in civil contempt and ordered his incarceration until (1) he produces all documents that he has previously been ordered to provide, all of which are readily obtainable, as set forth in the Court's December 20, 2022 order (the "Order") and (2) he pays Petitioner Benthos Master Fund, Ltd. ("Petitioner") $94,070.78, an obligation that will be reduced if Etra demonstrates an inability to pay that sum or that any of the items that make up that sum are exempt from Petitioner's restraining notice (the "Restraining Notice").[1] *See* Order & Opinion, Dkt. 260, at 14–15, 35–36. On January 24, 2023, Etra moved the Court to release him from custody given his self-declared "diligent and ongoing efforts" to purge his contempt through assistance from his agent Marc Sklar ("Mr. Sklar"). *See* Etra Mot., Dkt. 273, at 1–2.

For the reasons discussed below, Etra's motion is DENIED.

**DISCUSSION**

Etra's purported evidence of diligent compliance with the Court's Order reveals that Mr. Sklar only began producing documents on the day that Etra requested release, which was more

---

[1] On December 19, 2022, the Court ordered Etra to show cause why the Court should not require him to pay an additional $30,787 to Benthos, subject to the same possible reductions, not later than January 11, 2023. *See* Order, Dkt. 259. Upon Etra's request, the Court extended that deadline to February 10, 2023. *See* Order, Dkt. 270.

1

than a month after Etra was incarcerated. *Id.* at 2. The few documents that Mr. Sklar has produced to date — (1) American Express credit card statements from August 2022 through January 2023 and (2) October, November, and December 2022 bank statements from a newly-disclosed Wells Fargo account — fall woefully short of complying with the Order. They also fail to satisfy the Order's most basic requirement that Etra produce all of his current bank and credit card statements, records that should be readily available to Mr. Sklar given his purported access to Etra's devices, usernames, and passwords. *See* Etra Mot. at 3; Sklar Letter, Dkt. 273-1, at 1; Order, Dkt. 266 (granting Etra's agent access to Etra's cellphone and computer). Further, the records reflect that Etra is continuing to violate the Restraining Notice by failing to remit to Benthos any and all funds that come into his possession that are not exempt.

In addition to producing very few responsive documents, Mr. Sklar has represented to the Court, *ipse dixit*, that certain documents required by the Order are "beyond [his] logistical capacity to reconcile and obtain." Sklar Letter at 4. That is simply not true. Many, if not all, of the documents and information Mr. Sklar asserts are beyond his reach are readily obtainable. As just two examples, Mr. Sklar stated that Etra's "financial and judgment-related communications from August 13, 2020 through December 14, 2022" and "documents concerning the legal, paymaster, escrow-related or other services Etra provided from August 1, 2017 through the present" are beyond his "logistical capacity to reconcile and obtain." *Id.* While the Court is unsure what Mr. Sklar means by "reconcile" in this context, many of the relevant communications and documents are likely available through Etra's email accounts. Those accounts are accessible with a username and password, information clearly available to Etra.[2] *See* Etra Mot. at 2.

---

[2] In the unlikely event that Etra protected his accounts with dual factor authentication, the Court has previously given Etra's agent access to his laptop computer and cell phone. *See* Order, Dkt. 266.

The Court is also deeply troubled by the information revealed by the few documents Etra has produced since being incarcerated for civil contempt. The documents reveal that Etra was not truthful when he asserted during the contempt hearing that his social security payments were being paid into an M&T account that he would promptly produce, *see* Hearing Tr., Dkt. 261, at 22–23; the records reveal that, in truth, in October 2022, Etra opened a new account at Wells Fargo into which his social security checks began being deposited. That Wells Fargo account is yet another account that Etra had failed to disclose by the date he was jailed for contempt.[3] Etra's American Express card statements reflect continued lavish spending; more contemptuous, the records reflect that even after he had been remanded for failing to comply with the Restraining Notice, Etra spent funds to reduce his credit card debt, during a period when he failed to make any payments to Petitioner. *See* Wells Fargo Statements, Dkt. 279-1; American Express Statements, Dkt. 279-2.[4]

Etra represents that his friends are in the process of securing financial resources so the parties can reach a settlement agreement and that Mel Dussel ("Mr. Dussel") has been in communication with Petitioner's counsel to that end. *See* Etra Mot. at 3. Not only has Mr. Dussel failed to deliver on his hopes to have money available to pay Benthos, *see* Petitioner

---

[3] It appears from the records that there may be more than one previously undisclosed Wells Fargo account, as the account records he produced to Benthos show intrabank transfers to a business checking account that has never been disclosed. *See* Wells Fargo Statements, Dkt. 279-1, at 2 (reflecting an online transfer to an account ending in -4246 on December 5, 2022).

[4] In the period covered by the recently-produced American Express card statements, Etra paid American Express $20,860.71 ($4150 on January 7, 2023; $3000 on December 5, 2022; $2010 on November 4, 2022; $1000 on October 22, 2022; $7000 on October 21, 2022; and $3700.71 on September 2, 2022), *see* American Express Statements, Dkt. 279-2, at 1, 4, 6–7, 13, yet Etra has not produced any documents or information reflecting the source(s) of those payments. For the avoidance of doubt, to the extent the accounts from which Etra's American Express bill were paid are not among the accounts previously disclosed by Etra, Etra is ordered immediately to disclose to Benthos the account records from those accounts from inception (or August 1, 2017, if opened prior to then) to the present (or to closing if the accounts are closed).

Response, Dkt. 279, at 4, but Etra has used the prospect of funds coming from Mr. Dussel many times before.[5] In the vernacular, the Court will believe Mr. Dussel is raising money on Etra's behalf when Benthos is paid (and the check clears), and not one second before.

Although the Court does not doubt that incarceration has caused Etra hardship,[6] he "carries the keys of his prison in his own pocket." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911)). The Court may jail him "indefinitely until he complies," *id.*, or until he establishes that compliance is no longer possible, *United States v. Rylander*, 460 U.S. 752, 757, 761 (1983). Civil compliance "only becomes punitive when it loses the ability to secure compliance." *Armstrong v. Guccione*, 470 F.3d 89, 110–11 (2d Cir. 2006) (affirming the district court's order denying a contemnor's motion to be released for civil contempt after seven years of confinement); *see also Schwarz v. ThinkStrategy Capital Mgmt. LLC*, No. 09-CV-9346 (PAE), 2017 WL 5558682, at *2 (S.D.N.Y. May 9, 2017) (concluding that "further incarceration [was] not likely to coerce [a defendant's] compliance with the Court's orders and judgments against him" following almost two years of incarceration).

For the foregoing reasons, Etra's request for release from confinement is DENIED without prejudice. Although the motion is being denied without prejudice, Etra needs to

---

[5] *See, e.g.*, Letter, Dkt. 75 (asserting on June 23, 2021 that he was "try[ing] to assemble the funds" for settlement alongside Mr. Dussel); Letter, Dkt. 110 (asserting on June 17, 2022 that he has "encouraged [his] business friends to continue their efforts" to achieve settlement); Letter, Dkt. 170 (asserting on September 20, 2022 that Mr. Dussel was "diligently working to fund the settlement").

[6] Etra represented that his incarceration has caused him to miss important family milestones, including the bris of his grandson. *See* Etra Mot. at 5. Judge Nathan ordered Etra to provide a complete response to Petitioner's information subpoena in which he was asked, *inter alia*, to provide "the names and addresses of any immediate family members, including . . . adult children." *See* Information Subpoena, Dkt. 211-5, Request No. 35; Order, Dkt. 59. Etra failed to identify any children, *see* Etra Response, Dkt. 56-4 Response No. 35, meaning either that his complaint about missing the bris was untrue because he has no grandson, or that he failed to respond honestly to the information subpoena.

understand that assertions that "the Court's coercive measure has been effective and has achieved its purpose to compel compliance" have no resonance with the Court. Actual compliance will resonate.

Because the records that Etra has produced provide further evidence of violations of the Restraining Notice, Etra is ordered to show cause, in his filing that is due on February 10, 2023, why $20,860.71 should not be added to the $94,070.78 he has already been ordered to pay to Benthos in order to purge his contempt.

Finally, Etra is warned that although the Court denied Benthos's motion for criminal contempt, that denial was without prejudice. If Etra continues to violate the Restraining Notice, the Court may well be amenable to reconsidering that motion.

The Clerk of Court is respectfully directed to mail a copy of this Order to Etra at Aaron Etra, Reg. No. 36170-510, MDC-Brooklyn, P.O. Box 329002, Brooklyn, NY 11232, and to note the mailing on the public docket.

**SO ORDERED.**

**Date: February 2, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**