To: Harvey Fishbein, Esq.
Defense Attorney for Aaron Etra
Assigned by Judge Valeri Caproni

Date: March 3, 2023
Revised from March 1, 2023
Fr: Marc Sklar
Friend and power of attorney for Aaron Etra

**Re:** Production of Court Requested Documents
to Purge Contempt of Court
**Aaron Etra / Personal Computer Notebook & Smartphone "Forensic Audit"**
**Personal Privacy Rights Protection Protocols**

Dear Harvey,

In discussions with Aaron, the following are guidelines that Aaron would like to have agreement to protect his rights to privacy before Bentho's proposed forensic examination of his electronic devices.

### Response to elements of Benthos Proposed Forensic Protocol filed 1-13-23

Regarding the proposed forensic expert NCIT IT of 40 Wall Street, New York, we would want clarification and agreement that the relationship of NCIT IT to the parties is that of a neutral-third party expert.

### Re: Item 1.

My relationship to Aaron is that of friend and POA in assisting him to reconcile his incarceration and logistical issues. The protocol's requirements, as follows, is beyond the resources I have access to. Without comment on Aaron's ability to provide the requested information before his incarceration, I believe that his incarceration circumstances substantially limits him from providing some of the following requested information and actions in a timely way.

It is agreed that where accounts and passwords are readily available, Aaron will facilitate access and delivery. For those accounts which Aaron cannot immediately recall, some additional time will be necessary to provide the examiner with the required information.

Overall, Aaron agrees to support the intent of the forensic audit and the devices will be delivered pursuant to the court's direction.

Regarding the contemporaneous timing (with delivery of the electronic hardware) of the delivery and access to the electronic items detailed in the forensic request below those elements of the agreement will be subject to the timing of the logistical circumstances of incarceration.

*Contemporaneously with the delivery of the Devices to the Forensic Expert, Etra and/or his counsel shall deliver to Benthos, electronically through Benthos's counsel (spopofsky@kkwc.com and abenintendi@kkwc.com), and to the Forensic Expert (and to the Court, by filing and/or e-mail as the Court may direct), a list under penalty of perjury identifying all accounts – including, but not limited to, e-mail accounts (including web-based e-mail accounts); accounts (including web- or cloud-based) relating to any document management services, such as (by way of example only) Dropbox or iCloud; and accounts related to any messaging services, such as (by way of example only) WhatsApp, Facebook Messenger, instant messages, etc. – that Etra has used since August 12, 2020 (the "Media"), stating whether he presently has the ability to access those accounts (if given access to his Devices), and if not, stating the reasons why that is so. To the extent information contained in any of Etra's accounts or Media is not stored on the Devices, Etra shall at the same time provide to the Forensic Expert and to Benthos (and to the Court as set forth above) the information necessary to access and image his accounts and Media. If any usernames, passwords or other information are required to access any electronically-stored information on any Device or Media (including Etra's Apple ID and iPhone password or equivalent), Etra shall provide such information to the Forensic Expert at the time the aforementioned list is provided, or upon request.*

**Re: Item 2.**
No comment as long as the methodology described is in keeping with standard protocols for similar circumstances and is in keeping with guidelines specified below.

**Re: Item 3.**
No comment as long as the methodology described is in keeping with standard protocols for similar circumstances and is in keeping with guidelines specified below.

**Re: Item 4.**
No comment as long as the methodology described is in keeping with standard protocols for similar circumstances and is in keeping with guidelines specified below.

**Re: Item 5.**
No comment as long as the methodology described is in keeping with standard protocols for similar circumstances and is in keeping with guidelines specified below.

**Re: Item 6.**
Object to five business day timing of Etra's response. Need to come to agreement on time to response, especially should Etra still be incarcerated.

**Re: Item 7.**
No comment on Benthos filing a response in five business days challenging Etra's claims of privilege.

**Re: Item 8.**

No comment as long as the methodology described is in keeping with standard protocols for similar circumstances and is in keeping with guidelines specified below.

**Re: Item 9.**

No comment as long as the methodology described is in keeping with standard protocols for similar circumstances and is in keeping with guidelines specified below.

**Guidelines as follows.**

1. **Limited Scope of the audit:** to be provided with and to reach agreement on a request for specific or as narrowly defined information tailored to the issues in the litigation and unrelated to personal information.
2. **Agreement on a neutral third-party expert** without vested interest in the outcome of the litigation **to conduct the examination / audit.** The expert should be bound by a confidentiality agreement and should only disclose information that is relevant to the litigation.
3. Aaron to be notified of the date and time of the audit and reserves the right to request additional protections.
4. The **audit should be conducted in a secure and isolated environment** to prevent unauthorized access to Aarons personal information. The experts should use a secure and encrypted network to access the data and should not copy or remove any information from the computer or smartphone.
5. **Minimization of intrusion:** The audit should be conducted in a manner that minimizes the intrusion on Aaron's individual privacy. For example, the expert should only review data that is relevant to the litigation and not browse through personal emails or photos.
6. **Limit the retention of data:** The expert should only retain data that is relevant to the litigation and should delete or destroy any irrelevant data as soon as possible. The expert should also provide a report that summarizes the results of the audit and relevant data and explains how it was obtained.