


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/13/2023

**Steven R. Popofsky**
E-Mail: spopofsky@kkwc.com
Direct Dial: 212.880.9882

March 10, 2023

<u>**VIA ECF**</u>
Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

          Re:    <u>**Benthos v. Etra, 20-CV-3384**</u>

Dear Judge Caproni:

      Benthos responds briefly to the March 3 submission (Dkt. 291 and 291-1) on behalf of Mr. Etra. Because that submission does not appear to specifically challenge most aspects of petitioner's proposed Forensic Protocol (Dkt. 271-1), we make only the following limited points.

      First, we have no objection to Mr. Etra receiving additional time, in whatever amount the Court deems appropriate in its discretion, to lodge claims of privilege (Dkt. 271-1 at paragraph 6), provided that petitioner be afforded the same length of time to respond to such claims (id.; para. 7).

      Second, with regard to Mr. Etra's "guideline" No. 5 (page 3 of Dkt. 291-1), we have no interest in Mr. Etra's photographs (while pictures from his European travels would actually be relevant to certain issues here, the necessary points in that regard already have been established). However, to the extent that the comment about "personal emails" is an attempt to limit the <u>non-privileged</u> e-mails that the forensic expert and petitioner need to review, we would vigorously oppose that: It is not possible – or at least not reasonably possible, without undue burden and expense – to cull out "personal" e-mails from those that might be relevant to his finances, without first being able to review them. We agree of course that no disclosures will be made other than for purposes of this matter.

      Third, because Mr. Etra indisputably has the resources to contribute the modest $2000 that the Court has ordered[1], we respectfully request that the Court rule that he be precluded from asserting any privilege (or other) objections should he fail to do so.

---

[1] That was clear even before this week. However, earlier this week, Mr. Etra's representative produced some limited additional bank statements. (We are reviewing those and will report next week as required.) On January 9, 2023, almost a month after his incarceration for, among other things, blatant repeated violations of the restraining notice, Mr. Etra appears to have wired $3550 to American Express. That was on top of other payments to American Express – including $2010 in November 2022 and $7000 in October 2022 – in the weeks and months just prior to his incarceration, but well after our July 2022 court appearance and after the violations of the restraining notice were (yet again) brought to Mr. Etra's attention through petitioner's applications in the autumn of 2022. One bank statement also reveals an



Hon. Valerie Caproni
March 10, 2023
Page 2

      Otherwise we ask the Court to enter petitioner's proposed Protocol as previously requested, and thank the Court for its continued attention to this matter.

                                  Respectfully yours,

                                  Steven R. Popofsky

SRP:sg

cc:    Harvey Fishbein (via ECF and e-mail)
        Lauren Di Chiara (via ECF and e-mail)
        Aaron Etra (per Dkt. 263 n.1)

> Not later than **Wednesday, March 29, 2023**, Mr. Etra must either (1) transfer $2000 to Kleinberg, Kaplan, Wolff & Cohen, P.C. to hold in escrow to be used only to pay the firm conducting the forensic examination of Mr. Etra's electronic devices or (2) respond to Petitioner's proposed sanction for his failure to do so—waiver of privilege and all other objections to the results of the forensic examination being provided to Benthos.
>
> Not later than **Monday, March 13, 2023**, Petitioner must email a Word version of its proposed protocol to chambers. The Court will issue a final protocol by separate order.
>
> The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Etra.
>
>   SO ORDERED.
>
>                             03/13/2023
>
>   HON. VALERIE CAPRONI
>   UNITED STATES DISTRICT JUDGE

---

ATM withdrawal in late October indicating yet another European trip, although we have no other records relating to that trip.