

Steven R. Popofsky<br>
E-Mail: spopofsky@kkwc.com<br>
Direct Dial: 212.880.9882

March 15, 2023

**VIA ECF**
Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

   Re: <u>Benthos v. Etra, 20-CV-3384</u>

Dear Judge Caproni:

  On behalf of petitioner Benthos, I am writing in accordance with your order at Dkt. 264 to report that last week, respondent Etra provided, through counsel, certain bank statements, most of which previously had been produced.  The only newly-produced statements were as follows:

- Two statements from February/March 2019 for M&T account ending 3433.
- A statement from February 2019 and two from May/June 2022 for M&T account ending 3441.  The latter reflected payments for Mr. Etra's office rent totaling $532.07 and counter withdrawals totaling $1670.74.
- For Wells Fargo account ending 0190, statements from September 2022 (reflecting a Social Security deposit) and from January/February 2023.  The latter reveal (in addition to Social Security deposits and the payment of healthcare premiums totaling $418.50) that on January 9, 2023 – while incarcerated for contempt of court, including violating petitioner's Restraining Notice – Mr. Etra paid $3550 to American Express.
- For a newly-disclosed Wells Fargo "business" account ending 4246, statements from September 2022 (when the account appears to have been opened) through January 2023.  Among other less substantial activity, these statements reveal the following from last fall prior to the incarceration:
    - A cash withdrawal in Zagreb, Croatia in late October, reflecting a trip to Europe about which no other documentation has been provided;
    - Four payments to American Express totaling $12,610;
    - A mysterious $10,000 "Online Transfer From Aaron Etra Ref #1b0Gplq5Fn Business Checking Motherland/Berkley"; and
    - A $1636.53 in-branch eDeposit and the receipt of $650 from "Wise Inc."

  Counsel also delivered a letter from Mr. Etra's agent Mr. Sklar.  The letter's summary of what was being produced was not entirely accurate, but did reveal the existence of yet another Wells Fargo account – an IOLA account "Currently Open" ending 4238 – as to which no statements were produced (assertedly because the bank would not honor the power of attorney for that account).



Hon. Valerie Caproni
March 15, 2023
Page 2

      Benthos respectfully refers the Court to the undersigned's letter of January 31, 2023 (Dkt. 279), as to which not much has changed. We continue to have no statements from the infamous Piermont Bank 2060 account through which Mr. Etra conducted most of his financial affairs (see Dkt. 211 at 4-5), an account which he seems to have closed after that long-concealed activity was brought to light.[1] Literally nothing has been provided in even partial compliance with the following conditions for purging his contempt: He has not listed his "financial accounts," as required by Dkt. 260, § I.B.10 at pp. 26-27; he has not produced all (or any) of his "financial and judgment-related communications" as required (id. § I.B.8 at p. 25); he has not provided "a complete" (or any) "accounting of all funds received from any legal, paymaster, escrow-related, or other services" as required (id. § I.B.1 at pp. 18-19); he has not produced any additional "complete and final escrow agreements" as required (id. § I.B.7 at pp. 23-24); and he has not produced all (or any) of his "documents concerning [his] legal, paymaster, escrow-related or other services" as required (id., § I.B.9 at p. 26).

      Apart from updating the Piermont 2060 statements, none of the unsupplied items in the preceding paragraph require a power of attorney or any responsiveness from any financial institution. Mr. Etra's laptop and phone are in counsel's possession; he allowed his agent "to access his apartment" and "retrieve an address book that contained usernames and passwords" (Dkt. 273 at 3); and the Court expressly authorized "Mr. Etra or his agent," in response to a specific request from counsel, to "access the data on his cellphone or computer solely for the purpose of producing responsive data to Petitioner" (Dkt. 266 at 2). Nonetheless, there has been zero compliance with the identified requirements.[2]

      Finally, the undersigned received a voicemail from Mel Dussel last weekend stating that he expected to be in touch this week regarding settlement. We have, of course, been here before, but hope springs eternal.

---

[1] Conveniently for Mr. Etra, Mr. Sklar reports that he cannot access that account because of the closing.
[2] Nor has Mr. Etra provided any of these other multiple statements required as a condition of his release: Citibank 0873 statements, European bank account statements, Piermont 2292 statements, HSBC 0136 statements, Apple 6423 statements, and Barclays and Old Navy statements (Dkt. 260 §§ I.B.2, 3, 5 and 6). Mr. Sklar claims to have made unsuccessful efforts with regard to some (although only some) of the foregoing. The absence of statements only underscores, of course, the importance of the information and documentation Mr. Etra has been ordered to provide, and could provide, without needing access to the financial institutions.



Hon. Valerie Caproni
March 15, 2023
Page 3

                      Respectfully yours,

                      Steven R. Popofsky

SRP:sg

cc:    Harvey Fishbein (via ECF and e-mail)
        Lauren Di Chiara (via ECF and e-mail)
        Aaron Etra (per Dkt. 263 n.1)