

Steven R. Popofsky<br>
E-Mail: spopofsky@kkwc.com<br>
Direct Dial: 212.880.9882

March 15, 2023

**VIA ECF**
Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

    Re: **Benthos v. Etra, 20-CV-3384**

Dear Judge Caproni:

  Benthos hereby responds to the letter dated March 13, 2023 (Dkt. 297-1) submitted on behalf of Mr. Etra.

  It is possible Mr. Etra misunderstands petitioner's proposed Forensic Protocol (Dkt. 271-1). Pursuant to paragraph 5 thereof, the forensic "Report" will not afford Benthos or its counsel any access whatsoever to Mr. Etra's specific documents or communications. The Report will only (among other things, including addressing potential spoliation issues) "list[] . . . files and names of . . . individuals." It is then up to Mr. Etra – who knows the contents of his own devices – to lodge "any claims of privilege over any particular contents" (id. para. 6).

  It appears, however, that Mr. Etra is misapprehending the nature of this exercise, and seeking to significantly change the scope of what the Court has ordered. This is not a document request to an adversary in discovery. It is a forensic examination, because of Mr. Etra's adjudicated severe misconduct, in connection with which the Court has permitted Mr. Etra to seek to withhold from petitioner only "purportedly-privileged material" (Dkt. 263). That is all he is permitted to do.

  His discussion of "search criteria," with "guidance of Benthos counsel" – who is continuing to incur huge legal fees, not reimbursed by Mr. Etra, as result of Mr. Etra's prolonged and adjudicated contempt of court – is entirely misplaced. If we were serving a document request on Mr. Etra, we would itemize specific categories, and he would be obligated to identify responsive documents (including if necessary by use of search criteria) and then to produce them. The reason we are here is that document requests have failed, and the reason they have failed is that Mr. Etra willfully refused to comply with them. And to this day, he is continuing to refuse to provide information and documents that are wholly within his control (putting aside any supposed issues getting documents from financial institutions), as set forth in the undersigned's letter submitted earlier today.

  It would be unduly burdensome – and is not required by the Order at Dkt. 263 – for Benthos and its counsel to now have to figure out "search criteria." (Indeed, even Mr. Etra in his



Hon. Valerie Caproni
March 15, 2023
Page 2

letter "agreed" that "there should not be an undue burden [on Benthos] to cull out personal or non-privileged [material].") Mr. Etra is making this more complicated than it should be: He was given authorization to "lodg[e] any claims of privilege over any particular contents" on his devices (Dkt. 263 at 1), and the Court is to then "determine[e] whether the purportedly-privileged material is, in fact, privileged." If it is, presumably the Court will order that that material be withheld from Benthos and its counsel, who never will have seen the material.

As stated in my prior letter (Dkt. 294), we are vigorously opposed to any attempt to limit non-privileged documents or e-mails that we need to review. To repeat:

> It is not possible – or at least not reasonably possible, without undue burden and expense – to cull out "personal" [documents] from those that might be relevant to his finances, without first being able to review them. We agree of course that no disclosures will be made other than for purposes of this matter.

One last point: Mr. Etra's request in his No. 3 that "passwords and account access details . . . be provided only to the forensic expert [and the court]" is unwieldy, unduly burdensome and expensive, as well as wholly unnecessary. Benthos (through the undersigned) needs to be the intermediary between Mr. Etra (and/or his representatives) and the forensic expert. It is hard (if not impossible) to envision how the line of communication would work with Mr. Etra (and/or his representatives) seeking to communicate directly with the forensic expert (who undoubtedly would come right back to the undersigned seeking clarification). Furthermore – and dispositively – Mr. Etra could suffer no harm through the undersigned passing on his passwords, because we have no access to his actual devices (and never will have such access), all of which devices are in possession of his counsel (and will be in possession of the forensic expert). While we wish to receive copies of the (non-privileged) contents of his devices, we understand that the Court never contemplated our ever actually taking possession of them.

The points made in the letter of March 13 were due on March 3, and should be rejected on their merits in any event. Furthermore, if Mr. Etra does not make the (extremely modest) $2000 contribution ordered by the Court – and past history indicates that he will not – he should not be heard to assert any objections whatsoever.

Benthos thanks the Court as always for its attention to these matters.

Respectfully yours,

Steven R. Popofsky



Hon. Valerie Caproni
March 15, 2023
Page 3

SRP:sg

cc:   Harvey Fishbein (via ECF and e-mail)
      Lauren Di Chiara (via ECF and e-mail)
      Aaron Etra (per Dkt. 263 n.1)