# Exhibit 1

# Sample Forensics Report

## Overview / Case Summary

On April 11, 2011, Paul Ceglia filed an Amended Complaint seeking a share of Facebook. Mr. Ceglia based his claim on a purported contract between Mr. Ceglia and Mark Zuckerberg (the "Work for Hire Document"). In addition, the Amended Complaint included excerpts of purported emails between Mr. Ceglia and Mr. Zuckerberg (the "Purported Emails").

## Objectives

This report is a summary of Stroz Friedberg's findings regarding the authenticity of the Work for Hire Document and the Purported Emails based on its analysis of the media produced by Mr. Ceglia pursuant to data received as part of expedited discovery. This report is not intended to detail each and every aspect of Stroz Friedberg's work in this engagement.

## Evidence Analyzed

Pursuant to the Court Order, Stroz Friedberg collected digital media made available by Mr. Ceglia. Stroz Friedberg inspected the data on the following media for analysis according to the terms of the Court-ordered Protocol:

A Compaq Presario SR5413WM desktop computer with a 250 gigabyte hard drive.
An eMachines ET1161-05 desktop computer with a 160 gigabyte hard drive.
A Toshiba Satellite L305-55968 laptop computer with a 320 gigabyte hard drive.
A 200 gigabyte Maxtor Personal Storage 3200 external hard drive.
A 500 gigabyte Western Digital internal hard drive.
174 floppy disks.



Using widely-accepted digital forensic techniques and procedures, digital forensic personnel from Stroz Friedberg made bit-for-bit, verified forensic copies or images of: the hard drive within the Compaq Presario desktop computer; the hard drive within the eMachines desktop computer; the hard drive within the Toshiba Satellite laptop computer; the Maxtor external hard drive; the Seagate Hard Drive; and 173 of the 174 floppy disks.

The digital forensic copying process captured the entire contents of each piece of media, including the active user-accessible files, the deleted files, and the unallocated space, which may contain deleted content. Because the forensic image created by Plaintiff's Expert is a forensic image file, Stroz Friedberg used a forensically-sound copy method to copy the forensic image file on that drive to preservation media.

## Investigation Steps

Stroz Friedberg conducted its analysis of the Ceglia media pursuant to the Protocol issued by the Court. Stroz Friedberg searched and analyzed the Ceglia Media "to identify only documents, data, fragments, and artifacts that reasonably appear[ed] to be related to the authenticity of the [Work for Hire Document] attached to the Amended Complaint and the [P]urported [E]mails described in the Amended Complaint.". The documents, data, fragments, and artifacts found by Stroz Friedberg that reasonably appeared to be related to the authenticity of the Work for Hire Document or the Purported Emails first were produced to Mr. Ceglia's attorneys for a privilege review. The material was turned over to attorneys from Gibson Dunn only if no privilege objection was raised, an asserted privilege objection was withdrawn by Mr. Ceglia or his attorneys, or an assertion of privilege was overruled by the Court. Stroz Friedberg has followed the terms of the Protocol for all data found on the Ceglia Media and any other data subject to the Protocol during its analysis, including the procedures for privilege review and production set forth above and the maintenance of a search log.



During this analysis, Stroz Friedberg employed a methodology tailored to the particular facts of this case. Stroz Friedberg's methodology included: (1) conducting keyword and other searches of the digital forensic copies of the Ceglia Media and other data, including webmail accounts, to identify responsive documents or fragments of documents; (2) manually reviewing the documents containing keyword hits, certain unsearchable file types, such as image files with no text, and other documents to determine whether they were relevant to the authenticity of the Work for Hire Document or the Purported Emails; and (3) reviewing the digital forensic copies of the Ceglia Media for digital forensic artifacts relevant to the authenticity of the Work for Hire Document or the Purported Emails.

## Findings

No exact copies of the Work for Hire Document were found on the Ceglia Media, which comprised hundreds of pieces of media - including computers, hard drives and floppy disks. Stroz Friedberg used a methodology that would have identified any copies of the Work for Hire Document on the Ceglia Media if they had been present.

Instead of the purported Work for Hire Document, Stroz Friedberg found on the Ceglia Media seven unsigned versions of the Work for Hire Document that are very similar but not identical to the purported Work for Hire Document. All seven of those electronic documents contain metadata anomalies indicative of backdating and document manipulation.

Mr. Ceglia's Amended Complaint purports to quote from or otherwise reference 22 Purported Emails between Mr. Ceglia and Mr. Zuckerberg. During the litigation, Mr. Ceglia acknowledged that he did not keep the Purported Emails referenced in the Amended Complaint in their original native form, that is to say, as individual files in message format. Rather, he claimed to have copied-and-pasted the text of the Purported Emails into Microsoft Word documents saved to floppy disks in order to maintain copies of these messages.



Stroz Friedberg found substantial evidence that all three of the Word documents containing the purported emails are backdated. The effect of backdating is to obscure the true date and time at which computer activity, such as the creation or modification of documents, occurred. Backdating can be accomplished by setting the system clock on a computer hard drive to an earlier date, such that activity that occurs on the hard drive while the computer is in a backdated state will appear to have occurred at that earlier time.

Moreover, the last printed date of the document is February 15, 2011, while the document's last modified date is April 25, 2003. As discussed above, absent backdating or manipulation of the system clock, it is not possible for a file's last printed date to post-date its last modification date. Therefore, this document was fabricated on or after February 15, 2011. This date is years after the Work for Hire Document was allegedly signed and months after Mr. Ceglia filed this lawsuit.

## Conclusion

Stroz Friedberg found direct and compelling digital forensic evidence that the documents relied upon by Mr. Ceglia to support his claim are forged. Stroz Friedberg also found what it believes to be the authentic contract between Mr. Ceglia and Mr. Zuckerberg. That contract contains no references to Facebook. As described more fully in this report, Stroz Friedberg made the following findings bearing on the authenticity of the Work for Hire Document and the Purported Emails:

Stroz Friedberg did not find any exact copies of the Work for Hire Document on the hundreds of pieces of media produced by Mr. Ceglia, including three computers, three hard drives, 174 floppy disks, and 1,087 CDs (hereinafter, the "Ceglia Media").

Stroz Friedberg did find a signed copy of an April 28, 2003 contract between Mr. Ceglia and Mr. Zuckerberg, though it concerns only Mr. Zuckerberg's work on the StreetFax project and includes no references to Facebook.



Stroz Friedberg identified seven unsigned electronic documents on the Ceglia Media that are variants of the Work for Hire Document. All of these electronic documents were backdated to appear as if they were created at earlier dates. They appear to be part of an effort to create a fraudulent contract.

Stroz Friedberg did identify the Microsoft Word documents into which Mr. Ceglia claims to have copied-and-pasted the text of the Purported Emails. All of these Word documents were backdated to appear as if they were created at earlier dates.

The Purported Emails themselves, which Mr. Ceglia has proffered as authentic communications with Mr. Zuckerberg, are fabricated. Many of the Purported Emails reflect the wrong time zone. For example, all of the Purported Emails purportedly sent from October 26, 2003 to April 4, 2004 contain the "-0400" time zone stamp that reflects Eastern Daylight Time. However, Eastern Daylight Time was not in effect during this time. There is no place in the Continental United States from which Mr. Ceglia could have sent these Purported Emails with an accurate "-0400" time zone stamp.

The Purported Emails have formatting differences in the email headers that are inconsistent with Mr. Ceglia's explanation that he copied-and-pasted the emails into Word documents. These formatting differences indicate that the Purported Emails were typed or edited manually and were not solely the result of a copy-and-paste operation.

There is no digital forensic evidence on the Ceglia Media supporting a conclusion that the Work for Hire Document or the Purported Emails are authentic documents dating from 2003 and 2004. To the contrary, the digital forensic evidence strongly indicates that these documents were fabricated by Mr. Ceglia at a later date.



**Exhibits:**



**Fig. 14: Screenshot Showing Document Manipulations**



**Fig. 18: System Event Log from Forensic Image Created by Plaintiff's Expert Showing Backdating**