USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                      Petitioner,

        -against-

AARON ETRA,

                      Respondent.

20-CV-3384 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on December 14, 2022, the Court held Respondent Aaron Etra ("Etra") in contempt of Court, jailed him as a coercive sanction, and ordered him to submit his laptop computer and cellphones (the "Devices") to Petitioner Benthos Master Fund, Ltd. ("Benthos") to conduct a forensic examination in hopes of locating many of the items Benthos had subpoenaed but Etra had never produced, *see* Order, Dkt. 263;

    WHEREAS the Court further ordered Benthos to propose a protocol that would govern the forensic examination and allow Etra to assert attorney-client privilege over any materials he asserts are privileged prior to production of the contents of the Devices to Benthos, *see id.*;

    WHEREAS the parties briefed Etra's objections to Benthos's proposed forensic protocol, *see* Dkts. 271, 291, 294, 297, 301;

    WHEREAS on March 20, 2023, Etra moved for compassionate release because of an eye condition, *see* Etra Mot., Dkt. 305;

    WHEREAS on March 28, 2023, the parties appeared before the Court for a status conference (the "Conference");

    WHEREAS the Fifth Amendment privilege against compelled self-incrimination "can be asserted in any proceeding, civil or criminal," and protects against "any disclosures which the

1

witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used," *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972);

WHEREAS a respondent's "blanket assertion" of the Fifth Amendment privilege against compelled self-incrimination is insufficient for the privilege to apply because courts must conduct a "particularized inquiry" to determine whether a respondent's Fifth Amendment assertion is "founded on a reasonable fear of prosecution," *SEC v. Pence*, 323 F.R.D. 179, 188 (S.D.N.Y. 2017) (quoting *United States v. Bowe*, 698 F.2d 560, 566 (2d Cir. 1983)); *see also N.Y. ex rel. Khurana v. Spherion Corp.*, 511 F. Supp. 3d 455, 463–64 (S.D.N.Y. 2021);

WHEREAS if documents subject to subpoena or court-ordered production were prepared "voluntarily," only the "act of their production" may be protected by the Fifth Amendment, and then only if the act of production itself could be incriminating, *see SEC v. Waltzer & Assocs.*, 122 F.3d 1057, No. 96-6261, 1997 WL 561062, at *3 (2d Cir. 1997); *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993);

WHEREAS because Etra has not been ordered to create any materials, the Court understands Etra's invocation of his Fifth Amendment privilege is based on a claim that the act of producing the documents Benthos is seeking (and the Court has ordered Etra to produce) is itself potentially incriminating;

WHEREAS a party seeking to invoke the Fifth Amendment privilege against compelled self-incrimination to avoid answering questions or to avoid producing documents or other things must do so "in a timely fashion," *Roberts v. United States*, 445 U.S. 552, 559 (1980); *see also Cohen v. Altman*, No. 19-CV-274 (TJM), 2022 WL 370948, at *4 (N.D.N.Y. Feb. 8, 2022), and under oath, *Hernandez v. Sub Enters. Inc.*, No. 21-CV-1874 (RER), 2023 WL 2390543, at *7

(E.D.N.Y. Mar. 7, 2023) (citing *CFPB v. MacKinnon*, No. 16-CV-880 (HKS), 2021 WL 4461695, at *5 (W.D.N.Y. Sept. 29, 2021));

WHEREAS district courts have discretion to review *in camera ex parte* submissions made in support of a party's assertion of his Fifth Amendment right not to produce materials and to hold *in camera ex parte* hearings to assess the merits of a party's assertion that the Fifth Amendment protects him from being required to produce information or materials, *see Estate of Fisher v. C.I.R.*, 905 F.2d 645, 648, 651 (2d Cir. 1990); *AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 96-CV-9056 (JGK), 1999 WL 970402, at *8–9 (S.D.N.Y. Oct. 25, 1999); and

WHEREAS at the Conference, Etra, for the first time in the three years that this proceeding has been pending, asserted his Fifth Amendment privilege with respect to the act of production of (1) any funds and third party records he was ordered by the Court to produce to comply with Benthos's subpoenas and to purge his contempt and (2) all records and information on his Devices, without specifying particular records or information as to which the act of production could be incriminating;

IT IS HEREBY ORDERED that, for the reasons stated at the Conference, Etra's objection, premised on his Fifth Amendment privilege against compelled self-incrimination, to being required to pay an amount equal to the amount Benthos proved Etra received and did not remit to Benthos in violation of Benthos's restraining notice is OVERRULED.

IT IS FURTHER ORDERED that, not later than **Tuesday, April 11, 2023**, Etra must file a brief in support of his position that his Fifth Amendment privilege against compelled self-incrimination protects him from: (1) being required to produce any further records that are held by third parties (*e.g.*, bank records; credit card records; emails held by internet service providers)

and (2) being required to produce the Devices for forensic examination. Etra must support his argument with references to particular documents or information as to which Etra maintains the act of production could be incriminating. Factual assertions in support of his arguments must be made under penalty of perjury in the form of a sworn declaration. If Etra maintains that he cannot make a particularized showing as to certain documents without incriminating himself, he may request the opportunity to provide a supplemental *ex parte in camera* submission to meet his burden.

    IT IS FURTHER ORDERED that, by **Tuesday, April 11, 2023,** Etra must show cause why, if the Court agrees with him as to the act of production with respect to documents held by third parties, he should not be ordered to compensate Benthos for any expenses incurred by it in issuing third-party subpoenas to obtain the records Etra refuses to produce.

    IT IS FURTHER ORDERED that Benthos must file any response not later than **Tuesday, April 25, 2023**, and any reply is due not later than **Tuesday, May 2, 2023**.

    IT IS FURTHER ORDERED that for the reasons stated at the Conference, Etra's motion for compassionate release is DENIED.

    IT IS FURTHER ORDERED that, as explained at the Conference and to clear up any misunderstanding Etra may have, Harvey Fishbein, Esq., has been appointed to represent Etra for the limited purpose of representing Etra with respect to his being jailed for civil contempt. In that role, Mr. Fishbein is authorized to make appropriate motions if he has a good faith basis for asserting that Etra has cured his contempt or that his incarceration has ceased to be coercive. Mr. Fishbein has not been appointed to represent Etra in connection with the underlying dispute with Benthos, including Etra's current invocation of his Fifth Amendment privilege against compelled

self-incrimination or to assist Etra in gathering the materials he must produce in order to purge his contempt.

IT IS FURTHER ORDERED that Benthos is ordered, in addition to filing materials on ECF and mailing them to Etra at MDC-Brooklyn, to email copies of all of its filings in this case to Marc Sklar, Etra's friend who has been given his Power of Attorney to assist him in complying with this Court's orders, at marc@surfacecareusa.com. The Court will email copies of its orders to Mr. Sklar as a courtesy to Etra, but Mr. Sklar is not permitted to communicate with the Court on Etra's behalf.

The Clerk of Court is respectfully directed to mail a copy of this Order to Etra at Aaron Etra, Reg. No. 36170-510, MDC-Brooklyn, P.O. Box 329002, Brooklyn, NY 11232, and to note the mailing on the public docket.

**SO ORDERED.**

**Date: March 30, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**