UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
**BENTHOS MASTER FUND, LTD.,** :
:
                             Petitioner, :
: Case No. 20-cv-03384 (VEC)
        - against - :
:
:
**AARON ETRA,** :
:
                             Respondent. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO AARON ETRA'S APPLICATION FOR RELEASE FROM CUSTODY

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 880-9882
Facsimile: (212) 986-8866

Attorneys for Petitioner
    **BENTHOS MASTER FUND, LTD.**

Petitioner Benthos respectfully submits this memorandum of law in opposition to the application by judgment debtor and contemnor Aaron Etra, filed on July 29, 2023, to be released from custody notwithstanding his undisputed failure even to have attempted (much less achieved) compliance with substantial aspects of the Court's repeated orders.

On January 31, 2023, March 15, 2023 and April 27, 2023 (Dkt. Nos. 279, 299 and 329 respectively), Benthos pointed out to the Court that Mr. Etra had made no efforts whatsoever to comply with those portions of the Court's orders that required his own performance only, and did not require any cooperation from any financial institution. While he now has produced the statements itemized in Mr. Sklar's two declarations on this motion, <u>he makes no claim even to have begun to provide the following</u> (quoting the Court's most recent order in this regard at Dkt. 337 p. 38):

- "an accounting of funds received from legal, paymaster, escrow-related or other services from August 1, 2017 to the present";
- "a list of [his] financial accounts from August 1, 2017 through August 2, 2022";
- "communications regarding Etra's finances and the Judgment from August 13, 2020 through December 14, 2022"; and
- "documents concerning Etra's legal, paymaster, escrow-related or other services from August 1, 2017 to the present."

Mr. Etra never has claimed to be unable to provide those items, all of which are within his sole control, and in fact his steadfast refusal to provide the latter two items has required the forensic examination that is costing Benthos money and time.[1]

He also has not paid a single, solitary penny towards the $145,718.49 he has been directed to pay Benthos as another condition of his release, based upon funds it was established

---

[1] Nor has he produced "complete and final escrow agreements for the 41 clients of Etra's escrow/paymaster business that have been identified" and "bank statements for European accounts he controls at banks other than SberBank or UniCredit for the period from August 1, 2017 onward" (id.).

he should have paid to Benthos but did not, in flagrant violation of the restraining notice. The statements he recently produced include many that were previously produced, but the newly-produced ones demonstrate more of the same pre-incarceration "continued lavish spending" (including in Europe) to which the Court previously referred (see, e.g., Dkt. 280 at p. 3).[2] And the Court already is aware that even post-incarceration, Mr. Etra paid thousands of dollars to American Express (see Dkt. Nos. 299 and 329), and concealed his million-dollar Motherland/Berkley scam for as long as he could.

Mr. Etra's lawyer, presumably speaking on behalf of his client, now asserts that Mr. Etra has "an inability to pay." As the Court previously has noted, Mr. Etra's "say-so" is not worthy of credit (Dkt. 260 at 14, 32), and that assertion should not be credited here given Mr. Etra's "documented pattern of making false statements during this case" (see, e.g., id. at 14), the history of Mr. Etra's spending, his still-unexplained sources of funds, and his continued willful refusal to disclose financial details, documents and e-mails as noted above.[3]

The Court has no reason to believe that Mr. Etra's level of cooperation would increase were he released from custody (and indeed, the incarceration does seem to have slowly been achieving some, although still wholly inadequate, results), and surely at that point his incentive to come up with any portion of the required $145,718.49 (wholly apart from the millions of dollars on the judgment, which are not at issue on this motion) would be drastically reduced, probably to the vanishing point. Benthos repeatedly has represented to Mr. Etra and his counsel that it would be willing to consent to a release (understanding that the decision is the Court's, not Benthos's) upon the good-faith payment of even some to-be-determined portion of that sum. Mr.

---

[2] Nonetheless Benthos does not deem it cost-effective to seek to increase the $145,718.49 at this time.
[3] In addition Mr. Etra has referred both petitioner and the Court to Mr. Dussel on a number of occasions, and Mr. Dussel has repeatedly represented that he and Mr. Etra do business together in Europe that generates funds for them.

2

Etra has chosen instead to continue pursuing his scorched-earth approach, including by forcing the forensic examination in the first place, delaying it inordinately and continuing to provide zero of the information (and documentation) within his control as itemized above. He should hardly be rewarded for that conduct.

Dated: August 15, 2023

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: _____
Steven R. Popofsky

500 Fifth Avenue
New York, New York  10110
Telephone:    (212) 880-9882
Facsimile:    (212) 986-8866
Email:           SPopofsky@kkwc.com

Attorneys for Petitioner
   **BENTHOS MASTER FUND, LTD.**

12466837