**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/18/2023

**Proposed Forensic Protocol**

This Proposed Forensic Protocol is being filed pursuant to the Court's order at Dkt. 263, which provided for a briefing schedule followed by the Court's determination as to whether any material that may be claimed by Respondent Aaron Etra as privileged "is, in fact, privileged."

1. Two business days after the Court so-orders a Forensic Protocol in this matter, Etra's counsel shall deliver his laptop and cellphone, already in possession of Etra's counsel (the "Devices") to ~~NCIT IT~~Vestige Digital Investigations ("the Forensic Expert"), ~~40 Wall Street, 28th Floor New York, NY 10005, ecastillo@ncicit.com, 212-766-4333~~23 Public Square, Suite 250, Medina, OH 44256, gkelley@vestigeltd.com, 800-314-4357 x5432. Contemporaneously with the delivery of the Devices to the Forensic Expert, Etra and/or his counsel shall deliver to Benthos, electronically through Benthos's counsel (~~spopofsky@kkwc.com~~spopofsky@kkwc.com and abenintendi@kkwc.com), and to the Forensic Expert (and to the Court, by filing and/or e-mail as the Court may direct), a list under penalty of perjury identifying all accounts – including, but not limited to, e-mail accounts (including web-based e-mail accounts); accounts (including web- or cloud-based) relating to any document management services, such as (by way of example only) Dropbox or iCloud; and accounts related to any messaging services, such as (by way of example only) WhatsApp, Facebook Messenger, instant messages, etc. – that Etra has used since August 12, 2020 (the "Media"), stating whether he presently has the ability to access those accounts (if given access to his Devices), and if not, stating the reasons why that is so. To the extent information contained in any of Etra's accounts or Media is not stored on the Devices, Etra shall at the same time provide to the Forensic Expert and to Benthos (and to the Court as set forth above) the information necessary to access and image his accounts and Media. If any usernames, passwords or other information are required to access any electronically-stored information on any Device or Media (including Etra's Apple ID and iPhone password or equivalent), Etra shall provide such information to the Forensic Expert at the time the aforementioned list is provided, or upon request.

2. Before beginning any work on the Devices and Media, the Forensic Expert will utilize a hardware write block device on the Devices and Media to protect the integrity of the existing data (or other techniques standard in the industry to protect the integrity of data).

3. The Forensic Expert will create full forensic images of each Device and Media/account (the "Etra Images"). The forensic images of each shall include, to

the extent possible, allocated, unallocated, and host protected areas. As part of the creation of the forensic images, the Forensic Expert will record on a log, where applicable: (1) the date and time at which the Device or Media was provided for forensic imaging and the date and time at which the Device or Media was imaged; (2) the time set in the BIOS or system clock at the time of imaging; (3) the "boot order" recorded in the BIOS of the Device or Media at the time of imaging; (4) the make, model, and serial number of the Device; (5) the username associated with any Media; (6) any identifying marks or labels on any Device or Media; (7) the tool and/or method used to create the forensic images; and (8) MD5 and SHA-I hash values of the data collected from the Device or Media.

4. ~~The Forensic Expert will perform a forensic analysis of the Etra Images to identify any evidence that relates to the integrity, authenticity, and completeness of the data held on the Etra Images. The Forensic Expert will then conduct a forensic examination of the contents of the Etra Images to review activity involving the creation, downloading, transfer, deletion, obfuscation, or destruction of any files from August 12, 2020 forward. The Forensic Expert will also attempt to recover any and all files that were transferred, deleted, obfuscated, or destroyed since August 12, 2020, and examine those files per the procedures set forth herein.~~

4. ~~5.~~ The Forensic Expert will develop a "Content Report" listing all ~~files and names of relevant individuals~~ user generated content contained on the Etra Images, including any ~~files~~ content stored ~~and associated names of relevant individuals~~ in the Cloud (Apple iCloud, Dropbox, etc.). The ~~Report also will address, to the extent technically feasible and ascertainable, the activities and events involving deletion, obfuscation, destruction, damage, or transfer of any files or other material from August 2020 forward.~~ report will contain the following information where applicable:

    a. Unique Identifier

    b. Source of file or email (Device)

    c. MD5 hash of file or email

    d. Filename

    e. File path

    f. File system dates (created, last written, last access, MFT entry modified)

2

      g. File size

      h. File status, active or deleted

      i. Sender of email

      j. Email recipient(s)

      k. Email subject

      l. Email sent/received date

      m. Location of email in mailbox

      n. Names of attachments to email

5. ~~6.~~ The Report shall be filed by Benthos and delivered to Etra and his counsel. Etra shall have five business days from his counsel's receipt of the Report to deliver to his counsel a writing lodging any claims of privilege over any particular contents contained on his Devices or in his Media (the "Privilege Assertions"). Such Privilege Assertions shall state in full Etra's factual and legal justification for any claims of privilege. His counsel shall promptly file the Privilege Assertions.

6. ~~7.~~ Five business days after the filing of the Privilege Assertions, Benthos shall file a response challenging any of Etra's claims of privilege.

7. ~~8.~~ Within five business days following the Court's ruling on the validity of the Privilege Assertions, the Forensic Expert shall make available to Benthos, through its counsel, ~~an image~~ a copy of the contents of Etra's Devices and Media, ~~having first deleted from such image~~ excluding any contents as to which the Court may have sustained any claim of privilege (the "Non-Privileged Image"). The original image shall remain in possession of the Forensic Expert but shall not be provided to Benthos except by court order.

8. ~~9.~~ Upon delivery of the Non-Privileged image to Benthos, the Forensic Expert shall return the Devices to Etra's counsel. Etra's counsel shall not return to Etra, nor provide Etra with access to, the Devices unless and until so ordered by the Court. Benthos shall be given a reasonable opportunity to be heard prior to Etra receiving the return of, or access to, the Devices.

9. If requested, the Forensic Expert will perform a forensic analysis of the Etra Images to identify any evidence that relates to the integrity, authenticity, and completeness of the data held on the Etra Images. The Forensic Expert will then

conduct a forensic examination of the contents of the Etra Images to review activity involving the creation, downloading, transfer, deletion, obfuscation, or destruction of any files from August 12, 2020 forward. The Forensic Expert will also attempt to recover any and all files that were transferred, deleted, obfuscated, or destroyed since August 12, 2020, and examine those files per the procedures set forth herein.

---

Any response to Petitioner's proposed changes to the forensic protocol is due not later than **Monday, August 28, 2023**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Etra and to note the mailing on the docket.

SO ORDERED.

*[signature]* 08/18/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

12355237.2 - 08/16/23