

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/28/2023

Aaron Etra[1]
Reg. No. 36170-510
MDC Brooklyn
80 29th Street
Brooklyn, NY 11232

August 28, 2023

<u>VIA ECF</u>

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

      Re: *Benthos Masters Fund, LTD. V. Aaron Etra*, 20-cv-3384 (VEC)

Dear Judge Caproni,

      I object strongly to the appointment of a proposed forensic expert (from their name, it is unclear if it is a company or individual and their qualifications which need to be stated and subject to vetting) in Ohio, outside the Southern District of New York, where there are many qualified experts. In addition to the risk of loss and damage, from shipping and mishandling outlined in my responses to the proposed Protocol below, the parties are entitled to require the expert to be subject to the direct control and supervision of Your Honor on all aspects of the forensic work and compliance with the Protocol and compliance with Your Honor's instructions as well as meeting my concerns (set forth below).

      Therefore, I respectfully request Your Honor to order Mr. Popofsky to propose a forensic expert within the Southern District of New York only and to include their qualifications for vetting by Your Honor and myself as well as their being ready, willing and able to meet my concerns as set forth below. Your Honor, please further order that a hearting not take place until Mr. Popofsky has done so and that the hearing scheduled for August 29th be cancelled and the cancellation be notified to the parties.

      Here on my additional comments on the redrafted Protocol:

1. The expertise can and should be done in New York. Sending the equipment to Ohio is highly undesirable. It subjects the equipment to risk of loss and

---

[1] The contents of this letter are submitted via assigned counsel on incarceration issues, Daniel McGuinness, and are reproduced below with edits only to formatting and spelling.

    damage of transit. Any expense should be for Benthos involved in sending and having it returned.

2. The timelines are totally unrealistic. Whether incarcerated or not, I can only deal with small amounts of large print material at a time, not on computer screens, and realistic timing for getting this to me by approved and applicable mail, time for me to have to review what is received in the limited periods I have with my eye condition at any one time, to consult with advisors on privilege and to convey responses, all of which need to recognize the limited time I can put to this work at any one time, all need to be provided for.

3. There is no reason not to have the equipment not directly returned to me after the forensic expert has done its work.

4. There should be explicit constraints written into the protocol on the expert and Benthos as to keeping the material confidential and undamaged, uncorrupted, uncomingled, uncirculated and viewed only by named persons who must commit personally to these conditions in sworn writing etc. and as to what they must do with what they have at the end of the procedure or the settlement of the matter, whichever comes first.

                                            Respectfully Submitted,

                                            /s/
                                            Aaron Etra

Cc: All counsel (via ECF)

---

The conference scheduled for Tuesday, August 29, 2023, at 11:00 A.M. will take place as scheduled. The parties will have the opportunity to discuss Mr. Etra's objections to Benthos's proposed protocol at the hearing.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Etra and to note the mailing on the docket.

SO ORDERED.

*[signature]* 08/28/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE