```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/29/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                        Petitioner,

          -against-

AARON ETRA,

                        Respondent.

20-CV-3384 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on December 14, 2022, the Court held Respondent Aaron Etra ("Etra") in civil contempt and ordered his incarceration until (1) he produces all documents that he has previously been ordered to provide, all of which are readily obtainable, as set forth in the Court's December 20, 2022 order (the "Contempt Order") and (2) he pays Petitioner Benthos Master Fund, Ltd. ("Petitioner") $145,718.49, an obligation that will be reduced if Etra demonstrates an inability to pay that sum or that any of the items that make up that sum are exempt from Petitioner's restraining notice (the "Restraining Notice")[1]; see Contempt Order, Dkt. 260;

       WHEREAS on December 14, 2022, the Court ordered Etra to submit his laptop computer and cellphones (the "Devices") to Petitioner Benthos Master Fund, Ltd. ("Benthos") to conduct a forensic examination, see Order, Dkt. 263;

       WHEREAS on July 5, 2023, the Court granted in part and denied in part Etra's request to exclude from the scope of the Contempt Order the production of certain documents and

---

[1]     This obligation represents the sum of all amounts known to have been deposited into a personal bank account of Etra from August 27, 2020, onward that were not obviously exempt from the Restraining Notice; the Court increased this sum after previously-undisclosed bank records revealed further noncompliance with the Restraining Notice. See Orders, Dkts. 259, 286.

1

information based on his Fifth Amendment privilege (the "Fifth Amendment Order"), *see* Fifth Amendment Order, Dkt. 337;

WHEREAS the Fifth Amendment Order denied certain of Etra's requests without prejudice to Etra making a particularized showing, *in camera*, that certain responsive information or records would tend to incriminate him, *see id.* at 38–39;

WHEREAS on July 29, 2023, Etra filed a motion for release from custody in light of his purported substantial compliance with the Contempt Order and with the Fifth Amendment Order, and in light of his purported inability to pay Benthos, *see* Not. of Mot., Dkt. 344; and

WHEREAS on August 29, 2023, the parties appeared for a status conference (the "Conference");

IT IS HEREBY ORDERED that for the reasons stated at the Conference, Etra's motion to be released from custody is DENIED without prejudice. Etra has made no effort to produce (1) an accounting of all funds he received from legal, paymaster, escrow-related or other services from August 1, 2017, to the present; (2) complete and final escrow agreements for the 41 clients that have been identified; (3) communications regarding his finances and Petitioner's judgment from August 13, 2020, through December 14, 2022; (4) documents concerning his legal, paymaster, escrow-related or other services from August 1, 2017, through the present; and (5) a list of all financial accounts from August 1, 2017, through August 2, 2022. *See* Order, Dkt. 360; Etra Reply, Dkt. 370. Any renewed motion for release from custody must (1) address all of the documents and information Etra was ordered to produce; and (2) produce evidence that the balance in Etra's M&T -7045 IOLA account belongs to a client rather than to Etra.

2

To the extent Etra seeks to make filings *in camera* in support of a renewed request to exclude from the scope of the Contempt Order the production of certain documents and information based on his Fifth Amendment privilege, the Court would grant him immunity with respect to those filings, coextensive with the immunity provided by the Supreme Court in *Simmons v. United States*, 390 U.S. 377 (1968).  *See Estate of Fisher v. C.I.R.*, 905 F.2d 645, 648–51 (2d Cir. 1990) (concluding that a tax court abused its discretion by refusing to allow a taxpayer to substantiate his claims of Fifth Amendment privilege *in camera*; a court "must ensure that a witness' right against self-incrimination is adequately protected, whether by *in camera* review or by grant of use immunity"); *AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 96-CV-9056 (JGK), 1999 WL 970402, at *8–9 (S.D.N.Y. Oct. 25, 1999) (concluding that a magistrate judge reasonably gave individuals "at least two opportunities to make any *in camera* submissions in order to establish the basis for invoking the privilege against self-incrimination"); *cf. United States v. Davis,* 958 F.2d 47, 49 n. 4 (4th Cir.1992) (noting that the district court "avoided any serious Fifth Amendment challenge by conducting an *ex parte* examination of [the defendant] and informing him that the stenographic copy of his answers would be sealed"); *United States v. Gravatt*, 868 F.2d 585, 590–91 (3d Cir. 1989) (concluding that a trial court "may grant use immunity to [a] defendant's testimony" at a hearing regarding the defendant's entitlement to appointed counsel to prevent compelled self-incrimination).[2]

IT IS FURTHER ORDERED that for the reasons stated at the Conference, not later than **Friday, September 15, 2023**, Etra must produce to his counsel Daniel McGuinness the

---

[2] To the extent Etra's counsel understood the Court to say otherwise at the August 29, 2023, hearing, this Order controls.  The Court also notes that, in any event, the forensic examination of Etra's Devices is not subject to Fifth Amendment privilege for the reasons discussed in the Fifth Amendment Order.  *See* Fifth Amendment Order, Dkt. 337, at 34–37.

passwords required to unlock his laptop computer and telephone(s) and a list of his on-line accounts with usernames and passwords for the forensic examination of his Devices.

IT IS FURTHER ORDERED that for the reasons stated at the Conference, not later than **Monday, October 2, 2023**, Benthos must file a status update regarding the forensic examination and its availability for a follow-up status conference.

IT IS FURTHER ORDERED that for the reasons stated at the Conference, not later than **Friday, September 8, 2023**, Benthos must provide not more than three business references for its proposed forensic examiner, Greg Kelley, to Etra.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this Order to Etra, Reg. No. 36170-510, MDC-Brooklyn, P.O. Box 329002, Brooklyn, NY 11232, and to note the mailing on the public docket. The Clerk of Court is further directed to close the open motion at Docket Entry 344.

**SO ORDERED.**

Date:  August 29, 2023
      New York, New York

                                           **VALERIE CAPRONI**
                                           **United States District Judge**