USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                Petitioner,

    -against-

AARON ETRA,

                Respondent.

20-CV-3384 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on December 14, 2022, the Court held Respondent Aaron Etra ("Etra") in civil contempt and ordered his incarceration until (1) he produces all documents that he has previously been ordered to provide, all of which are readily obtainable, as set forth in the Court's December 20, 2022 order (the "Contempt Order") and (2) he pays Petitioner Benthos Master Fund, Ltd. ("Petitioner") $145,718.49, an obligation that will be reduced if Etra demonstrates an inability to pay that sum or that any of the items that make up that sum are exempt from Petitioner's restraining notice (the "Restraining Notice")[1]; *see* Contempt Order, Dkt. 260;

    WHEREAS on July 5, 2023, the Court granted in part and denied in part Etra's request to exclude from the scope of the Contempt Order the production of certain documents and information based on his Fifth Amendment privilege (the "Fifth Amendment Order"), *see* Fifth Amendment Order, Dkt. 337;

---

[1] This obligation represents the sum of all amounts known to have been deposited into a personal bank account of Etra from August 27, 2020, onward that were not obviously exempt from the Restraining Notice; the Court increased this sum after previously-undisclosed bank records revealed further noncompliance with the Restraining Notice. *See* Orders, Dkts. 259, 286.

1

WHEREAS on July 29, 2023, Etra filed a motion for release from custody in light of his purported substantial compliance with the Contempt Order and with the Fifth Amendment Order, and in light of his purported inability to pay Petitioner $145,718.49, see Not. of Mot., Dkt. 344;

WHEREAS Etra indicated in support of his motion that he stopped receiving social security benefits due to his incarceration "this past spring" without disclosing how he spent his social security benefits while incarcerated or why he did not use such benefits to cure his contempt, see Reply Mem., Dkt. 370[2];

WHEREAS on August 29, 2023, the parties appeared for a status conference (the "Conference");

WHEREAS at the Conference, Etra's counsel requested further guidance regarding how Etra can establish inability to pay $145,718.49 to cure his contempt; and

WHEREAS on August 29, 2023, the Court denied Etra's motion for release on the grounds that Etra failed to produce certain documents and information, see Order, Dkt. 371;

IT IS HEREBY ORDERED that one way that Etra could provide evidence (beyond his own say-so) of his inability to pay $145,718.49 to cure his contempt would be for him to produce credit reports from Experian, TransUnion, and Equifax reflecting his past and current accounts so Petitioner and the Court can confirm that he has, in fact, produced records from all of the financial institutions in which he holds or held funds.

IT IS FURTHER ORDERED that any renewed motion for release should explain how Etra spent the social security payments he received while incarcerated and why he opted not to use those payments at least partially to cure his contempt.

---

[2] Although Etra's social security benefits are exempt from the Restraining Notice, they could have been used at least partially to satisfy the Contempt Order while Etra was incarcerated and purportedly did not pay rent.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this Order to Etra, Reg. No. 36170-510, MDC-Brooklyn, P.O. Box 329002, Brooklyn, NY 11232, and to note the mailing on the public docket.

**SO ORDERED.**

Date: August 29, 2023
New York, New York

**VALERIE CAPRONI**
**United States District Judge**