

**Steven R. Popofsky**
*E-Mail: spopofsky@kkwc.com*
*Direct Dial: 212.880.9882*

September 27, 2023

**VIA ECF**

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

      Re:    **Benthos v. Etra, 20-CV-3384**

Dear Judge Caproni:

      I write on behalf of Benthos to object to Mr. Etra's latest stalling maneuvers. A month ago, Your Honor ordered Mr. Etra to "produce to his counsel . . . the passwords required to unlock his laptop computer and telephone(s) and a list of his on-line accounts with usernames and passwords . . ." (Dkt. 371 at 3-4), by "not later than **Friday, September 15, 2023.**"

      Counsel did not do so, but three days later, he informed the Court that he had "a working passcode to [Mr. Etra's] phone . . . but has not been able to obtain his other passwords" (Dkt. 378). Later that day, September 18, the Court ordered:

> As set forth in the Court's August 29, 2023, order at Dkt. 371, Etra was
> required to produce to his counsel the passwords that unlock his laptop
> computer, telephone(s), and on-line accounts. On or before **Wednesday,
> September 27, 2023**, Mr. McGuinness should file a letter with the Court
> stating whether Mr. Etra has provided him a complete list of user names
> and passwords for his laptop and all on-line accounts. The Court will
> promptly enter a forensic protocol once Etra produces his passwords and
> a list of on-line accounts with user names and passwords to Mr. McGuinness.

A week ago (September 20), counsel informed the undersigned that he had the password to Mr. Etra's laptop.[1] I responded by inquiring – on the 20th, again on the 21st, and again on the 22nd – whether counsel is "holding any of his devices apart from his phone and laptop" and by reminding him that "Dkt. 371 set forth additional requirements that Mr. Etra was required to provide to you"; and on the 22nd I asked him to "[p]lease file the required letter as soon as possible to avoid further delay."

---

[1] Counsel has provided us with both passwords, but since he still has the devices, and our forensic expert cannot begin work until authorized by the Court in any event, transmitting the passwords to us does nothing to move the process forward.



Hon. Valerie Caproni
September 27, 2023
Page 2

    Not only has Mr. Etra not complied with Dkt. 371 or Dkt. 378, and not only did he have his lawyer delay writing to the Court for a full week after he providing the lawyer with the only information he appears to have provided (and not only has the lawyer ignored my three requests to state whether he is holding any additional electronic devices), but only now is Mr. Etra asking the Court for "additional instruction and clarification" as to what is required. The Court's orders were quite clear, and the circumstances suggest that Mr. Etra is only pretending not to understand what is required, but if he honestly did need any clarification, he should have inquired weeks ago.

    He is continuing to play games with this Court, and continuing to deprive Benthos of the ability to conduct the forensic examination that the Court ordered many months ago. Accordingly, we respectfully request that – in addition to whatever the Court may "clarif[y]" and/or order Mr. Etra to provide – the Court (i) direct his counsel to immediately turn over to the forensic expert whatever devices of Mr. Etra's he may be holding, and (ii) enter at least an interim forensic protocol authorizing the expert to immediately begin work on those devices.

    Thank you.

Respectfully yours,

Steven R. Popofsky

cc:   Daniel McGuinness (via ECF and e-mail)
       Aaron Etra (per Dkt. 263 n.2)
       Marc Sklar (via e-mail)