

**Steven R. Popofsky**
E-Mail: spopofsky@kkwc.com
Direct Dial: 212.880.9882

October 30, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2023

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

Re: **Benthos v. Etra, 20-CV-3384**

Dear Judge Caproni:

I write on behalf of Benthos in connection with the previously-ordered forensic examination of Mr. Etra's electronic devices.

Both Mr. Etra's counsel and the Court have now received the "Complete Etra Images" (as defined in para. 4 of the Forensic Protocol at Dkt. 383) for Mr. Etra's laptop and cellphone. This firm and Mr. Etra's counsel have also received the "Content Report" (id.; para. 5) for the laptop. We have been advised by the expert that generating a Content Report for the cellphone is proving extraordinarily difficult and time-consuming due to the volume and nature of the text messages: There are over 400,000 messages in almost 10,000 conversations across multiple messaging applications, and there are several messages with literally hundreds of participants (rendering preparation of a useful Excel spreadsheet extremely difficult given the available tool for exporting messages).

Accordingly, we respectfully request that the procedure set forth in Dkt. 383 for assertion and adjudication of privilege claims be initiated at this time for Mr. Etra's laptop only. Our review of the Content Report for that device alone has revealed a number of leads that are highly likely to aid in judgment enforcement, including relating to the enduring mystery of how Mr. Etra was funding his lavish lifestyle and international travel while not showing corresponding sources of income. By way of examples only, it appears that Mr. Etra has or had cryptocurrency assets; that he has or had additional and undisclosed European bank accounts; that he was obtaining new and undisclosed credit cards very shortly before his unexpected incarceration; that he may have had undisclosed assets in one or more Paypal accounts; that he was communicating with Helmut Allesch about funds transfers unrelated to the one communication with Mr. Allesch previously identified; that he was communicating with at least one private wealth financial advisor; that he was seeking to take out a personal loan a few months before his incarceration; that he was exchanging banking information with Mel Dussel (the business colleague who has been identified as a source of funds for the illusory settlement of the judgment); that he has been exchanging funds into and/or out of Asia; that he was in regular communication with Tracy Evans, the convicted felon and Etra confederate with whom he engaged in the underlying Bitcoin



Hon. Valerie Caproni
October 30, 2023
Page 2

scam against Benthos; and that he was purporting to engage in another transaction said to involve billions of dollars.[1]

Virtually all of the materials on Mr. Etra's laptop cannot conceivably be privileged. For one thing, Mr. Etra himself repeatedly has represented to various jurists that he does not practice law, and everything we have learned thus far indicates that he has been functioning in a business capacity only – and hence was not providing legal advice.

Nonetheless, we understand and respect that the Court will allow him to make claims of privilege before permitting the contents of his device(s) to be viewed by Benthos. Based on the documented history, the Court can have little doubt that Mr. Etra – *pro se* and obviously not feeling constrained by Rule 11 – will assert massively overbroad and untenable privilege assertions in an attempt to delay the day of such viewing. Accordingly, we urge the Court to expedite this process to the extent feasible. (Benthos is entitled to this information at long last, and of course evidence becomes increasingly stale the longer we are unable to follow up on the information we will learn.)

Pursuant to para. 6a of Dkt. 383 and for the reasons set forth above, Benthos requests the earliest available conference on either November 1 or anytime between November 6 and 9. (We are hoping it will not be necessary to provide later availability but will of course do so if directed.)

We thank Your Honor for your continuing attention to this matter.

Respectfully submitted,

*[signature]*

Steven R. Popofsky

cc: Daniel McGuinness (via ECF and e-mail)
     Aaron Etra (per Dkt. 263 n.2)
     Marc Sklar (via e-mail)

---

[1] To be clear, we cannot be certain about any or all of the foregoing, as we are operating off essentially only "to," "from" and "subject" lines of e-mails. However, experience with Mr. Etra has taught that where there is smoke, there is likely fire, and the entries described above, among other things, make it all the more imperative to proceed as quickly as possible to reviewing actual contents rather than mere listings.

A status conference regarding privilege assertions over documents found on Mr. Etra's laptop will be held on **Thursday, November 9, 2023, at 3:30 P.M.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

As noted in the Court's Order setting a forensic protocol, Dkt. 383 at 4, Mr. Etra must be prepared to agree to a date by which he will submit any claim of privilege.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Etra and to note the mailing on the docket.

SO ORDERED.

*[signature: Valerie Caproni]*    10/30/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE