USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                Petitioner,

    -against-

AARON ETRA,

                Respondent.

20-CV-3384 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on August 29, 2023, the Court denied without prejudice Etra's motion for release from custody, *see* Order, Dkt. 371;

    WHEREAS on September 18, 2023, Etra appealed the August 29 Order, *see* Not. of Appeal, Dkt. 377;

    WHEREAS the Second Circuit remanded for this Court to consider "whether the contempt sanction continues to be coercive or, having lost its coercive effect, has become punitive," *see* Order and Mandate, Dkts. 409-10;

    WHEREAS the Second Circuit further said that "the district court may wish to consider expanding [Etra's] CJA representation so that he will have counsel with respect to the issues of compliance with the court's orders, in light of his extended incarceration," *Id.*;

    WHEREAS on November 30, 2023, the Court held a hearing to address whether the continued incarceration of Etra is coercive and whether the appointment of Mr. Daniel McGuinness should be expanded to include representation with respect to compliance with the underlying orders (the "Hearing"); and

    WHEREAS incarceration is no longer coercive when it is "unavailing," meaning that "under all the circumstances the contemnor has shown that there is no realistic possibility that his

1

continued confinement will have a coercive effect upon him." *Simkin v. United States*, 715 F.2d 34, 39 (2d Cir. 1983).

IT IS HEREBY ORDERED that, for the reasons stated at the Hearing, Etra's continued incarceration is coercive. Since he was incarcerated on December 14, 2022, Etra has produced financial account information on February 14, 2023, in early March 2023, on July 29, 2023, and on August 8, 2023. *See* Dkts. 282, 299, 347, 357. Following those productions, he has apparently complied with the Court's orders regarding the forensic examination of his electronic devices, providing passwords and account information on September 27, 2023, and October 2, 2023. He has never stated or suggested that he is refusing to comply or that he will never comply with the orders and has, instead, repeatedly indicated at conferences and in filings that he wants to comply with the orders, despite difficulties he faces at MDC. *See, e.g.*, Conference Tr., Dkt. 414 at 3-4 ("I'm not trying to avoid. I'm not trying to delay. . . . I implore your Honor to let me be in a position where I can do compliance."). Given Etra's history of production while incarcerated and his stated intention to comply with the Court's orders, the Court specifically finds that continued incarceration is not "unavailing" and, to the contrary, there is a realistic possibility that continued confinement will have a coercive effect upon him. *Simkin*, 715 F.2d at 39. This finding is without prejudice to Etra filing a renewed motion for release as described below.

IT IS FURTHER ORDERED that the appointment of Mr. McGuinness is expanded to cover all matters, including compliance with the underlying orders, compliance with the forensic protocol, and settlement.

IT IS FURTHER ORDERED that the appointment of Mr. Benjamin Silverman, who was appointed to represent Etra on appeal before the Second Circuit, is extended to include upcoming

briefing related to whether any of the outstanding items as to which Etra has been held in contempt raise legitimate Fifth Amendment privilege concerns; after Mr. Silverman completes his efforts with respect to that issue, he is relieved.

IT IS FURTHER ORDERED that, if the Court discovers that Etra has financial resources available to him, the Court will order him to repay the Government the cost of the lawyers who have been appointed to represent him.

IT IS FURTHER ORDERED that Etra's deadline to file a renewed motion for release from custody is **Monday, December 4, 2023**. The motion should include a discussion of whether continued incarceration is coercive and whether compelling Etra to respond to one or more of the outstanding production requests would violate his Fifth Amendment right against compelled self-incrimination. The deadline for Benthos to respond is **Monday, December 11, 2023**. The deadline for Etra to file a reply is **Wednesday, December 13, 2023**.

IT IS FURTHER ORDERED that Etra's filings in support of his renewed motion for release from custody must include a discussion of the following: (1) Etra's living arrangements if released from custody and whether conditions of release, such as house arrest, are practicable; (2) whether Etra has a third child and, if so, why he should not be compelled to produce contact information regarding that child; and (3) whether an account was ever opened at Aegis Capital Corp. To the extent that this information raises confidentiality concerns, Etra may move to file any confidential material under seal. He is directed to the Court's Individual Practices 5B for the procedure to be followed.

IT IS FURTHER ORDERED that, following Etra's acknowledgment at the Hearing that materials contained in the following two email accounts are not subject to any claim of attorney-client privilege and his waiver of any work product privilege that may exist, the forensic expert

is ordered promptly to produce to Benthos all emails sent to or received from service@paypal.com and help@tryairwallet.com.

IT IS FURTHER ORDERED that, no later than **Monday, December 11, 2023**, Benthos must file a letter via ECF, indicating whether the forensic expert Vestige Digital Investigations has access to the email account aaron@etra.com.

IT IS FURTHER ORDERED that no later than **Monday, December 11, 2023**, Etra, through counsel, must notify the Court whether he continues to assert that he had an attorney-client relationship with any of the holders of the email addresses listed in the Court's Order dated November 16, 2023 (hereafter "Putative Clients"). While the Court will, upon a reasonable request, extend that deadline for Putative Clients other than Tracie Evans and Helmut Allesch, the deadline is a firm deadline as to Ms. Evans and Mr. Allesch. If Etra continues to assert that he had an attorney-client relationship with any of the Putative Clients after August 2017, including Evans and Allesch, he must provide sufficient factual information to support that claim. The deadline for Benthos to respond, if it chooses to do so, is **Monday, December 18, 2023**. The deadline for Etra to file a reply is **two business days** after any response from Benthos.

IT IS FURTHER ORDERED that all other deadlines previously set, including Etra's January 2, 2024, deadline to make additional privilege asserts, remain in force.

**SO ORDERED.**

Date: **November 30, 2023**
New York, New York

_____
VALERIE CAPRONI
United States District Judge