**MEMO ENDORSED** Case 1:20-cv-03384-VEC-KHP   Document 422   Filed 12/01/23   Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___12/1/2023___



**Steven R. Popofsky**
*E-Mail: spopofsky@kkwc.com*
*Direct Dial: 212.880.9882*

December 1, 2023

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

    Re: **Benthos v. Etra, 20-CV-3384**

Dear Judge Caproni:

  I write in response to the letter of last night from Mr. Etra's counsel. Mr. McGuinness wrote to me yesterday purporting to instruct (not "request[]") that we "cease reviewing documents" in the folder in which the one e-mail involving Ms. Gallicchio was located. I responded that "The e-mail is attached. As I stated in court, I looked only at the subject line and will not review the e-mail nor will I forward it to my clients. You have no authority to instruct me what to review or not review; I am governed by, and will comply with, the Court's order set forth in Dkt. 408 (and particularly, in this respect, the first paragraph on page 3 of that order[1])."

  As Your Honor is aware, on November 16th Mr. Etra made several "bald-faced lies" to the Court – claiming to have represented as counsel virtually every person and entity with whom he came in contact in recent years – in a transparent attempt to yet further delay Benthos's review of documents that should have been produced long, long ago. As a result of those frivolous assertions, Benthos was given access to only a tiny fraction of the material on Mr. Etra's laptop. Now, because one short e-mail was noticed – nothing else privileged has remotely been seen – and was promptly reported, segregated and not read, all in precise accordance with this Court's order – counsel seeks to have us "cease reviewing" the very limited documents we have thus far received.

  There was no reasonable basis for that instruction. There is no basis to believe there are any other privileged documents in the material provided, and if anything else is encountered we will continue to comply scrupulously with the Court's order. The tail should not wag the dog here – Mr. Etra has been egregiously stalling production of documents for months (actually for years), and he was given yet more free legal assistance in order to facilitate compliance, not further obstruct it. The Court's order at Dkt. 408 should be deemed sufficient.

---

[1] ". . . all documents produced to Benthos are subject to clawback for privilege . . . [and] if Benthos obtains any document that appears to be privileged or possibly privileged, Benthos must immediately segregate that document, refrain from any further examination or disclosure of such document, and immediately notify the Court and Etra."



Hon. Valerie Caproni
December 1, 2023
Page 2

                                                  Respectfully submitted,

                                                  Steven R. Popofsky

cc:   Daniel McGuinness (via ECF and e-mail)

The Court, having considered Etra's letter, Dkt. 418, and Benthos' response, Dkt. 420, orders Benthos to file, by no later than **Monday, December 4, 2023**, a letter via ECF indicating the folder in which it discovered the potentially privileged communication with Ms. Gallichio.

Benthos must pause reviewing documents from the folder in which the potentially privileged document was found until Mr. McGuinness conducts a privilege review and the Court rules on any privilege assertions made. Mr. McGuinness must promptly review the contents of the folder and assert any claim of privilege by **Monday, December 11, 2023**.

The Clerk of Court is respectfully directed to terminate the open motion at Docket Entry 418.

  SO ORDERED.

12/1/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE