# Law Offices of
# Daniel A. McGuinness, P.C.
353 Lexington Ave., Suite 900, New York, NY 10016
Tel: (646) 360-0436 • Fax (888) 679-0585 • Dan@LegalMCG.com

December 4, 2023

<u>VIA ECF</u>

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

     Re: *Benthos Masters Fund, LTD. V. Aaron Etra*, 20-cv-3384 (VEC)

Dear Judge Caproni,

     I represent Aaron Etra in the above-captioned matter. I write to provide information regarding Mr. Etra's living arrangements if released from custody. As described below, Mr. Etra would have a stable residence in New York City if released. If the Court is not inclined to grant the relief sought in the motion filed earlier tonight (Dkt. 425), releasing Mr. Etra under less onerous conditions such as house arrest would be practicable.

     I am informed by Marc Sklar, that a friend, whose name, and phone number has been provided to me, has agreed to rent a room to Mr. Etra. The room is located inside 68 East 97th Street, Apt. #28, NY, NY 10029. I am further informed that the charge for the room would be $700/month, which Mr. Etra could pay out of his monthly social security benefit. I am informed that the individual renting the room of the apartment is aware of Mr. Etra's legal situation. I received this information earlier today and have not yet been able to connect with the individual to confirm the details but will update the Court when I am.

     Should the Court believe it is necessary, Mr. Etra could be subject to a curfew or home detention at this location with permission to leave only for visits to my office, court appearances, doctors visits, religious services, and necessary food shopping. To the extent any coercion on Mr. Etra is believed to be necessary, such a situation would exert tremendous pressure on him. It would also allow my work to progress far quicker, as Mr. Etra would be at my office as I worked towards compliance.

      Mr. Etra's materials are now in the hands of a third-party vendor. Except for the portion of materials that are actually privileged, they will be turned over to Petitioner. Benthos argues that Mr. Etra has over produced, and they should not have to sift through his materials for the ones they feel are valuable. It is true that simply turning over one's entire computer and phone is not an adequate response to a broad discovery demand (although it is difficult to understand why this wealth of digital information would not be welcome in a judgment collection suit). But the harshest possible coercive alternative – detention at the MDC – should not be applied to a case of overproduction.

      I thank the Court in advance for its attention to this matter.

Sincerely,

Daniel A. McGuinness

Cc:    All counsel (via ECF)
        Aaron Etra (via regular mail)