# LAW OFFICES OF
# DANIEL A. MCGUINNESS, P.C.

353 LEXINGTON AVE., SUITE 900, NEW YORK, NY 10016
TEL: (646) 360-0436 • FAX (888) 679-0585 • DAN@LEGALMCG.COM

December 11, 2023

<u>VIA ECF</u>

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

     Re: *Benthos Masters Fund, LTD. V. Aaron Etra*, 20-cv-3384 (VEC)

Dear Judge Caproni,

     I represent Aaron Etra in the above-captioned matter. I write to update the Court regarding the information subject to the Court's Orders of November 30, 2023 (Dkt. 417), December 1, 2023 (Dkt. 422), and December 4, 2023 (Dkt. 424). As stated herein, Mr. Etra has a stable residence suitable for whatever conditions the Court deems appropriate. As to the subject email accounts, to expedite the resolution of the matter, he does not assert attorney-client or work product privilege but respectfully requests that the Court enter an Order pursuant to Fed. R. Evid. 502(d) to note that disclosure is without prejudice to any assertion in any other state or federal matter. For the documents in Mr. Etra's "Personal" folder located on his laptop, the privilege documents have been identified and the parties have agreed on a process to remove them from review.

         A.        Attorney-Client Privilege and Work Product in Mr. Etra's Emails.

     Mr. Etra genuinely believes he had an attorney-client relationship with Helmut Allesch, Mel Dussel, Tracie Evans, Giorgio Johnson, and Paul Simms. Following a review of his emails within the relevant time period, however, he acknowledges that those communications do not appear to contain information subject to that privilege. Following advice of counsel, to expedite this process and avoid a privilege review period, he consents to the turnover of these documents but respectfully requests an Order stating that they are disclosed subject to a claw back and Fed. R. Evid. 502(d) Order to make clear that the disclosure is without prejudice to any an assertion of attorney-client or work product privilege in any other state or federal action.

Because Mr. Etra is not asserting privilege in this action as to his communications with these email addresses, I have not prepared a privilege log. I note the following for consideration as Petitioner reviews the documents subject to a claw back order. Many of the communications with Tracie Evans discuss and contain draft filings in this matter. These communications should be considered Mr. Etra's work product under Fed. R. Civ. Pro. 26(b)(3). His *pro se* status does not deprive him of the protections under that rule. *See Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-cv-3552 (KAM) (JO), 2012 U.S. 45738, at *8 (E.D.N.Y. Mar. 30, 2012)("The fact that [a party] is proceeding *pro se* does not diminish the protection afforded to her work product."); *Nielsen v. Society of New York Hospital*, No. 87 Civ. No. 8526 (RO), 1988 U.S. Dist. LEXIS 14115, at *5 (S.D.N.Y. Sept. 20, 1988). The fact that the materials were shared with Ms. Evans does not waive the privilege due to the common interest doctrine. Under that doctrine, the sharing of information between individuals does not waive privilege where those individuals share a common legal interest. *See e.g. Virginia L. Giuffre v. Dershowitz*, No. 19-cv-3377(LAP), 2022 U.S. Dist. LEXIS 84614, at *3-8 (S.D.N.Y. May 10, 2022). It is beyond dispute that Mr. Etra and Ms. Evans share a common legal interest as she was named as a co-respondent in the preceding action. *See Benthos Master Fund, Ltd. v. Etra*, 18-cv-9401(DAB) (listing as co-respondent "Jane Doe, a/k/a Tracie Evans"). As such, emails that are clearly sharing draft filings and discussing legal strategy should be considered privileged and not further reviewed once identified.

### B. Mr. Etra's Living Arrangements upon Release.

Following my letter to the Court dated December 4, 2023 (Dkt. 426), I have spoken to the renter of the room where Mr. Etra would reside if released. He confirmed the address was 68 East 97th Street but corrected that the Apartment number was 25, not 28. He further informed me that the apartment is a two-bedroom apartment, and that Mr. Etra would be renting one of the bedrooms for $700/month. He was generally aware of the circumstances of Mr. Etra's incarceration and is willing to allow inspection of the apartment as appropriate. He further informed me that he is 66-years-old and has no criminal record. This location would be suitable for Mr. Etra and any conditions of confinement would be practicable.

The apartment is located just a few subway stops from my office, and would allow Mr. Etra easy access to my office. A substantial amount of the compliance work will involve making online materials available offline to review with Mr. Etra. Working at my office and not requiring trips to and from the MDC will greatly accelerate that process.

    C.  **Work Performed since Appointment and Access to Materials**

  The Court expanded my appointment in this matter on November 30, 2023. Dkt. 417. My primary focus since that time has been complying with the deadline of today set forth in the Court's Orders with responses due today (Dkt. 417, 422, 424). I met with Mr. Etra for several hours over three visits to address these issues. As described below, I have not been able to access the contents of his laptop or phone, but have reviewed hundreds of his emails through his online accounts. Additionally, I have reviewed over a thousand documents from his "Personal" folder for privilege and conducted related research.

  As to Mr. Etra's laptop and phone, I promptly ordered a copy of the forensic image from the third-party vendor, Vestige Ltd. ("Vestige") and have received it. However, technical issues have prevented me from being able to access any of the materials. I am in communication with Vestige but have not received guidance as to how to access any of the materials. Earlier today, Vestige informed me that since they have generated forensic images of the devices, return of the devices would not present an issue for them to produce materials using the forensic images. Return of the devices will be the most expedient way to allow me to conduct a review of the materials, and it would not hinder the progression of the forensic protocol. I will move for an order permitting the return of the devices is a separate filing.

    D.  **Review of Documents in Mr. Etra's "PERSONAL" Folder.**

  The Court previously ordered disclosure of several of the folders on Mr. Etra's computer to be turned over to Petitioner subject to a claw back provision. One such folder was named, "PERSONAL." Petitioner identified an email from Mr. Etra's former assigned counsel in this matter, Amy Gallicchio. The Court subsequently ordered Petitioner to pause review on that folder and to permit my review of the folder for privileged materials. The folder contained 1,067 documents. In that folder, I have identified 102 documents as privileged materials and transmitted a privilege log to Petitioner. The parties have agreed to remove those documents from the production (less five documents that only require redactions) and agreed upon a procedure for doing so.

I thank the Court in advance for its continued attention to this matter.

Sincerely,

Daniel A. McGuinness

Cc: All counsel (via ECF)
Aaron Etra (via regular mail)