

Steven R. Popofsky<br>
E-Mail: spopofsky@kkwc.com<br>
Direct Dial: 212.880.9882

December 12, 2023

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

   Re: **<u>Benthos v. Etra, 20-CV-3384</u>**

Dear Judge Caproni:

  I write on behalf of Benthos in response to the two letters from Mr. Etra's counsel dated December 11, 2023 (Dkt. 430 and 431 respectively).

**<u>Dkt. 430 (E-mails and Privilege)</u>**

  As expected, counsel – who considers himself constrained by ethical rules, in contrast to his client – is unwilling to argue that Mr. Etra had an attorney-client relationship with the holders of the e-mail addresses identified in the Court's November 16, 2023 Order (Dkt. 408). Thus Benthos is entitled to an order directing the forensic expert to "produc[e] to Benthos . . . all emails sent to or from those addresses" (id. at p. 4).

  Curiously, however, counsel goes on to claim that Mr. Etra and Tracy Evans[1] "share a common legal interest" (Dkt. 430 at p. 2). The stated justification that "she was named as a co-respondent in the preceding action" (id.) is utterly unsupportable. Mr. Etra's legal interest in this proceeding, and vis-à-vis Benthos, involves solely judgment enforcement at this juncture, because Mr. Etra's legal liability for the underlying conduct that gave rise to the judgment was determined conclusively in the arbitration award rendered in 2020 and confirmed later that year by Judge Nathan. Ms. Evans has no "legal interest" in Mr. Etra's judgment enforcement status.

  In the Petition For Preliminary Injunctive Relief In Aid Of Arbitration that eventually culminated in the arbitration and ensuing judgment, Ms. Evans was indeed named as a co-respondent with Mr. Etra, because they both had participated in the underlying scam against Benthos and both were withholding information Benthos needed in order to locate the funds it had escrowed with Mr. Etra and to pursue its legal remedies. That Petition, attached hereto as Exhibit 1, set forth the underlying activity and the need for injunctive relief. The Order To Show Cause signed by Judge Castel (Exhibit 2) temporarily restrained the respondents from further

---

[1] Ms. Evans has told us in the past that her first name is correctly spelled "Tracy" but that she sometimes uses an e-mail address with the spelling "Tracie."



Hon. Valerie Caproni
December 12, 2023
Page 2

transferring "any portion of the $5 million previously deposited by Petitioner into Etra's IOLA account,"[2] and directed Mr. Etra and Ms. Evans to show cause why they should not be ordered to turn over various items of information and documents.

Nothing in the instant proceeding has anything to do with that. The sole issue here for the past three years has been Mr. Etra's compliance *vel non* with subpoenas and multiple court orders seeking to enforce those subpoenas. The fact that Ms. Evans was ordered, 5 years ago, to provide certain information to Benthos – an order with which she did substantially comply – does not give her any legal interest, much less a "common legal interest [with Mr. Etra]," in connection with Mr. Etra's continued defiance of those subpoenas and court orders.

Thus, a full year after the Court first ruled that there would be a forensic examination, Mr. Etra is continuing to obstruct, and impose burdens and conditions on, Benthos's long-delayed review of portions of his electronic devices. There is no basis for his counsel's suggestion that Benthos and its counsel must "identif[y]" e-mails in which Mr. Etra and Ms. Evans were "sharing [Mr. Etra's] draft filings and discussing legal strategy" and "not further review[] [them] once identified" (Dkt. 430 at p. 2). Mr. Etra previously hired two lawyers in connection with this proceeding (pre-judgment).[3] **He had money to fly to Europe a dozen times, and to live a "lavish" lifestyle in New York, while defending against Benthos's judgment enforcement during 2020-2022, but he made the conscious choice to "discuss[] legal strategy" with Ms. Evans, a non-lawyer, rather than retaining counsel**. That she evidently took on that role of informal advisor in no way, shape or form created a "common legal interest" between them, and as noted above the 2018 petition did not do so either.

Benthos respectfully requests an immediate order directing the forensic expert to produce to Benthos, at long last, all of Mr. Etra's e-mails exchanged with the addresses identified on page 3 of the Court's November 16, 2023 Order (Dkt. 408),[4] with no obligation upon Benthos to "identif[y]" or "not further review[]" any of those e-mails.

---

[2] The order unfortunately was mostly too late, as Mr. Etra already had transferred $4.6 million of Benthos's investors' money. He was refusing to return the remaining $400,000, which he returned only when Judge Batts threatened him with incarceration ("pack your toothbrush"; Dkt. 24-21 at p. 24).

[3] He does not appear to have paid them (not surprisingly). Mr. McGuinness found that some of those legal bills were contained in one of the folders recently produced, and we have agreed that portions of those bills will be redacted before the contents of that folder is re-produced to Benthos.

[4] The expert has not yet provided the e-mails with the two addresses Mr. Etra waived on November 30 because it will be less expensive to do one production of all nine addresses.



Hon. Valerie Caproni
December 12, 2023
Page 3

### Dkt. 431 (Forensic Devices To Counsel)

Benthos has no objection to Mr. Etra's laptop being sent to Mr. McGuinness, provided that (i) the last two sentences of paragraph 9 of the Forensic Protocol (Dkt. 383) remain in effect ("Etra's Counsel shall not return to Etra, nor provide Etra with access to, the Devices unless and until so ordered by the Court. Benthos shall be given a reasonable opportunity to be heard before Etra repossesses or accesses the Devices."); (ii) the laptop remains available to be returned to the expert in connection with paragraph 8 of the Forensic Protocol (analysis relating to potential deletion of material), if and when appropriate upon order of the Court; and (iii) any expense associated with the transmission to Mr. McGuinness is borne by Mr. Etra and not by Benthos.

We do not understand why Mr. McGuinness would need access to Mr. Etra's cellphone at this time, since the phone is not currently the subject of any work that is being done, or of any disputes (and he declined to provide any explanation), and appointed counsel should not be doing any unnecessary work. Nonetheless if the Court deems that appropriate we would have no objection subject to the conditions identified above.

      \*      \*      \*

We thank Your Honor for your continued intensive attention to this matter.

Respectfully submitted,

Steven R. Popofsky

cc: Daniel McGuinness (via ECF and e-mail)