# Law Offices of
# Daniel A. McGuinness, P.C.

353 Lexington Ave., Suite 900, New York, NY 10016
Tel: (646) 360-0436 • Fax (888) 679-0585 • Dan@LegalMcG.com

December 13, 2023

<u>VIA ECF</u>

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

      Re: *Benthos Masters Fund, LTD. V. Aaron Etra*, 20-cv-3384 (VEC)

Dear Judge Caproni,

      I represent Aaron Etra in the above-captioned matter. I write to respond to Petitioner's letter dated December 12, 2023 (Dkt. 432) regarding Respondent's earlier requests for a standard claw back provision to his documents (Dkt. 430) and return of Mr. Etra's devices (Dkt. 431).

      Since the expansion of my appointment, Respondent agreed to move forward with turning over Petitioner's preferred materials expeditiously. Counsel for Petitioner informed me verbally at the last conference that the most important materials were the emails from Helmut Allesch, Tracie Evans, and Mel Dussel. To expedite the delivery of materials, Mr. Etra agreed not to assert any privilege, including a review of the *pro se* work product shared with Ms. Evans, and allow them to be turned over subject to a standard claw back order. Dkt. 430. Respondent's conciliatory actions only lead to fresh complaints from Petitioner.

      Petitioner argues that Ms. Evans and Mr. Etra were previously named as co-respondents because "both participated in the underlying scam against Benthos" and the later concealment of information and funds. Yet, Petitioner somehow concludes that Ms. Evans and Mr. Etra do not share a common legal interest. Counsel for Petitioner offers no law in support of squaring that circle. Petitioner misunderstands the law to require be that parties must be actively named as co-litigants of an ongoing litigation to share a common legal interest. The common interest doctrine, as to work product, is far broader.

           Although the distinction between a common legal, as opposed to
           commercial, interest is somewhat murky, a common legal interest

has been defined as one in which the parties have been, or may potentially become, co-parties to a litigation, or have formed a coordinated legal strategy.

*Obeid v. Mack*, No. 14 Civ. 6498 (LTS) (HBP), 2016 U.S. Dist. LEXIS 170826, 2016 WL 7176653, at *3 (S.D.N.Y. Dec. 9, 2016) (quoting *In re Subpoena Duces Tecum Served on N.Y. Marine & Gen. Ins. Co.*, M 8-85 (MHD), 1997 U.S. Dist. LEXIS 14730, at *4 (S.D.N.Y. Sept. 26, 1997)). Courts in this district have even held that work product privilege is only waived when the materials are transmitted to a potential adversary. *See Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 341 F.R.D. 10, 16 (S.D.N.Y. 2022) ("[T]he 'common interest' analysis in the context of work product waiver is a means to determine whether the party receiving work product should be conceived of as an adversary or a conduit to a potential adversary.")(Orenstein, M.J.). It cannot be true that Ms. Evans and Mr. Etra "both participated in" a $5 Million "scam" and that they do not have a joint legal interest. The mere fact that they are being accused of such a conspiracy in court filings portends a future action in which they are co-parties.

Legal strategy and drafts of legal filings in this matter were shared with Ms. Evans by email. As the Court is aware, Mr. Etra's filings in this matter were full of statements as to his then-present financial condition and the underlying transactions. If any portion of what Petitioner claims is to be believed, Ms. Evans and Mr. Etra have a strong joint interest in how those facts are presented to the Court. Indeed, the fact that Petitioner has been on a years-long crusade touting those views is itself enough to create the prospect of a future action and a joint legal interest. Three emails demonstrating their joint interest and coordination of strategy are attached as Exhibit A for *in camera* review with the Court's prior approval. *See* Nov. 30, 2023 Tr. 65:20–66:4.

\*   \*   \*

As to the return of Mr. Etra's cellphone, Petitioner writes:

We do not understand why Mr. McGuinness would need access to Mr. Etra's cellphone at this time, since the phone is not currently the subject of any work that is being done, or of any disputes (and he declined to provide any explanation), and appointed counsel should not be doing any unnecessary work.

At the outset, counsel for Petitioner's statement that I "declined to provide any explanation" is a misrepresentation to the Court as I was never asked. Counsel's feigned ignorance that a review of the phone is necessary for compliance and his

Hon. Valerie Caproni
December 13, 2023
Page 3 of 3

objection to this simple request is unproductive. I concur wholeheartedly, however, that I should not be doing any unnecessary work. As such, I respectfully request that the Court endorse Petitioner's implicit waiver of any responsive materials on Mr. Etra's phone and appreciate such waiver as it spares me the time consuming task of reviewing the phone's contents for responsive communications.

    I thank the Court in advance for its continued attention to this matter.

Sincerely,

Daniel A. McGuinness

Cc:    All counsel (via ECF)
       Aaron Etra (via regular mail)

# EXHIBIT A

# REDACTED

# REDACTED

# REDACTED

# REDACTED