USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                        Petitioner,

        -against-

AARON ETRA,

                        Respondent.

20-CV-3384 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 14, 2022, the Court held Respondent Aaron Etra ("Respondent" or "Etra") in civil contempt ("Contempt Order") and ordered his incarceration until he produces all documents he was previously ordered to provide and until he pays Benthos $145,718.49, an undisputed sum of funds spent by Etra in violation of the Restraining Order of Petitioner Benthos Master Fund, Ltd. ("Petitioner" or "Benthos"), *see* Contempt Order, Dkt. 260; *see also* Order, Dkt. 286 (amount Etra must pay increased following discovery of previously-undisclosed bank accounts);

WHEREAS the Contempt Order also granted Benthos's request to conduct a forensic examination of Etra's electronic devices, *id.* at 37;

WHEREAS on March 28, 2023, Etra, for the first time in the three years that this proceeding had been pending, asserted that he has a Fifth Amendment privilege with respect to the act of production of (1) any funds and third party records he was ordered by the Court to produce to comply with Benthos's post-judgment subpoenas and to purge his contempt and (2) all records and information on his computer and cellphones, without specifying particular records or information as to which the act of production could be incriminating, *see* Order, Dkt. 307 at 1, 3;

1

WHEREAS on May 5, 2023, Etra filed a memorandum in support of his assertion that he has a Fifth Amendment right not to produce documents and information he was ordered to provide, *see* Memo., Dkt. 330, which the Court construed as a motion to exclude certain items from the scope of documents he must produce in order to purge his contempt, *see* Opinion and Order, Dkt. 337 at 2.

WHEREAS on July 5, 2023, the Court granted in part and denied in part Etra's motion to exclude from the scope of the Contempt Order certain documents and information based on his Fifth Amendment privilege ("July 5 Order"), *see* Opinion and Order, Dkt. 337;

WHEREAS on or about July 29, 2023, and August 8, 2023, Etra produced records responsive to the Contempt Order requirement that he produce monthly records from specified bank and credit card accounts, *see* Sklar Decls., Dkts. 347, 357; Contempt Order at 19-23;

WHEREAS the productions in July and August 2023 did not include records from any European Bank Accounts,[1] Contempt Order at 20, and it did not include a list of all financial accounts held by Etra from August 1, 2017, through August 2, 2022, *id*. at 26-27, as required by the Contempt Order;[2]

WHEREAS on September 28, 2023, the Court entered an order establishing the forensic protocol that would govern the examination of Etra's electronic devices, *see* Order, Dkt. 383;

WHEREAS the forensic protocol allows Etra the opportunity to make privilege assertions over any materials on his electronic devices before the materials are produced to Benthos, *see id.* ¶¶ 6-7;

---

[1] The July 5 Order excluded from the scope of the Contempt Order records associated with accounts at Sberbank and UniCredit but did not exclude any other European bank account Etra controls. July 5 Order at 26-27.

[2] The July 5 Order excluded from the scope of the Contempt Order any account into which funds from the scheme to steal Benthos's funds had been deposited. July 5 Order at 34.

WHEREAS Etra asserted that nearly all of the documents on his computer were protected by attorney-client privilege, *see, e.g.*, Hearing Tr., Dkt. 414 (claiming his emails with banks, credit card companies, retail stores, restaurants, universities, and more are all privileged);

WHEREAS on November 16, 2023, the Court ordered Etra to state whether he asserts that emails sent to or received from nine specified email addresses ("Specified Email Addresses") are or may privileged and, if so, to explain the nature of his attorney-client relationship with the person associated with the account, *see* Order, Dkt. 408;

WHEREAS on November 30, 2023, acting *pro se*, Etra repeated his prior representation that he had an attorney-client relationship with all but one of the persons associated with the Specified Email Addresses but provided only conclusory descriptions of the nature of the attorney-client relationships, Dkt. 435;

WHEREAS on November 30, 2023, at the suggestion of the Second Circuit, *see* Second Circuit Order, Dkt. 409 at 2 ("On remand, the district court may wish to consider expanding [Etra's] CJA representation so that he will have counsel with respect to the issues of compliance with the court's orders, in light of his extended incarceration."), the Court expanded the scope of appointed counsel's representation of Etra to cover all matters, including compliance with underlying orders and the forensic protocol, *see* Order, Dkt. 417;

WHEREAS on November 30, 2023, the Court ordered Etra, now through counsel, to notify the Court by December 11, 2023, whether he continues to assert that he had an attorney-client relationship with any of the persons associated with the Specified Email Addresses and, if so, to provide factual information to support that claim, *see id.*;

WHEREAS on December 11, 2023, Etra, through counsel, informed the Court that, "[f]ollowing a review of [Etra's] emails [with the Specified Email Addresses] within the relevant

3

time period . . . [Etra] acknowledges that those communications do not appear to contain information subject to [attorney-client] privilege," and that "Mr. Etra is not asserting privilege in this action as to his communications with these email addresses," *see* Letter, Dkt. 430 at 1-2;

WHEREAS, despite Etra's representation that he had reviewed the emails associated with the Specified Email Addresses and they do not appear to be privileged, he (1) requests an order that the emails are "subject to a claw back and Fed. R. Evid. 502(d) Order to make clear that the disclosure is without prejudice to any an [sic] assertion of attorney-client or work product privilege in any other state or federal action" and (2) seeks to limit Benthos's review of certain emails between Etra and Ms. Tracy Evans ("Evans") because they discussed draft filings in this matter and purportedly share a common legal interest, *see id.* at 2;

WHEREAS counsel for Etra represents that he has had technical difficulties reviewing the forensic images of Etra's phone and laptop (the "Devices") provided by the third-party vendor, Vestige Digital Investigations, and requests the return of the Devices to Etra's counsel to facilitate review of the materials contained on those devices, *see* Letter, Dkt. 431;

WHEREAS Benthos does not object to the Devices being sent to Etra's counsel provided that (i) counsel "not return to Etra, nor provide Etra with access to, the Devices unless and until so ordered by the Court;" (ii) the Devices remain available to be returned to the expert in connection with paragraph 8 of the Forensic Protocol; and (iii) any expense associated with the transmission of the Devices to counsel is not borne by Benthos, *see* Letter, Dkt. 432;

WHEREAS although Benthos does not object to the return of Mr. Etra's cell phone to Etra's counsel, it questions why it is necessary inasmuch as Benthos has indicated it is willing to defer its review of materials on the phone at this time, *see id.* at 3;

WHEREAS Benthos disputes that there is a common legal interest shared between Etra and Evans, Dkt. 432;

WHEREAS Etra submitted three examples of communications between him and Evans to the Court for in camera review, Dkt. 433;

WHEREAS the Court reviewed the communications between Etra and Evans and concurs that if there is a common legal interest between the two, portions of the documents may be protected by the work-product privilege while other portions would not be;

WHEREAS on December 4, 2023, Etra filed a renewed motion for release from custody arguing again that his Fifth Amendment right against self-incrimination prevents him from identifying and producing documents, *see* Etra Mot., Dkt. 425 at 11-20;

WHEREAS Benthos opposed the renewed motion for release, Benthos Mem., Dkt. 429, and Etra filed a reply in support, *see* Etra Mem., Dkt. 434; and

WHEREAS the recent filings by Benthos and Etra are replete with unprofessional squabbling and sniping that does not reflect favorably on the attorneys involved;

IT IS HEREBY ORDERED that parties must appear for a status conference with the Court on **Tuesday, December 19, 2023, at 2:00 P.M.** to discuss the following issues:

1. Given Respondent's review and acknowledgement that there are no privileged communications in the emails associated with the following email addresses: (1) helmutallesch@gmx.de, (2) helmut@allesch.at, (3) office@allesch.at, (4) mel@dusselgroup.com, (5) giorgio@reignfi.com, and (6) paulsimms2@aol.com, why it is appropriate for the Court to impose a "claw back" obligation on Petitioner or to enter an order pursuant to Fed. R. Evid. 502(d) relative to those communications;

2. Whether Etra and Evans share a common legal interest in this proceeding, such that Etra's communications with her about filings in this case are protected by the work product privilege;

3. Whether, if the Court concurs that Etra and Evans share a common legal interest, Respondent should not be required to prepare a privilege log for such materials rather than imposing on the Petitioner the obligation to separate potentially protected communications regarding legal strategy from communications regarding other matters;

4. Given Respondent's current claim that all documents in all remaining categories of documents that he has been ordered to produce but he has not produced may tend to incriminate him and therefore he has a Fifth Amendment privilege against being compelled to produce them, whether the Court can and should draw an adverse inference against him, *see Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) ("A defendant in a civil proceeding who invokes the Fifth Amendment as a result of an overlapping criminal investigation or proceeding risks the adverse inference arising from his or her assertion of the privilege." (cleaned up and quotation omitted)), with respect to whether the objected-to requests would demonstrate that he has financial resources available to him to satisfy all or part of the financial obligation portion of the Contempt Order;

5. How Etra's Fifth Amendment assertion within his renewed motion for release can cover entire categories of documents rather than being limited to only the subset of responsive material that, in fact, might tend to incriminate him;

6. The disconnect between Respondent's very broad assertion of a Fifth Amendment privilege against being required to produce any further materials in order to purge his contempt and his attorney's assertion that Benthos's position vis-à-vis delivery of the cellphone to him constitutes an implicit waiver of Benthos's request for responsive materials on the cellphone that are encompassed within the Contempt Order, Dkt. 433 at 2-3.

IT IS FURTHER ORDERED that Vestige Digital Investigations must return Mr. Etra's laptop to counsel for Etra. Counsel shall not return to Etra, nor provide Etra with unsupervised access to, the laptop unless and until so ordered by the Court. Benthos shall be given a reasonable opportunity to be heard before Etra repossesses or is provided unsupervised access to the laptop.

IT IS FURTHER ORDERED that, if Etra represents he does not have the funds to pay for the return of the laptop, counsel may, after receiving an estimate from Vestige of the shipping costs, request that the Court authorize disbursement of CJA funds to cover the cost of returning the laptop. The Court will order Mr. Etra to reimburse the CJA account for such costs once he is no longer incarcerated and is again receiving payments from Social Security.

IT IS FURTHER ORDERED that the Court does not believe attendance by a representative of Vestige Digital Investigations is necessary for the hearing.

IT IS FURTHER ORDERED that all counsel are reminded that the Court expects attorneys to act professionally and collegially with each other. Vigorous advocacy does not require, and is not facilitated by, unprofessional sniping at each other.

The Clerk of Court is respectfully directed to terminate the open motion at Docket 431.

**SO ORDERED.**

**Date: December 15, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**