USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                              Petitioner,

              -against-

AARON ETRA,

                              Respondent.

20-CV-3384 (VEC)

<u>ORDER</u>

VALERIE CAPRONI, United States District Judge,

WHEREAS on December 14, 2022, the Court held Respondent Aaron Etra
("Respondent" or "Etra") in civil contempt (the "Contempt Order") and ordered his incarceration
until he produced documents and information he was previously ordered to provide and until he
paid Benthos an undisputed sum of funds spent by Etra in violation of the Restraining Notice
dated August 27, 2020 served by Petitioner Benthos Master Fund, Ltd. ("Petitioner" or
"Benthos"), *see* Contempt Order, Dkt. 260; *see also* Order, Dkt. 286 (amount Etra must pay
increased to $145,718.49);

WHEREAS on August 29, 2023, the Court denied Respondent's motion for release and
listed five requirements of the Order as to which he had not yet complied: (1) an accounting of
all funds he received from legal, paymaster, escrow-related or other services from August 1,
2017, to the present; (2) complete and final escrow agreements for the 41 clients that have been
identified; (3) communications regarding his finances and Petitioner's judgment from August 13,
2020, through December 14, 2022; (4) documents concerning his legal, paymaster, escrow-
related or other services from August 1, 2017, through the present; and (5) a list of all financial
accounts from August 1, 2017, through August 2, 2022,  *see* Order, Dkt. 371 at 2;

WHEREAS on September 28, 2023, the Court entered an order establishing a forensic protocol that would govern the examination of Etra's electronic devices, *see* Order, Dkt. 383;

WHEREAS the forensic protocol allows Etra the opportunity to make privilege assertions over any materials on his electronic devices before the materials are produced to Benthos, *see id.* ¶¶ 6-7;

WHEREAS on November 30, 2023, at the suggestion of the Second Circuit, *see* Second Circuit Order, Dkt. 409 at 2 ("On remand, the district court may wish to consider expanding [Etra's] CJA representation so that he will have counsel with respect to the issues of compliance with the court's orders, in light of his extended incarceration."), the Court expanded the scope of appointed counsel's representation of Etra to cover all matters, including compliance with underlying orders and the forensic protocol, *see* Order, Dkt. 417; and

WHEREAS the parties have reached an agreement as to Respondent's release from custody, without prejudice, and disclosure of certain materials to Petitioner prior to Etra's counsel reviewing the materials for privilege;

IT IS HEREBY ORDERED that Vestige Digital Investigations ("Vestige") will, upon Petitioner's request, transmit to Petitioner complete images (without photographs) of the contents of any or all of Etra's laptop, phone, hard drive and iPad ("Etra's Devices"), as well as the contents of Etra's i-Cloud account.

IT IS FURTHER ORDERED that Vestige shall return Etra's Devices to counsel for Etra, at Etra's expense, following Petitioner's receipt of the images. Counsel shall not return to Etra, nor provide Etra with unsupervised access to, Etra's Devices unless and until so ordered by the Court. Benthos shall be given a reasonable opportunity to be heard before Etra repossesses or is provided unsupervised access to Etra's Devices.

IT IS FURTHER ORDERED that CJA counsel for Etra shall continue to review Etra's email accounts aaronetra@gmail.com and aaron@etra.com for documents responsive to outstanding compliance categories (as identified above) No. 3 (communications regarding Etra's finances and Petitioner's judgment from August 13, 2020, through December 14, 2022) and No. 4 (documents concerning Etra's legal, paymaster, escrow-related or other services from August 1, 2017, through the present), and Etra's CJA counsel will produce all responsive documents to Petitioner, on a rolling basis within a reasonable period of time.  The parties will work in good faith to resolve any technical or practical difficulties that occur during the review and will seek judicial resolution of any disagreements or disputes only if good-faith negotiations have proven unavailing.

IT IS FURTHER ORDERED that all documents produced to Benthos are subject to clawback for privilege, such that any privileged document produced as a result of this order will not result in the waiver of any privilege associated with such document.  Etra's counsel may assert privilege claims as to any such documents, via a privilege log, and if the parties are unable to reach agreement, the Court will adjudicate any such claims.  Upon assertion of such a claim, Benthos's counsel shall pause any review of the disputed documents (and only the disputed documents), and is to instruct its clients to do the same, and any document as to which privilege is eventually upheld shall be destroyed or deleted by Benthos and its counsel.  Benthos's counsel is under no obligation to identify potentially privileged documents on its own.  Etra's counsel will not assert work product protection over any e-mails exchanged between Etra and Tracy Evans.

IT IS FURTHER ORDERED that the disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other

privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding.  This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

IT IS FURTHER ORDERED that Etra shall, within fourteen days of the date of this Order, provide to Benthos a telephone number and e-mail address for his third and previously-undisclosed son.

IT IS FURTHER ORDERED  that unless and until Etra has satisfied in full Benthos's Judgment, entered on August 13, 2020, or the parties have reached an agreed-upon written and fully executed settlement in satisfaction of said Judgment, (i) Etra will remain subject to the Restraining Notice; (ii) Etra may not travel domestically outside of the states of New York, New Jersey, or Connecticut without prior permission of the Court after Benthos has had a reasonable opportunity to be heard; (iii) Etra's passport, currently in the custody of his appointed counsel, shall be transferred to and remain in custody of the Clerk of the Court; and (iv) Etra shall be subject to such reporting, spending, disclosure and other restrictions (to be promulgated by separate subsequent Order) as the Court deems reasonable.

IT IS FURTHER ORDERED that Etra, through counsel, must provide the Court as soon as possible: the amount of his Social Security payments; when Social Security payments will begin being paid; and a proposed monthly budget.

IT IS FURTHER ORDERED that this Order does not restrict any of Petitioner's rights or privileges in this action, and that more specifically (but without limitation), Benthos retains all rights to pursue any and all lawful activities and remedies it may deem appropriate in connection with enforcing the Judgment.

IT IS FURTHER ORDERED that, upon the U.S. Marshal's receipt of this Order, Etra shall be released from custody.

**SO ORDERED.**


Date:  **December 21, 2023**
      **New York, New York**

                                     **VALERIE CAPRONI**
                              **United States District Judge**