

Steven R. Popofsky
E-Mail: spopofsky@kkwc.com
Direct Dial: 212.880.9882

February 7, 2024

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

      Re:    <u>Benthos v. Etra, 20-CV-3384</u>

Dear Judge Caproni:

      I am writing on behalf of Benthos in accordance with Your Honor's Order of January 23, 2024 (Dkt. 447), to respectfully request that the Court enter the attached proposed order.

      Mr. Etra's counsel (who will of course speak for himself) advised me that he (or his client) only will agree to provide monthly statements going forward, but will not agree to provide a monthly certification as proposed in paragraph 3 of the attached.  Such a certification is necessary and appropriate, however, because monthly statements from a given account or two that Mr. Etra may choose to share with us would not remotely ensure – as the Court stated in Dkt. 447 is its "desire" – "that Etra complies with the Restraining [Notice]."

      In order to maximize the chances of compliance, and indeed in order to ascertain whether he is in fact complying with the Restraining Notice, he must be under compulsion to provide the information specified in sub-paragraphs 3A through 3E of the attached proposed order.  Without penalty of contempt and perjury, Mr. Etra will deem himself under no compunction whatsoever to provide statements for all of his accounts (as history has demonstrated).  But more fundamentally, the question that must be addressed is <u>whether he is spending money he is not entitled to spend</u>.  Mere statements alone would not suffice to allow Benthos or the Court to ensure that he is not doing so.  Rather, he needs to be required not only to identify all his accounts, but also to identify all the money he has <u>spent</u> in a given month and the <u>source</u> of that money – so we can see if he is spending anything other than his Social Security funds – and, if he is going to claim that someone else is paying for his expenses, he needs to provide those details so appropriate verification can be undertaken.  <u>If he does not understand that false statements may land him back in prison for contempt</u>, and put him at risk of a perjury prosecution, <u>there is no reason to expect</u> that he will provide that information, or comply with the Restraining Notice, and he would be free to flout the Restraining Notice with impunity as he did for so many years.

      In addition, the Court should expressly order (per paragraphs 1 and 3F of the attached) that Mr. Etra must comply with the Restraining Notice and certify that he has done so, again so



he is aware that a violation may subject him to meaningful sanctions and thereby increase the chance of his compliance.

Furthermore, the Court should expressly order (per paragraphs 2 and 3F of the attached) that Mr. Etra not delete or destroy any electronic communications or documents, because if he does not appreciate that such spoliation may result in severe sanctions, any future subpoenas from Benthos regarding his finances would assuredly be futile.

Finally, Mr. Etra has been ordered (and previously agreed) not to travel outside of the tri-state area while the judgment remains unsatisfied. Thus, it is quite reasonable to require him to certify each month that he has complied with that agreement and order (paragraph 3D of the attached proposed order), because otherwise he would not be incentivized to comply with that restriction. Similarly, and also addressed by paragraph 3D, there is serious doubt that Mr. Etra has in fact been living where his lawyer represented he would live,[1] and his living elsewhere would likely mean that he is paying more than the $700/month rent that has been represented.

In sum, as a condition of the stipulation that released him from incarceration, Mr. Etra previously agreed – and the Court so ordered – to subject himself to "reporting, spending, disclosure and other restrictions," not merely to provide monthly statements (and otherwise go about his life as before).[2] If Mr. Etra does in fact intend to comply with the Restraining Notice and with the Court's Order of December 21, 2023, the monthly certification Benthos is proposing should be no burden at all. His refusal to agree to provide such a certification – particularly in light of the history that need not be repeated here – gives rise to the inescapable inference that he does not intend to comply with those legal obligations, thereby making it all the more imperative that he be required to provide the certification so he is incentivized to comply (as we have seen that nothing short of feared incarceration has the slightest impact on Mr. Etra whatsoever).

---

[1] "[A] friend . . . has agreed to rent a room to Mr. Etra . . . located inside 68 East 97th Street, Apt. #28 . . . [at a rent of] $700/month, which Mr. Etra could pay out of his monthly social security benefit" (Dkt. 426).

[2] In addition, the Court allowed Mr. Etra to have publicly-paid counsel even after his release from coercive confinement, precisely for the purpose of facilitating his compliance with the Restraining Order and any necessary discovery. Clearly the Court did not contemplate returning to the 2020-2022 situation where Mr. Etra, representing himself, brazenly defied his obligations and decided for himself what he would deign to provide to Benthos.



Hon. Valerie Caproni
February 7, 2024
Page 3

      We thank the Court for its consideration of the attached proposed order, and for its continued attention to and supervision over this difficult matter.

Respectfully submitted,

Steven R. Popofsky

Enclosure

cc (w/encl):   Daniel McGuinness (via ECF and e-mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                        Petitioner,

    -against-

AARON ETRA,

                        Respondent.

20-CV-3384 (VEC)

**ORDER**

VALERIE CAPRONI, United States District Judge,

    WHEREAS on December 21, 2023, the Court issued an Order directing (among other things) that Respondent Aaron Etra "shall be subject to such reporting, spending, disclosure and other restrictions (to be promulgated by separate subsequent Order) as the Court deems reasonable";

    IT IS HEREBY ORDERED that:

1. Etra must comply with the Restraining Notice dated August 27, 2020.

2. Etra must not delete or destroy any electronic communications (including but not limited to e-mails, text messages and social media postings) or other electronic documents, and must suspend any periodic or routine deletion of any such electronic communications or documents.

3.     A.    Etra must provide, on the 5th of each month, a written certification under penalty of perjury and/or contempt for false statements, setting forth the total amount of money he spent or legally committed himself to spend (including but not limited to credit card charges) during the preceding calendar month, and the source(s) from which those expenditures or commitments were obtained.

B.  His written certification must identify any account, of any sort whatsoever (for example, but without limitation, bank accounts, credit card accounts, paypal accounts, Venmo accounts, cryptocurrency accounts, or brokerage accounts), that he opened, utilized, accessed and/or closed during the preceding month.

C.  His written certification must identify anything of value, including all income, that he received in the preceding month and he must provide documentation thereof.

D.  His written certification must identify where he has resided (spent the nights) during the preceding month, under what terms (i.e., rent he has paid or otherwise), and must state whether he has traveled outside of the states of New York, New Jersey and Connecticut during that month.

E.  If Etra contends that any money was spent on his behalf by any person or entity other than himself, or that he spent any money, or incurred any debt or obligation, that was or will be supplied by funds or assets belonging to any person or entity other than himself, his certification must provide all relevant details, including but not limited to identifying said person or entity (with sufficient contact information) and providing all appropriate documentation (including but not limited to account numbers and evidence of transfers).

F.  His written certification also must include a representation that he has complied with items 1 and 2 above during the period of time to which the certification applies.

4.  Etra must produce, on the 5th of each month, statements for the preceding month for every account, of any sort whatsoever, in Etra's name or over which Etra has or had any control, or from which he received anything of value.

5.  Within three days after the Court's order, Etra must provide all of the documents and information set forth in paragraphs 3 and 4 above for the period from the date of his release from incarceration through the end of January 2024.

6.  Nothing in this Order shall be deemed to preclude Benthos from posing reasonable follow-up inquiries in connection with any of the foregoing, nor to restrict or limit any of Benthos's rights or privileges in this action, and more specifically (but without limitation), Benthos retains all rights to pursue any and all lawful activities and remedies it may deem appropriate in connection with enforcing its judgment against Etra.

**SO ORDERED.**

**Date: February __, 2024**
**New York, New York**

_____
**VALERIE E. CAPRONI**
**United States District Judge**