# Law Offices of
# Daniel A. McGuinness, P.C.

353 Lexington Ave., Suite 900, New York, NY 10016
Tel: (646) 360-0436 • Fax (888) 679-0585 • Dan@LegalMCG.com

February 7, 2024

<u>VIA ECF</u>

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

      Re: *Benthos Masters Fund, LTD. v. Aaron Etra*, 20-cv-3384 (VEC)

Dear Judge Caproni,

     I represent Aaron Etra in the above-captioned matter. I write to comply with the Court's Order dated January 23, 2024 (Dkt. 447) and to propose conditions of Mr. Etra's reporting requirements going forward. I also seek the return of Mr. Etra's property. For the reasons stated herein, Petitioner's proposed reporting requirements are redundant and overly burdensome for Mr. Etra and the undersigned. The proposed order attached ensures full reporting with civil contempt sanctions remaining a posibility. Additional requirements would serve only to punish Mr. Etra and increase the time and money spent on monthly filings.

<u>The Proposed Order Achieves Disclosure Requirements.</u>

     On December 21, 2024, Mr. Etra was released from custody following a year of incarceration for civil contempt. Mr. Etra was released without a penny to his name. During his time incarcerated, his social security payments had been stopped, his health insurance and phone had been cut off, and he had been evicted. Although he was able to reenter his old apartment for a time before he was physically evicted, he now resides in the previously described rented room in a fifth-floor walkup. He relied on donations from friends to buy food, healthcare and other necessities, as his social security payments have still not resumed.

     As part of his agreement for release, I have sorted and reviewed tens of thousands of emails from Mr. Etra's emails. To date, I have produced 7,964 pages of financial and business emails. Additionally, Petitioners have had full access to the contents Mr. Etra's laptop and phone for over a month. This new information comes after thousands of pages of financial records attesting to his poverty. Petitioner

Hon. Valerie Caproni
February 7, 2024
Page 2 of 3

knows full well the dire state of Mr. Etra's finances. Petitioner is also fully aware that Mr. Etra's business is conducted exclusively through bank transactions that will be captured on his financial statements. The sole purpose of Petitioner's request for detailed sworn statements is to set a perjury trap for an elderly broke man who has already endured a year at the MDC.

The financial statements will contain all of the information Petitioner seeks (with the sole exception of any cash received, which reporting is provided for in the attached proposal and the daily accounting of sleeping which is inappropriate, overly intrusive and irrelevant). The reporting obligations proposed by Petitioner are duplicative and unnecessary. The proposal by Petitioner seeks to have Mr. Etra not only turn over all of his financial information but recite the contents of the statements, including the names of accounts, the totals of accounts, etc. Petitioner curiously argues that the only way to enforce compliance with the restraining order is via a sworn statement. Mr. Etra just spent a year a year in jail for civil contempt for failing to follow the restraining order, not for perjury. It has been amply demonstrated that sworn statements are not necessary for the Court to enforce its order. Moreover, Mr. Etra's spending during the pendency of this action was discovered by the turning over of the financial documents. Any discrepancies in adherence to the restraining order will be in his financial records.

Petitioner's additional requirements present a burden to the undersigned as well. They would require me to do conduct a full monthly accounting of Mr. Etra's finances, inquire as to where he spent each night, verify that he did not mistakenly delete any text messages or emails, and draft a monthly certification for Mr. Etra to sign. Under my attached proposal, my office would work with Mr. Etra to simply access, print and transmit monthly statements from all of his financial accounts. To the extent, he changes residence or receives cash in a particular month, it would be reported.

## Return of Mr. Etra's Devices

Mr. Etra respectfully requests the return of his phone and laptop. The third-party vendor, Vestige Digital Investigations has created a forensic image of Mr. Etra's laptop and phone. The copies have been available to Petitioner for over a month. Still, Petitioner will not consent to the return of his devices. Mr. Etra states that he requires these devices to obtain contact information for potential business leads. As duplicates have been made available for Petitioner, the devices should be returned. Mr. Etra understands that he will be responsible for shipping fees.

Hon. Valerie Caproni
February 7, 2024
Page 3 of 3

      I thank the Court for its attention to this matter.

                                                Sincerely,

                                          Daniel A. McGuinness

Attachment

Cc:    All counsel (via ECF)
       Aaron Etra (via regular mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENTHOS MASTER FUND, LTD.,<br><br>                                   Petitioner,<br><br>             -against-<br><br>AARON ETRA,<br><br>                                   Respondent. | 20-CV-3384(VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge,

WHEREAS on December 21, 2023, the Court Ordered Respondent Aaron Etra ("Respondent" or "Etra") to be released from custody subject to stated conditions. *See* Release Order, Dkt. 441;

WHEREAS the Release Order stated that (i) Etra will remain subject to the Restraining Notice (*see* Restraining Notice, Dkt. 211-5); (ii) Etra may not travel domestically outside of the states of New York, New Jersey or Connecticut without prior permission of the Court after Benthos has had a reasonable opportunity to be heard; (iii) Etra's passport will be held in the custody of the Clerk of the Court; and (iv) Etra shall be subject to such reporting, spending, disclosure and other restrictions (to be promulgated by separate subsequent Order) as the Court deems reasonable.

IT IS HEREBY ORDERED that on the 15th of each month, Etra will transmit to Petitioner a copy of any monthly statement for all financial accounts that he owns or controls, including but not limited to, all bank accounts, credit card accounts, brokerage accounts, and electronic fund transfer accounts (*i.e.*, Venmo, CashApp, etc.);

IT IS FURTHER ORDERED that if Etra receives any cash gift or any item of value greater than $200, he shall inform Petitioner as to the amount or item received within seven (7) days, unless that money is promptly deposited into a bank account for which a monthly statement is given to Petitioner;

IT IS FURTHER ORDERED that if Etra changes residences, he shall provide his new address, along with a copy of any lease or, if no lease exists, the terms of payment to Petitioner within seven (7) days;

IT IS FURTHER ORDERED that nothing in this Order shall be deemed to restrict or limit either parties' rights or privileges in this action.

**SO ORDERED.**

Date: **February __, 2024**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**