USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____10/21/24____

# LAW OFFICES OF
# DANIEL A. MCGUINNESS, P.C.

### 353 LEXINGTON AVE., SUITE 900, NEW YORK, NY 10016
### TEL: (646) 360-0436 · FAX (888) 679-0585 · Dan@LegalMCG.com

October 18, 2024

<u>VIA ECF</u>

## MEMO ENDORSED

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

### Re: *Benthos Masters Fund, LTD. v. Aaron Etra*, 20-cv-3384 (VEC)

Dear Judge Caproni,

I represent Aaron Etra in the above-captioned matter. I submit this letter as a motion to reconsider the Court's October 17, 2024 Order. As described below, I had intended to submit this letter as a response to Petitioner's October 4, 2024 letter to the Court. For the reasons below, I respectfully request that the Court excuse the late filing, terminate Mr. Etra's reporting requirements and travel restrictions and return his passport.

### Motion to Reconsider

The reason this letter has not been submitted earlier is due to my own misunderstanding of the Court's order directing that "the parties must show cause why the case should not be closed." Dkt. 462 at 2. My misunderstanding was this was initially to be Petitioner's application – as Mr. Etra does not oppose the matter being closed – and that any necessary response time would be governed by Local Civil Rule 6.1(b). I had planned to submit this letter by October 18, 2024, 14 days after Petitioner's filing. I apologize for my misunderstanding and respectfully request that the Court excuse my error.

Moreover, although the initial order seeks submission on closing the matter, it did not notify Respondent that the Court may permanently leave in place all the restrictions currently in force. I request that the restrictions and ongoing reporting obligations be removed now that the matter is closed.

## Mr. Etra's Current Status

Mr. Etra is presently residing in an assisted living facility whose address is known to Petitioner. His only source of income is his social security funds. His health is tenuous as he battles cancer. It has been nearly two years since he has seen his wife in Croatia.

In April 2024, Mr. Etra's suffered a major cardiac event requiring open heart surgery. He was hospitalized for nearly a month including rehabilitation. Following his release from the hospital he was moved into an assisted living facility. He now lives modestly in a single room. Since that time, he has subsisted solely off his social security payments. Documents substantiating this fact have been given to Petitioner monthly.

In June 2024, Mr. Etra was diagnosed with acute myeloid leukemia. He has received a variety of in-patient and out-patient treatments since that time. Both the treatments and the disease have taken a toll on his mobility and functioning, which had already been debilitated by his cardiac surgery. Mr. Etra has not seen his wife, who resides in Croatia since November of 2022.

## Respondent is without Means to Repay the debt. The Constraints in Place Amount to a Lifetime Restriction of his Liberties.

I was appointed to be Mr. Etra's counsel for all purposes in this matter on November 30, 2023 (Dkt. 417 at 2). Since that time, I have disclosed 21,405 pages of materials, including emails, bank records, credit card statements and other financial information. This number does not include the thousands of pages turned over by Mr. Etra and his power of attorney prior to my appointment. Included in these pages are all his financial records and related emails going back to the underlying transaction. In addition to these documents, Petitioner received full access and copies to Mr. Etra's phone, computer and online accounts. Everything that can be known about Mr. Etra's transactional life from 2020 to 2024 is in the possession of Petitioner. It is a sweeping scope of materials that leaves no room for any good faith claim of missing information. Additionally, Mr. Etra through counsel has made efforts to access all accounts even where they were not funded as well as to demonstrate that no accounts were opened for applications on his phone.

Petitioner has uncovered nothing of value. Although it made bombastic claims of crypto discoveries, eight months ago, Petitioner has come to the same conclusion that Mr. Etra has said all along: there is nothing there. Simply put, Mr. Etra is an elderly, ailing, judgment proof debtor. He has absolutely no chance of being able to pay this judgment in his remaining time on this earth. The current restrictions amount to a lifetime restriction on his travel to the tri-state area.

Hon. Valerie Caproni
October 18, 2024
Page 3 of 4

    The Court's authority to order Mr. Etra's surrender of his passport and restrict his travel constitutes a type of bond in a civil contempt action. *See Herbstein v. Bruetman*, 241 F.3d 586, 588-589 (7th Cir. 2001). The authority derived in a civil contempt action exists, however, to coerce a particular action from a recalcitrant or defiant litigant. *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). A contemnor must be able to reclaim his passport and freedom of motion by fulfilling the action that a court is compelling. *See Herbstein*, 241 F.3d at 589 ("Just as a litigant held in civil contempt has the keys in his own pocket--for he will be released as soon as he cooperates--so [contemnor] can get his passport back whenever he pleases. All he need do is complete the examination, fully disclosing all of his assets.")

    At this stage of the matter Mr. Etra's only possible avenue to reclaim his passport and remove the restrictions on his travel is to pay off an impossible sum. In determining whether to impose a sanction for nonpayment the court must consider the contemnor's ability to pay. *Dole Fresh Fruit v. United Banana Co.*, 821 F.2d 106, 110 n.3 (2d Cir. 1987). Mr. Etra has demonstrated through voluminous records and monthly sworn statements produced to Petitioner that he has no ability to pay. His monthly statements show that his only source of income is his social security payments, which are exempt from collection actions by state and federal law. *See* 42 U.S.C. 407(a); CPLR § 5205(l)(2). *See also* SSR 79-4: SECTIONS 207, 452(b), 459 and 462(f) (42 U.S.C. 407, 652(b), 659 and 662(f)) LEVY AND GARNISHMENT OF BENEFITS, *available at* https://www.ssa.gov/OP_Home/rulings/oasi/41/SSR79-04-oasi-41.html ("Generally, Social Security benefits are exempt from execution, levy, attachment, garnishment, or other legal process, or from the operation of any bankruptcy or insolvency law," subject only to tax collection and child support actions.) Mr. Etra is unable to pay and therefore unable to ever have his passport returned or to leave the tri-state area. These coercive measures are not properly applied to his perpetual reporting requirements or general compliance, which can never be satisfied.

    Moreover, the true wrongdoer of this transaction was recently held accountable in this district. On September 24, 2024, Eugene William Austin was convicted of conspiracy to commit wire fraud based upon defrauding Petitioner. *See* Press Release, U.S. Att'y's Office for the S.D.N.Y., *Long Island Man Convicted At Trial Of Participating In Multimillion-Dollar Cryptocurrency-Related Crimes* (Sept. 24, 2024), https://www.justice.gov/usao-sdny/pr/long-island-man-convicted-trial-participating-multimillion-dollar-cryptocurrency. Mr. Austin and his son who plead guilty will undoubtedly be ordered to pay restitution in this matter, which should be

Hon. Valerie Caproni
October 18, 2024
Page 4 of 4

joint and severally liable to Mr. Etra, who served as their unknowing dupe in the middle.[1]

    As to the reporting requirements portion of the Court's Order, Petitioner simultaneously argues that they are both necessary and worthless. They are necessary in Petitioner's view, because without them, Mr. Etra would somehow access and spend money from unknown sources. Still, they are also worthless, Petitioner says because Mr. Etra cannot be trusted so no sworn statement or assurance from him can be believed. The monthly reporting requirements are a burden on Mr. Etra and his counsel (my office must assist him on a monthly basis with downloading records and drafting a statement) and yet, provides no true benefit to Petitioner.

    Mr. Etra submits that his advanced age, his financial and medical conditions, as well as the demonstrated lack of income or assets provide ample proof that additional reporting is unnecessary and not tailored to achieve the goals of a collection action. It is unduly burdensome to require Mr. Etra and his counsel to furnish the same monthly proof of his indigency monthly without end. To the extent that the Court believes continued reporting is necessary, I respectfully request that they be altered to require Mr. Etra to submit documents quarterly rather than monthly, to reduce the burden on my office.

    I thank the Court for its attention to this matter.

                                        Sincerely,

                                        Daniel A. McGuinness

Cc:    All counsel (via ECF)

---

[1] Petitioner also instituted a collection action against Mr. Austin in N.Y. State Supreme Court for the same financial loss and any recovery received in that action should offset the judgment amount in this action. *See Benthos Master Fund, Ltd. v. Hugh Austin*, Case No. 151823/2019 (S. Ct., N.Y. County).

Application GRANTED.  Petitioner is directed to file any opposition papers to Respondent's above position by not later than **November 4, 2024**.  Respondent must file any reply papers by not later than **November 12, 2024**.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to reopen this case.


 SO ORDERED.

*Valerie Caproni*                    10/21/24

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE