

**Steven R. Popofsky**
E-Mail: spopofsky@kkwc.com
Direct Dial: 212.880.9882

November 1, 2024

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

      Re:    <u>Benthos v. Etra, 20-CV-3384</u>

Dear Judge Caproni:

      I write on behalf of Benthos in response to the letter from Mr. Etra's counsel dated October 18, 2024. Mr. Etra appears to be seeking permission to resume acting in contempt of court – resuming his violations of the restraining notice by spending non-Social Security funds (see, e.g., CPLR 5251) – and his application should be denied for that reason alone. In any event, he is contradictorily asking the Court to permit him to resume spending money that his lawyer claims he does not have.

      If the sole funds available to him are indeed "his social security funds"[1], which are $1800 per month, then Mr. Etra does not have the ability to travel internationally and has no need to have the Court's restrictions lifted. Although it is true that Benthos has not as yet been able to <u>locate</u> any funds, Mr. Etra was indisputably spending "lavish[ly]" (to quote Your Honor), including but not limited to frequent trips to Europe, prior to his incarceration and in flagrant, unabashed and defiant violation of the restraining notice. Those funds were coming from somewhere, and there is every reason to believe that if the restrictions are lifted, Mr. Etra will resume his prior ways.

      In that regard, we recently became aware that Tracy Evans – Mr. Etra's partner-in-crime with whom he remained in close contact before and during (and undoubtedly after) his incarceration – is continuing to operate Bitcoin scams through (among others) the Russian individual "Dmitri" for whom she acts as US representative (very similar to the scam that victimized Benthos), as outlined in a complaint filed earlier this year in the Eastern District of Texas (*Asha Ventures v. Frizzell Law Firm et al.*, 6:24-cv-00251). Mel Dussel has repeatedly stated that he needs Mr. Etra available to continue doing their international business; Mr. Etra was reported to still have been seeking to do bitcoin-related business (undoubtedly more scams) during the months prior to his incarceration; and not long ago he indicated to us through counsel that he expected to have future income if freed of the restraining notice.[2]

---

[1] It is worth re-emphasizing that Mr. McGuinness is only reporting what his client tells him, without any verification.

[2] Benthos and the undersigned regret if Mr. Etra is ill, and wish him a speedy recovery. Of course, if he is so ill that he can barely function, then (again) lifting the restrictions would be of



Hon. Valerie Caproni
November 1, 2024
Page 2

      With regard to Hugh Austin (against whom Benthos long ago obtained an unenforceable judgment), Benthos has been informed by the US Attorney's Office for the Southern District that Benthos will not receive any "restitution" from Mr. Austin or his son, both of whom appear impecunious (to the extent that Mr. Austin was represented by a public defender in his recent criminal trial).  We should not be relitigating the merits at this late date, but to deem Mr. Etra an "unknowing dupe" (a false statement counsel is repeating from his client, again without personal knowledge of the truth) is to ignore that Mr. Etra – as the seemingly respectable "front man" with the on-paper credentials and the penthouse view in Manhattan – was an indispensable part of the fraud perpetrated upon Benthos; that it was Mr. Etra who (as found by the arbitrator, and confirmed by Judge Nathan) sent over $4 million of Benthos's money from his attorney escrow account, without authorization, to Hong Kong (from which it disappeared into China); and that when Benthos requested its money back or at least an accounting of where it had gone, Mr. Etra refused to respond to the point where the late Judge Batts had to threaten to incarcerate him ("pack your toothbrush").  Indeed, it is characteristic of Mr. Etra that he had his lawyer write that if there is restitution available from the Austins at this time, it should go to him!

      Benthos has no objection to the reporting requirements being quarterly instead of monthly.  We thank the Court for its continued attention to this matter.

      Respectfully submitted,

      Steven R. Popofsky

cc:  Daniel McGuinness (by e-mail and ECF)

---

no use to him.  It is hard to shake the notion that if he is freed of the restrictions, we and the Court will discover that his health has allowed him to resume flying and spending liberally.