# LAW OFFICES OF
# DANIEL A. MCGUINNESS, P.C.

353 LEXINGTON AVE., SUITE 900, NEW YORK, NY 10016
TEL: (646) 360-0436 • FAX (888) 679-0585 • DAN@LEGALMCG.COM

November 12, 2024

<u>VIA ECF</u>

Hon. Valerie Caproni
United States District Court
40 Foley Square, Room 240
New York, NY 10007

Re: *Benthos Masters Fund, LTD. v. Aaron Etra*, 20-cv-3384 (VEC)

Dear Judge Caproni,

I represent Aaron Etra in the above-captioned matter. I submit this letter in reply to Petitioner's letter dated November 1, 2024. Petitioner has advanced no legal theory by which Mr. Etra's travel restrictions can remain in place indefinitely. The Court applied these measures to achieve compliance with specific directives that have since been completed. To extend them without end would be to restrain Mr. Etra's liberties solely for his inability to pay back an insurmountable debt, even though he has demonstrated indigency in every conceivable way.

Mr. Etra has subsisted for the past several months in an assisted living facility living off his social security payments. Every page of his financial records verifies this and have been turned over to Petitioner. Petitioner is also in possession of more than 21,000 pages of emails and bank records and the full contents of his phone and computer. Still, Petitioner somehow states that Mr. Etra's statements are "without verification." Dkt. 467, FN1. Verification exists in the bank statements that have been provided monthly and to which Petitioner has raised no objection. The plain truth is that Mr. Etra is an ailing, elderly man living in a room within an assisted living facility receiving only $1,800 a month in social security benefits.

Mr. Etra is legally entitled to set aside whatever portion of social security payments he wishes for his own spending, including travel. Petitioner's baseless accusation that Mr. Etra "is contradictorily asking the Court to permit him to resume spending money that his lawyer claims he does not have" (Dkt. 467 at 1) misrepresents the facts. Under the current restrictions, Mr. Etra cannot board a train or bus to Pennsylvania or Massachusetts to visit a friend or family member. Such activity would be well within his budget. An online search of a plane ticket to Croatia shows one available for little more than $500. It is entirely reasonable that

Hon. Valerie Caproni
November 12, 2024
Page 2 of 2

Mr. Etra could set aside some small amount monthly to save up for such a ticket and hope that he is well enough to travel by plane.

For the past year since his release, Mr. Etra has made every effort to comply with the stringent requirements on him. Petitioner points to purported misdeeds of others to try to cast Mr. Etra in a dim light by association. The recent purported fraud cited by Petitioner has nothing to do with Mr. Etra. If anything, it shows his lack of association with the named individuals. In *Asha Ventures, LLC v. Frizzell Law Firm*, 6:24-cv-251-JCB (E.D. Tx.), the plaintiffs accuse Tracie Evans of conspiring with others in a fraudulent cryptocurrency scam. *See* Amend. Compl., Dkt. 16. Ms. Evans is alleged to have worked with a New York based attorney, Thomas Flohr, who moved the funds through his escrow account. *Id.* at 9. This transaction is to alleged to have occurred in February of 2024. To the extent this case is at all relevant to Mr. Etra, it shows that Ms. Evans is working with a different New York attorney, unrelated to Mr. Etra. Moreover, Petitioner has possessed of all of Mr. Etra's communications with Mel Dussell and Tracie Evans for over a year and points to only speculation and conjecture of misdeeds.

Hugh Austin and his son masterminded the underlying scheme and have been convicted for it. Despite Petitioner's understanding, there will certainly be restitution ordered. Restitution is mandatory. 18 U.S.C. § 3663A. Petitioner indignantly protests that Mr. Austin's restitution payments should not go to Mr. Etra. Of course, Mr. Etra does not seek such an absurd conclusion. Any restitution paid by the Austins will go to the victims, including Benthos, to make them whole. The portions of the restitution orders addressing the same loss at issue in this matter, however, should be joint and severally liable with the judgment against Mr. Etra. The purpose of restitution is not to provide a windfall or double recovery for victims.

For the reasons stated above and, in the October 18, 2024 letter, Mr. Etra respectfully requests that this case be closed and that his passport be returned to him, that the travel restriction to the tri-state area be lifted, and that he be freed from the reporting requirements, or alternatively be ordered at quarterly intervals.

I thank the Court for its attention to this matter.

Sincerely,

Daniel A. McGuinness

Cc:    All counsel (via ECF)