```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENTHOS MASTER FUND, LTD.,

                          Petitioner,

    -against-

AARON ETRA,

                          Respondent.

20-CV-3384 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge,

    WHEREAS on February 9, 2024, the Court issued an order detailing conditions of Respondent Aaron Etra's release, specifically that: (1) Mr. Etra would continue to be subject to a Restraining Notice; (2) he was not permitted to travel outside of New York, New Jersey, or Connecticut; (3) the Clerk of Court would hold his passport; and (4) he was subject to monthly reporting on his finances; see Dkt. 452;

    WHEREAS on September 20, 2024, given the extended period of inaction in this matter, the Court ordered the parties to show cause why the case should not be closed by not later than Friday, October 4, 2024, see Dkt. 462;

    WHEREAS Petitioner Benthos Master Fund, Ltd. ("Benthos" or "Petitioner") filed a letter requesting that the conditions of release in the Court's Order at Dkt. 452 remain in place indefinitely, see Dkt. 463;

    WHEREAS Mr. Etra argues that it would be impossible for him to pay off the sum he owes Benthos, as his only income consists of social security payments, and the Court must consider his ability to pay, see Dkt. 465 at 3 (citing Dole Fresh Fruit v. United Banana Co., 821 F.2d 106, 110 n.3 (2d Cir. 1987));

WHEREAS Mr. Etra further argues that his inability to pay this sum renders the surrender of his passport and restriction on his travel permanent; *id.*;

WHEREAS Benthos has provided no evidence that Mr. Etra has not complied with the conditions of his release, has not disputed Mr. Etra's characterization of his finances, and offers no legal authority for the indefinite relief it is seeking; *see* Dkt. 467;

WHEREAS Mr. Etra submits that his advanced age, medical conditions, and financial situation render continued monthly reporting unnecessary and unduly burdensome and offers quarterly reporting as an alternative, *see* Dkt. 465 at 4;

IT IS HEREBY ORDERED that the conditions set forth in the Court's February 9, 2024 Order at Dkt. 452 are modified as follows: (1) Mr. Etra will continue to be subject to the Restraining Notice at Dkt. 211-5; (2) the restriction on Mr. Etra's travel outside the states of New York, New Jersey, and Connecticut is lifted; and (3) Mr. Etra's passport will be returned to him.

IT IS FURTHER ORDERED that Mr. Etra is no longer subject to monthly reporting requirements and must, instead, submit reports on a quarterly basis. Specifically, beginning on December 5, 2024, not later than the 5th day of each month of March, June, September, and December (or the first business day thereafter if the 5th falls on a weekend or federal holiday), Etra must transmit to Petitioner a copy of monthly statements for the prior three months for all financial accounts that he owns, controls, or has a financial interest in, including but not limited to, all bank accounts (*e.g.*, checking, savings, or escrow), credit card accounts, brokerage accounts, cryptocurrency accounts, and electronic fund transfer accounts (*e.g.*, Venmo, CashApp, etc.) (collectively "Etra Quarterly Financial Statements"). The required production of Etra Quarterly Financial Statements on December 5, 2024, must include all such documents for November 2024; thereafter, each quarterly production will cover the prior three months.

IT IS FURTHER ORDERED that the Etra Quarterly Financial Statements produced to Petitioner must be accompanied by a statement, signed by Etra, that states the following:

(i) I, Aaron Etra, certify under penalty of perjury that the Etra Quarterly Financial Statements attached include all statements for all financial accounts, including bank accounts (e.g., checking, savings, or escrow), credit card accounts, brokerage accounts, cryptocurrency accounts, and electronic fund transfer accounts (e.g., Venmo, CashApp, etc.), in which I have any interest.

(ii) I further certify under penalty of perjury that I have received no gifts of cash or other items of value in the prior three months [prior month for the certification due on December 5, 2024], other than gifts that have previously been disclosed to Petitioner or are included in the Etra Quarterly Financial Statements.

(iii) I further certify under penalty of perjury that during the prior three months [prior month for the certification due on December 5, 2024] I have received no income, other than [a list including all income from any source, with the source, amount, and date of receipt listed] and social security retirement income.

IT IS FURTHER ORDERED that if Etra receives any cash gift or any item of value worth more than $50, within seven (7) days of receipt, he must inform Petitioner of the source of the gift or item of value and the amount or item received, except as to cash, securities, or cryptocurrency deposited into an account as to which a monthly statement will be included in the Etra Quarterly Financial Statements provided to Petitioner on the 5th day of the following quarter.

IT IS FURTHER ORDERED that if Etra changes residences, he shall provide his new address, along with a copy of any lease or, if no lease exists, the terms of tenancy to Petitioner within seven (7) days of changing residences.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to return Mr. Etra's passport to him.

IT IS FURTHER ORDERED that by not later than **Friday, December 6, 2024**, Mr. Etra must show cause why, in light of the limited conditions now imposed on his release, the Court should not relieve his counsel, Mr. Daniel A. McGuinness, from his appointment to represent him.

**SO ORDERED.**

**Date:  November 19, 2024**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**